UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Kimberlee Williams, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd and Rosanee Chernick,

    Plaintiffs,

v.

BASF CATALYSTS LLC, et al,

    Defendants.

No. 11-1754 (SRC) (MAS)

## PLAINTIFFS' MOTION TO STAY DISPOSITION OF DEFENDANT CAHILL GORDON AND REINDELL, LLP'S MOTION TO STRIKE CLASS ALLEGATIONS FROM THE AMENDED COMPLAINT

Plaintiffs, by and through their counsel, Cohen, Placitella & Roth, P.C. submit the following memorandum in support of their Motion to Stay Disposition of Cahill Gordon and Reindell, LLP's ("Cahill") Motion to Strike Class Allegations From the Amended Complaint.[1]

### I. INTRODUCTION

Defendant Cahill has moved the strike the class allegations in plaintiffs' amended complaint[2] (Doc. No. 81) in an attempt to jumpstart the certification process without the benefit of a factual record and without affording plaintiffs – who bear the burden of demonstrating the appropriateness of the class – the opportunity to explain how they will satisfy the prongs of Rule 23 on their own terms. This tactic, unfortunately, has become increasingly popular amongst the defense bar, even in the face of courts' repeated disinclination to entertain such motions so early

---

[1] Plaintiffs file the instant motion in lieu of responding to Cahill's motion to strike. In the event the Court is not inclined to stay disposition of Cahill's motion, plaintiffs respectfully request that any order denying the same also grant plaintiffs sufficient time to formally respond to Cahill's motion.

[2] It is obvious from the most cursory reading of Cahill's motion that Cahill mischaracterizes the relief actually sought in plaintiffs' amended complaint. Any warning that certifying the proposed class will result in a cataclysmic avalanche of mini trials is simply wrong and should be disregarded.

in litigation. Because Third Circuit courts disfavor a certification determination at this early stage of litigation – the pleading and pleading challenge stage – in all but the rarest cases, and because the success of plaintiffs' claims and certification will turn on the evidence gathered during discovery, plaintiffs request that Cahill's motion be stayed.

### III. ARGUMENT

#### A. Third Circuit Courts Disfavor Certification Decisions Absent a Motion by Plaintiff and Absent Discovery

Courts in the Third Circuit routinely deny challenges to class allegations absent a motion by plaintiff. *See, e.g., Snyder v. Farnam Companies, Inc.*, 2011 U.S. Dist. LEXIS 56472, *27-*28 n.9 (D.N.J. May 26, 2011) ("no motion for class certification has been made at this time, and therefore it is premature for the Court to consider these arguments"); *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 2011 U.S. Dist. LEXIS 41370, *6 (D.N.J. Apr. 15, 2011) ("[h]owever, it would be premature for this Court to decide the class certification issue on a motion to dismiss, prior to any discovery"); *Myers v. Medquist, Inc.*, 2006 U.S. Dist. LEXIS 91904, *17 (D.N.J. Dec. 20, 2006) ("[a]s a practical ma[t]ter, the court's [certification decision] usually should be predicated on more information that the complaint itself affords . . . [and] [t]hus, courts frequently have ruled that discovery relating to the issue whether a class action is appropriate needs to be undertaken before deciding whether to allow the action to proceed on a class basis") (quoting 5c Wright, Miller & Kane, Federal Practice & Procedure Civil 3d § 1785.3); *Martin v. Ford*, 765 F. Supp. 2d 673, 681 (E.D. Pa. 2011) ("it would be premature to address the merits of Defendant's Motion before a motion to certify a class is filed or even when discovery on this issue may be ongoing."); *Bell v. Money Resource Corp.*, 2009 U.S. Dist. LEXIS 11271, *3 (E.D. Pa. Feb. 13, 2009) ("denying a motion to dismiss class allegations finding that the defendant was using the motion to attack the merits of the class itself, which is

improper before a motion for class certification has been filed") (as described by *Martin*, 765 F. Supp. 2d at 680). Third Circuit courts in this jurisdiction are unanimous in holding that a defendant may only circumvent the usual procedure of determining the certifyability of a prospective putative class, wherein the plaintiff first files a motion for certification setting forth the claims to be certified and the class definition – items quite often refined by motions challenging the pleadings and discovery- "in those *rare cases* where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003) (emphasis added). This is not such a case.

