# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Eugene F. Assaf, P.C.
To Call Writer Directly:
(202) 879-5196
eugene.assaf@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

May 18, 2015

The Honorable Jose L. Linares
United States District Judge,
U.S. District Court, District of New Jersey
U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

The Honorable Joseph A. Dickson
United States Magistrate Judge,
U.S. District Court, District of New Jersey
U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *Williams, et al. v. BASF Catalysts LLC, et al.*, 2:11-cv-01754-JLL-JAD

Dear Judges Linares and Dickson:

On behalf of Defendants in the above-captioned case, I write to respond briefly to five issues raised in Plaintiffs' May 4, 2015 letter ("Pls. Ltr."). Although Defendants disagree with many aspects of Plaintiffs' letter, these five issues significantly affect this proceeding and confirm that Defendants' proposals for motions practice and bifurcated class and merits discovery are correct and should be adopted. I address the issues under the headings to which they relate from the parties' May 4, 2015 letters.

1. **Procedural History and Case Status**

Defendants draw the Court's attention to a critical threshold issue in Plaintiffs' letter—Plaintiffs' request to "amend[] by interlineation" their Amended Complaint in order to add a claim for compensatory damages for only the six named Plaintiffs. Pls. Ltr. at 2. Any such amendment would change the nature, scope, discovery, and potential resolution of this proposed class action, affect the viability of the case as a proposed class action, and should be considered only through a formal motion to amend under Rule 15 (which Defendants would oppose).

Specifically, in their letter, Plaintiffs for the first time contend that the six named Plaintiffs seek relief that they previously had disavowed and which differs from the relief they seek on behalf of all other putative class members. The six named Plaintiffs now say they will request "compensatory" damages on their own behalf, but seek "on a class action basis" only "declaratory and injunctive relief." *Id.* at 1. This constitutes a complete about-face in strategy and a re-casting of their case. Previously, Plaintiffs' Complaint and Amended Complaint

**KIRKLAND & ELLIS LLP**

May 18, 2015
Page 2

contained no division in the relief sought by the named Plaintiffs and the putative class. By requesting an opportunity to "amend[] by interlineation" in order to request different relief for the named Plaintiffs, *id.* at 2, the named Plaintiffs would be creating a deep divide between themselves and the putative class.

Plaintiffs seek to justify their "amendment by interlineation" by claiming that it would only "reincorporat[e]" their original request for compensatory damages (albeit solely for the six named Plaintiffs) which was "*inadvertently* omitted in their first amendment." *Id.* (emphasis added). The record flatly contradicts this assertion, unmistakably reflecting that Plaintiffs *intentionally* dropped their claim for compensatory damages for the past three years during motion to dismiss and class certification briefing in an attempt to avoid dismissal of their class allegations.

On March 28, 2011, Plaintiffs filed their original Complaint seeking class-wide compensatory damages, punitive damages, and declaratory and equitable relief. Compl. (Mar. 28, 2011) ("Compl.") [Doc. #1] ¶ 16(a)-(k), pp. 156–158. Plaintiffs alleged that class certification was appropriate under Federal Rule of Civil Procedure 23(b)(1)(A), (b)(2), and (b)(3). Compl. ¶¶ 271, 281–83. On July 15, 2011, all Defendants filed Motions to Dismiss [Doc. #51, 54, 57, 58, 59], and the Cahill Defendants also filed a Motion to Deny Class Certification and Strike Class Action Allegations ("First Class Mot.") [Doc. #55]. Cahill's First Class Motion argued that Plaintiffs' claims were not certifiable for multiple reasons, including that individualized issues predominated over common issues, precluding certification under Rule 23(b)(3); their requests for monetary relief predominated over their requests for injunctive relief, precluding certification under Rule 23(b)(2); and the predominance of monetary relief, as well as the absence of incompatible standards of conduct resulting from inconsistent verdicts, precluded certification under Rule 23(b)(1)(A). First Class Mot. at 13, 33–35, 42 n.15.

On August 4, 2011, Plaintiffs *sua sponte* filed an Amended Complaint that conspicuously deleted all references to and requests for compensatory damages. Am. Compl. (Aug. 4, 2011) ("Am. Compl.") [Doc. # 70] ¶ 16(a)-(j), pp. 168–171. Plaintiffs removed these references from at least eight different places in the Complaint, including their *ad damnum*. *Compare* Compl. ¶¶ 16(d)-(f), 276(k), 276(p)-(r), 276(u), 276(x), 307, 316, pp. 156–158 (requesting compensatory damages) *with* Am. Compl. ¶¶ 16, 283, 315, 322, pp. 168–171 (not requesting compensatory damages). This systematic excision of more than half a dozen references to compensatory damages was not "inadvertent," and to claim otherwise is not credible.

