# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Eugene F. Assaf, P.C.
To Call Writer Directly:
(202) 879-5196
eugene.assaf@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

June 22, 2015

The Honorable Jose L. Linares
United States District Judge,
U.S. District Court, District of New Jersey
U.S. Courthouse
50 Walnut Street
Newark, NJ  07101

The Honorable Joseph A. Dickson
United States Magistrate Judge,
U.S. District Court, District of New Jersey
U.S. Courthouse
50 Walnut Street
Newark, NJ  07101

Re:  *Williams, et al. v. BASF Catalysts LLC, et al.*, 2:11-cv-01754-JLL-JAD

Dear Judges Linares and Dickson:

On behalf of defendants in the above-captioned case, and in anticipation of the conference with Magistrate Judge Dickson on June 25, 2015, I write to respond briefly to certain new issues raised in plaintiffs' May 29, 2015 letter [Dkt. #151] ("Pls.' Ltr."). That letter underscores the uncertainty plaintiffs are creating about what is at issue in this case, and thus confirms the need for motions practice before discovery can begin.

*First*, plaintiffs have taken varying positions as to whether they have pleaded a claim for compensatory damages. Plaintiffs in their May 4, 2015 submission indicated that they would request "an order permitting amendment by interlineation" because they "inadvertently omitted" a request for compensatory damages in their first amended complaint. Dkt. 148 at 3. After defendants pointed out in their letter of May 18, 2015 that plaintiffs did not "inadvertently omit[]" such a request, but rather did so intentionally and strategically, plaintiffs took the position that their amended complaint already "alleges the basis for compensatory relief." Pls.' Ltr. 3. But paragraph 340 of the amended complaint, upon which plaintiffs rely, does not request damages in this case—it merely alleges that plaintiffs "will incur, or already have incurred pecuniary losses and damages," Dkt. 70 at ¶ 340, which plaintiffs previously indicated they would pursue in their underlying asbestos cases in other courts, should those cases be reopened. This is why plaintiffs still request that "they be permitted to add by interlineation the words 'compensatory and' before the word 'punitive' in [the] Demand for Relief." Pls.' Ltr. at 3.

*Second*, plaintiffs are taking apparently shifting positions on which relief is being sought by the class representatives, as compared to the class as a whole. In their May 4, 2015 submission, plaintiffs claimed that the class representatives would seek "compensatory" damages, but that the rest of the class "on a class action basis" would seek only "declaratory and

## KIRKLAND & ELLIS LLP

June 22, 2015
Page 2

injunctive relief." Dkt. 148 at 1. After defendants in their May 18, 2015 letter pointed out the many problems created by class representatives seeking different relief from the class as a whole, plaintiffs switched course and now say that the "compensatory damages are specifically pled in ¶ 340 of the Amended Complaint and include the costs associated with prosecuting this litigation, which are common to *all* Class Members." Pls.' Ltr. at 2; *see also id.* (claiming that plaintiffs are seeking "relief common to all members of the class — Named Plaintiffs and putative class members alike"). Thus, in addition to expanding their request for relief to include compensatory damages that had been purposefully dropped, plaintiffs evidently now seek to expand the group of plaintiffs seeking those damages.

Finally, plaintiffs' most recent submission further confuses the issues by claiming that "[i]n addition to the relief sought in this case," which would now include compensatory damages, the plaintiffs "may collect additional damages in their individual actions," *i.e.*, their underlying closed asbestos cases, should those cases be reopened. Pls.' Ltr. 2. According to plaintiffs, they could pursue additional damages in their "home state court using any declaratory relief obtained here." *Id.* (emphasis omitted). But this is directly contrary to what the Third Circuit held in this case, namely, that under Article III plaintiffs could not "request[] declarations (or injunctions) determining rights and defenses available to BASF and Cahill in future proceedings." *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 327-28 (3d Cir. 2014).

Plaintiffs are generating significant uncertainties about what is actually at stake in this case—uncertainties that affect both the viability of plaintiffs' claims and the nature of their class allegations. This confirms the need for further motions practice before discovery commences.

Very truly yours,

/s/ Eugene F. Assaf

Eugene F. Assaf, P.C.

## KIRKLAND & ELLIS LLP

June 22, 2015
Page 3

| | |
|---|---|
| Date:   June 22, 2015 | Respectfully submitted, |
| | |
| | /s/ Stephen M. Orlofsky |
| Eugene F. Assaf, P.C. | Stephen M. Orlofsky |
| Michael F. Williams | New Jersey Resident Partner |
| Daniel A. Bress | David C. Kistler |
| Peter A. Farrell | Blank Rome LLP |
| KIRKLAND & ELLIS LLP | 301 Carnegie Center, 3rd Floor |
| 655 15th St., N.W. | Princeton, NJ 08540 |
| Washington, D.C. 20005 | Phone: (609) 750-2646 |
| Phone: (202) 879-5000 | Facsimile: (609) 750-7701 |
| Facsimile: (202) 879-5200 | |
| | *Counsel for Defendant* |
| *Counsel for Defendant* | *BASF Catalysts LLC* |
| *BASF Catalysts LLC* | |
| | /s/ Robert E. Ryan |
| John K. Villa | Robert E. Ryan |
| David S. Blatt | Marc D. Haefner |
| Grant Geyerman | Craig Demareski |
| WILLIAMS & CONNOLLY LLP | CONNELL FOLEY LLP |
| 725 Twelfth Street, N.W. | 85 Livingston Avenue |
| Washington, DC 20005 | Roseland, NJ 07068 |
| (202) 434-5000 | (973) 535-0500 |
| | |
| *Attorneys for Cahill Gordon & Reindel LLP (f/k/a Cahill Gordon & Reindel), Howard G. Sloane, Ira J. Dembrow, and Scott A. Martin* | *Attorneys for Cahill Gordon & Reindel LLP (f/k/a Cahill Gordon & Reindel), Howard G. Sloane, Ira J. Dembrow, and Scott A. Martin* |

KIRKLAND & ELLIS LLP

June 22, 2015
Page 4

/s/ Walter F. Timpone
Walter F. Timpone
Walter R. Krzastek
McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
*Attorneys for Defendant Dr. Glen Hemstock*

/s/ Eric Tunis
Eric Tunis
Olivier Salvagno
GREENBAUM, ROWE, SMITH & DAVIS LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095-0988
(732) 549-5600
*Attorneys for Defendant Thomas D. Halket*

/s/ Kevin H. Marino
Kevin H. Marino
John A. Boyle
MARINO, TORTORELLA &
BOYLE, P.C.
437 Southern Boulevard
Chatham, New Jersey 07928
(973) 824-9300
*Attorneys for Defendant Arthur A. Dornbusch II*