LAW OFFICES

**COHEN, PLACITELLA & ROTH**
A PENNSYLVANIA PROFESSIONAL CORPORATION

127 MAPLE AVENUE
RED BANK, NEW JERSEY 07701

(732) 747-9003
FAX (732) 747-9004
www.cprlaw.com

PHILADELPHIA, PA
LEMOYNE, PA
BALA CYNWYD, PA
PITTSBURGH, PA
CHERRY HILL, NJ

CHRISTOPHER M. PLACITELLA
MANAGING NJ ATTORNEY

June 13, 2017

**Via ECF Filing**
Honorable Joseph A. Dickson
United States District Court for the District of New Jersey
MLK Building & US Courthouse
50 Walnut St. Room MLK 2D
Newark, NJ 07101

**RE:**   *Williams v. BASF Catalysts, LLC*, et al. – No. 2:11-cv-01754

*Plaintiffs' Response to Defendant BASF Catalysts, LLC's June 5, 2017 Letter Submitting Goodyear Tire & Rubber Co. v. Haegar*, 137 S.Ct. 1178 (2017) *as "Supplemental Authority" to Defendants' Position on the Scope of Discovery (Dkt. 316)*

Dear Judge Dickson:

On behalf of Class Action Plaintiffs we respond to BASF Catalysts, LLC's letter dated June 5, 2017 and its argument in Court regarding the critical nature of the Supreme Court's decision in *Goodyear Tire and Rubber v. Haeger*, 137 S.Ct. 1178 (2017). The *Goodyear* opinion is an analysis of the Federal Rules of Civil Procedure (FRCP) that has no bearing on this action, which derives from State law; not the FRCPs. We address here (1) unlike the FRCPs, which the *Goodyear* case analyzed, this case arises under New Jersey's fraudulent concealment tort; (2) the Due Process Clause's guaranty is not being stifled despite BASF's contention to the contrary; and (3) that *Goodyear* does not expand Defendant's right to discovery. Rather, as the Third Circuit has ruled here in *Williams v. BASF Catalysts, LLC*, 765 F.3d 306 (3d Cir. 2014) and the Supreme Court of New Jersey explained in *Rosenblit v. Zimmerman*, 166 N.J. 391, 766 A.2d 749, 757-758 (N.J. 2001) and *Tartaglia v. UBS PaineWebber Inc.*, 197 N.J. 81, 961 A.2d 1167, 1190 (N.J. 2008), this case is solely about the Defendant's wrongful acts. The validity *vel non* of Plaintiffs' underlying claims are simply not at issue.

*Goodyear* is irrelevant to the discovery dispute before this Court. Unlike *Goodyear* where the Haegars sought discovery sanctions pursuant to the Federal Rules of Civil Procedure and the federal court's inherent authority to sanction discovery misconduct, the *Williams* Plaintiffs seek compensatory and punitive damages for the independent torts of fraudulent concealment and fraud under New Jersey state law. Plaintiffs' independent tort claims do not include a motion for sanctions under federal law or the FRCP, but strictly arise from New Jersey state law which provides the rule of decision in this case. The simple fact that both instances involve spoliation

Honorable Joseph A. Dickson
June 13, 2017
Page 2

does not make *Goodyear* relevant to the scope of discovery in this case, particularly where the redress sought is completely different and has different policy goals as discussed below.

Further, *Goodyear* does not support Defendants' claim that limiting the scope of discovery to the allegations of this case will deprive them of their right to due process. Defendants already have had the opportunity to take discovery into each and every one of plaintiffs' decedents' asbestos cases, as well as all of the absent class members' who had filed asbestos cases. BASF either took that discovery in the terminated state cases, which were litigated up to and/or through summary judgment, or it chose not to based on its "no asbestos in Emtal talc" misrepresentations. BASF does not have the right to re-take the discovery it has already taken or should have taken decades ago in the underlying cases. The *Goodyear* opinion does not change that.

Finally, despite BASF's contention to the contrary, Plaintiffs are not "inviting the Court to commit the very errors that the lower courts committed in *Goodyear* itself." *See* Dkt. 316 at 4. The Supreme Court in *Goodyear* held that when imposing sanctions pursuant to the Rules of Civil Procedure and the Court's inherent authority to order sanctions, the sanctions must be compensatory, not punitive because discovery sanctions imposed by a court cannot be meant to punish. To ensure that the legal fees awarded as a sanction are compensatory rather than punitive, the Court imposed a "but for" causation standard. The tort of fraudulent concealment does not present the same due process issues raised in *Goodyear*. First, two of the three goals of fraudulent concealment explicitly set forth by the New Jersey Supreme Court are to "punish the wrongdoer" and "deter others from such conduct." *Rosenblit*, 166 N.J. at 401. For these reasons, the New Jersey Supreme Court explicitly provided for punitive damages as an award for fraudulent concealment. *See id.* at 407. It is New Jersey state law on fraudulent concealment, fraud and the associated damages – and not federal law or federal sanctions – that determines the Plaintiffs' right to damages and the applicable standard of proof. Second, fraudulent concealment under New Jersey law has a different "causation" standard than discovery sanctions. *See Williams*, 765 F.3d at 321-322; *Rosenblit,* 166 N.J. at 406-407; *Tartaglia*, 197 N.J. at 120-121. Specifically, the Third Circuit in this case ruled that "but for" causation is not the test under New Jersey law for fraudulent concealment and explicitly overturned Judge Chesler's decision on this point. *See Williams,* 765 F.3d at 321-322. Thus, *Goodyear* has no bearing on the elements of the torts pled and the discovery that may be taken with respect to the case at bar.

In short, *Goodyear* is inapposite to *Williams* and the discovery dispute pending before this Court.

                                        Respectfully Submitted,

                                        /s/ *Christopher M. Placitella*
                                          Christopher M. Placitella

CMP/bd
cc: All Counsel of Record via ECF