# APPENDIX A

# APPENDIX A, TAB A

*Engelhard*
*Kansas*
*Talc*

## CAHILL GORDON & REINDEL

### EIGHTY PINE STREET

### NEW YORK, N.Y. 10005

FLOYD ABRAMS
ROGER ANDRUS
MICHAEL A. BECKER
HENRY G. BISGAIER
SUSAN BUCKLEY
KEVIN J. BURKE
P. KEVIN CASTEL
JAMES J. CLARK
WALTER C. CLIFF, P.C.
BENJAMIN J. COHEN
JOSEPH P. CONWAY
MARSHALL COX
THOMAS F. CURNIN
W. LESLIE DUFFY
RAYMOND L. FALLS, JR.
PATRICIA FARREN
BART FRIEDMAN
CIRO A. GAMBONI
CHARLES A. GILMAN
STEPHEN A. GREENE
ROBERT M. HALLMAN
EDWARD A. HANSEN
WILLIAM M. HARTNETT
DAVID R. HYDE
THOMAS R. JONES
ALLEN S. JOSLYN
THOMAS J. KAVALER
TERENCE A. KOBRIN
EMANUEL KOHN
EDWARD P. KRUGMAN
WILLIAM T. LIFLAND
MICHAEL MACRIS

JONATHAN I. MARK
DENIS McINERNEY, P.C.
RAND McQUINN *
GERARD M. MEISTRELL
ROGER MELTZER
CLIFFORD L. MICHEL
JOHN P. MITCHELL
MATHIAS E. MONE
HUGH P. MORRISON, JR. *
DONALD J. MULVIHILL
KENNETH W. ORCE
CHARLES PLATTO
ROY L. REGOZIN
RICHARD L. REINHOLD
DEAN RINGEL
THORN ROSENTHAL
RICHARD J. SABELLA
IRWIN SCHNEIDERMAN, P.C.
H. RICHARD SCHUMACHER
JOHN SCHUSTER
LAURENCE A. SILVERMAN
HOWARD G. SLOANE
LAURENCE T. SORKIN
LEONARD A. SPIVAK
GERALD S. TANENBAUM
MICHAEL P. TIERNEY
ROBERT USADI
JOHN R. VAUGHAN
GEORGE WAILAND
RALPH O. WINGER
GARY W. WOLF
JOHN R. YOUNG

SAMUEL ESTREICHER
RICHARD A. MAHFOOD, O.C. **
MICHAEL S. SACKHEIM
JOHN J. STANTON, JR.
COUNSEL

FREDDY DRESSEN ***
EUROPEAN COUNSEL

WASHINGTON, D.C. OFFICE
1990 K STREET, N.W.
WASHINGTON, D.C. 20006

EUROPEAN OFFICE
19 RUE FRANÇOIS 1er
75008 PARIS, FRANCE

TELEX/CABLE
RCA 232164    WUT 127069
CAGO UR    COTTOFRANK NYK
FACSIMILE 212-269-5420

* ADMITTED D.C. ONLY
** ALSO ADMITTED ENGLAND AND JAMAICA
*** ADMITTED FRANCE ONLY

TELEPHONE 212-701-3000

WRITER'S DIRECT NUMBER

(212) 701-3648

August 30, 1989

Re:  Engelhard - Tireworkers Litigation

Dear Jim:

    As I mentioned to you previously, for a number of months Engelhard has been actively seeking a dismissal from the tireworkers litigation pending in federal and state court in Pennsylvania on the ground that Engelhard's talc did not contain asbestos.  Our main support for this contention was an affidavit prepared by an expert on talc, William Ashton, who reached this conclusion based on his review of numerous reports, studies and analyses of the talc from Engelhard's only talc mine in Vermont.

    Last week, plaintiffs' counsel in Pennsylvania agreed to dismiss Engelhard from the tireworkers litigation on this basis.  I believe that a similar dismissal is warranted in all other jurisdictions where a tireworkers lawsuit is pending.  In this regard, I am enclosing the following documents pertaining to our discussions with plaintiffs' counsel in Pennsylvania:

    a.  my cover letter of May 17, 1989 to Jeff Schwartz, plaintiffs' counsel in Philadelphia, enclosing the affidavits of William Ashton and Charles Carter;

    b.  the September 20, 1988 affidavit of Charles Carter of Engelhard;

BASF FC 0014629

# APPENDIX A, TAB B

CAHILL GORDON & REINDEL

EIGHTY PINE STREET

NEW YORK, N.Y. 10005

FLOYD ABRAMS
ROGER ANDRUS
MICHAEL A. BECKER
HENRY O. BISGAIER
SUSAN BUCKLEY
KEVIN J. BURKE
P. KEVIN CASTEL
JAMES J. CLARK
WALTER C. CLIFF, P.C.
BENJAMIN J. COHEN
JOSEPH P. CONWAY
MARSHALL COX
THOMAS F. CURNIN
W. LESLIE DUFFY
RAYMOND L. FALLS, JR.
PATRICIA FARREN
CIRO A. GAMBONI
CHARLES A. GILMAN
STEPHEN A. GREENE
ROBERT M. HALLMAN
EDWARD A. HANSEN
WILLIAM M. HARTNETT
DAVID R. HYDE
THOMAS R. JONES
ALLEN S. JOSLYN
THOMAS J. KAVALER
LAWRENCE A. KOBRIN
IMMANUEL KOHN
EDWARD P. KRUGMAN
WILLIAM T. LIFLAND
NICHOLAS MAGRIS

JONATHAN I. MARK
DENIS MCINERNEY, P.C.
RAND MCQUINN
GERARD H. MEISTRELL
ROGER MELTZER
CLIFFORD L. MICHEL
JOHN R. MITCHELL
MATHIAS E. MONE
HUGH P. MORRISON, JR. *
DONALD J. MULVIHILL
KENNETH W. ORCE
CHARLES PLATTO
ROY L. REGOZIN
RICHARD L. REINHOLD
DEAN RINGEL
THORN ROSENTHAL
RICHARD J. ISABELLA
IRWIN SCHNEIDERMAN, P.C.
H. RICHARD SCHUMACHER
JOHN SCHUSTER
LAURENCE A. SILVERMAN
HOWARD G. SLOANE
LAURENCE T. SORKIN
LEONARD A. SPIVAK
GERALD S. TANENBAUM
MICHAEL P. TIERNEY
ROBERT USADI
JOHN R. VAUGHAN
GEORGE WAILAND
RALPH O. WINGER
GARY W. WOLF
JOHN R. YOUNG

SAMUEL ESTREICHER
RICHARD A. HAMFOOD, O.C. **
MICHAEL S. SACHHEIM
JOHN J. STANTON, JR.
COUNSEL

FREDDY DRESSEN ***
EUROPEAN COUNSEL

WASHINGTON, D.C. OFFICE
1990 K STREET, N.W.
WASHINGTON, D.C. 20006

EUROPEAN OFFICE
19 RUE FRANCOIS 1er
75008 PARIS, FRANCE

TELEX/CABLE
RCA 232104    WUT 127068
CAGO UR    COTTOFRANK NYK
FACSIMILE 212-269-5420

* ADMITTED D.C. ONLY
** ALSO ADMITTED ENGLAND AND JAMAICA
*** ADMITTED FRANCE ONLY

TELEPHONE 212-701-3000

WRITER'S DIRECT NUMBER

(212) 701-3648

September 25, 1989

Re:   Engelhard - Tireworkers Litigation

Dear Jim:

        As a follow-up to my letter of August 30, 1989 enclosing
the Affidavit of William Ashton and related documents, enclosed is
the Order of Judge Charles Weiner of the U.S. District Court for
the Eastern District of Pennsylvania, formally dismissing Engelhard
and Eastern Magnesia Talc Co. from all 174 tireworkers cases filed
in that Court.

Sincerely,

Ira J. Dembrow

James D. Griffin, Esq.
Blackwell Sanders Matheny Weary
   & Lombardi
Two Pershing Square
2300 Main Street, Suite 1100
P.O. Box 419777
Kansas City, Missouri 64141-6777
FEDERAL EXPRESS

[Enclosure]

cc:   Howard G. Sloane, Esq. (w/o encl.)
      Kevin Finnegan, Esq. (w/o encl.)
      Eric S. Sarner, Esq. (w/o encl.)

BASF FC 0014616

# APPENDIX A, TAB C

*Engelhard—Talc*
*Cleveland*
*Corr.*

COUNSELLORS AT LAW

## WESTON, HURD, FALLON, PAISLEY & HOWLEY

25TH FLOOR TERMINAL TOWER

CLEVELAND, OHIO 44113-2241

(216) 241-6602

OHIO TOLL FREE (800) 336-4952

TELEX: 980131 WDHR  ·  CABLE: LAWCLEVE  ·  TELECOPIER: (216) 621-8369

October 2, 1989

Peter J. Brodhead, Esq.
1500 National City Bank Bldg.
Cleveland, Ohio  44114

       Re:  <u>Engelhard/Eastern Magnesia Talc Co.-</u>
           <u>Tireworkers Litigation</u>
           Our File No:   15241-07866

Dear Peter:

      I have attempted to reach you by telephone to discuss this
matter.  In the event that we do not succeed in making contact by
telephone, I am enclosing a packet of documents for your review and
consideration.  After you have had an opportunity to review these
materials, I would ask that you give me a call to discuss this
matter.

      As you know, I represent Engelhard/Eastern Magnesia Talc Co.,
which is named as a defendant in the Tireworker cases that you have
filed in federal court.

      This letter is to request that you voluntarily dismiss
Engelhard Corporation and its former wholly-owned subsidiary,
Eastern Magnesia Talc Co. ("EMTAL") from the Tireworker cases that
you have filed in federal court.  The basis for this request is
that we have determined that the talc that was produced by EMTAL
did not contain any asbestos.  Under these circumstances, there
does not seem to be any basis to keep Engelhard or EMTAL as named
defendants in these lawsuits.  I am sure that you can appreciate
the substantial expense that is being incurred by Engelhard as a
result of being named as a defendant in these lawsuits.

      There is precedent for my request.  Engelhard and EMTAL were
named as defendants in 28 lawsuits brought on behalf of former
tireworkers at the B.F. Goodrich plant in Oaks, PA.  Those lawsuits
were filed in the Eastern District of Pennsylvania.  I am enclosing
the documents and materials that were provided to Jeffrey C.
Schwartz of the Allen L. Rothenberg law firm in Philadelphia, PA.
I am advised that after Mr. Schwartz had an opportunity to review
these materials, he was satisfied that the talc produced by
Engelhard and EMTAL did not contain any asbestos, and therefore,
he voluntarily dismissed Engelhard and EMTAL from the Tireworker

BASF FC 0007755

WESTON, HURD, FALLON, PAISLEY & HOWLEY

Peter J. Brodhead, Esq.
October 2, 1989
Page 2


litigation in Philadelphia.

The documents enclosed are as follows:

(1)   Affidavit of Charles D. Carter dated September 20, 1988;

(2)   A copy of an Affidavit by Charles D. Carter dated June 19, 1989;

(3)   A copy of a report prepared by Dr. F. D. Pooley concerning an examination of talc samples taken from the Johnson Talc Mine;

(4)   A copy of an Affidavit prepared by William H. Ashton dated May 8, 1989, with attached Exhibits A through G.

(5)   The dismissal entry from the federal action in Philadelphia.

In reviewing these documents, you will note that Engelhard's only talc mine was located in Johnson, Vermont and that Engelhard produced talc from that mine from 1967, when it acquired the mine, through 1983, when the mine was closed for economic reasons. (See Affidavits of Charles Carter). The Affidavit of William Ashton, an expert retained by Engelhard, summarizes a number of reports, studies and analyses from the Johnson, Vermont talc mine. These reports, studies and analyses conclude that the talc produced from Engelhard's only talc mine did not contain asbestos. Apparently a sample of the talc from the mine was analyzed in 1982 using scanning electron microscopy and energy dispersive spectroscopy and x-ray diffraction analysis and analytical transmission electron microscopy. The conclusion was that no asbestos was present in the sample. (See para. 7 of Ashton Affidavit).

During the months of May and June of 1989, there was an exchange of correspondence between Jeffrey Schwartz in Philadelphia and counsel for Engelhard. I have not enclosed copies of that correspondence, but it indicates that there are no samples currently available from the Johnson Vermont Mine. The reason for this is that the mine is filled with water, making access to samples impossible.

It is my understanding that the most recent NIOSH report is consistent with the materials that are enclosed herein, in that no asbestos was found in the talc used in the tireworker facility that was subject to the study.

After Mr. Schwartz had an opportunity to review these

BASF FC 0007756

WESTON, HURD, FALLON, PAISLEY & HOWLEY

Peter J. Brodhead, Esq.
October 2, 1989
Page 3

materials, he agreed to voluntarily dismiss Engelhard and EMTAL
from the federal litigation in Philadelphia.  I would ask that you
review these materials and give serious consideration to dismissing
Engelhard and EMTAL from the Tireworkers litigation in federal
court in Cleveland, Ohio.  I am sure that you can appreciate the
concern of my client to avoid incurring further expenses from this
litigation unnecessarily.  This would seem to be an appropriate
time to eliminate unnecessary and inappropriate defendants, in
light of the meeting that was conducted by Judge Lambros
approximately 10 days ago.

Please feel free to call me after you have had an opportunity
to review these matters.  If any additional information would be
of assistance to you in making this determination, please feel free
to let me know.

