

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

November 13, 2017

**VIA ECF**

The Honorable Roberto A. Rivera-Soto
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002

    **Re:** *Kimberlee Williams, et al. v. BASF Catalysts LLC, et al.*
       **Civil Action No. 11-cv-01754 (JLL) (JAD)**

Dear Justice Rivera-Soto:

  This firm, along with Kirkland and Ellis LLP, represents defendant BASF Catalysts LLC in the above-captioned matter. We write regarding several concerning developments that have come to light over the last two weeks regarding the Bevan Firm's client files and the existence of previously undisclosed electronic documents that bear directly on Your Honor's order requiring plaintiffs and Bevan to turn over Bevan's files in discovery. The Bevan files are critical for class discovery and class defenses and are required to be produced under Chief Judge Linares's August 3, 2017 opinion and Your Honor's Order of October 27, 2017. The new information raises substantial questions about the validity of the burden objections raised by the Bevan Firm and plaintiffs' counsel, which were directed to defendants and Your Honor. Separately, we must also report that plaintiffs and Early

**RM** | ROBINSON MILLER LLC

Hon. Roberto A. Rivera-Soto
November 13, 2017
Page 2

have not complied with Your Honor's order to produce Early's client files by November 2, 2017.

In an attempt to resolve these issues informally, we have engaged in extensive, good-faith discussions and correspondence this week with counsel for plaintiffs and for the Bevan and Early Firms, all of which is attached hereto. Counsel have not provided meaningful responses to our inquiries. In particular, Mr. Little, who represents the Bevan and Early firms, appears uninterested in complying with the Court's orders or clarifying the record on Bevan's files. In light of the tight schedule in this case, it was incumbent on us to raise these matters with Your Honor.

***First***, at an in-person meet-and-confer held on November 1, 2017, plaintiffs' counsel for the first time provided BASF with new information that calls into question what we and the Court had previously understood regarding the status of the Bevan Firm's client files and the purported burdens of reviewing and producing them. Specifically, plaintiffs' counsel disclosed that Bevan scanned its hard-copy client files years ago and now maintains its files for the putative class members in this case in electronic form. To be clear, we should not continue to think that there are thousands of boxes of paper files in an Ohio storage facility. The Bevan files, with limited exceptions, are electronic.

RM | ROBINSON MILLER LLC

Hon. Roberto A. Rivera-Soto
November 13, 2017
Page 3

As Your Honor will recall, however, at the October 26, 2017 motions hearing, much of the argument concerning BASF's subpoena to the Bevan Firm related to Bevan's and plaintiffs' argument that reviewing and producing documents would be unduly burdensome. The premise for that argument was the Bevan Firm's and plaintiffs' suggestion that Bevan's files were stored in hard copy form in Ohio. *See, e.g.*, 4/6/17 Bevan Resp. to BASF Mot. to Enforce (ECF No. 279) at 9-10 (stating that BASF's subpoena "would require the review of extensive paper and electronic files"); 10/26/17 Hr'g Tr. at 153:5-10 (plaintiffs' argument that counsel would have to "go to Ohio" to collect and review the documents).

Based on the Bevan Firm's and plaintiffs' statements over the past twelve months, the defendants believed that most, if not all, of the Bevan files existed only in hard copy. Your Honor seemed to have a similar understanding at the October 26, 2017 hearing. *See, e.g.*, *id.* at 97:15-20 (Your Honor commenting on "25-year-old files" that were "sent to storage"). The Court thus limited Bevan's review to 1% of its client files, which were to be selected by Mr. Placitella "[a]rbitrarily stick[ing] [his] hand in the box and pull[ing] out a file." *Id.* at 153:4. Your Honor also gave plaintiffs' counsel extra time to complete the review and production because he purportedly had to "go to Ohio." *Id.* at 153:5-10. Judge Dickson similarly gave Mr.

