LAW OFFICES

# COHEN, PLACITELLA & ROTH
A PENNSYLVANIA PROFESSIONAL CORPORATION

127 MAPLE AVENUE
RED BANK, NEW JERSEY 07701

(732) 747-9003
FAX (732) 747-9004
www.cprlaw.com

PHILADELPHIA, PA
LEMOYNE, PA
BALA CYNWYD, PA
PITTSBURGH, PA
CHERRY HILL, NJ

CHRISTOPHER M. PLACITELLA
MANAGING NJ ATTORNEY

November 8, 2017

**VIA EMAIL**

Eugene F. Assaf, P.C.
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, D.C. 20005

Re:   *Williams, et al. v. BASF Catalysts LLC, et al.*

Dear Gene:

I write to continue our correspondence from Monday, November 6, about our meet-and-confer efforts to comply with Justice Rivera-Soto's production Order concerning the representative Bevan client files, retrace the history of our discussions on these files and answer some of the questions posed in your correspondence.

Before addressing your specific questions as to Bevan's files, it is important to understand why we disagree with your letter's expressed issues or concerns.

In response to BASF's initial discovery requests, we gathered and reviewed both paper and electronic Bevan client files belonging to the named class representative Plaintiffs from Ohio (*i.e.,* those client files for Plaintiffs Williams, Pease, Ware, and Wengerd). Based on how those files were maintained, we believed Bevan's asbestos client files consisted of both electronic and paper files. Plaintiffs' counsel had no reason or right to inspect Bevan's other client files.

BASF subsequently served a subpoena upon Bevan for the files of putative class members that Bevan represents. BASF's subpoena did not ask how Bevan's client files were stored, though in response, Bevan stated that to comply it would need to review "paper and electronic files …." ECF 279, at 13.

On October 26, 2017, the Court ordered Plaintiffs' counsel to randomly select thirty of Bevan's putative class member files for review and production. *See* ECF 360. To comply with that Order, Plaintiffs' counsel called Bevan to arrange travel to Ohio to select and retrieve the files as required. During our discussion, we learned for the first time that all of Bevan's historical claimant files had been scanned and are stored electronically with some limited exceptions. I promptly shared this information with you because it seemed to me that we would need to agree upon a

Eugene F. Assaf, P.C.
November 8, 2017
Page 2

different way to randomly select Bevan files consistent with the intent of Justice Rivera Soto's order. I also informed you that we were moving forward with the process as ordered by the Court although the affected lawyers were considering whether to appeal the order requiring discovery of absent class members.

In your letter, you raise the issue concerning the relative burdens of paper versus electronic files. Even existing in ESI form, reviewing 3,000 client files that are not word-searchable (and we are informed they are not), is no less burdensome than reviewing 3,000 "paper" files, and we disagree that an electronic review (as opposed to a paper file review) is less arduous, burdensome, or proportional or somehow "fundamentally changes the burden arguments … advanced before the Court" as you suggest.

### A. The Bevan Files.

I address your "Unanswered Questions About Bevan's Files" based upon our current understanding. To be clear, these are questions best directed to, and answered by Mr. Bevan's counsel. That said, I wanted to share our understanding of the information you ask about. I am copying Mr. Little and would ask that he verify, correct or clarify any of the information provided below:

1. All of the Bevan firm's asbestos-injury client files currently exist in electronic format with limited exception. They are imaged in non-ocr'ed form.

2. The client files in possession of Bevan for all five named Ohio resident plaintiffs represented by Bevan have been produced to you per the Court's Order on November 2–3, 2017.

3. The Bevan electronic files are not word searchable.

4. Bevan's files are maintained for individual plaintiffs. The firm's files augment and do not duplicate what is filed in the Ohio court's ECF system. That is, pleadings, "paper" discovery and motions are not kept in an individual client's folder. This is the firm's same practice as was prior to converting the firm's paper files to ESI form. Those electronic documents are stored on the file and serve system maintained by the Court.

5. As defendants BASF and Cahill were already informed in the Summer of 2016, the Spangenberg Law Firm, the Colley Law Firm, and the Smith Law Firm provided information and, when needed, documents to Bevan in connection with the Traveler's settlement program which was handled by the Bevan firm for these firms' clients. It is our understanding Bevan does not have any of the original litigation files for the underlying cases filed by those law firms.

6. While the Bevan firm has a list of its clients in its electronic document system, it does not have an index or database of the contents of its clients' stored document files.

Eugene F. Assaf, P.C.
November 8, 2017
Page 3

### B. The Bevan "Database".

I do not believe as you suggest in your letter that the manner in which the Bevan firm maintains asbestos file information in a database is "new" information or "troubling". As you may recall, Plaintiffs', BASF's, and Cahill's counsel discussed Bevan's data extensively during the parties' mediation efforts through the summer of 2016.

I address your questions pertaining to this database in turn:

1. While we do not speak directly for the Bevan Firm, it is our belief that whatever its database is constitutes protected attorney work-product. The data generated from that system the Bevan firm provided for purposes of mediation is also privileged mediation material.

2. The Court's ruling that the named plaintiffs partially waived their attorney-privilege does not apply to the Bevan firm's database which may contain information on putative class members. Moreover, that electronic information does not involve "what plaintiffs and their counsel knew or were told and whether any knowledge or lack thereof contributed to plaintiffs' decision on resolving the underlying case" and thus is not addressed by the Court's ruling. 10/26/17 Hr'g. Tr. 149:19–150:1. We can address this with the Court.

As I stated in my letter to you Monday, I believe it would be productive to meet-and-confer. If you'd rather not, we ask you and your defense colleagues to consider our proposal for randomly selecting Bevan's client files for review. We propose listing Bevan firm clients' cases in which an Engelhard/BASF entity was named as a defendant by name or file number on an excel spread sheet and then using Excel's random number assignment function to order the cases for random selection of files for review and production. I have arranged to meet you next Wednesday, November 15, 2017 as we discussed.

Sincerely,

/s/ *Christopher M. Placitella*
Christopher M. Placitella

cc.   Brendan Little, Esq. (via email)
      All named parties' counsel (via email)