**From:** Little, Brendan [mailto:BLittle@levylaw.com]
**Sent:** Wednesday, November 08, 2017 8:25 PM
**To:** Assaf, Eugene F. <eassaf@kirkland.com>
**Cc:** Anguas, Ronald K. <ronald.anguas@kirkland.com>; cplacitella@cprlaw.com; hroth@cprlaw.com; mcoren@cprlaw.com; jmplacitella@cprlaw.com; Williams, Michael F. <mwilliams@kirkland.com>; Bress, Daniel A. <dbress@kirkland.com>; Justin Quinn <JQuinn@rwmlegal.com>; jvilla@wc.com; ggeyerman@wc.com; etunis@heroldlaw.com; kmarino@khmarino.com; jboyle@khmarino.com; rryan@connellfoley.com; dblatt@wc.com
**Subject:** RE: Williams, et al. v. BASF Catalysts LLC, et al.

Mr. Assaf:

Thank you for your patience. Let me first respond to your first two letters, sent on Monday and Tuesday of this week.

Your complaints are unfounded. At no point in the meet and confer process, pleadings, or hearing did I represent or imply that the Bevan firm's case files were stored in paper as opposed to PDF image files. Our brief clearly said electronic and paper. These representations remain accurate.

I also cannot see how your incorrect assumption is material. First, our burden analysis focused on the amount of attorney-review time that would be needed to respond to your subpoena. We never discussed how the documents were stored. Nor was I able to comment on this topic at the hearing. I will concede that our burden estimate simply extrapolated the per-file review time based on Plaintiffs' counsel's review of the representative plaintiffs, and that economies of scale could be realized by leveraging document review technology and vendors. But I think you would also agree that attorney-review time is the biggest cost in an ESI review and whether the project starts from paper or scanned, non-OCR'd images makes little difference. Second, it was clear that the court was not able to consider our representations regarding burden in its ruling and denied without prejudice our request for costs. Last, Mr. Placitella can randomly select electronic case files just as effectively as paper files. Special Master Rivera-Soto seemed to agree that Mr. Placitella would be able to handle the selection without logistical guidance.

Your letters are not the proper method for seeking discovery from a non-party. If and when we raise future requests for costs or burden objections, you can rest assured that the record will include evidence and details about the type and volume of potentially responsive documents held by the Bevan firm. In the meantime, the court has ruled on your motion and the questions contained in your letters are moot or properly addressed through a deposition, as you suggested.

I am happy to work with you regarding scheduling any deposition. However, I need to be in the office next week and I have a trip scheduled Nov. 21-26. If you can suggest some days that work for your team, I will see what works for the Bevan firm. I would also reiterate my suggestion that it will be more efficient to conduct depositions after you've received the documents Mr. Placitella is producing pursuant to the recent court orders. If this will be a 30(b)(6) deposition, we will need to know the examination topics before the representative(s) and their schedules can be identified and considered.

Your letter from earlier this evening, the third this week, complains that documents from the representative plaintiffs are late or incomplete. The Special Master's order directed plaintiffs' counsel, not my clients, to review and produce documents. This decision was designed, in part, to avoid undue

burden on the non-parties. I intend to respect this design and will not respond to your letter. If Mr. Placitella needs additional access or assistance, he can reach out and we will do our best to accommodate his efforts.

Your letter from a few minutes ago, the fourth this week, restates your earlier letters and propounds additional questions, which I've addressed above. It also requests that we waive the Rule 45 subpoena requirements for what I assume is the 30(b)(6) non-party deposition of the Bevan firm. I will need to confer with my client on this request, and will respond as soon as I am able.

Regards,

Brendan

--
Brendan E. Little
Levy Konigsberg LLP
800 Third Avenue, 11th Fl., New York, NY 10022
Phone: (212) 605-6282; Fax: (212) 605-6290

**From:** Assaf, Eugene F. [mailto:eassaf@kirkland.com]
**Sent:** Wednesday, November 08, 2017 10:34 AM
**To:** Little, Brendan
**Cc:** Anguas, Ronald K.; cplacitella@cprlaw.com; hroth@cprlaw.com; mcoren@cprlaw.com; jmplacitella@cprlaw.com; Williams, Michael F.; Bress, Daniel A.; Justin Quinn; jvilla@wc.com; ggeyerman@wc.com; etunis@heroldlaw.com; kmarino@khmarino.com; jboyle@khmarino.com; rryan@connellfoley.com; dblatt@wc.com
**Subject:** Re: Williams, et al. v. BASF Catalysts LLC, et al.

Mr. Little:

I would appreciate the courtesy of a response.

Best,

Gene Assaf

Sent from my iPad

On Nov 7, 2017, at 2:47 PM, Assaf, Eugene F. <eassaf@kirkland.com> wrote:

Mr. Little:

I don't understand your statement "please let me know when your list of questions is complete." You have had these questions since Monday, November 4th, and have known about these issues since at least last week when Mr. Placitella disclosed the new information.  So, please do  not delay in getting us responses, and please forward the information on a rolling basis as it becomes available.

It is difficult to understand why you don't know the answers to the questions posed. Given that you were telling the Court that it should accept your representations in your brief and at argument without

2

the need for an affidavit or certification, one would think you should have the information readily available.

We would ask that you tell us today about the electronic database and whether you agree to produce a document custodian for a deposition the week of November 13.  Hopefully the rest of the responses can be provided in writing tomorrow.

Best,

Gene Assaf


On Nov 7, 2017, at 2:35 PM, Little, Brendan <BLittle@levylaw.com> wrote:

Mr. Assaf,

I received your correspondence. Please let me know when your list of questions is complete and I will have a better sense of the time needed to respond. Thanks.

Brendan
--
Brendan E. Little
Levy Konigsberg LLP
800 Third Avenue, 11th Fl., New York, NY 10022
Phone: (212) 605-6282; Fax: (212) 605-6290

**From:** Anguas, Ronald K. [mailto:ronald.anguas@kirkland.com]
**Sent:** Tuesday, November 07, 2017 1:53 PM
**To:** cplacitella@cprlaw.com; Little, Brendan
**Cc:** hroth@cprlaw.com; mcoren@cprlaw.com; jmplacitella@cprlaw.com; Assaf, Eugene F.; Williams, Michael F.; Bress, Daniel A.; Justin Quinn; jvilla@wc.com; ggeyerman@wc.com; etunis@heroldlaw.com; kmarino@khmarino.com; jboyle@khmarino.com; rryan@connellfoley.com; dblatt@wc.com
**Subject:** Williams, et al. v. BASF Catalysts LLC, et al.

Counsel:

Please see the attached correspondence from Gene Assaf to Mr. Placitella and Mr. Little.

Best,

Ronald Anguas

**Ronald K. Anguas, Jr.**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W., Washington, D.C. 20005
**T** +1 202 879 5091
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
ronald.anguas@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.