LAW OFFICES

## COHEN, PLACITELLA & ROTH

A PENNSYLVANIA PROFESSIONAL CORPORATION

127 MAPLE AVENUE

RED BANK, NEW JERSEY 07701

(732) 747-9003

FAX (732) 747-9004

www.cprlaw.com

PHILADELPHIA, PA
LEMOYNE, PA
BALA CYNWYD, PA
PITTSBURGH, PA
CHERRY HILL, NJ

CHRISTOPHER M. PLACITELLA
MANAGING NJ ATTORNEY

November 17, 2017

**Via ECF**
Honorable Roberto A. Rivera-Soto
Ballard Spahr LLP
210 Lake Drive East, Suite 2900
Cherry Hill, NJ 08042

**RE:   Williams v. BASF Catalysts LLC, et al**
**USDC NJ; No: 2:11-cv-01754**

Dear Justice Rivera-Soto:

We write on behalf of named Plaintiffs in response to the letter motion dated

November 13, 2017 filed on behalf of BASF (Dkt. 372). Over the past two weeks,

we have had an active series of discussions in person, by telephone and via the

correspondence attached to BASF's motion. Plaintiffs' counsel have attempted to

reach agreement with BASF's counsel where possible, but nevertheless there are

areas of dispute that still divide the parties which we address below.

**BASF's Application to Expand the Scope of Discovery of Absent**
**Putative Class Members Should be Denied.**

BASF seeks to broaden the scope of discovery of absent putative class

members beyond that which Your Honor has ordered. In both our briefs and during

our presentation before Your Honor plaintiffs argued that comprehensive discovery

Honorable Roberto A. Rivera-Soto
November 17, 2017
Page 2

of absent class members is generally disfavored as contrary to the general rule

before class certification. *Kline v. First W. Gov't Sec.*, 1996 U.S. Dist. LEXIS

3329, *4-5 (E.D. Pa. Mar. 11, 1996). Limiting discovery of putative class members

makes sense as absent class members are not parties to the case within the meaning

of rule 23 of the Federal Rules of Civil Procedure, *Deposit Guaranty National*

*Bank v. Roper,* 455 U.S. 236 (1980), and it is generally recognized that "standards

for nonparty discovery require a stronger showing of relevance than for simple

party discovery." *Stamy v. Packer,* 138 F.R.D. 412, 419 (D.N.J. 1990).[1] We further

argued that the mere filing of a class action does not waive the privilege of putative

class members over their privileged and confidential files maintained in their

lawyer's offices. *See, e.g., In re: Kozlov,* 393 A. 2d 882 (N.J. 1979).[2]

Your Honor struck a balance between delaying class discovery until

certification and the interest of moving the case forward by ordering production of

30 randomly selected Bevan files.[3] Transcript of Hearing before Judge Rivera-

---

[1] Plaintiffs' briefing on this issue are found at Dkt. Numbers 243, 269 and 279. The October 26, 2017 oral argument on this issue begins on page 49 of the hearing's transcript.

[2] In addition to the briefing referenced in footnote 1, *see* Scope of Discovery Submission where plaintiffs addressed this issue at length. (Dkt. 249 at p. 22).

[3] Plaintiffs are acting on the Court's directive for a random selection. As agreed to by defendants, using the random number function of Microsoft's Excel software, 30 Bevan files were randomly identified for production. *See* BASF's exhibit 14, November 10, 2017 letter from Roth to Assaf. The resulting list was shared with

Honorable Roberto A. Rivera-Soto
November 17, 2017
Page 3

Soto, October 26, 217 p. 150-151, (hereinafter referred to as "Hearing transcript").

Now, whether through files, electronic or paper, or a table of data compiled by the

Bevan office, the defendants seek information about all the absent putative class

members.[4]  BASF, however, has offered nothing to enlarge the scope of discovery

ordered and no legal authority to support such an invasive and extraordinary

request.

Instead, defendants re-argue the relevance of this data, and its supposed

symmetry with that of the Cahill database. We have addressed these contentions at

length in writing and at the recent hearing (*see,* plaintiffs' submissions referenced

in footnote 1) and the defendants have advanced no new argument beyond those

related to class issues. Defendants' argument that the discovery is relevant to class

discovery unreasonably tips the balance struck by the Court and is completely

---

BASF's counsel and the Bevan office. While each of the attorneys ordered to
produce files of putative class members has a right to be heard, the Bevan office is
not appealing the Court's order and is seeking client/client representative's
permission to disclose each of the 30 randomly selected files to plaintiffs' counsel
for privilege review and production in accordance with their professional
responsibility to protect client privileges. As described in this letter, the Early files
are likewise being produced and undergoing the process of being scanned,
numbered and reviewed. Any agreement to produce files of absent class members
will be without waiver of the attorney client privilege and the right to challenge
production of privileged documents.

[4] Plaintiffs produced the table of information Bevan compiled regarding the named
plaintiffs which provides not only the case specific information, but also lists the
fields of data that could be collected by the Bevan firm.

Honorable Roberto A. Rivera-Soto
November 17, 2017
Page 4

hypothetical and premature at this point, particularly given that plaintiffs'

certification petition has not yet been filed.

