

# SOKOLOVE, GROSS & SAGOSKIN, PC

Attorneys at Law

2080 Cabot Boulevard West
Suite 201
Langhorne, PA 19047
Phone: 267-564-5554
Fax: 215-504-2300

Barry L. Gross
Arthur R. Sagoskin
Robert D. Sokolove *
* Also Admitted Washington D.C. and Maryland

**Reply to LANGHORNE**

8400 Bustleton Avenue
Suite 201, Philadelphia, PA 19152
Toll Free: 1-866-LAW-7702

Former Members:
Michael J. Stief, Jr. (1982-2011)
Hon. Leonard B. Sokolove

November 21, 2017

**VIA ECF**

The Honorable Roberto A. Rivera-Soto
Ballard Spahr, LLP
210 Lake Drive East
Suite 2900
Cherry Hill, NJ 08042

    Re:    Williams v. BASF Catalysts, LLC, et al.
             U.S.D.C. N.J.; No. 2:11-cv-01754

Dear Judge Rivera-Soto:

I am writing on behalf of our client, the Rothenberg Law Firm, LP ("Rothenberg") and Jeffrey C. Schwartz, Esquire ("Schwartz"). The purpose of this letter is to respectfully request that the Court rescind its Order of October 27, 2017, as it relates to Rothenberg and Schwartz, or otherwise reconsider the same. The basis for this request is the consideration of an Ethical Opinion we obtained on the matter which raises significant troublesome impacts to our client, which are more clearly outlined in the Ethical Opinion attached hereto as Exhibit "A".

**Relevant Procedural History**

As the Court knows, this matter arises from a subpoena *duces tecum* addressed to Rothenberg and a subpoena *duces tecum* and notice of deposition addressed to Schwartz generally addressing the subject of files previously handled by the Rothenberg firm (the so-called "1800 files"). Significantly, neither Rothenberg nor Schwartz, or Rothenberg's 1800 clients, are parties to the instant litigation.



SOKOLOVE, GROSS
& SAGOSKIN, PC

November 21, 2017
Page No. 2

From the outset, these document requests and subpoena for the deposition testimony of Schwartz created substantial logistical challenges. Rothenberg will not reassert each and every one of these concerns in this Letter as they have previously been briefed to His Honor. Suffice it to say that the challenges posed by this document request existed at the time that the request was made and continue to exist. They include, among other things, locating and identifying hundreds of documents stored in boxes at an off-site storage facility not owned or controlled by Rothenberg. Having to ship these documents to the Rothenberg firm may be difficult enough. However, the Court ordered that Attorney Christopher Placitella should "randomly" select 18 files from the broader set of documents. Of course, Placitella, at best, will only be able to address certain files from the subset of the pallet of files pulled from storage (Rothenberg does not have access physically to the files – they are delivered by the storage facility).

But this is just the start of the logistics question. As the Court has previously been advised, Rothenberg has had no contact with these files or his then-clients for well over 25 years. He has no idea whether a "random" 18 files includes deceased or non-deceased ex-plaintiffs. If they are all deceased, and Rothenberg will have no way of knowing this, either way, his "client" no longer exists and any effort to obtain approvals necessary to evaluate these files, let alone pass on information of a confidential nature from these files, would presumably have to be addressed by the heirs, whoever they may be, wherever they may be and located by some means not yet calculated by Rothenberg.

These issues are just the background of what results from the Court's Order. The dangers and ethical risks associated with this endeavor are of gravest concern to Rothenberg which forms the basis for this request. To be clear, and in all due respect to Your Honor's Order, the ethical prohibitions of releasing the requested/ordered files demands that this position be taken up with this Honorable Court. Moreover, the prohibition against turning these files over to the Defendants survives the death of the previous client and cannot, in all due respect to the Court, be obviated simply because a Court has so ordered. Based on an Opinion written by Robert H. Davis, Jr., Esquire, a noted ethics expert in Pennsylvania, Rothenberg's position on this Order to produce documents will now be addressed as follows.

**<u>Argument</u>**

The thrust of Rothenberg and Schwartz's position on the ethical limitations in this situation are aptly outlined in the Opinion provided to us by Robert H. Davis, Jr., Esquire, dated November 20, 2017. First, some background regarding Mr. Davis. As his Curriculum Vitae (attached hereto as Exhibit "B") clearly indicates, Mr. Davis is one of the leading ethical experts in Pennsylvania and, quite frankly, is noted for his expertise on a national basis. He has written extensively on numerous areas of legal ethics and his reputation is beyond repute. (See Davis Opinion, Exhibit "A" hereto).