Judge Hochberg, when presented with a similarly premature motion, held "where the case is less than six months old and there has been no discovery, nor even a motion for class certification, the issue is simply not ripe for this Court to consider." *Neale v. Volvo Cars of N.A.*, 2011 U.S. Dist. LEXIS 39154, *8 (D.N.J. Apr. 11, 2011). The Court went on to distinguish the case upon which the defendant there– and Cahill presently– "heavily" relied, this Court's decision in *Agostino v. Quest Diagnostics, Inc.* 256 F.R.D. 437, 499 (D.N.J. 2009) (J. Chesler). In short, Judge Hochberg found important that this Court in *Agostino* had the benefit of three years passing since the inception of the case, and "months of discovery and rulings on various motions to dismiss." *Id.* at *8. Here, the Court does not have the benefit of *any* discovery, and, respectfully, does not have the information and record to conduct the "rigorous analysis" required of it in conducting a class certification analysis. *In Re Hydrogen Peroxide*, 552 F.3d 305, 309 (3d Cir. 2008).

The fact remains that plaintiffs have alleged, and believe the evidence will ultimately show, that in 1984 Cahill and co-defendant BASF Catalysts, LLC, then known as Engelhard,

collected, destroyed or secreted away inculpatory documents, lied about the existence of these documents, and that thousands of asbestos injury plaintiffs relied on these misrepresentations in abandoning their claims or settling them for nominal amounts as a direct and proximate result. Superior Court Judge Ann McCormick has already acknowledged that defendants are subject to a claim of fraudulent concealment, and retired Judge Jack Lintner determined that the crime fraud exception precluded defendants from invoking the attorney-client privilege. Am. Compl at 3, n.1. Notwithstanding Cahill's representation that it will assume the facts of the Complaint as true for purposes of its motion, Def. Br. at 11, it immediately and unabashedly spends the duration of its brief challenging the veracity of the same. In fact, the instant motion is but an attempt to avoid the disclosure of the documents plaintiffs will be seeking during discovery, and "slip through the backdoor [with] what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion." *Korman v. The Walking Company*, 503 F. Supp. 2d 755, 762 (E.D. Pa. 2007) (quoting *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2006 U.S. Dist. LEXIS 88988 (N.D. Cal. Nov. 28, 2006)). The "rigorous analysis" required of the Court in determining the viability of a class cannot consist of mere reliance on a defendant's say-so regarding what that defendant *believes* the evidence will show. *In Re Hydrogen Peroxide*, 552 F.3d at 309.

DATED: October 31, 2011                    Respectfully Submitted,

                                                        **COHEN, PLACITELLA & ROTH**
                                                        A Professional Corporation

                                                            /s/ Christopher M. Placitella
                                                       Christopher M. Placitella, Esq.
                                                       Michael Coren. Esq.
                                                       Matthew T. Stone, Esq.
                                                       cplacitella@cprlaw.com

mcoren@cprlaw.com
mstone@cprlaw.com
127 Maple Ave
Red Bank, New Jersey 07701
(732) 747-9003

Jeffery M. Pollock, Esq.
**FOX ROTHSCHILD, LLP.**
jmpollock@foxrothschild.com
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648
(609) 896-7660

Attorneys for Plaintiffs and the Proposed Class

*Of Counsel*:
Stewart L. Cohen, Esq.[*]
Harry M. Roth, Esq.[*]
**COHEN, PLACITELLA & ROTH, P.C.**
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
(215) 567-3500

(* *Pro hac vice* admission)