Indeed, Plaintiffs acknowledged their withdrawal of their request for compensatory damages throughout their pleadings and briefs, including but not limited to the following:

- *First*, in their Amended Complaint, Plaintiffs requested prospective equitable relief that would only be applicable "*should Plaintiff* or a class member *then elect to*

KIRKLAND & ELLIS LLP

May 18, 2015
Page 3

> *proceed with a damages claim* against BASF and any of the defendants. . . ." Am. Compl. ¶ 314 (emphases added). This statement reflects the named Plaintiffs' awareness that they did not seek compensatory damages either for themselves or for class members in this case.
>
> - *Second*, in response to Cahill's Motion to Strike Class Allegations from the Amended Complaint, Plaintiffs asserted that "the class relief seeks to restore, by injunction or declaratory decrees directed at the Defendants, what was stolen from the Plaintiffs and class members. . . ." Pls. Omnibus Resp. to Cahill's Mot. to Strike Class Allegations (Dec. 1, 2011) [Doc. # 101] ("Pls. Class Resp.") at 1. Plaintiffs confirmed that they were not seeking compensatory damages here but purportedly reserved their right to seek such relief in other courts in which their original product liability lawsuits were filed, asserting that "Plaintiffs are not eliminating any class member's right to monetary relief; simply put, that issue is *just not before this Court*." *Id.* at 24 (emphasis added); *see also, e.g., id.* at 23 ("The primary relief sought is equitable and is uniform for all class members.").
>
> - *Third*, when the Cahill Defendants argued in their Motion to Dismiss that Plaintiffs' (now dismissed) claim under New York Judiciary Law § 487 "cannot provide relief to the Plaintiffs because they are seeking an injunction, not compensatory damages," Plaintiffs never said otherwise, nowhere indicating that they were seeking compensatory damages. Pls. Resp. at 73-74.

Finally, it bears noting that Plaintiffs amended their complaint several months after the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), which underscored the significant obstacles Plaintiffs would encounter in attempting to seek damages in a class action. This timing again confirms that Plaintiffs' elimination from their original complaint of their request for compensatory damages was not somehow "inadvertent."

    Nor is Plaintiffs' proposed request for compensatory damages merely technical in nature, as it has important implications for whether this case could be certified as a class action. Plaintiffs appreciate that their claims are ineligible for certification under Rule 23(b)(3) given, among other issues, the individualized nature of reliance underlying Plaintiffs' claims. Only a Rule 23(b)(3) class, however, may seek significant monetary damages. Yet, by trying to obtain certification under Rule 23(b)(2), Plaintiffs propose to seek monetary relief only for themselves and to relegate putative class members to largely meaningless injunctive relief—relief Plaintiffs have little incentive to pursue (*i.e.*, Plaintiffs already would have the notice they seek and there is no evidence of ongoing spoliation). In so doing, Plaintiffs have set up a conflict with the class they supposedly represent, have confirmed they cannot serve as adequate class representatives, and have implicitly conceded their claims are not typical of those of the putative class.

KIRKLAND & ELLIS LLP

May 18, 2015
Page 4

That is especially so considering the unusual nature of this proposed class action, in which class counsel is essentially substituting himself for each class member's asbestos personal injury lawyer without having secured consent by each putative class member or his or her lawyer. Thus, although Plaintiffs' counsel acknowledge that the claims as pled place "the advice of . . . counsel" directly at issue, Pls. Ltr. at 8, putative class members have not been consulted about whether they wish to proceed with this lawsuit in which they will receive no monetary relief and waive the attorney-client privilege and work product protection to do so. And these various issues with typicality and the adequacy of the class representatives and their class counsel are separate and apart from the fact that Plaintiffs' litigation fraud and spoliation claims necessarily involve a host of significant, individualized issues, and these individualized issues foreclose certification not only under Rule 23(b)(3) but Rule 23(b)(2) as well, on which Plaintiffs exclusively relied in defending their class allegations in their most recent filing [Dkt. # 101].

### 2(a). Amendment of the Amended Complaint

The Court should not permit Plaintiffs to amend their class action complaint through a letter request in a status report in order to seek compensatory damages on behalf of the six named Plaintiffs. Nor should Plaintiffs be allowed to "amend[] by interlineation." If Plaintiffs want to seek leave to amend, they ought to file a motion to amend under Rule 15 and attach the new proposed Complaint so that all parties have an opportunity to brief the issue and the Court can give due consideration to whether such an amendment is appropriate.