Very truly yours,

Jack Kluznik

jk/ec
Enclosures

# APPENDIX A, TAB D



# BLACKWELL SANDERS MATHENY WEARY & LOMBARDI

40 CORPORATE WOODS, SUITE 1200
9401 INDIAN CREEK PARKWAY
P. O. BOX 25388
OVERLAND PARK, KANSAS 66225-5388

913 345-8400

TELECOPIER
913 345-2067

TWO PERSHING SQUARE
2300 MAIN STREET-SUITE 1100
P.O. BOX 419777
KANSAS CITY, MISSOURI 64141-6777
816 274-6800

October 9, 1989

Stephen G. Dickerson, Esq.
VASOS, KUGLER & DICKERSON
200-10 Cambridge Place
Ten East Cambridge Circle
Kansas City, MO  66103

RE: Kansas Consolidated Tireworker Asbestos Litigation
Our File: 89105

Dear Mr. Dickerson:

I represent Englehard Corporation and its former wholly-owned subsidiary, Eastern Magnesia Talc Co., which are defendants in the consolidated tireworker asbestos litigation in Wichita, Kansas. We have agreed that Englehard and Eastern Magnesia Talc need not file an answer until you have had an opportunity to review the material which I am sending you and make a decision whether or not to dismiss them from the cases you have filed.

As we discussed, Englehard and Eastern Magnesia Talc were recently dismissed from the tireworker asbestos litigation pending in Federal Court in Pennsylvania based on the information which I am sending you.

I enclose affidavits of Charles D. Carter, Director of Joint Ventures and Resources of Englehard, dated September 20, 1988 and June 19, 1989. Mr. Carter's affidavits demonstrate that Englehard's only talc mine was located in Johnson, Vermont, and that Englehard produced talc from that mine from 1967, when it acquired the mine, through 1983, when the mine was closed for economic reasons.

Also enclosed is an affidavit by William H. Ashton, who has been involved in investigating and studying the talc industry and talc technology over 35 years. In his affidavit, Mr.

BASF FC 0014498

BLACKWELL SANDERS MATHENY WEARY & LOMBARDI

Stephen G. Dickerson, Esq.
October 9, 1989
Page 2

Ashton summarizes a number of reports, studies and analyses,
from the 1940's through the 1980's of the talc produced at the
Johnson, Vermont talc mine that was owned and operated by
Eastern Magnesia Talc from 1967 through 1983.  The unequivocal
conclusion, reached by all of these investigations, as set
forth in Mr. Ashton's affidavit, is that talc from the Johnson,
Vermont mine, which was Englehard's only talc mine, did not
contain asbestos.  Included among the various studies and
reports discussed by Mr. Ashton are two separate 1982 analyses
of the talc from the Johnson mine, both of which concluded,
based on respectively, (i) scanning electron microscopy and
energy dispersive spectroscopy, and (ii) x-ray diffraction
analysis and analytical transmission electron microscopy, that
no asbestos was present.  I also enclose the report by Dr. F.
D. Pooley referred to in paragraph 7 of the Ashton affidavit.

Finally, I enclose the order of dismissal of defendants
Englehard Corporation and Eastern Magnesia Talc Company entered
September 8, 1989 for the tireworkers asbestos litigation
pending in the United States District Court for the Eastern
District of Pennsylvania.  This dismissal was based on the
information which I have enclosed in this letter.

I would urge that after you review the enclosed affidavits,
you will agree to voluntarily dismiss Englehard and Eastern
Magnesia Talc from the tireworker litigation pending in
Wichita, Kansas.  If you should have any questions, please feel
free to contact me.  I look forward to receiving your response
prior to the next hearing before Judge Kelly which has now been
re-scheduled to November 20, 1989.

Very truly yours,

James D. Griffin

JDG/lc
Enclosures
cc:  Ira J. Dembrow, Esq. w/encls
     William H. Sanders

BASF FC 0014499

# APPENDIX A, TAB E

# WESTON HURD
## FALLON PAISLEY & HOWLEY
COUNSELLORS AT LAW

2500 TERMINAL TOWER • CLEVELAND, OHIO 44113-2241 • 216/241-6602

OHIO TOLL FREE 800 336-4951 • FAX 216/621-8369

January 2, 1990

Michael F. Colley, Esq.
Hoster & High Building
536 South High Street
Columbus, Ohio  43215

Re: Engelhard/Eastern Magnesia Talc Co. -
Tireworkers Litigation
Our File No:  15241-07866

Dear Mr. Colley:

As you know, I represent Engelhard/Eastern Magnesia Talc Co., which is named as a defendant in the Tireworker cases that you have filed in Summit County Common Pleas Court.

I have received your letter of December 21, 1989.  This letter is to request that you voluntarily dismiss Engelhard Corporation and its former wholly-owned subsidiary, Eastern Magnesia Talc Co. ("EMTAL") from the Tireworker cases that you have filed in Summit County Common Pleas Court.  The basis for this request is that we have determined that the talc that was produced by EMTAL did not contain any asbestos.  I am enclosing a packet of documents that supports this request.  Under these circumstances, there does not seem to be any basis to keep Engelhard or EMTAL as named defendants in these lawsuits.  I am sure that you can appreciate the substantial expense that is being incurred by Engelhard as a result of being named as a defendant in these lawsuits.

There is precedent for my request.  Engelhard and EMTAL were named as defendants in 28 lawsuits brought on behalf of former tireworkers at the B.F. Goodrich plant in Oaks, PA.  Those lawsuits were filed in the Eastern District of Pennsylvania.  I am enclosing the documents and materials that were provided to Jeffrey C. Schwartz of the Allen L. Rothenberg law firm in Philadelphia, PA. I am advised that after Mr. Schwartz had an opportunity to review these materials, he was satisfied that the talc produced by Engelhard and EMTAL did not contain any asbestos, and therefore, he voluntarily dismissed Engelhard and EMTAL from the Tireworker litigation in Philadelphia.

BASF FC 0003892

Michael F. Colley, Esq.
January 2, 1990
Page 2

The documents enclosed are as follows:

(1)   Affidavit of Charles D. Carter dated September 20, 1988;

(2)   A copy of an Affidavit by Charles D. Carter dated June 19, 1989;

(3)   A copy of a report prepared by Dr. F. D. Pooley concerning an examination of talc samples taken from the Johnson Talc Mine;

(4)   A copy of an Affidavit prepared by William H. Ashton dated May 8, 1989, with attached Exhibits A through G.

(5)   The dismissal entry from the federal action in Philadelphia.

In reviewing these documents, you will note that Engelhard's only talc mine was located in Johnson, Vermont and that Engelhard produced talc from that mine from 1967, when it acquired the mine, through 1983, when the mine was closed for economic reasons. (See Affidavits of Charles Carter). The Affidavit of William Ashton, an expert retained by Engelhard, summarizes a number of reports, studies and analyses from the Johnson, Vermont talc mine. These reports, studies and analyses conclude that the talc produced from Engelhard's only talc mine did not contain asbestos. Apparently a sample of the talc from the mine was analyzed in 1982 using scanning electron microscopy and energy dispersive spectroscopy and x-ray diffraction analysis and analytical transmission electron microscopy. The conclusion was that no asbestos was present in the sample. (See para. 7 of Ashton Affidavit).

During the months of May and June of 1989, there was an exchange of correspondence between Jeffrey Schwartz in Philadelphia and counsel for Engelhard. I have not enclosed copies of that correspondence, but it indicates that there are no samples currently available from the Johnson Vermont Mine. The reason for this is that the mine is filled with water, making access to samples impossible.

It is my understanding that the most recent NIOSH report is consistent with the materials that are enclosed herein, in that no asbestos was found in the talc used in the tireworker facility that was subject to the study.

After Mr. Schwartz had an opportunity to review these materials, he agreed to voluntarily dismiss Engelhard and EMTAL

BASF FC 0003893

Michael F. Colley, Esq.
January 2, 1990
Page 3

from the federal litigation in Philadelphia.  I would ask that you
review these materials and give serious consideration to dismissing
Engelhard and EMTAL from the Tireworkers litigation in Judge
Victor's Court in Akron, Ohio.  I am sure that you can appreciate
the concern of my client to avoid unnecessarily incurring further
expenses from this litigation.  This would seem to be an ap-
propriate time to eliminate unnecessary and inappropriate defen-
dants, in light of the statements by Judge Victor concerning the
litigation schedule for these cases.

Please feel free to call me after you have had an opportunity
to review these matters.  If any additional information would be
of assistance to you in making this determination, please feel free
to let me know.

Very truly yours,

Jack Kluznik

jk/ec
Enclosures

# APPENDIX A, TAB F

# WESTON HURD
## FALLON PAISLEY & HOWLEY
### COUNSELLORS AT LAW

2500 TERMINAL TOWER • CLEVELAND, OHIO 44113 2241 • 216/241-6602

OHIO TOLL FREE 800 336-4952 • FAX 216 621-8369

OFFICE COPY

January 2, 1990

James M. Gatskie, Esq.
77 Est Mill Street
Akron, Ohio  44308

Re: Engelhard/Eastern Magnesia Talc Co.-
    Tireworkers Litigation
    Our File No:   15241-07866

Dear Mr. Gatskie:

As you know, I represent Engelhard/Eastern Magnesia Talc Co., which is named as a defendant in the Tireworker cases that you have filed in Summit County Common Pleas Court.

This letter is to request that you voluntarily dismiss Engelhard Corporation and its former wholly-owned subsidiary, Eastern Magnesia Talc Co. ("EMTAL") from the Tireworker cases that you have filed in Summit County Common Pleas Court. The basis for this request is that we have determined that the talc that was produced by EMTAL did not contain any asbestos. I am enclosing a packet of documents that supports this request. Under these circumstances, there does not seem to be any basis to keep Engelhard or EMTAL as named defendants in these lawsuits. I am sure that you can appreciate the substantial expense that is being incurred by Engelhard as a result of being named as a defendant in these lawsuits.

There is precedent for my request. Engelhard and EMTAL were named as defendants in 28 lawsuits brought on behalf of former tireworkers at the B.F. Goodrich plant in Oaks, PA. Those lawsuits were filed in the Eastern District of Pennsylvania. I am enclosing the documents and materials that were provided to Jeffrey C. Schwartz of the Allen L. Rothenberg law firm in Philadelphia, PA. I am advised that after Mr. Schwartz had an opportunity to review these materials, he was satisfied that the talc produced by Engelhard and EMTAL did not contain any asbestos, and therefore, he voluntarily dismissed Engelhard and EMTAL from the Tireworker litigation in Philadelphia.

BASF FC 0003971

James M. Gaskie, Esq.
January 2, 1990
Page 2


The documents enclosed are as follows:

(1)   Affidavit of Charles D. Carter dated September 20, 1988;

(2)   A copy of an Affidavit by Charles D. Carter dated June 19, 1989;

(3)   A copy of a report prepared by Dr. F. D. Pooley concerning an examination of talc samples taken from the Johnson Talc Mine;

(4)   A copy of an Affidavit prepared by William H. Ashton dated May 8, 1989, with attached Exhibits A through G.

(5)   The dismissal entry from the federal action in Philadelphia.

In reviewing these documents, you will note that Engelhard's only talc mine was located in Johnson, Vermont and that Engelhard produced talc from that mine from 1967, when it acquired the mine, through 1983, when the mine was closed for economic reasons.  (See Affidavits of Charles Carter).  The Affidavit of William Ashton, an expert retained by Engelhard, summarizes a number of reports, studies and analyses from the Johnson, Vermont talc mine. These reports, studies and analyses conclude that the talc produced from Engelhard's only talc mine did not contain asbestos.  Apparently a sample of the talc from the mine was analyzed in 1982 using scanning electron microscopy and energy dispersive spectroscopy and x-ray diffraction analysis and analytical transmission electron microscopy.  The conclusion was that <u>no asbestos was present in the sample.</u>(See para. 7 of Ashton Affidavit).

During the months of May and June of 1989, there was an exchange of correspondence between Jeffrey Schwartz in Philadelphia and counsel for Engelhard.  I have not enclosed copies of that correspondence, but it indicates that there are no samples currently available from the Johnson Vermont Mine.  The reason for this is that the mine is filled with water, making access to samples impossible.

It is my understanding that the most recent NIOSH report is consistent with the materials that are enclosed herein, in that no asbestos was found in the talc used in the tireworker facility that was subject to the study.

After Mr. Schwartz had an opportunity to review these materials, he agreed to voluntarily dismiss Engelhard and EMTAL

BASF FC 0003972

James M. Gaskie, Esq.
January 2, 1990
Page 3


from the federal litigation in Philadelphia.  I would ask that you
review these materials and give serious consideration to dismissing
Engelhard and EMTAL from the Tireworkers litigation in Judge
Victor's Court in Akron, Ohio.  I am sure that you can appreciate
the concern of my client to avoid unnecessarily incurring further
expenses from this litigation.  This would seem to be an ap-
propriate time to eliminate unnecessary and inappropriate defen-
dants, in light of the statements by Judge Victor concerning the
litigation schedule for these cases.

    Please feel free to call me after you have had an opportunity
to review these matters.  If any additional information would be
of assistance to you in making this determination, please feel free
to let me know.

                        Very truly yours,


                        Jack Kluznik

jk/ec
Enclosures

# APPENDIX A, TAB G

# WESTON HURD
## FALLON PAISLEY & HOWLEY
### COUNSELLORS AT LAW

2500 TERMINAL TOWER • CLEVELAND, OHIO 44113-2241 • 216/241-6602
OHIO TOLL FREE 800/356-4951 • FAX 216/621-6369

January 2, 1990

A  Russell Smith, Esq.
503 Society Building
Akron, Ohio  44308

            Re:  Engelhard/Eastern Magnesia Talc Co. -
                 Tireworkers Litigation
                 Our File No:   15241-07866

Dear Mr. Smith:

        As you know, I represent Engelhard/Eastern Magnesia Talc Co.,
which is named as a defendant in the Tireworker cases that you have
filed in Summit County Common Pleas Court.

        This letter is to request that you voluntarily dismiss
Engelhard Corporation and its former wholly-owned subsidiary,
Eastern Magnesia Talc Co. ("EMTAL") from the Tireworker cases that
you have filed in Summit County Common Pleas Court. The basis for
this request is that we have determined that the talc that was
produced by EMTAL did not contain any asbestos.  I am enclosing a
packet of documents that supports this request.   Under these
circumstances, there does not seem to be any basis to keep
Engelhard or EMTAL as named defendants in these lawsuits.   I am
sure that you can appreciate the substantial expense that is being
incurred by Engelhard as a result of being named as a defendant in
these lawsuits.