RM | ROBINSON MILLER LLC

Hon. Roberto A. Rivera-Soto
November 13, 2017
Page 4

Placitella extra time to respond to discovery more than a year ago because "it requires trips to Cleveland and other places." 10/14/16 Hr'g Tr. at 9:6-8.

Plaintiffs' disclosure that the Bevan Firm's files are stored electronically makes clear that the proceedings concerning Bevan's documents were based on a misapprehension of how the Bevan files are maintained.[1]  If the Court and defendants had understood that the Bevan files were stored on a few DVDs or flash drives, it is doubtful that the Court would have discussed how plaintiffs' counsel would stick his hand in boxes, how files were probably purged before being sent to storage, and so on.  Nor do we believe that the Court would have given plaintiffs' counsel extra time (twice) to "go to Ohio" to gather information.

Plaintiffs' disclosure also shows that Your Honor was prescient in questioning the Bevan Firm's unsupported claims of undue burden.  Your Honor observed that, in asserting these burdens, Bevan did not file an affidavit or certification under penalty of perjury.  *See* 10/26/17 Hr'g Tr. at 91:20-21.  Our communications with counsel for plaintiffs and Bevan over the last two weeks only confirm the need for a more definitive statement of Bevan's purported burdens in reviewing and producing

---

[1] Underscoring that point, plaintiffs' counsel now says they need guidance on how to select Bevan files for production because the files cannot be randomly selected by pulling them from boxes.  *See* 11/8/17 C. Placitella Ltr. to E. Assaf.

**RM** | ROBINSON MILLER LLC

Hon. Roberto A. Rivera-Soto
November 13, 2017
Page 5

its client files. To move discovery forward and avoid further wasted effort and resources determining the status of Bevan's files, we now believe it best to conduct a short, one-hour deposition of a representative from the Bevan Firm to determine with certainty what documents exist, what form they exist in, and related records issues.

*Second*, at the November 1, 2017 meet-and-confer, plaintiffs' counsel also revealed that the Bevan Firm does, in fact, maintain an electronic database of its Ohio cases, which includes at least a listing of each putative class member's alleged injuries (along with other information, which has not been disclosed or described to defendants). Over the past year, however, plaintiffs have suggested that information about putative class members could be obtained only from the defendants and thus demanded the production of databases and documents from defendants' files. Plaintiffs' disclosure regarding the Bevan database confirms that plaintiffs and their former counsel may have had better information about putative class members and their historical asbestos claims for some time. Like the Bevan files, we believe this information would have informed Your Honor's consideration of Bevan's claimed burden objections, as well as plaintiffs' proffered need for extra time to file their class certification motion. Indeed, there can no longer be any claim of burden in

producing a DVD or flash drive that identifies putative class members, their claimed injuries, and other information.

This information is plainly relevant—and it is critical to understanding the putative class, since it relates to factors like predominance, manageability, typicality, and other requirements under Rule 23. Plaintiffs initially refused to produce anything. Then, as this submission was being finalized, plaintiffs indicated they would produce information from the Bevan database, but only for the five named class representatives. Of course, the Bevan database has only marginal relevance for the named plaintiffs because BASF already has access to all of their files pursuant to the Court's October 27, 2017 orders. The critical information here is what the Bevan database contains regarding the other 3,000 putative class members' cases, which directly relate to the Bevan's firm knowledge and approach to litigating and resolving asbestos cases—which plaintiffs' allegations place directly at issue. Plaintiffs and the Bevan Firm, however, refuse to produce the database or to describe the categories of information it contains, claiming it is work product. They do so even though the Bevan database was never logged or disclosed and even though Bevan has provided no factual or legal basis for the work-product claim.[2]

---

[2] As Your Honor may recall, plaintiffs' counsel sought Cahill's analogous database even though it is concededly attorney work product. [continued on next page]