      BASF's claim that the Bevan data serves as a source of information

plaintiffs require regarding the putative class and thus, presumably, making

production of the Cahill database unnecessary, misses the mark as well. The

defendants overlook the limited scope of the Bevan data when compared with the

Cahill database. Cahill's database captured information about *all* plaintiffs who

filed claims against Engelhard in every jurisdiction in which Engelhard was sued

and not just the Bevan firm's Ohio claimants.  Moreover, unlike Bevan, Cahill and

its former client, BASF, are defendants in this case and subject to discovery as

such.

      The defendants also seek to extend the scope of Your Honor's putative

absent class member discovery ruling by reference to "new information" that

Bevan's files were electronically scanned. Before addressing defendants'

suggestion that plaintiffs' counsel mislead the Court in that regard, Your Honor

was clear that, given your conclusion that the Bevan Firm's application for a

protective order lacked a proper record, the decision was not based on findings one

way or the other regarding the burden of reviewing files. Hearing transcript, pp.

91-94.

Honorable Roberto A. Rivera-Soto
November 17, 2017
Page 5

Regarding the form of the Bevan files, both plaintiffs' counsel and Bevan's counsel from the issuance of the original subpoena seeking absent putative class member files have, as BASF quotes at page 2 of its letter motion, advised defendants that review of paper and electronic files would be required to comply with the discovery to be produced. We also advised defense counsel, that while all files have been scanned, there are those where paper files have been maintained as well. Furthermore, as Your Honor is mindful, the burden associated with reviewing 3000 client files (or 400 as defendants now want done in a matter of days without any support for that level of production) is significant whether the files are maintained in paper or electronic format. And before that reviewing begins, the Bevan firm must identify the proper client representative to contact and get consent to production of the client file to Plaintiffs' counsel to review.  This is no small task given the passage of time and death of many of the original clients over the period relevant to the allegations in this case. While we do not yet know the exact challenges involved in identifying the client and/or surviving representative for the 30 files from whom permission for disclosure is being sought, it is reasonable to suggest that doing so will be a significant undertaking in and of itself. Multiplying the number of files by more than tenfold would make an already difficult task more than just burdensome to the point of harassment.

Honorable Roberto A. Rivera-Soto
November 17, 2017
Page 6

For these reasons, we request that Your Honor deny the defendants request

to expand the October 27, 2017 discovery order regarding the Bevan files.

**BASF's Motion for Immediate Production of the Early Files Should be Denied.**

We have already advised defense counsel that we expect the Early files to

arrive in our office shortly and it is our intent to produce documents contained

within them and/or log those documents we believe to be privileged with Your

Honor. We believed, based upon the transcript of your ruling where Your Honor

consistently referred to the three law firms (Bevan, Rothenberg and Early) together

regarding putative class member discovery, that the November 2 due date in the

Order was an administrative error. Hearing transcript, pp. 149- 154. To the extent

Your Honor views it otherwise, we apologize and request a *nunc pro tunc*

modification of the Court's Order to reflect that production of the Early files occur

on or before November 27, 2017.

**BASF's Motion for Discovery of Certain Communication Between Class Counsel and Bevan Office Has Not been Properly Made under the Federal Rules of Civil Procedure and Should Also be Denied as Seeking Privileged Information.**

Defendants seek discovery of any agreements between class counsel and the

Bevan office and correspondence regarding policies and procedures relating to the

preservation of evidence. In the first instance, neither of these documents has been

Honorable Roberto A. Rivera-Soto
November 17, 2017
Page 7

formally requested by the defendants. Rather, these requests came in a series of

letters sent following the October 26, 2017 hearing before your Honor. Given our

belief that this discovery would be improper, we ask that the Rules of Civil

Procedure be observed with a formal request followed by formal responses.

BASF's request for inter-counsel agreements parallels plaintiffs' request for

information regarding, and copies of, agreements entered into between the

defendants in this case. Your Honor denied this discovery request. Should your

Honor consider the defendants' motion regarding any agreement among plaintiffs'

counsel and the Bevan Office, we would seek to renew and reargue our motion for

production of any indemnity agreement, whether one that stands alone or is part of

a common defense agreement, that exists among any of the defendants.

### Defendants Should be Directed to Follow Federal Rules of Civil Procedure for Depositions They Seek.

Defendants seek the deposition of a records custodian from the Bevan office.

We have no inherent objection to that deposition, however, especially as Bevan is a

non-party, we would consider such to be a 30(b)(6) deposition and should be

noticed through Bevan's counsel in accordance with the Rules of Civil Procedure.

As your Honor has previously ruled concerning the depositions of the defendants,

Mr. Bevan's deposition should be limited to a single 7-hour deposition on all

properly noticed issues.

Honorable Roberto A. Rivera-Soto
November 17, 2017
Page 8

Thank you for your consideration of this submission.

Respectfully submitted,

*HARRY M. ROTH /s/*

CHRISTOPHER M. PLACITELLA
HARRY M. ROTH

HMR/bad
cc:  Via ECF filing only
       All counsel of record