SOKOLOVE, GROSS
& SAGOSKIN, PC

November 21, 2017
Page No. 3

The issues before this Court are significant, to say the least. After having proceeded for years, the matter became significantly burdensome to a Federal Judge, then a Federal Magistrate and now rests with Your Honor. There is no doubt that this case deserves to be moved forward and Rothenberg/Schwartz understand and appreciate the Court's intentions in attempting to streamline the case and move the discovery train down the tracks.

It is also fair to say that to entities such as Rothenberg, who are not even parties to this matter, there is a balance to be struck between requiring certain mandated discovery against the obvious burdens producing such discovery would have upon this non-party. It is for this very reason that Rothenberg believes that Your Honor attempted in good faith to lessen this burden on Rothenberg by requiring that the law firm produce "only" 18 files at this juncture. Unfortunately, while the intention is understandable, in the eyes of a most preeminent legal ethics expert, it fails to address the lingering ethical issues that still face the Rothenberg firm in this situation. So, among the many concerns addressed by Mr. Davis in his Opinion Letter to me, his observation and conclusion on Page 2 is most telling; "In such circumstance, a person accessing such files cannot know which files to 'pull' and pulling a random 18 such files as required by Special Master Rivera-Soto's Order – *or pulling a single file* – for delivery to a non-Rothenberg attorney would be a violation, whether the client is still alive or not, of Rule 1.6(a) and attorney-client privileged law.

Were this not legally significant enough, Mr. Davis goes on to point out that the likelihood exists that "other confidential and sensitive information such as medical records and social security numbers of the clients" would also likely be revealed in such a discovery transfer. And, while it is not specifically in Mr. Davis' Opinion Letter, he even discussed with me the fact that even at this juncture, turning these files over to Mr. Placitella is also likely a violation as he neither has nor had in the past been in an attorney-client relationship with the individuals who are the subject of the file search.

Moreover, it is significant that Mr. Davis notes in his Opinion that Pennsylvania has **not** adopted the provisions of ABA Model Rule 1.6(b)(4)(2000), which provides that an attorney **may** disclose confidential client information if ordered by a Court. Mr. Davis rightly notes that Rothenberg has a duty to protect the entire contents of the files he holds for every one of the 1800 clients he formally represented and that, even if the clients are deceased, that fact does not end the duty not to reveal and to protect confidential information under Rule 1.6 (Davis Opinion, Page 3). Mr. Davis goes on to state that "Attorney Rothenberg cannot 'pick' any file, much less 18, without a fully-informed waiver by the client."



**SOKOLOVE, GROSS & SAGOSKIN, PC**

November 21, 2017
Page No. 4

Finally, Mr. Davis' Opinion properly points out that under Rule 8.5 of the Rules of Professional Conduct, specifically, the section regarding Disciplinary Authority: Choice of Law, Rothenberg is required to obey the more restrictive provisions of Pennsylvania Rule 1.6(a), (d) and (e) than perhaps a less restrictive determination which could otherwise be made in New Jersey. He also opines that the so-called "Order of Court" exception does not exist in Pennsylvania. As such, it is his strong recommendation that Rothenberg and his firm are obligated to guard client confidences even in the face of Your Honor's Order to the contrary. Failing to resist this Order subjects Rothenberg (and presumably Schwartz), to be exposed to criticism and ethical liability.

Mr. Davis also points to specific statutory protection for file content that is attorney-client privileged material, pointing to 42 Pa.C.S. § 5928. "As there has been no necessary waiver by clients…and as death of a client does not end or dilute that privilege, the ethical and fiduciary duty of the Rothenberg firm strongly and vigorously to resist disclosure of the files on that basis also exists. Failure of that duty also could have liability repercussions."

### Conclusions

As noted above, Rothenberg and Schwartz are respectful of what the Court is attempting to accomplish with respect to this complicated discovery situation. They also respect the Court's desire to move the matter forward in an efficient and expeditious manner. However, even a casual reading of Mr. Davis' Opinion Letter clearly points out that the well-intentioned attempts to move this matter along cannot be a basis for ignoring the foundational privileges and obligations defined by the Rules of Conduct that are applicable to this matter. While there are principles involved in this ongoing dispute, there are also real concerns that Rothenberg has regarding ethical violations and legal liability. And again, the Court is reminded that today, Rothenberg is not an attorney of record in this matter, his ex-clients are not parties to this matter and frankly, they are probably not still his "clients" except for the responsibilities he continues to hold for them to protect their confidential and privileged materials.

For the reasons set forth above, this Honorable Court is respectfully requested to reconsider its Order with respect to the Rothenberg files and instruct Mr. Placitella that at least at this juncture, or until such time as this ethical issue is resolved, that Mr. Placitella is precluded from obtaining or reviewing the Rothenberg files.

Respectfully submitted,

ROBERT D. SOKOLOVE, *Pro Hac Vice*
rds/r
Attachments