And the amendment would not be at all appropriate, as Defendants would argue in a formal opposition. As discussed above, the record here reflects that Plaintiffs intentionally abandoned their request for compensatory damages for strategic reasons, removing from their Amended Complaint in multiple places their request for compensatory damages. That is how the pleadings stood for more than three years as Plaintiffs litigated five different motions to dismiss, Cahill's motion to strike Plaintiffs' class allegations, and the Third Circuit appeal. Having told this Court that the issue of "monetary relief" was "just not before this Court," Pls. Class Resp. at 24, Plaintiffs strategically abandoned their request for compensatory damages in order to survive the Motion to Deny Class Certification. Plaintiffs should not be permitted to backtrack and amend their Complaint now to resurrect this abandoned relief. Allowing amendment also would irreconcilably divide the proposed class and ensure that this class action is no longer pursuing "a universal remedy for a universal injury." Pls. Class Resp. at 12. All of this confirms the need for formal motions practice under Rule 15. And given the class certification issues presented by Plaintiffs' new attempt to seek different relief from the rest of the class, it confirms the need for bifurcated class and merits discovery as well.

KIRKLAND & ELLIS LLP

May 18, 2015
Page 5

### 2(c). Dispositive Motions

Plaintiffs also seek to preclude Defendants from renewing Motions to Dismiss, requesting that the Court immediately "direct Defendants to file answers and any cross-claims." Pls. Ltr. at 3. Motions to dismiss, however, are designed to narrow the scope of a case (both as to the claims and defendants), freeing litigants from answering or engaging in discovery where a plaintiffs' allegation fails to state a claim for relief. Here, Defendants previously moved to dismiss entire claims and to dismiss certain Defendants on grounds that Judge Chesler and the Third Circuit never reached. The proper procedure is to decide dispositive, threshold legal issues first. We respond briefly below to Plaintiffs' four groupings of anticipated motions.

Category 1 (Motion to Dismiss the Fraudulent Concealment/Spoliation Claim): Defendants intend to move to dismiss the fraudulent concealment/spoliation claim in the Amended Complaint because, under the law that existed at the time of the alleged document destruction, a company was required to retain documents only if it had actual knowledge that the documents were relevant to a pending litigation or specifically threatened claim. Plaintiffs have not pled the existence of any such litigation or threatened claim. Plaintiffs contend that this issue is "barred by the law of the case doctrine," claiming that the Third Circuit concluded that the Defendants' were "legally obligated to preserve evidence under the allegations pled." Pls. Ltr. at 4. The Third Circuit, however, did nothing of the sort. The portion of the opinion Plaintiffs cite does not address Defendants' argument that Plaintiffs failed to plead that Defendants had actual knowledge of any pending litigation or specifically threatened claim at the time of the alleged destruction.

Category 2 (Motion to Dismiss Claims Against the Individual Defendants): The individual Defendants intend to renew their Motions to Dismiss which they filed before Judge Chesler but which he did not reach. Plaintiffs claim these Motions are barred because the Third Circuit's opinion "makes it clear" that dismissal of the individual Defendants "must await development of a fact record," Pls. Ltr. at 4-5, citing the Third Circuit's treatment of one argument raised by one individual Defendant, Thomas Halket. Mr. Halket raised other arguments, however, and the five other individual Defendants raised their own arguments different from those raised by Mr. Halket, and the Third Circuit's opinion neither addressed nor is dispositive of any of those arguments. Indeed, the Third Circuit observed that the District Court did not "consider[] these theories" and "we decline to decide them in the first instance." *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 324 (3d Cir. 2014). In fact, the Third Circuit expressly envisioned further threshold dispositive motions in this Court, stating that "[w]e leave it for the District Court to determine whether the remaining fraud and fraudulent concealment claims have been particularly pled against [the individual defendants]." *Id.* All of the individual Defendants are entitled to test the legal sufficiency of the allegations before proceeding.

**KIRKLAND & ELLIS LLP**

May 18, 2015
Page 6

  <u>Category 3 (Motion to Dismiss Plaintiffs' Punitive Damages Claim)</u>: Defendants also will move to dismiss plaintiffs' claim for punitive damages. As described above, Plaintiffs' Amended Complaint carefully excised any reference to compensatory damages and, insofar as Plaintiffs have pled their claims under New Jersey law, the New Jersey Punitive Damages Act expressly predicates an award of punitive damages on an award of compensatory damages. N.J.S.A. 2A:15-5.13(c). Without a claim for compensatory damages, Plaintiffs' punitive damages claim fails as a matter of law. Plaintiffs oppose, claiming that their Amended Complaint does plead a claim for compensatory damages. As discussed above, that is wrong. Notably, Plaintiffs nowhere dispute that they are barred from seeking punitive damages absent a claim for compensatory damages.