        There is precedent for my request.  Engelhard and EMTAL were
named as defendants in 28 lawsuits brought on behalf of former
tireworkers at the B.F. Goodrich plant in Oaks, PA.  Those lawsuits
were filed in the Eastern District of Pennsylvania.  I am enclosing
the documents and materials that were provided to Jeffrey C.
Schwartz of the Allen L. Rothenberg law firm in Philadelphia, PA.
I am advised that after Mr. Schwartz had an opportunity to review
these materials, he was satisfied that the talc produced by
Engelhard and EMTAL did not contain any asbestos, and therefore,
he voluntarily dismissed Engelhard and EMTAL from the Tireworker
litigation in Philadelphia.

BASF FC 0003979

A. Russell Smith, Esq.
January 2, 1990
Page 2

The documents enclosed are as follows:

(1)   Affidavit of Charles D. Carter dated September 20, 1988;

(2)   A copy of an Affidavit by Charles D. Carter dated June 19, 1989;

(3)   A copy of a report prepared by Dr. F. D. Pooley concerning an examination of talc samples taken from the Johnson Talc Mine;

(4)   A copy of an Affidavit prepared by William H. Ashton dated May 8, 1989, with attached Exhibits A through G.

(5)   The dismissal entry from the federal action in Philadelphia.

In reviewing these documents, you will note that Engelhard's only talc mine was located in Johnson, Vermont and that Engelhard produced talc from that mine from 1967, when it acquired the mine, through 1983, when the mine was closed for economic reasons.  (See Affidavits of Charles Carter).   The Affidavit of William Ashton, an expert retained by Engelhard, summarizes a number of reports, studies and analyses from the Johnson, Vermont talc mine. These reports, studies and analyses conclude that the talc produced from Engelhard's only talc mine did not contain asbestos.   Apparently a sample of the talc from the mine was analyzed in 1982 using scanning electron microscopy and energy dispersive spectroscopy and x-ray diffraction analysis and analytical transmission electron microscopy.   The conclusion was that no asbestos was present in the sample.(See para. 7 of Ashton Affidavit).

During the months of May and June of 1989, there was an exchange of correspondence between Jeffrey Schwartz in Philadelphia and counsel for Engelhard.   I have not enclosed copies of that correspondence, but it indicates that there are no samples currently available from the Johnson Vermont Mine.  The reason for this is that the mine is filled with water, making access to samples impossible.

It is my understanding that the most recent NIOSH report is consistent with the materials that are enclosed herein, in that no asbestos was found in the talc used in the tireworker facility that was subject to the study.

After Mr. Schwartz had an opportunity to review these materials, he agreed to voluntarily dismiss Engelhard and EMTAL

BASF FC 0003980

A. Russell Smith, Esq.
January 2, 1990
Page 3


from the federal litigation in Philadelphia.  I would ask that you
review these materials and give serious consideration to dismissing
Engelhard and EMTAL from the Tireworkers litigation in Judge
Victor's Court in Akron, Ohio.  I am sure that you can appreciate
the concern of my client to avoid unnecessarily incurring further
expenses from this litigation.  This would seem to be an ap-
propriate time to eliminate unnecessary and inappropriate defen-
dants, in light of the statements by Judge Victor concerning the
litigation schedule for these cases.

   Please feel free to call me after you have had an opportunity
to review these matters.  If any additional information would be
of assistance to you in making this determination, please feel free
to let me know.

                              Very truly yours,



                              Jack Kluznik

jk/ec
Enclosures

BASF FC 0003981

# APPENDIX A, TAB H

*Eng-Mich Talc*

**WISE & MARSAC**
ATTORNEYS AND COUNSELORS
PROFESSIONAL CORPORATION
11TH FLOOR BUHL BUILDING
DETROIT, MICHIGAN 48226

(313) 962-0643

JOHN A. WISE
ROBERT A. MARSAC
JOSEPH L. FALIK
STEPHEN M FLEMING
DARRELL H. GRAMS
ERIC H LIPSITT
JOHN M POLLOCK
STEPHEN R. COCHELL
TED A JOHNSON
JERRY D'AVANZO
JAMES F. KAMP
NANCY E. F SUMMERS
KAREN E BRIDGES
LISA A ROBINSON
GARY A. KENDRA
GREGORY E SMITH
MARK T. BUTLER
INGRID W. AMBERG
JUDY A LAZZARO

OF COUNSEL
WILLIAM D MARONEY*
ELIJAH POXSON
ALBERT L LIEBERMAN

ANN ARBOR OFFICE
24 FRANK LLOYD WRIGHT DRIVE
ANN ARBOR, MICHIGAN 48106
(313) 995-4405

NEW YORK OFFICE
1414 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019
(212) 308-0113

TELECOPIER (313) 962-0688
CABLE OYWI-DET
TELEX 810-221-5371

*ADMITTED IN
NEW YORK ONLY

January 12, 1990

Ms. Phoebe Corry
LOPATIN, MILLER, FREEDMAN, BLUESTONE,
  ERLICK, ROSEN & BARTNICK
1301 East Jefferson Avenue
Detroit, MI   48207-3119

RE:   <u>TIREWORKER CLAIMS AGAINST PITA REALTY</u>

Dear Ms. Corry:

As you know, this firm is local counsel for Defendant Pita Realty Limited, f/k/a, Eastern Magnesia Talc Company in the asbestos personal injury cases filed by your firm. Enclosed are the materials to which Jerry D'Avanzo referred in his telephone conversation with you yesterday. We ask that your firm review the enclosed materials and dismiss Pita from the cases you have filed for the reason that its talc does not contain asbestos.

Enclosed are affidavits of Charles D. Carter, Director of Joint Ventures and Resources of Englehard Corporation, dated September 20, 1988 and June 19, 1989. Mr. Carter's affidavits demonstrate that Pita's only talc mine was located in Johnson, Vermont, and that Pita ceased producing talc in 1983, when the mine was closed for economic reasons.

Also enclosed is an affidavit by William H. Ashton, who has been involved in investigating and studying the talc industry and talc technology for over 35 years. Mr. Ashton's affidavit summarizes a number of reports and studies of the talc produced at the Johnson, Vermont talc mine that was owned and operated by Pita. The unequivocal conclusion reached by all of these investigations is that talc from the Johnson, Vermont mine, which was Pita's only talc mine, did not contain asbestos.

Included among the various studies and reports referred to in Mr. Ashton's affidavit are two separate 1982 analyses of the talc from the Johnson mine. Both of those analyses concluded, based on (i) scanning electron microscopy and energy dispersive spectroscopy, and (ii) x-ray diffraction analysis and analytical transmission electron microscopy, respectively, that no asbestos

BASF FC 0009089

**WISE & MARSAC**

Ms. Phoebe Corry
January 12, 1990
Page 2

was present.  I have also enclosed the report by Dr. F. D. Pooley referred to in paragraph 7 of the Ashton affidavit.

As you may be aware, Pita Realty, <u>sub nom</u> Eastern Magnesia Talc Company, was recently dismissed from the tireworker litigation pending in Pennsylvania based on the enclosed information.  A copy of those dismissal orders also are enclosed.

Under the circumstances, while we will file appearances on behalf of our client, we will, unless you request otherwise, defer filing responsive pleadings until we hear from you with respect to the enclosed materials.  Further, as per your conversation with Jerry D'Avanzo, we understand that the Motion to Compel Discovery which you have noticed for January 19, 1990, in Wayne County does not apply to Pita.

To the extent you should have any questions regarding the enclosed materials, please do not hesitate to call Jerry D'Avanzo or me.  I look forward to hearing from you soon.

Very truly yours,

WISE & MARSAC

Robert A. Marsac

RAM:hrl
Enclosures

cc:  David L. Ravid, Esq.
     Eric S. Sarner, Esq.

# APPENDIX A, TAB I

*Engelhard-Cleveland Talc*

## CAHILL GORDON & REINDEL
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

### 1990 K STREET, N. W.
### WASHINGTON, D. C. 20006
TELEPHONE 202 862-8900

EIGHTY PINE STREET
NEW YORK, N Y 10005

18 RUE FRANÇOIS Iᵉᴿ
75008 PARIS, FRANCE

WRITER'S DIRECT DIAL NUMBER

(202) 862-8964

RADIO AND CABLE ADDRESSES
"COTTOFRANK WASHINGTON"
"COTTOFRANK NEWYORK"
"COTTOFRANK PARIS"

| OFFICE COPY | | |
|---|---|---|
| | DATE | INITIAL |
| Served | | |
| Filed | | |
| Signed | | |
| | | |
| Lent | 3/1 | MJ |
| Diary | | |
| Charged | 3/2 | ESS |

March 2, 1990

Re:  Ohio Tireworker Litigation

Dear Mr. Brodhead:

    I write as national counsel for Eastern Magnesia Talc Company ("EmTal"), a defendant in tireworker cases brought on behalf of plaintiffs represented by your firm.  The purpose of this letter is to obtain a response to the request previously made by EmTal's local counsel that you dismiss EmTal from the cases brought by your office.

    By letter dated October 2, 1989, EmTal's local counsel, Jack Kluznick, of Weston Hurd Fallon Paisley & Howley, sent to you, in support of our request for a dismissal, an affidavit prepared by William H. Ashton and supporting materials indicating that the talc mined by EmTal did not contain asbestos.  A copy of Mr. Kluznick's letter is attached.

    It is now five months since you were provided with these materials, yet you have not responded in any way to our request.  I must insist on a response to our request for a dismissal based on the Ashton Affidavit and supporting materials.  The stays in effect in this litigation present you with the opportunity to review these materials and advise us of your decision.

BASF FC 0000506

CAHILL GORDON & REINDEL                    -2-

I urge that you give your fullest consideration to these materials, as plaintiffs' counsel in the Pennsylvania tireworker litigation did. After reviewing these materials, and having plaintiffs' expert, Dr. Art Rohl, review them as well, plaintiffs' counsel in Pennsylvania voluntarily dismissed EmTal from the Pennsylvania litigation. The same result has been obtained in the tireworker litigation in Kansas. On January 16, 1990, plaintiffs' counsel filed a notice voluntarily dismissing a number of defendants, including EmTal. Plaintiffs' counsel in Kansas also had been provided with the Ashton materials. A copy of this notice of dismissal is attached.

Please call me if you have any questions. Since you have already had these materials for five months, I request that you contact me with your response no later than March 15, 1990.

Sincerely yours,

Eric S. Safner

Peter J. Brodhead, Esq.
Spagenberg, Shibley, Traci & Lancione
1500 National City Bank Bldg.
Cleveland, Ohio  44114-3062

[Attachments]

cc:  Howard G. Sloane, Esq.
     Lester Fliegel, Esq.

VIA FEDERAL EXPRESS

BASF FC 0000507

# APPENDIX A, TAB J

CAHILL GORDON & REINDEL
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1990 K STREET, N W.
WASHINGTON, D. C. 20006

TELEPHONE 202 862-8900

EIGHTY PINE STREET
NEW YORK, N Y 10005

19 RUE FRANÇOIS 1ER
75008 PARIS, FRANCE

RADIO AND CABLE ADDRESSES
"COTTOFRANK WASHINGTON"
"COTTOFRANK NEWYORK"
"COTTOFRANK PARIS"

WRITER'S DIRECT DIAL NUMBER
(202) 862-8964

March 2, 1990

Re:   Ohio Tireworker Litigation

Dear Mr. Smith:

I write as national counsel for Eastern Magnesia Talc
Company ("EmTal"), a defendant in tireworker cases brought on
behalf of plaintiffs represented by your firm.  The purpose of
this letter is to obtain a response to the request previously
made by EmTal's local counsel that you dismiss EmTal from the
cases brought by your office.

By letter dated January 2, 1990, EmTal's local
counsel, Jack Kluznick, of Weston Hurd Fallon Paisley & Howley,
sent to you, in support of our request for a dismissal, an
affidavit prepared by William H. Ashton and supporting materials
indicating that the talc mined by EmTal did not contain
asbestos.  A copy of Mr. Kluznick's letter is attached.

It is now two months since you were provided with
these materials, yet you have not responded in any way to our
request.  I must insist on a response to our request for a
dismissal based on the Ashton Affidavit and supporting
materials.  The stays in effect in this litigation present you
with the opportunity to review these materials and advise us of
your decision.

I urge that you give your fullest consideration to
these materials, as plaintiffs' counsel in the Pennsylvania
tireworker litigation did.  After reviewing these materials, and
having plaintiffs' expert, Dr. Art Rohl, review them as well,

BASF FC 0003957

CAHILL GORDON & REINDEL

-2-

plaintiffs' counsel in Pennsylvania voluntarily dismissed EmTal
from the Pennsylvania litigation.   The same result has been
obtained in the tireworker litigation in Kansas.  On January 16,
1990, plaintiffs' counsel filed a notice voluntarily dismissing
a number of defendants, including EmTal.   Plaintiffs' counsel in
Kansas also had been provided with the Ashton materials.   A copy
of this notice of dismissal is attached.

            Please call me if you have any questions.   Since you
have already had these materials for two months, I request that
you contact me with your response no later than March 15, 1990.

                                    Sincerely yours,

                                    Eric S. Sarner

A. Russell Smith, Esq.
A. Russell Smith Co., L.P.A.
503 Society Building
159 South Main Street
Akron, Ohio   44308

[Attachments]

cc:  Howard G. Sloane, Esq.
       Lester Fliegel, Esq.