RM | ROBINSON MILLER LLC

Hon. Roberto A. Rivera-Soto
November 13, 2017
Page 7

*Finally*, plaintiffs have not fully complied with Your Honor's discovery orders. Plaintiffs and the Early Firm have produced *no* materials at all for the three putative class members who were represented by the Early Firm. *See* ECF No. 361 (requiring production by November 2, 2017). Counsel for plaintiffs and Early have provided no timeline for production of these materials, stating only that some Early documents "are in the process of being copied and sent to Mr. Placitella" and that BASF should "coordinate with [Mr. Placitella] on the timeline." 11/9/17 B. Little E-mail to E. Assaf. Plaintiffs' counsel has not provided a timeline for production of the Early materials, indicating only that they will have the files from the Early Firm "shortly." 11/10/17 H. Roth Ltr. to E. Assaf. While we appreciate that short extensions may be needed over the course of a litigation, we do not believe that one can simply ignore a Court-ordered deadline without seeking relief from the Court or consent from opposing counsel.

---

[continued from prior page] *See* 10/26/17 Hr'g Tr. at 64:25 - 65:7. The Court decided that the Cahill database should be produced pursuant to a non-waiver agreement. *See id.* at 79:9-22, 194:5-15. In fact, because plaintiffs actually possessed information from the Cahill databases through last year's mediation discussions, the Court simply allowed plaintiffs to continue to use it (subject to the protections of the Discovery Confidentiality Order). BASF is simply asking that the same rule apply to Bevan's database of client cases.

RM | ROBINSON MILLER LLC

Hon. Roberto A. Rivera-Soto
November 13, 2017
Page 8

With respect to the named plaintiffs, a substantial number of documents still have not been produced. For Roseanne Chernick, whose asbestos-injury case has been pending for more than fifteen years (and is indeed still pending), plaintiffs have acknowledged that their production is not yet complete. Moreover, ***none of the named plaintiffs' files from the Bevan Firm or the Early Firm include internal correspondence regarding the plaintiffs' historical cases.*** Again, counsel for plaintiffs, Bevan, and Early have provided no timeline for production of these materials.

As this submission was being finalized, plaintiffs sent BASF a letter asserting that the Court's order regarding the November 2, 2017 production deadline for the Early Firm's client files was entered by Your Honor "in error." 11/10/17 H. Roth Letter to E. Assaf. If that is so (and we do not believe that it is), then it was incumbent upon plaintiffs and the Early Firm to seek clarification or relief. They did not. This casual approach to compliance with discovery obligations and the Court's orders is inconsistent with the directive we received from Your Honor to move this case forward.

In these circumstances, BASF respectfully requests that Your Honor:

1. <u>Modify the October 27, 2017 order regarding the Bevan Firm, ECF No. 360, so as to eliminate the requirement that the Bevan Firm produce only a 1%</u>

RM | ROBINSON MILLER LLC

Hon. Roberto A. Rivera-Soto
November 13, 2017
Page 9

sample of putative class members' files. The Bevan Firm should be ordered to produce a larger, statistically significant sampling of 400 of its electronic files and, given the lack of any need for plaintiffs' counsel to travel to Ohio, the materials should be produced by November 17, 2017.

    2.    <u>Order a one-hour deposition of a records custodian from the Bevan Firm.</u>  As set forth above and in the attached correspondence, there are serious questions regarding representations made to the Court and to the defendants by counsel for plaintiffs' and counsel for the Bevan Firm. We have asked for a short deposition of the Bevan Firm's custodian of records, which will allow the parties and the Court to understand exactly how Bevan's files are maintained. Bevan's counsel has agreed to make a witness available during the week of November 27. While we would prefer this deposition to occur earlier, given the case schedule for the rest of this year, we ask that Your Honor enter an order memorializing the agreement to conduct a one-hour deposition of a representative from the Bevan Firm during the week of November 27, 2017.[3]