  <u>Category 4 (Motion to Strike the Class Allegations)</u>: Although Defendants do not anticipate renewing their motion to strike the class allegations at this time, they do reserve the right to file such a motion after the Court considers any proposed amendment and during or upon the completion of class discovery. Plaintiffs claim a motion to deny class certification is "barred by the law of the case doctrine or, alternatively, is highly unwarranted," purportedly because the Third Circuit already "found that the Amended Complaint pled justiciable class action claims on which relief can be granted." Pls. Ltr. at 6. Plaintiffs, again, are wrong. Neither the Third Circuit nor Judge Chesler ever certified a class, barred Defendants from challenging the class, or even addressed the merits of Defendants' motion to strike the class (which was pending when Judge Chesler dismissed the Amended Complaint). And Plaintiffs newly-minted attempt to claim a significantly different form of relief for only the six named Plaintiffs raises new issues that no court has considered.

### 3(a). Discovery and Proposed Schedule/Structure

  Plaintiffs' opposition to bifurcated discovery offers no basis for combining class and merits discovery. As discussed in Defendants' May 4 letter to the Court, Plaintiffs face significant hurdles in attempting to certify a class based on thousands of different asbestos lawsuits litigated in different courts at different times by different lawyers. Defs. Ltr. at 6. Defendants provided a non-exhaustive list of questions that require answers before any class is approved, and class discovery indisputably is necessary to provide the answers. Plaintiffs ignore these bedrock questions and, instead, list six issues relating to the merits of their claims that, they claim, "bear[] upon both . . . liability and class certification." Pls. Ltr. at 7. Even were those issues overlapping, however, there will be significant potential inefficiencies if discovery is not bifurcated, and any determination of class certification still will need to address and resolve the threshold issues that Defendants raise. For example, merits discovery into the filing, litigation, and resolution of lawsuits involving more than 16,000 class members will be completely unnecessary if class certification is denied. Combining class and merits discovery seriously risks a monumental waste of resources in discovery on issues that may never be reached if class certification is denied.

**KIRKLAND & ELLIS LLP**

May 18, 2015
Page 7

### 4. The *Sampson* case

Finally, as set forth in Defendants' May 4 letter to the Court, seven of the eight Defendants here were not parties in *Sampson*. The proceedings in that case are under seal and the evidentiary record is neither public nor available. Insofar as Plaintiffs intend to seek production here of "all testimonial transcripts and documents produced during the *Sampson* crime-fraud hearing," Pls. Ltr. at 10, any such production would be directly contrary to the *Sampson* court's Order that those proceedings occur under seal and constitute a transparent attempt by a party subject to a strict confidentiality order to violate that order.

Very truly yours,

*Eugene F. Assaf, P.C./ml*

Eugene F. Assaf, P.C.

KIRKLAND & ELLIS LLP

May 18, 2015
Page 8


Date:   May 18, 2015                             Respectfully submitted,

                                                 /s/ Stephen M. Orlofsky
Eugene F. Assaf, P.C.                            Stephen M. Orlofsky
Michael F. Williams                              New Jersey Resident Partner
Daniel A. Bress                                  David C. Kistler
Peter A. Farrell                                 Blank Rome LLP
KIRKLAND & ELLIS LLP                             301 Carnegie Center, 3rd Floor
655 15th St., N.W.                               Princeton, NJ 08540
Washington, D.C. 20005                           Phone: (609) 750-2646
Phone: (202) 879-5000                            Facsimile: (609) 750-7701
Facsimile: (202) 879-5200

*Counsel for Defendant*                          *Counsel for Defendant*
*BASF Catalysts LLC*                             *BASF Catalysts LLC*

                                                 /s/ Robert E. Ryan
John K. Villa                                    Robert E. Ryan
David S. Blatt                                   Marc D. Haefner
Grant Geyerman                                   Craig Demareski
WILLIAMS & CONNOLLY LLP                          CONNELL FOLEY LLP
725 Twelfth Street, N.W.                         85 Livingston Avenue
Washington, DC 20005                             Roseland, NJ 07068
(202) 434-5000                                   (973) 535-0500

*Attorneys for Cahill Gordon & Reindel LLP (f/k/a*    *Attorneys for Cahill Gordon & Reindel LLP (f/k/a*
*Cahill Gordon & Reindel), Howard G. Sloane,*         *Cahill Gordon & Reindel), Howard G. Sloane,*
*Ira J. Dembrow, and Scott A. Martin*                 *Ira J. Dembrow, and Scott A. Martin*

KIRKLAND & ELLIS LLP

May 18, 2015
Page 9

/s/ Walter F. Timpone
Walter F. Timpone
Walter R. Krzastek
McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
*Attorneys for Defendant Dr. Glen Hemstock*

/s/ Eric Tunis
Eric Tunis
Olivier Salvagno
GREENBAUM, ROWE, SMITH & DAVIS LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095-0988
(732) 549-5600
*Attorneys for Defendant Thomas D. Halket*

/s/ Kevin H. Marino
Kevin H. Marino
John A. Boyle
MARINO, TORTORELLA & BOYLE, P.C.
437 Southern Boulevard
Chatham, New Jersey 07928
(973) 824-9300
*Attorneys for Defendant Arthur A. Dornbusch II*