VIA FEDERAL EXPRESS

BASF FC 0003958

# APPENDIX A, TAB K

*file*
*Engelhard –*
*Arkansas Talc*

### CAHILL GORDON & REINDEL
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1990 K STREET, N. W.
WASHINGTON, D. C. 20006
——
TELEPHONE 202·862·8900

EIGHTY PINE STREET
NEW YORK, N Y 10005

19 RUE FRANÇOIS 1ᴱᴿ
75008 PARIS, FRANCE

WRITER'S DIRECT DIAL NUMBER

RADIO AND CABLE ADDRESSES
"COTTOFRANK WASHINGTON"
"COTTOFRANK NEWYORK"
"COTTOFRANK PARIS"

(202) 862-8964

April 23, 1990

Re:   <u>Arkansas Tireworker Litigation</u>

Dear Jim:

        I tried unsuccessfully to reach you on a number of
occasions last week concerning our request for a dismissal in the
<u>Brock</u> action with respect to our client, Eastern Magnesia Talc
Company ("EmTal").  On April 20, 1990, I received a message from
your secretary informing me that you need to have your expert
review the matter.

        I had assumed from our previous conversations that this
had been done, especially when you told me a few months ago that
your conclusion was that EmTal should be dismissed on the basis
of the materials we provided to you.  Regardless, it is now April
23rd and our current extension of time in which to answer or
otherwise respond to your clients' Complaint is due to run on
April 30th.  I trust that you will handle this matter in an expe-
ditious fashion.  However, unless you inform me otherwise, I
believe that we will need to take an additional extension of
time; the only question is whether this extension should be for
more than one month.  Please contact me immediately at (202)
862-8964 so that we can discuss this matter further.

BASF FC 0000001

CAHILL GORDON & REINDEL

−2−

Thank you in advance for your cooperation.

Sincerely yours,

Eric S. Sarner

James R. LaFevor, Esq.
Rowland & Rowland, P.C.
Century Building
312 South Gay Street
Knoxville, Tennessee  37902

VIA TELECOPIER & FEDERAL EXPRESS

cc:  Howard G. Sloane, Esq.
     Lester Fliegel, Esq. (via Federal Express)
     Phil Campbell, Esq. (via Federal Express)

BASF FC 0000002

# APPENDIX A, TAB L

**WISE & MARSAC**
ATTORNEYS AND COUNSELORS
PROFESSIONAL CORPORATION
11TH FLOOR BUHL BUILDING
DETROIT, MICHIGAN 48226

(313) 962-0643

OF COUNSEL
WILLIAM D MARONEY*
ELIJAH FOXSON
ALBERT L LIEBERMAN

JOHN A WISE
ROBERT A MARSAC
STEPHEN M FLEMING
DARRELL M GRAMS
ERIC M LIPSITT
JOHN M POLLOCK
TED A JOHNSON
JERRY D AVANZO
JAMES D ZAZAKIS
JAMES F KAMP
KAREN E BRIDGES
LISA A ROBINSON
GARY A KENDRA
GREGORY E SMITH
MARK T BUTLER
INGRID W AMBERG
DEBRA B STEIN

ANN ARBOR OFFICE
84 FRANK LLOYD WRIGHT DRIVE
ANN ARBOR MICHIGAN 48106
(313) 995-4405

NEW YORK OFFICE
1414 AVENUE OF THE AMERICAS
NEW YORK NEW YORK 10019
(212) 308-9113

TELECOPIER (313) 962-0668
CABLE DYWI-DET
TELEX 810-221-5371

*ADMITTED IN
NEW YORK ONLY

January 17, 1991

**HAND DELIVERED**

John L. Christensen, Esq.
Lopatin, Miller, Freedman, Bluestone,
  Erlich, Rosen & Bartnick
1301 East Jefferson Avenue
Detroit, Michigan  48207-3119

Re:  Tireworker Litigation - Pita Realty Limited

Dear Mr. Christensen:

   We understand that you have recently taken over responsibility for the tireworker cases brought against, inter alia, our client, Pita Realty Limited ("Pita"). Nearly one year ago, on January 12, 1990, we forwarded to Phoebe Corry of your office a request for a voluntary dismissal accompanied by an affidavit prepared by William Ashton setting forth the mineral content of our client's talc. A copy of that letter is enclosed.

   Our client's talc came from the only mine it owned - a single mine located in Johnson, Vermont which was operated from 1967 to 1983. As the Ashton Affidavit and accompanying materials indicate, the talc from this mine was free of asbestos. Indeed, the very study upon which you rely in these cases - the NIOSH "Analysis of Talc by X-Ray Diffraction and Polarized Light Microscopy" (see your request for admission number 25) - concluded that Pita's talc (sample number 66) did not contain asbestos or tremolite.

   Numerous other counsel involved in the tireworker litigation nationwide have reviewed these materials and have concluded that there is simply no basis for a good-faith claim against our client's product. It is, moreover, clear that the product identification against Pita is quite weak. In light of these facts, we respectfully request that you review these materials and seriously consider our request for a voluntary dismissal without prejudice.

BASF FC 0009005

**WISE & MARSAC**

John L. Christensen, Esq.
January 17, 1991
Page 2

        We share the view expressed in Mr. Schimers' December 18,
1990 letter that the parties should avoid needless motion
practice.  To that end, we have made every effort to advise you
of the lack of a good-faith basis for maintaining these actions
against Pita.  Nothing in your pleadings or brochures argues
persuasively otherwise.  Accordingly, we ask that you seriously
consider our request for a dismissal with prejudice.  We are
available to discuss these matters with you in further detail at
your convenience, and propose that we sit down to discuss these
matters in person after you have had an opportunity to review our
request.  We are available to meet with you on the morning of
January 30, 1991, prior to the conference scheduled before Judge
Harwood.

                        Sincerely yours,

                        WISE & MARSAC

                        Robert A. Marasc

RAM/ldf

Enclosure

bcc:  Eric S. Sarner, Esq.
      Howard Sloan, Esq.
      Darrell M. Grams, Esq.

BASF FC 0009006

# APPENDIX A, TAB M

CAHILL GORDON & REINDEL
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1990 K STREET, N. W.
WASHINGTON, D. C. 20006

TELEPHONE 202 862-8900

EIGHTY PINE STREET
NEW YORK, N Y 10005

18 RUE FRANÇOIS Iᵉʳ
75008 PARIS, FRANCE

RADIO AND CABLE ADDRESSES
'COTTOFRANK WASHINGTON'
'COTTOFRANK NEWYORK'
'COTTOFRANK PARIS'

WRITER'S DIRECT DIAL NUMBER

(202) 862-8964

June 25, 1991

Re:  Montgomery/Summit County
Tireworker Litigation

Dear David:

This letter will confirm our conversations and under-
standing to date concerning my client, Eastern Magnesia Talc
Company.

Based on your review of the materials previously for-
warded, you have agreed, on behalf of the former tire and rubber
workers represented by your firm, to dismiss my client from all
of the cases pending in Montgomery and Summit Counties brought by
your firm.

I am in the process of drafting a dismissal agreement
that reflects your stated need to refile should you be able to
demonstrate that the talc sold by my client contained asbestos.
I will be forwarding a draft to you in the next few days.

Please contact me immediately if the above does not
accurately reflect our understanding.

Sincerely yours,

Eric S. Sarner

David I. Shroyer, Esq.
Michael F. Colley Co., L.P.A.
536 S. High Street
Columbus, Ohio  43215

VIA FEDERAL EXPRESS

cc:  Lester Fliegel, Esq.
     Howard G. Sloane, Esq.
     Allen S. Joslyn, Esq.

BASF FC 0012052

# APPENDIX A, TAB N

*ENGELHARD –*
*Multidistrict*
*TO/c*

## CAHILL GORDON & REINDEL

### EIGHTY PINE STREET

### NEW YORK, N.Y. 10005

FLOYD ABRAHS
ROBERT A. ALESSI
ROGER ANDRUS
MICHAEL A. BECKER
SUSAN BUCKLEY
KEVIN J. BURKE
R KEVIN CASTEL
JAMES J. CLARK
WALTER C. CLIFF, P.C.
BENJAMIN J. COHEN
JOSEPH R. CONWAY
MARSHALL COX
THOMAS F. CURNIN
W. LESLIE DUFFY
PATRICIA FARREN
BART FRIEDMAN
CIRO A. GAMBONI
CHARLES A. GILMAN
STEPHEN A. GREENE
ROBERT M. HALLMAN
EDWARD A. HANSEN
WILLIAM H. HARTNETT
THOMAS R. JONES
ALLEN S. JOSLYN
THOMAS J. KAVALER
  WRENCE A. KOBRIN
  'ANUEL KOHN
  JARD R KRUGMAN
WILLIAM T. LIFLAND
MICHAEL MACRIS

JONATHAN I. MARK
RAND McQUINN*
GERARD M. HEISTRELL
ROGER NELTZER
CLIFFORD L. MICHEL
JOHN P. MITCHELL
MATHIAS E. MONE
DONALD J. MULVIHILL
KENNETH W. ORCE
ROY L. REGOZIN
RICHARD L. REINHOLD
DEAN RINGEL
THORN ROSENTHAL
RICHARD J. SABELLA
H. RICHARD SCHUMACHER
JOHN SCHUSTER
LAURENCE A. SILVERMAN
HOWARD G. SLOANE
LAURENCE T. SORKIN
LEONARD A. SPIVAK
GERALD S. TANENBAUM
MICHAEL R TIERNEY
ROBERT USADI
JOHN M. VAUGHAN
GEORGE WAILAND
GLENN J. WALDRIP, JR.
RALPH O. WINGER
GARY W. WOLF
JOHN R. YOUNG
DANIEL J. ZUBKOFF

RAYMOND L. FALLS, JR.
DAVID R. HYDE
DENIS McINERNEY, R C.
IRWIN SCHNEIDERMAN
SENIOR COUNSEL

CORYDON B. DUNHAM
SAMUEL ESTREICHER
MICHAEL S. SACKHEIM
JEFFREY E. SHAPIRO
JOHN J. STANTON, JR.
COUNSEL

FREDDY DRESSEN**
EUROPEAN COUNSEL

WASHINGTON, D.C. OFFICE
1990 K STREET, N.W.
WASHINGTON, D.C. 20006

EUROPEAN OFFICE
10 RUE FRANÇOIS Iᵉʳ
75008 PARIS, FRANCE

TELEX / CABLE
RCA 232184   WUT 127068
CAGO UR   COTTOFRANK NYK
FACSIMILE 212-269-5420

*ADMITTED D.C. ONLY
**ADMITTED FRANCE ONLY

TELEPHONE 212-701-3000

WRITER'S DIRECT NUMBER

October 2, 1991

(212) 701-3321

Re: <u>Wayne County Tireworkers Cases</u>

Dear Steve:

I write to confirm our oral request that you volun-
tarily dismiss the claims of the 12 plaintiffs in the January,
1992 trial pool against Pita Realty, subject to the same tolling
agreement as we entered into with respect to the cases in the
July, 1991 trial pool.  The agreement with respect to the July,
1991 trial pool provided that those plaintiffs could reassert
claims against Pita only if their "medical and scientific
experts attest, by sworn affidavit, that a non-asbestosform talc
product was a substantial contributing cause of the injuries
allegedly suffered by Plaintiffs or Plaintiffs' Descendents".
The dismissal followed our demonstration that (i) Pita's talc
did not contain asbestos -- as your own expert, Dr. Rohl,
agreed, and that (ii) the condition of the plaintiffs was not
attributable to talc which did not contain asbestos -- as your
expert, Dr. Demers, testified.  A third factor was the lack of
product identification.

Despite this dismissal of all the July, 1991 plain-
tiffs, I understand that you told my partner Allen Joslyn that
you are unwilling to dismiss the January, 1992 plaintiffs.  The
reason you gave for this change in position was the deposition
of Roger Miller, which you claimed establishes that there was
asbestos at the Eastern Magnesia Talc mine.  Having re-read that
testimony, I cannot find any such indication.  Mr. Miller testi-
fied that (i) EMTal operated only one mine -- the Johnson mine
(p. 10); and (ii) he never saw chrysolite, tremolite, actinolite

CAHILL GORDON & REINDEL

-2-

or pyrophyllite in the EMTal mine (p. 37). Mr. Miller also testified (in response to your question):

> "The Witness: In our examination to control the quality of the products, we looked for any extraneous mineral and asbestos happens to be a readily easily identified mineral in hand specimens and fine powders. While there was no specific directive to do that, I believe that our quality control that we used to regulate the operations were such that we would not have missed asbestos if it were present." (p. 60)

Finally, Mr. Miller endorsed Chidester's analysis as the most definitive source about what was in the ore body.

In short, there is no good faith basis for the continuation of the 1992 plaintiffs' cases against Pita. We will have to decide soon whether to commence full scale litigation with respect to them. I await either your agreement to dismiss the January, 1992 plaintiffs against Pita, or demonstration of a good faith basis for your refusal to do so. Please call me or my partner, Allen Joslyn, to discuss this.