---

[3] Given that plaintiffs and the Bevan Firm have created the need for this limited deposition on records issues by failing to provide a certification in support of their burden objections and obscuring the existence of Bevan's electronic files, BASF respectfully submits that it should not be forced to conduct its one Rule 30(b)(6) deposition of the Bevan Firm now, on short notice and before Bevan has complied with its outstanding discovery obligations.      [continued on next page]

RM | ROBINSON MILLER LLC

Hon. Roberto A. Rivera-Soto
November 13, 2017
Page 10

3. <u>Order the Production of the Bevan Firm's database of putative class member files.</u> The production of this database will streamline the discovery process and provide Your Honor with a more complete understanding of the basis and validity of the Bevan Firm's burden objections. The database should be produced pursuant to the protective order, like the Cahill database.

4. <u>Order the production of any document retention policies or memoranda from plaintiffs' counsel and the Bevan Firm.</u> Plaintiffs' counsel stated in the attached correspondence that he was unaware prior to October 27, 2017 that all of the Bevan Firm's documents were available in electronic format. *See* 11/8/17 C. Placitella Ltr. to E. Assaf. This case was filed in 2011, and plaintiffs' counsel told the Court over a year ago that he needed to go to Ohio to gather information to respond to discovery requests. 10/14/16 Hr'g Tr. at 9:6-8. We also know from the deposition of Marilyn Holley that Ms. Holley was never told to preserve the documents in her possession. *See, e.g.*, 4/5/17 Holley Dep. at 32:6-8, 64:11-18, 69:12-24 (plaintiff Holley not told "in words or in substance" to maintain documents). BASF respectfully requests that the Bevan Firm and plaintiffs' counsel

---

[continued from prior page] To the extent that the deposition on records issues is considered a Rule 30(b)(6) deposition, BASF respectfully requests that the Court now grant leave pursuant to Rule 30(a)(2) for BASF to take a second deposition of the Bevan Firm once plaintiffs' and Bevan's document productions are complete.

RM | ROBINSON MILLER LLC

Hon. Roberto A. Rivera-Soto
November 13, 2017
Page 11

provide confirmation of the steps taken since 2011 to retain documents in the named plaintiffs' possession, custody, or control. This topic could also be addressed in any deposition of Bevan's records custodian.[4]

5. <u>Order the immediate production of the remaining client files from the Early Law Firm.</u> Your Honor ordered plaintiffs and the Early Firm to produce by November 2, 2017 the Early Firm's complete client files for the named plaintiffs and all putative class members. *See* ECF No. 361. However, to date, the Early Firm has not provided client files for any putative class members. BASF respectfully requests that the Early Firm be directed to comply with Your Honor's order immediately.

6. <u>Order the immediate production of e-mails in the named plaintiffs' client files from the Bevan and Early Law Firms.</u> Your Honor ordered plaintiffs and the Bevan and Early Firms to produce by November 2, 2017 their complete client files for the named plaintiffs. *See* ECF Nos. 360, 361. To date, the Bevan Firm and the Early Firm have produced only a very limited number of e-mails. BASF

---

[4] Given the expedited discovery schedule and the fact that the status of Bevan's electronic client files has only come to light in the last ten days, BASF respectfully requests that plaintiffs and Bevan be ordered to produce any materials related to the retention of Bevan's client files within five days. *See* Fed. R. Civ. P. 34(b)(2)(A) (providing that a shorter time period to respond to a document request "may be … ordered by the court").

RM | ROBINSON MILLER LLC

Hon. Roberto A. Rivera-Soto
November 13, 2017
Page 12

respectfully requests that the Bevan and Early Firms be directed to produce all such e-mails immediately.

Thank you for your consideration of this submission. We are available at Your Honor's convenience in-person or by telephone should Your Honor wish to discuss these issues.

                        Respectfully submitted,

                        s/ Justin T. Quinn
                        Justin T. Quinn
                        Eugene F. Assaf, P.C.
                        Counsel for BASF Catalysts LLC

Enclosures

cc:    Counsel for All Parties
       Counsel for the Bevan Law Firm and the Early Law Firm