Very truly yours,

Howard G. Sloane

Steve Kaufman, Esq.
Lopatin, Miller
1301 East Jefferson Avenue
Detroit, Michigan 48209-3119

BASF FC 0009004

# APPENDIX A, TAB O

CAHILL GORDON & REINDEL

EIGHTY PINE STREET

NEW YORK, N.Y. 10005

FLOYD ABRAMS
ROBERT A. ALESSI
ROGER ANDRUS
MICHAEL A. BECKER
SUSAN BUCKLEY
KEVIN J. BURKE
R KEVIN CASTEL
JAMES J. CLARK
WALTER C. CLIFF, P. C.
BENJAMIN J. COHEN
JOSEPH P. CONWAY
MARSHALL COX
THOMAS F. CURNIN
W. LESLIE DUFFY
PATRICIA FARREN
BART FRIEDMAN
CIRO A. GAMBONI
CHARLES A. GILMAN
STEPHEN A. GREENE
ROBERT M. HALLMAN
EDWARD A. HANSEN
WILLIAM M. HARTNETT
THOMAS R. JONES
ALLEN S. JOSLYN
THOMAS J. KAVALER
LAWRENCE A. KOBRIN
IMHANUEL KOHN
EDWARD P. KRUGMAN
WILLIAM T. LIFLAND
ICHAEL MACRIS

JONATHAN I. MARK
RAND McQUINN*
GERARD M. HEISTRELL
ROGER MELTZER
CLIFFORD L. MICHEL
JOHN P. MITCHELL
MATHIAS E MONE
DONALD J. MULVIHILL
KENNETH W. ORCE
ROY L. REGOZIN
RICHARD L. REINHOLD
DEAN RINGEL
THORN ROSENTHAL
RICHARD J. SABELLA
H. RICHARD SCHUMACHER
JOHN SCHUSTER
LAURENCE A. SILVERMAN
HOWARD G. SLOANE
LAURENCE T. SORKIN
LEONARD A. SPIVAK
GERALD S. TANENBAUM
MICHAEL A. TIERNEY
ROBERT USADI
JOHN R. VAUGHAN
GEORGE WAILAND
GLENN J. WALDRIP, JR.
RALPH O. WINGER
GARY W. WOLF
JOHN R. YOUNG
DANIEL J. ZUBKOFF

RAYMOND L. FALLS, JR.
DAVID R. HYDE
DENIS McINERNEY, P. C.
IRWIN SCHNEIDERMAN
SENIOR COUNSEL

CORYDON B. DUNHAM
SAMUEL ESTREICHER
MICHAEL B. SACKHEIM
JEFFREY E. SHAPIRO
JOHN J. STANTON, JR.
COUNSEL

FREDDY DRESSEN**
EUROPEAN COUNSEL

WASHINGTON, D.C. OFFICE
1990 K STREET, N.W.
WASHINGTON, D.C. 20006

EUROPEAN OFFICE
19 RUE FRANÇOIS Iᵉʳ
75008 PARIS, FRANCE

TELEX / CABLE
RCA 232184   WUT 127066
CAGO UR   COTTOFRANK NYH
FACSIMILE 212-269-5420

*ADMITTED D.C.ONLY
**ADMITTED FRANCE ONLY

212₂₆₀₀ₑₜ₂₃₄₀-2000

WRITER'S DIRECT NUMBER

October 31, 1991

Re: Summit County Asbestos/Tireworker
Litigation

Dear Mr. Nace:

    In response to your letter of October 4, 1991, you are
perfectly aware of our position, since, in an effort to
demonstrate the lack of justification for this suit, on January
2, 1990, we supplied you with copies of the documents which form
its basis. If you have misplaced them, please let me know and I
will send another set.

    The answer is, of course, that even with your expanded
definition, Pita did not mine, mill or sell "asbestos". Now that
you have our answer, which demonstrates the lack of any basis for
these suits against Pita, please dismiss the claims against it.

                                    Sincerely yours,

                                    Allen S. Joslyn

R. Bryan Nace, Esq.
Laybourne, Smith, Gore & Goldsmith
159 South Main Street, Suite 503
Akron, Ohio 44308-1317

cc: Jack Kluznik, Esq.

BASF FC 0002594

# APPENDIX A, TAB P

CAHILL GORDON & REINDEL
A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

1990 K STREET, N.W.
WASHINGTON, D.C. 20006

TELEPHONE 202-862-8900

EIGHTY PINE STREET
NEW YORK, N.Y. 10005

18 RUE FRANÇOIS Iᵉʳ
75008 PARIS, FRANCE

RADIO AND CABLE ADDRESSES
"COTTOFRANK WASHINGTON"
"COTTOFRANK NEWYORK"
"COTTOFRANK PARIS"

FACSIMILE 202-862-8958

WRITER'S DIRECT DIAL NUMBER

(202) 862-8941                    April 23, 1992


                Re:  Cuyahoga County Tireworker Actions


Dear Mr. Economus:

        I enjoyed speaking with you on Monday.  As we dis-
cussed, this firm is of counsel to Engelhard Corporation
("Engelhard"), which is named as a defendant in three tireworker
cases that you recently filed in the Cuyahoga County Court of
Common Pleas.1/  You indicated that Engelhard is named as a
defendant in these cases because its former subsidiary, Eastern
Magnesia Talc Company ("EmTal"), allegedly sold talc to plain-
tiffs' employers.  EmTal operated a single talc mine in Johnson,
Vermont between October 1967 and 1973.

        This letter is to request that you voluntarily dismiss
Engelhard from these three tireworker actions, on the basis that
talc produced by EmTal contained no asbestos.  I am enclosing the
following documents supporting this request:

        (1)  A copy of an Affidavit prepared by
             William H. Ashton dated May 8, 1989,
             with attached Exhibits A through G;

        (2)  A copy of an Affidavit by Charles D.
             Carter dated September 20, 1988;

        (3)  A copy of an Affidavit by Charles D.
             Carter dated June 19, 1989;

        (4)  A copy of a report prepared by Dr. F. D.
             Pooley concerning an examination of talc
             samples taken from the Johnson, Vermont
             mine; and

────────────────────

1/   Namely, these actions are Clay C. Compton, et al. v. Abex
     Corp. et al., Case No. 92-229107-CV; Charles L. Williams, et
     al. v. Abex Corp. et al., Case No. 92-229108-CV; and Lloyd
     W. Brown, et al. v. Abex Corp., et al., Case No.
     92-229393-CV.

BASF FC 0004407

CAHILL GORDON & REINDEL

- 2 -

(5)   A copy of a B.F. Goodrich specification
      sheet dated November 10, 1978 for EmTal
      500 talc.

In reviewing these documents, you will note that
EmTal's (and, accordingly, Engelhard's) only talc mine was lo-
cated in Johnson, Vermont, and that EmTal produced talc from that
mine only from October 1967, when EmTal acquired the mine, until
1983, when the mine was closed for economic reasons.  (See Carter
Affidavits.)  The Affidavit of William H. Ashton summarizes nu-
merous investigations, examinations, and studies of the Johnson
mine.  The conclusion derived from all of these studies is that
the talc produced from this mine did not contain asbestos.  A
sample from the Johnson talc mine was analyzed in 1982 using
scanning electron microscopy and energy dispersive spectroscopy,
as well as x-ray diffraction analysis and analytical transmission
electron microscopy.  The analysis revealed that no asbestos was
present in the sample.  (See Ashton Affidavit paragraph 7.)

Under the circumstances, there appears to be no basis
for maintaining Engelhard as a named defendant in these actions.
I am sure that you can appreciate that considerable expense has
been and will be incurred by Engelhard as a defendant in these
cases, and that this dismissal request merits immediate atten-
tion.

There is substantial precedent for my request.  For
example, Engelhard and EmTal were named as defendants in 28 cases
brought on behalf of former tireworkers at the B.F. Goodrich
plant in Oaks, Pennsylvania and filed in the Eastern District of
Pennsylvania.  The enclosed documents were provided to Jeffrey C.
Schwartz of the Allen L. Rothenberg law firm in Philadelphia and
were reviewed by plaintiffs' expert, Dr. Arthur Rohl.  After this
review, Mr. Schwartz voluntarily dismissed Engelhard and EmTal
from that litigation.

EmTal has also been voluntarily dismissed from
tireworker litigation in, inter alia, the District of Kansas and
Michigan state court.  Those plaintiffs' counsel had also been
provided with the Ashton materials described above.

BASF FC 0004408

CAHILL GORDON & REINDEL

- 3 -

I look forward to speaking with you further once you have had an opportunity to review the enclosed materials. If any additional information would assist you in your decision, please call me directly.

Very truly yours,

Scott A. Martin

Dale S. Economus, Esq.
Bevan & Economus
10360 Northfield Road
Northfield, Ohio  44067

[Enclosures]

VIA FEDERAL EXPRESS

bcc: Howard G. Sloane, Esq. (w/o enclosures)
     Allen S. Joslyn, Esq. (w/o enclosures)
     Mr. Michael D. Sullivan (w/o enclosures)

BASF FC 0004409

# APPENDIX A, TAB Q

CAHILL GORDON & REINDEL
A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

1990 K STREET, N. W.
WASHINGTON, D. C. 20006

TELEPHONE 202-862-8900

EIGHTY PINE STREET
NEW YORK, N.Y. 10005

19 RUE FRANÇOIS Iᴱᴿ
75008 PARIS, FRANCE

RADIO AND CABLE ADDRESSES
"COTTOFRANK WASHINGTON"
"COTTOFRANK NEWYORK"
"COTTOFRANK PARIS"

FACSIMILE 202-862-8958

WRITER'S DIRECT DIAL NUMBER

(202) 862-8941

May 18, 1992

Re:  Cuyahoga County Tireworker Actions

Dear Mr. Economus:

On April 23, 1992, I wrote to you to request dismissal
from three tireworker cases recently filed by your office naming
Engelhard Corporation as a defendant.  As you recall, Engelhard
was named in those cases because its former subsidiary, Eastern
Magnesia Talc Company ("EmTal"), allegedly sold talc to plain-
tiffs' employers.  Enclosed with my letter last month were
various documents demonstrating that talc produced by EmTal from
its sole mine and mill in Johnson, Vermont contained no asbestos.
I trust that you have had an opportunity to review those docu-
ments.  If you have misplaced any of those materials or feel that
more information would assist you in your decision regarding our
dismissal request, please let me know.

Last week I received a copy of the Complaint in
Gonzalez v. Abex Corp., et al., Case No. 92-231225-CV, which also
names Engelhard as a defendant.  Obviously, we would like to
avoid incurring additional expenses in defense of the four
actions which now name Engelhard when under the circumstances
there appears to be no basis in fact for maintaining Engelhard as
a defendant.  Accordingly, I request that you give serious and

BASF FC 0004405

CAHILL GORDON & REINDEL

-2-

prompt consideration to our dismissal request.  If you would like to discuss this matter further, please call me directly at any time.

Very truly yours,

Scott A. Martin

Dale S. Economus, Esq.
Bevan & Economus
10360 Northfield Road
Northfield, Ohio  44067

VIA FEDERAL EXPRESS

BASF FC 0004406

# APPENDIX A, TAB R

# CAHILL GORDON & REINDEL

## EIGHTY PINE STREET

## NEW YORK, N.Y. 10005

FLOYD ABRAMS
ROBERT A ALESSI
ROGER ANDRUS
MICHAEL A BECKER
SUSAN BUCKLEY
KEVIN J. BURKE
P KEVIN CASTEL
JAMES J CLARK
WALTER C. CLIFF, P C.
BENJAMIN J COHEN
JOSEPH P CONWAY
MARSHALL COX
THOMAS F. CURNIN
W LESLIE DUFFY
PATRICIA FARREN
BART FRIEDMAN
CIRO A GAMBONI
CHARLES A. GILMAN
STEPHEN A. GREENE
ROBERT M. HALLMAN
WILLIAM H. HARTNETT
THOMAS R JONES
ALLEN S. JOBLYN
THOMAS J KAVALER
LAWRENCE A KOBRIN
    4ANUEL KOHN
    WARD P. KRUGMAN
    -LIAM T LIFLAND
MICHAEL MACRIS
JONATHAN I. MARK

RAND McQUINN*
GERARD M. MEISTRELL
ROGER MELTZER
CLIFFORD L. MICHEL
JOHN P MITCHELL
MATHIAS E MONE
DONALD J MULVIHILL
KENNETH W ORCE
ROY L REGOZIN
RICHARD L. REINHOLD
DEAN RINGEL
THORN ROSENTHAL
RICHARD J. SABELLA
H RICHARD SCHUMACHER
JOHN SCHUSTER
LAURENCE A SILVERMAN
HOWARD G. SLOANE
LAURENCE T SORKIN
LEONARD A SPIVAK
GERALD S. TANENBAUM
JONATHAN D THIER
MICHAEL P TIERNEY
ROBERT USADI
JOHN R VAUGHAN
GEORGE WAILAND
GLENN J WALDRIP, JR.
GARY W. WOLF
JOHN R. YOUNG
DANIEL J. ZUBKOFF

DAVID R HYDE
DENIS McINERNEY, P C.
IRWIN SCHNEIDERMAN
RALPH O WINGER
    SENIOR COUNSEL

CORYDON B DUNHAM
SAMUEL ESTREICHER
PHILIP A HEIMOWITZ
MICHAEL B SACKHEIM
JEFFREY E SHAPIRO
JOHN J STANTON, JR.
    COUNSEL

FREDDY DRESSEN**
    EUROPEAN COUNSEL

WASHINGTON, D C. OFFICE
1990 K STREET, N W
WASHINGTON, D C 20006

EUROPEAN OFFICE
19 RUE FRANÇOIS Iᵉʳ
75008 PARIS, FRANCE

TELEX / CABLE
RCA 232184   WUT 127068
CAGO UR   COTTOFRANK NYK
FACSIMILE 212-269-5420

*ADMITTED D C. ONLY
**ADMITTED FRANCE ONLY

TELEPHONE 212-701-3000

WRITER'S DIRECT NUMBER
(212) 701-3321

August 4, 1992

Re:  Akron Tireworker Litigation

Dear Russ and Brian:

    We recently learned that your firm voluntarily dismissed Windsor Minerals, Inc. from the Akron cases some time ago after reviewing an affidavit supplied by Windsor.  Our client, Eastern Magnesia Talc, bought precisely the same mining operations from Windsor in 1967 and operated them until 1983.  The Windsor affidavit attests to the fact that "all of the talc mined by Windsor Minerals, Inc. has been regularly sampled and tested for the presence of asbestos.  No evidence of the presence of asbestos in Windsor Minerals, Inc.'s product has ever been revealed by this testing".  (Copies of the affidavit and dismissal stipulations are enclosed).

    In light of your dismissal of the predecessor owner and operator of these mining operations, Windsor, we urge you to voluntarily dismiss EMTal from the remaining Akron cases on the same basis.  As I have indicated to you in the past, similar

BASF FC 0014436

CAHILL GORDON & REINDEL

-2-

orders have been signed by plaintiffs' counsel in numerous jurisdictions around the country after concluding that there was no asbestos in the EMTal product.

Very truly yours,

Howard G. Sloane

A. Russell Smith, Esq.
Brian R. Nace, Esq.
Laybourne, Smith, Gore
  & Goldsmith
503 Society Building
159 South Main Street
Akron, Ohio 44308-1317

BASF FC 0014437

IN THE COURT OF COMMON PLEAS

SUMMIT COUNTY, OHIO

FAYE MILLER, Individually
and as Administratrix of the
Estate of ROBERT R. MILLER,
Deceased, 3026 Lake James
Terrace, Akron, Ohio 44312

        Plaintiff,

vs.
A.C. & S., INC., et al.

        Defendants.

CASE NO. ACV884-1087

JUDGE CARROLL

AFFIDAVIT

ROGER N. MILLER, being duly sworn, according to law, upon his oath, deposes and says:

1. I am the President of Windsor Minerals, Inc. and have held that position since 1968 when Windsor Minerals, Inc. was first formed.

2. The exclusive business of Windsor Minerals, Inc. is and has been the mining and milling of talc from a single mining district in Windsor, Vermont. In addition, Windsor Minerals, Inc. also sells a portion of its product to independent industrial users for manufacturing purposes. Windsor Minerals, Inc. never sold any of its product to distributors or agents for resale.

BASF FC 0014438

3. : Windsor Minerals, Inc. has never sold any of its product to the General Tire and Rubber Company in Akron, Ohio, or any other tire manufacturing facility or rubber company.

4. All of the talc mined by Windsor Minerals, Inc. has been regularly sampled and tested for the presence of asbestos. No evidence of the presence of asbestos in Windsor Mineral, Inc.'s product has ever been revealed by this testing.

ROGER N. MILLER

Sworn to and subscribed
before me this ___
day of July, 1988.

Notary Public

BASF FC 0014439

# APPENDIX A, TAB S

CHRON

## CAHILL GORDON & REINDEL
A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

1990 K STREET, N. W.
WASHINGTON, D. C. 20006

TELEPHONE 202-862-8900

EIGHTY PINE STREET
NEW YORK, N.Y. 10005

12 RUE FRANÇOIS 1er
75008 PARIS, FRANCE

RADIO AND CABLE ADDRESSES
'COTTOFRANK WASHINGTON'
'COTTOFRANK NEWYORK'
'COTTOFRANK PARIS'

FACSIMILE 202-862-8958

WRITER'S DIRECT DIAL NUMBER
202-862-8941

December 4, 1992

Re:  Tireworker Litigation

Dear Tom:

I enjoyed the opportunity to discuss the tireworker cases with you today.  As I mentioned on the phone, all tests of EMTAL talc and surveys of the sole mine and mill operated by Eastern Magnesia Talc Company, located in Johnson, Vermont, have determined that the talc produced from the Johnson mine contained no asbestos.  The Affidavit of William H. Ashton, a copy of which I enclose for your reference, summarizes this evidence.

Please call if you have any questions regarding the enclosed material.

Very truly yours,

Scott Martin

Thomas F. Martello, Esq.
Michael F. Colley Co., L.P.A.
536 South High Street
Columbus, Ohio  43215

[Enclosure]

BASF FC 0003901

# APPENDIX A, TAB T

CAHILL GORDON & REINDEL
A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

1990 K STREET, N. W.
WASHINGTON, D. C. 20006
TELEPHONE 202-862-8900

EIGHTY PINE STREET
NEW YORK, N.Y. 10005

19 RUE FRANÇOIS Iᵉʳ
75008 PARIS, FRANCE

WRITER'S DIRECT DIAL NUMBER

(202) 862-8941

RADIO AND CABLE ADDRESSES
"COTTOFRANK WASHINGTON"
"COTTOFRANK NEWYORK"
"COTTOFRANK PARIS"

FACSIMILE 202-862-8958

December 21, 1992

Re:  Cuyahoga County Tireworker Actions

Dear Mr. Economus:

　　　　To confirm our telephone conversation this afternoon, you have agreed to respond by Thursday, December 31, 1992 to Engelhard Corporation's request for dismissal from five tireworker cases filed by your office this year.  As you know, Engelhard's answer to the most recent complaint, James v. Abex Corp., is due the first week of January 1993.

　　　　Engelhard was named in these cases solely because its former subsidiary, Eastern Magnesia Talc Company ("EMTal") alleg-edly sold talc to plaintiffs' employers.  As demonstrated in the various affidavits and other documents forwarded to you with my previous correspondence, talc produced by EMTal from its sole mine and mill in Johnson, Vermont contained no asbestos.  The alleged diagnosis of the plaintiff in each of the actions in which Engelhard is named as a defendant is an asbestos-related disease, which cannot be attributed to EMTal talc.

　　　　If you require additional copies of any of the materi-als previously sent to you, please let me know as soon as possi-ble.  If I am out of the office, please feel free to discuss this

CAHILL GORDON & REINDEL

-2-

matter with Peter Sloane in our New York office, whose direct
line is 212-701-3321.  I look forward to hearing from you.

Very truly yours,

Scott Martin

Dale S. Economus, Esq.
Bevan & Economus
10360 Northfield Road
Northfield, Ohio  44067

VIA FACSIMILE & MAIL

BASF FC 0000287

# APPENDIX A, TAB U

CAHILL GORDON & REINDEL
A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

1990 K STREET, N. W.
WASHINGTON, D. C. 20006
TELEPHONE 202-862-8900

EIGHTY PINE STREET
NEW YORK, N. Y. 10005

19 RUE FRANÇOIS 1ᵉʳ
75008 PARIS, FRANCE

RADIO AND CABLE ADDRESSES
"COTTOFRANK WASHINGTON"
"COTTOFRANK NEWYORK"
"COTTOFRANK PARIS"

FACSIMILE 202-862-8958

WRITER'S DIRECT DIAL NUMBER
202-862-8941

February 4, 1993

Re:   Cuyahoga County Tireworker Actions

Dear Tom:

As you requested last month, I have prepared and am enclosing notices of dismissal for your signature and filing regarding the dismissal of Engelhard Minerals & Chemicals Company from five recently-filed tireworker actions in Cuyahoga County, on the basis of our correspondence demonstrating that talc produced by Engelhard's former subsidiary, Eastern Magnesia Talc Company ("EMTal"), contained no asbestos.  I apologize for the delay in getting these documents to you, but I have been caught up in a trial out of town for the last four weeks.

As you probably already know, four of the five actions have been removed to federal court by Canadian defendants.  The dismissals for these four actions should be filed with the clerk of the United States District Court for the Northern District of Ohio (the federal docket numbers are noted on the notices of dismissal) for entry by Judge Lambros, and a copy should be sent to Judge Charles R. Weiner of the United States District Court for the Eastern District of Pennsylvania, as the cases have now entered the Multidistrict Litigation.  I am informed by the clerk for the Cuyahoga County Court of Common Pleas that no notice of removal has been filed for the most recent case, Anthony James, and accordingly the notice of dismissal for that case should be filed in state court.

Finally, I note that EMTal's former distributor, C.P. Hall Company, is named in these actions as well.  If C.P. Hall is named only as a distributor of EMTal talc, then C.P. Hall should be dismissed as well.  To the extent, however, that C.P. Hall is also named as a defendant for having sold or distributed other products to the plants at issue, I will understand C.P. Hall's continued presence in the litigation not to be attributable to sales or distribution of EMTal talc.  Please let me know which of the above is the case.

Thank you again for your attention to these matters.  Please return copies of the signed notices of dismissal in the

BASF FC 0004428

CAHILL GORDON & REINDEL

-2-

enclosed self-addressed postpaid envelope, and call me directly
if you have any questions.  Best regards.

Very truly yours,

Scott Martin

Thomas W. Bevan, Esq.
10360 Northfield Road
Northfield, Ohio  44067

[Enclosures]

**VIA FEDERAL EXPRESS**

BASF FC 0004429

# APPENDIX A, TAB V

CAHILL GORDON & REINDEL
A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

1990 K STREET, N.W.
WASHINGTON, D.C. 20006

TELEPHONE 202-862-8900

EIGHTY PINE STREET
NEW YORK, N.Y. 10005

19 RUE FRANÇOIS IER
75008 PARIS, FRANCE

RADIO AND CABLE ADDRESSES
"COTTOFRANK WASHINGTON"
"COTTOFRANK NEWYORK"
"COTTOFRANK PARIS"

FACSIMILE 202-862-8958

WRITER'S DIRECT DIAL NUMBER
202-862-8941

February 22, 1993

Re:  Cuyahoga County Tireworker Actions

Dear Tom:

I am pleased to respond to your letter dated February 11, 1993, concerning dismissal of Engelhard Corporation from five recently-filed actions.  The February 24, 1950 letter you enclosed should in no way alter your previously expressed decision to dismiss Engelhard from these cases.

The company referenced in the 1950 correspondence is not our client, nor was it owned by our client.  That company in fact operated several mines in both Waterbury and Johnson, Vermont, and the letter does not indicate from which of those locations workers may have been x-rayed.  I do not know of any follow-up study or publication relating to workers at either of those locations, and that company is long since defunct.  Regardless, Engelhard's former subsidiary operated only a Johnson, Vermont mine, and, in fact, did not begin that mining and milling operation until seventeen years later, from October 1967 until 1983.

Beginning with my first request for dismissal last April, I sent your firm voluminous materials concerning the Johnson mine.  In reaching your decision to dismiss Engelhard, your firm reviewed, inter alia, the Affidavit of William H. Ashton, which summarizes numerous investigations, examinations, and studies of the Johnson mine.  The conclusion derived from all of these studies is that the talc produced from this mine did not contain asbestos.  The only analysis which we have not previously forwarded to you is one just completed by the R.J. Lee Group which showed no evidence of asbestos minerals nor of their non-fibrous analogs, and found the talc to be a platy, non-fibrous variety.  I should add that among the witnesses we have retained on this point is the leading geologist in Vermont, who will also confirm these facts.

In sum, there is no basis for maintaining Engelhard as a named defendant in these actions.  These plaintiffs allege injuries as a result of exposure to asbestos and "asbestos

BASF FC 0009484

CAHILL GORDON & REINDEL

-2-

products" in the course of their employment. The plaintiffs' own diagnosing physicians do <u>not</u> attribute findings compatible with pneumoconiosis, if any, or any other conditions, to talc uncontaminated by asbestos. Accordingly, EMTal talc is not a cause of plaintiffs' alleged injuries.

Tom, I trust that this letter addresses any questions raised by the 1950 correspondence. If you still have concerns or would like to discuss the matter further, please call me directly. Thanks again for your attention to this matter.

Very truly yours,

Scott Martin

Thomas W. Bevan, Esq.
Bevan & Economus
10360 Northfield Road
Northfield, Ohio  44067

VIA FACSIMILE AND CERTIFIED MAIL

P 733 820 368
RECEIPT FOR CERTIFIED MAIL
NO INSURANCE COVERAGE PROVIDED
NOT FOR INTERNATIONAL MAIL
(See Reverse)

| | |
|---|---|
| Sent to Thomas W. Bevan | |
| Street and No. 10360 Northfield Rd. | |
| P.O., State and ZIP Code Northfield, Ohio 4406 | |
| Postage | $ .29 |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt showing to whom and Date Delivered | |
| Return Receipt showing to whom, Date, and Address of Delivery | |
| TOTAL Postage and Fees | $ 2.99 |
| Postmark or Date | |

PS Form 3800, June 1985

# APPENDIX A, TAB W

CAHILL GORDON & REINDEL
A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

1990 K STREET, N. W.
WASHINGTON, D. C. 20006

TELEPHONE 202-862-8900

EIGHTY PINE STREET
NEW YORK, N.Y. 10005

19 RUE FRANÇOIS Iᵉʳ
75008 PARIS, FRANCE

RADIO AND CABLE ADDRESSES
"COTTOFRANK WASHINGTON"
"COTTOFRANK NEWYORK"
"COTTOFRANK PARIS"

FACSIMILE 202-862-8958

WRITER'S DIRECT DIAL NUMBER

202-862-8941

August 24, 1994

Re: Linda R. Ludwig v. Armstrong World Indus., Inc., et al.
    Case No. AC 94-02-0617

Dear Mr. Foley:

    Thank you very much for discussing this case with me today. As I stated, this firm represents the former Eastern Magnesia Talc Company ("EMTal"), a defendant named but unserved in both this action and the predecessor Ludwig case. By this letter, EMTal in no way waives service or its defense on statute of limitations grounds. However, I believe it will be useful to discuss EMTal talc at this time, in light of the presence in this case of the C.P. Hall Company, a distributor of EMTal talc.

    This letter is to request that you voluntarily dismiss EMTal -- and C.P. Hall to the extent that claims against it are based upon distribution of EMTal talc -- from this action, on the basis that talc produced by EMTal contains no asbestos. I am enclosing the following documents supporting this request:

    (1) A copy of an affidavit prepared by William
        H. Ashton dated May 8, 1989, with attached
        Exhibits A through G;

    (2) A copy of an affidavit by Charles D. Carter
        dated September 20, 1988;

    (3) A copy of an affidavit by Charles D. Carter
        dated June 19, 1989;

BASF FC 0014276

CAHILL GORDON & REINDEL

-2-

    (4)   A copy of a report prepared by Dr. F.D. Pooley concerning an examination of talc samples taken from EMTal's mine in Johnson, Vermont; and

    (5)   A copy of a B.F. Goodrich specification sheet dated November 10, 1978 for EMTal 500 talc.

In reviewing these documents, you will note that EMTal's only talc mine was located in Johnson, Vermont, and that EMTal produced talc from that mine only from October 1967, when it acquired the mine, until 1983, when the mine was closed for economic reasons. (See Carter affidavits.) The affidavit of William H. Ashton summarizes numerous investigations, examinations, and studies of the Johnson mine. The conclusion derived from all of these studies is that the talc produced from this mine did not contain asbestos. A sample from the Johnson talc mine was analyzed in 1982 using scanning electron microscopy and energy dispersive spectroscopy, as well as x-ray diffraction analysis and analytical transmission electron microscopy. The analysis revealed that no asbestos was present in the sample. (See Ashton affidavit at paragraph 7.)

Under the circumstances, I am sure you will agree that there is no good faith basis for maintaining EMTal (or C.P. Hall, to the extent a claim is based upon EMTal talc) as a named defendant in the action. As you recognize and your medical experts will agree, there is no link between pure talc uncontaminated by asbestos and lung cancer, the injury of which the deceased plaintiff-tireworker Mr. Ludwig complains. I know that you appreciate the considerable expense that would be incurred defending this action as it proceeds through Judge Victor's case management plan to the summary judgment stage, and that this dismissal request therefore merits prompt attention.

There is substantial precedent for my request. For example, EMTal was named as a defendant in 28 cases brought on behalf of former tireworkers at the B.F. Goodrich plant in Oaks, Pennsylvania, and filed in the Eastern District of Pennsylvania. The documents enclosed herewith were provided to Jeffrey C. Schwartz of the Allen L. Rothenberg law firm in Philadelphia and were reviewed by plaintiffs' expert Dr. Arthur Rohl. After such review, plaintiffs voluntarily dismissed EMTal from that litigation. EMTal has also been voluntarily dismissed from tireworker litigation in, inter alia, the District of Kansas and Michigan state court. Those plaintiffs' counsel were also provided with the materials described above.

BASF FC 0014277

CAHILL GORDON & REINDEL

-3-

       I look forward to speaking with you further once you have had an opportunity to review the enclosed materials.  If any additional information would assist you in your decision, please call me directly at any time.  I would very much appreciate it if we could be in touch before depositions for this case begin in the middle of September.  Again, thank you for your consideration.

Very truly yours,<br><br>Scott Martin

Stephen C. Foley, Esq.
Robert E. Sweeney Co., L.P.A.
55 Public Square
1500 Illuminating Building
Cleveland, Ohio  44113

FEDERAL EXPRESS

[Enclosures]

BASF FC 0014278

# APPENDIX A, TAB X

# CAHILL GORDON & REINDEL

EIGHTY PINE STREET

NEW YORK, N.Y. 10005-1702

FLOYD ABRAMS
ROBERT A. ALESSI
ROGER ANDRUS
MICHAEL A. BECKER
SUSAN BUCKLEY
KEVIN J. BURKE
P. KEVIN CASTEL
JAMES J. CLARK
WALTER C. CLIFF, P.C.
BENJAMIN J. COHEN
MARSHALL COX
THOMAS F. CURNIN
W. LESLIE DUFFY
PATRICIA FARREN
JOAN MURTAGH FRANKEL
BART FRIEDMAN
CIRO A. GAMBONI
WILLIAM B. GANNETT
CHARLES A. GILMAN
STEPHEN A. GREENE
ROBERT M. HALLMAN
WILLIAM M. HARTNETT
THOMAS R. JONES
ALLEN S. JOSLYN
THOMAS J. KAVALER
LAWRENCE A. KOBRIN
IMMANUEL KOHN
EDWARD P. KRUGMAN
GEOFFREY E. LIEBMANN
WILLIAM T. LIFLAND

MICHAEL MACRIS
JONATHAN I. MARK
GERARD M. MEISTRELL
ROGER MELTZER
CLIFFORD L. MICHEL
JOHN P. MITCHELL
MATHIAS E. MONE
DONALD J. MULVIHILL
KENNETH W. ORCE
ROY L. REGOZIN
RICHARD L. REINHOLD
DEAN RINGEL
THORN ROSENTHAL
RICHARD J. SABELLA
JONATHAN A. SCHAFFZIN
H. RICHARD SCHUMACHER
JOHN SCHUSTER
LAURENCE A. SILVERMAN
HOWARD G. SLOANE
LAURENCE T. SORKIN
LEONARD A. SPIVAK
GERALD S. TANENBAUM
JONATHAN D. THIER
MICHAEL P. TIERNEY
ROBERT USADI
GEORGE WAILAND
GLENN J. WALDRIP, JR.
GARY W. WOLF
JOHN R. YOUNG
DANIEL J. ZUBKOFF

JOSEPH P. CONWAY
DAVID R. HYDE
DENIS MCINERNEY
IRWIN SCHNEIDERMAN
JOHN R. VAUGHAN
RALPH O. WINGER
SENIOR COUNSEL

CORYDON B. DUNHAM
SAMUEL ESTREICHER
PHILIP A. HEIMOWITZ
JAMES J. REILLY
JOHN J. STANTON, JR.
COUNSEL

FREDDY DRESSEN*
EUROPEAN COUNSEL

WASHINGTON, D.C. OFFICE
1990 K STREET, N.W.
WASHINGTON, D.C. 20006-1103

EUROPEAN OFFICE
19 RUE FRANÇOIS Iᵉʳ
75008 PARIS, FRANCE

TELEX / CABLE
MCI 232184 ATT 127068
CAGO UR COTTOFRANK NYK
FACSIMILE 212-269-5420

*ADMITTED FRANCE ONLY

TELEPHONE 212-701-3000

WRITER'S DIRECT NUMBER

October 25, 1996

(212) 701-3319

        Re:  Motta v. Whittaker, Clark & Daniels,
             et al., No. 96-4434B

Dear Robin:

        I enjoyed speaking with you yesterday.  As I stated,
this firm represents Engelhard Corporation ("Engelhard"), which is
named as a defendant in the above-referenced action which you
recently filed in the Superior Court for Suffolk County.  The com-
plaint alleges the wrongful death of plaintiff's decedent Thomas
Motta as a result of exposure to talc while he was employed at
Plymouth Rubber Company.

        Engelhard's only connection with the mining, milling, or
sale of talc was through a subsidiary, Eastern Magnesia Talc Com-
pany ("EMTal"), which operated a single mine in Johnson, Vermont
from October 1967 until 1983, when the mine was closed for eco-
nomic reasons.  As we discussed, this letter is to request that
you voluntarily dismiss Engelhard from this action, on the basis
that talc produced by EMTal at its sole mine contained no asbestos
and therefore could not have caused Mr. Motta's death.  I am
enclosing the following documents supporting this request:

CAHILL GORDON & REINDEL

-2-

      (1)  a copy of an affidavit prepared by William H.
           Ashton dated May 8, 1989, with attached Exhibits A
           through G;

      (2)  copies of affidavits by Charles D. Carter dated
           September 20, 1988 and June 19, 1989;

      (3)  a copy of a report prepared by Dr. F.D. Pooley con-
           cerning an examination of talc samples taken from
           the Johnson, Vermont mine; and

      (4)  a copy of a B.F. Goodrich specification sheet for
           EMTal 500 Talc dated November 10, 1978.

        The Carter affidavits confirm that the Johnson talc mine
was the only one ever owned or operated by Engelhard.  The Ashton
Affidavit summarizes numerous investigations, examinations, and
studies of this Johnson mine.  The conclusion derived from all of
these studies is that the talc produced from the mine did not con-
tain asbestos.  Indeed, a sample from the Johnson talc mine was
analyzed in 1982 by Dr. Pooley, one of the world's foremost
authorities on the identification of asbestos, using scanning
electron microscopy and energy dispersive spectroscopy, as well as
x-ray diffraction analysis and analytical transmission electron
microscopy.  The analysis revealed that no asbestos was present in
the sample.  See Ashton Affidavit paragraph 7 and Dr. Pooley's
report.  Industry testing of the EMTal talc by B.F. Goodrich con-
firms the incontrovertible findings of these experts:  EMTal talc
contained no asbestos.

        Under the circumstances, there appears to be no basis
for maintaining Engelhard as a defendant in this action.  There is
no epidemiological evidence whatsoever linking pure talc,
uncontaminated by asbestos, to metastatic lung cancer, the cause
of Mr. Motta's death.  Accordingly, I request that you voluntarily
dismiss Engelhard in order that my client be spared further
expense in defending this action.

        There is substantial precedent for my request.  For
example, Engelhard and EMTal were named as defendants in 28 cases
brought on behalf of former tireworkers at the B.F. Goodrich plant
in Oaks, Pennsylvania and filed in the Eastern District of Penn-
sylvania.  The enclosed documents were provided to the Allen L.
Rothenberg law firm in Philadelphia and were reviewed by plain-
tiffs' expert, Dr. Arthur Rohl.  After this review, plaintiffs'
counsel Jeffrey C. Schwartz voluntarily dismissed Engelhard and
EMTal from that litigation.  EMTal has also been voluntarily

BASF_ROSS000013772

CAHILL GORDON & REINDEL

-3-

dismissed from tireworker and rubberworker litigation in, <u>inter alia</u>, the District of Kansas and various state courts in Michigan and Ohio.  Those plaintiffs' counsel had also been provided with the Ashton materials described above and pursued their actions against other talc and asbestos defendants.

I look forward to speaking with you further once your upcoming trial concludes and you have an opportunity to review the enclosed materials.  If any additional information would assist you in your decision, please call me directly.  Thank you again for your attention to this matter.

Very truly yours,

Scott Martin

Robin M. Welch, Esq.
Thornton, Early & Naumes
60 State Street, Sixth Floor
Boston, Massachusetts  02109

[Enclosures]

VIA FEDERAL EXPRESS

BASF_ROSS000013773

# APPENDIX A, TAB Y

**FORMAN
PERRY
WATKINS
KRUTZ &
TARDY,** PLLC

ATTORNEYS AT LAW

Marcy L. Bryan
mlbryan@fpwk.com
Direct Dial: (601) 960-8630

1200 One Jackson Place
188 East Capitol Street
Jackson, Mississippi 39201-2131

Post Office Box 22608
Jackson, Mississippi 39225-2608

Telephone: 601-960-8600
Main Facsimile: 601-960-8613
Asbestos Facsimile: 601-960-3241

February 19, 2002

Quentin Daniels
Daniels and Gentry, PLLC
P.O. Box 55848
Jackson, MS 39296-5848

RE:   Engelhard Corporation

Dear Quentin:

Please allow this correspondence to serve as a response to your inquiries relating to Engelhard Corporation ("Engelhard") in connection with the Holmes litigation. Pursuant to our telephone conversation and our previous dealings, it is my understanding that you have agreed to treat this information as confidential and utilize it solely for the purpose of a Rule 11 investigation into the validity of filing an asbestos-related complaint against Engelhard.

Engelhard, as in the past, appreciates the opportunity to respond to the two matters you have raised in your conversation with me. The first matter concerns the possibility that Engelhard manufactured asbestos-containing thixotropic fillers and the second concerns an allegation that talc mined a number of years ago by an Engelhard subsidiary was "serpentine," i.e., contained asbestos. Based on our review of relevant documents and discussions with Engelhard personnel, we can reiterate categorically what was said in my July 27, 2001 letter to you: neither Engelhard nor any of its predecessor companies or subsidiaries ever manufactured any asbestos-containing products. Specifically, (i) Engelhard does not now and did not in the past manufacture an asbestos-containing thixotropic filler and (ii) the talc mined and distributed for a short period of time by an Engelhard subsidiary did not, according to numerous analyses, reports and studies, contain asbestos.

Thixotropic Fillers

You mentioned that you have no information that Engelhard manufactured thixotropic fillers, but that you believed that Engelhard was the type of company that might manufacture these products, and that some thixotropic fillers, to your knowledge, contained asbestos.

BASF FC 0016806

You asked for confirmation that Engelhard did not manufacture any asbestos-containing thixotropic fillers. This letter serves to provide this confirmation.

Engelhard does not now, and as can best be determined, has not ever manufactured a "thixotropic filler." At present, Engelhard mines and manufactures attapulgite which is used in industrial processes as a thickener. However, attapulgie, as is true of all products currently, and in the past, mined, manufactured or produced by Engelhard and its predecessors and subsidiaries, does not contain asbestos or asbestos-like fibers nor has attapulgite ever been connected to or associated with any asbestos-related disease.

In short, I believe Engelhard can confirm, as you requested, that it does not now, and has not in the past, manufactured or produced an asbestos-containing thixotropic filler.

<u>Talc</u>

You forwarded to me an excerpt from the 1973-1974 Modern Plastics Encyclopedia which lists Emtal, the trade name for talc produced and distributed for a short period of time by Eastern Magnesia Talc Co., a former subsidiary of Engelhard. This one-line listing appears to indicate that the Emtal talc was "serpentine".

We previously sent to you, as an enclosure to my July 27, 2001 letter to you, a copy of an affidavit prepared in May 1989 by William Ashton, who for thirty-five years was actively involved in investigating and studying the domestic and international talc industry and talc technology while employed by Johnson & Johnson. Mr. Aston, after referring to and discussing in his affidavit numerous investigations, examinations and studies of Emtal talc, concluded that "[f]rom the 1940's through the 1980's [the affidavit is dated May 8, 1989], talc mined in Vermont and specifically the talc mined by Engelhard Corporation (and its predecessors) from the talc mine located in Johnson, Vermont [a single mine that was Engelhard's only source of talc] <u>has been considered to be talc free from contamination from asbestos</u>." (See Ashford Affidavit, ¶ 2)

Indeed, one of the studies described in the Ashford Affidavit occurred at almost the same time as the publication of the 1973-1974 Modern Plastics Encyclopedia. A scientific paper entitled, "Occupational Exposures to Non-Asbestiform Talc in Vermont," reported on an environmental study that was conducted during the summer of 1975 and the winter of 1976 of three Vermont talc companies, including Eastern Magnesia Talc and its Johnson, Vermont mine. The paper concluded that "petrograpic microscopy analysis, analytical transmission electron microscopy, and x-ray defraction with step-scanning <u>revealed no asbestos in the bulk samples</u>" (emphasis added) from the three Vermont companies. (<u>See</u> ¶ 6 and Exhibit D of the Ashford Affidavit).

In addition, the Ashton Affidavit recounts sworn testimony in a lawsuit by Dr. Alfred H. Chidester who had been employed for 39 years by the U.S. Geological Survey, a unit of the U.S. Department of the Interior. For a period of about 18 years, from 1944 through 1962, Dr. Chidester was primarily concerned with the talc deposits of Vermont and Northern Massachusetts. (See Ash-

2

BASF FC 0016807

ford Affidavit, ¶ 4). In testifying in 1983, Dr. Chidester stated that he never found veins of chrysolite asbestos in talc located in Vermont. He acknowledged that crysotile was a serpentine mineral found in serpentinite rock, but that, in the formation of talc in Vermont, all of the serpentine minerals had been changed to talc. He concluded: "So any asbestos that may have been there in the first place is altered to talc." Dr. Chidester further testified that he personally had been at the talc mine in Johnson, Vermont and, based on his personal observation and testing, all of the serpentinite at the Johnson mine had been changed to talc and magnesite. (See Ashford Affidavit, ¶ 8 and Ex. G) Thus, at the Johnson, Vermont mine, which was the only talc mine ever operated by Engelhard or any of its subsidiaries, and in Vermont in general, talc and serpentine are mutually exclusive.[a]

I believe this letter answers your inquiries as to thixotropic fillers and talc formerly mined by Engelhard. It reiterates the statement in my July 27, 2001 letter that neither Engelhard nor its predecessors or subsidiaries ever manufactured an asbestos-containing product. As a result, we believe that there cannot be any good faith basis for Engelhard to remain as a defendant in the Holmes lawsuit or to be named a defendant in any new lawsuits by plaintiffs claiming exposure to asbestos.

As always, I am available, by telephone and in person, to answer any question you may have pertaining to this correspondence or to provide any further information or documents that may be appropriate. As noted, Engelhard very much appreciates the opportunity to respond to the questions you have raised. We look forward to hearing from you soon.

Sincerely,

FORMAN, PERRY, WATKINS, KRUTZ & TARDY, PLLC

Marcy L. Bryan

CC:   Fred Krutz

BCC: Peter Sloan

---

[a]   You should also note that one of the analyses of Engelhard's talc that is referred to in the Ashford Affidavit is by Dr. F.W. Pooley of the University of Cardiff in Wales, England, whom you may be aware has provided expert opinions and testimony to plaintiffs in a large number of asbestos-related lawsuits. (See ¶ 7 of the Ashford Affidavit and the analysis by Dr. Pooley, a copy of which is enclosed.)

3

# APPENDIX A, TAB Z

PADUANO & WEINTRAUB    Fax:212-785-9099    May 10 2002  4:44    P.02

## PADUANO & WEINTRAUB LLP
1384 BROADWAY
24TH FLOOR
NEW YORK, NEW YORK 10018

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-0099

April 15, 2002

Re: <u>Chernick v. ABB Lummus Global, Inc., et al.</u>/Index No. 01-116741

Dear Mark:

In our recent settlement conference with the Special Master in the referenced matter we agreed to provide to your office documents we are aware of that establish that the talc Engelhard Corporation ("Engelhard") or any of its present or former subsidiaries allegedly sold to Bondo Corporation was asbestos-free. Enclosed with this letter are such documents, which are explained below.

The only talc mine ever operated by Engelhard or its subsidiaries was operated in Johnson, Vermont by the Eastern Magnesia Talc Company ("EMTal"), a former subsidiary of Engelhard. EMTal (now known as Pits Realty Limited) produced talc from the Johnson mine from October 1967, when EMTal acquired the mine, until 1983, when the mine was closed for economic reasons.

A number of analyses of the talc produced by the Johnson mine have been conducted. All of them concluded that the talc was asbestos-free. The enclosed Affidavit of William H. Ashton, dated May 8, 1989 (with attached <u>Exhibits A - G</u>), summarizes many of the investigations, examinations and studies. All of them concluded that the talc produced from the Johnson mine did not contain asbestos.

Also enclosed is a copy of a December 22, 1982 report by Dr. F.D. Pooley, entitled *Report of the Examination of Talc Samples from the Johnson Talc Mine*. This study analyzed a sample from the Johnson mine using Scanning Electron Microscopy, Energy Dispersive Spectroscopy, x-ray diffraction analysis, and analytical Transmission Electron Microscopy ("TEM"). The study concluded that no asbestos was present in the sample.

Finally, we have enclosed a copy of a May 1977 report prepared by the National Institute for Occupational Safety and Health, entitled *Analysis of Talc by X-Ray Diffraction and Polarized Light Microscopy*. This report analyzed 100 talc samples, including a sample of EMTal talc, using Polarized Light Microscopy, Dispersion Staining, x-ray diffraction, TEM, and electron microprobe. The analysis of the sample of EMTal talc found no asbestos. (*See* NIOSH Report, Appendix A, page

BASF FC 0014136

PADUANO & WEINTRAUB    Fax:212-785-9099        May 10 2002   4:45    P.03

# PADUANO & WEINTRAUB LLP

38, Sample No. 066.)

Given the foregoing, there appears to be no basis for your clients to assert claims against Engelhard. We hereby request that you dismiss Engelhard from this action. We look forward to speaking with you again at the upcoming settlement conference.

Yours sincerely,

Gideon Mark

Mark Bibro, Esq.
Early & Strauss, LLC
360 Lexington Avenue, 20th Floor
New York, New York 10017

(Enclosures)

VIA FEDERAL EXPRESS

BASF FC 0014137

# APPENDIX A, TAB AA

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

ATTORNEYS AT LAW

**FRANCIS PATRICK NEWELL**
Admitted in Pennsylvania & Washington,
D.C.

Direct Dial
215-772-7310

fnewell@mmwr.com

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215-772-1500
Fax 215-772-7620

LibertyView
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002
856-488-7700
Fax 856-488-7720

300 DELAWARE AVENUE, SUITE 750
WILMINGTON, DE 19801
302-504-7800
Fax 302-504-7820

ONE WESTLAKES, SUITE 200
BERWYN, PA 19312
610-889-2210
Fax 610-889-2220

November 18, 2003

**VIA FACSIMILE & U.S. MAIL**

Signe O'Brien Rudberg, Esquire
Rudberg Law Offices
1105 E. Carson Street
Pittsburgh, PA 15203

Re:   Berdine, et al. vs. Bakertalc, Inc. et al.
Washington County, Pennsylvania
Court of Common Pleas, G.D. No. 2003-4209

Dear Ms. Rudberg:

Thank you for setting aside the time today to speak with me concerning the status of defendant Eastern Magnesia Talc Company, Inc. ("EMTal") with respect to the above-captioned matter (the "litigation").

As we discussed at some length, based upon the extensive materials that have been sent to you, EMTal believes that, as in many previous cases, it should be dismissed from the litigation, and plaintiffs have agreed to continue to take that request under consideration.

With respect to the discovery which has been served by plaintiffs upon EMTal, this will serve to confirm that plaintiffs have agreed that EMTal has an indefinite extension of time to object and/or respond.

I look forward to speaking with you after you have had further time to consider EMTal's request to be dismissed from the litigation.

978601v1

A LIMITED LIABILITY PARTNERSHIP FORMED IN PENNSYLVANIA
LOUIS A. PETRONI - NEW JERSEY RESPONSIBLE PARTNER

BASF FC 0012094

BASF_SAMPSON000015047

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

Signe O'Brien Rudberg, Esquire
November 18, 2003
Page 2

Thank you for your courtesies in this matter

Very truly yours,

Francis Patrick Newell

FPN:jfy

978601v1

BASF FC 0012095

BASF_SAMPSON000015048

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

Signe O'Brien Rudberg, Esquire
November 18, 2003
Page 3

    bcc:    Howard G. Sloane, Esquire
            Michael Sullivan, Esquire
            Michael Hassett, Esquire

978601v1

BASF FC 0012096

BASF_SAMPSON000015049

# APPENDIX A, TAB BB

LITTLETON JOYCE
UGHETTA PARK & KELLY LLP
NEW YORK CITY | PURCHASE, NY | RED BANK, NJ

125 Half Mile Road
Suite 200
Red Bank, NJ 07701
Tel (732) 933-2727
Fax (732) 933-2729

*www.littletonjoyce.com*

Direct Dial: (732) 933-2730
robert.kelly@littletonjoyce.com

March 28, 2008

Rachel A. Placitella, Esq.
Cohen, Placitella & Roth, P.C.
127 Maple Avenue
Red Bank, NJ 07701

Re:   **Angeline Comandini vs. Asbestos Corporation Limited, et als**
       Docket Nos.        :     MID-L-4398-07 AS
       Our File No.        :     08951.00005
       **Vivian Volk vs. Asbestos Corporation Limited, et als**
       Docket Nos.        :     MID-L-10012-07 AS
       Our File No.        :        08951.00004
       **Joanne Fuschino, et al. vs. Asbestos Corporation Limited, et als**
       Docket Nos         :     MID-L-10899-07 AS
       Our File No.        :     08951.00006

Dear Ms. Placitella:

As you are aware, this office represents Defendants Eastern Magnesia Talc ("EMTAL")
(now known as Pita Realty Ltd.) and BASF Catalysts LLC ("BASF") in the above referenced
matters. Enclosed herewith are the various Notices of Adoption of the Standard Answer recently
filed on behalf of our clients. As set forth in the pleadings and in further detail below, EMTAL
and BASF did not manufacture asbestos-containing talc. Accordingly, we hereby request that the
plaintiffs voluntarily dismiss with prejudice their complaint against our clients.

Attached hereto is an Affidavit from William H. Ashton that sets forth the history of the
Vermont talc mines and more specifically, the history of the talc mined by Englehard
Corporation (and its predecessors) from the talc mine located in Johnson, Vermont (the "Johnson
mine"). As set forth in Mr. Ashton's Affidavit, after numerous investigations, examinations and
studies of the Johnson mine, spanning more than fifty (50) years, it has been conclusively
established that the talc from the Johnson mine does not contain asbestos. As such, there is no
reasonable basis to support proceeding with the plaintiffs' claims against EMTAL and BASF.

Pursuant to R. 1:4-8 and N.J.S.A. 2A:15-59.1, we hereby demand that the complaints be
voluntarily dismissed because, based on the foregoing, the allegations against EMTAL and
BASF are frivolous. If the plaintiffs fail to comply with this request within twenty eight (28)

Our File No.:   08951.00006
Page 2

days of service of this letter, we shall seek all available remedies under New Jersey Frivolous
Litigation Rule and Statute.

     Thank you for your anticipated attempt and prompt response.

     Very truly yours,

**LITTLETON JOYCE UGHETTA PARK & KELLY LLP**

Robert J. Kelly

RJK:JS
Enclosures

# APPENDIX A, TAB CC

Jennifer A. Riester
216.687.3271
JRiester@westonhurd.com

November 12, 2008


John Mismas, Esq.
Bevan & Associates
10360 Northfield Rd.
Northfield, OH 44067

**Re:   Jennifer Graham v. Eastern Magnesia Talc**
**Cuyahoga County Common Pleas Case No. 656405**
**Russell Young v. Eastern Magnesia Talc**
**Cuyahoga County Common Pleas Case No. 531764**

Dear John:

This letter is in response to the discovery requests served in the above captioned cases. The discovery requests are not properly directed to the supplier of talc. In lieu of providing objections to the discovery I am enclosing document relative to my client's talc. I would ask that you voluntarily dismiss Eastern Magnesia Talc and, in the Young case, both Eastern Magnesia Talc and Engelhard Corporation from these cases on the basis that talc produced by EMTal contained no asbestos.

EMTal operated a single talc mine in Johnson, Vermont between October 1967 and 1983. The following documents enclosed herewith support this request:

1) A copy of an Affidavit prepared by William H. Ashton dated May 8, 1989, with attached Exhibits A through G;

2) A copy of a report prepared by Dr. F.D. Pooley concerning an examination of talc samples taken from the Johnson, Vermont mine;

3) A copy of a 1977 NIOSH study entitled "Analysis of Talc By X-Ray Diffraction and Polorized Light Microscopy"; and



PLAINTIFF'S
EXHIBIT
p-45
5/25/10

BASF_SAMPSON000002046

John Mismas, Esq.
November 12, 2008
Page 2

> 4) A copy of a letter from RJ Lee Group, Inc. dated January 27, 1993 reporting the results of their analysis of a sample of EMTal talc.

Be advised that EMTal's (and, accordingly, Engelhard's) only talc mine was located in Johnson, Vermont, and that EMTal produced talc from that mine from October 1967, when EMTal acquired the mine, until 1983, when the mine was closed for economic reasons. The Affidavit of William H. Ashton summarizes numerous investigations, examinations, and studies of the Johnson mine. The conclusion derived from all of these studies is that the talc produced from this mine did not contain asbestos. A sample from the Johnson mine was analyzed in 1982 using Scanning Electron Microscopy ("SEM") and Energy Dispersive Spectroscopy ("EDS"), as well as x-ray diffraction analysis and analytical Transmission Electron Microscopy ("TEM"). The analysis revealed that no asbestos was present in the sample. (See Ashton Affidavit paragraph 7.) In addition, the 1977 NIOSH study analyzed 100 talc samples, including a sample of EMTal talc, by Polorized Light Microscopy ("PLM"), Dispersion Staining, X-ray Diffraction, TEM and Electron Microprobe. The analysis of the sample of EMTal talc found no asbestos present. (See NIOSH Report, Appendix A, page 38, Sample No. 066.) Furthermore, RJ Lee performed an analysis of a sample of EMTal talc by PLM, X-ray Diffraction, and TEM, from which RJ Lee concluded that no asbestos was present in EMTal talc nor the non-fibrous analogs of the asbestos minerals. (See RJ Lee Group letter.)

Engelhard and EMTal have been named as defendants and subsequently dismissed voluntarily as a result of the enclosed materials in various jurisdictions including Arkansas (4 plaintiffs), Kansas (191 plaintiffs), Michigan (40 plaintiffs), Mississippi (31 plaintiffs), Pennsylvania (over 300 plaintiffs) and most recently, Florida (1 plaintiff). In fact, in the Pennsylvania cases, the voluntary dismissal of Engelhard and EMTal came as the result of the review of similar materials not only by plaintiffs' counsel (Allen L. Rothenberg law firm in Philadelphia), but also their expert, Dr. Arthur Rohl.

I look forward to speaking with you once you have had an opportunity to review the enclosed materials. If any additional information would assist you in your decision, please contact me directly.

Very truly yours,



Jennifer A. Riester

JAR/drs
enclosure

BASF_SAMPSON000002047