LAW OFFICES

**COHEN, PLACITELLA & ROTH**

A PROFESSIONAL CORPORATION

TWO COMMERCE SQUARE

2001 MARKET STREET, SUITE 2900

PHILADELPHIA, PENNSYLVANIA 19103

———

(215) 567-3500

FAX (215) 567-6019

www.cprlaw.com

RED BANK, NJ

LEMOYNE, PA

BALA CYNWYD, PA

PITTSBURGH, PA

CHERRY HILL, NJ

November 29, 2017

**VIA ECF**

The Honorable Roberto A. Rivera-Soto
Special Discovery Master
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08042

Re: *Williams v. BASF Catalysts LLC*, No. 11-1754 (D.N.J.)

Dear Justice Rivera-Soto:

We write to supplement the factual record with respect to BASF's pending letter motion dated November 13th to compel the production of additional putative class members' client files possessed by Bevan & Associates, LPA ("The Bevan Firm"). *See* ECF 372–75.

Now that Plaintiffs have substantially completed the putative class member discovery as ordered by the Court (see ECF 360, 366), we provide a descriptive and definitive accounting of the effort undertaken to comply with the Court's Orders. A certification is attached hereto. That Plaintiffs' Counsel expended 326.3 hours over 11 days to comply with the Court's Order demonstrates that BASF's request for 370

The Honorable Roberto A. Rivera-Soto
November 29, 2017
Page 2

additional client files is disproportionate to the needs of this case and should be

denied. *See* Fed. R. Civ. P. 26(b)(1).

Respectfully submitted,

/s/ *Harry M. Roth*
Harry M. Roth
Christopher M. Placitella

*Counsel for Plaintiffs*
*and the Proposed Class*

Enclosures

cc:    All Counsel of Record (*via ECF*)

**COHEN, PLACITELLA & ROTH, P.C.**
Harry M. Roth, Esq. (*pro hac vice*)
2001 Market Street, Ste. 2900
Philadelphia, PA 19103
(215) 567-3500
**Attorneys for Plaintiffs and the Proposed Class**

| | |
|---|---|
| **KIMBERLEE WILLIAMS**, *et al.* | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs, | DOCKET NO. 2:11-cv-01754 |
| vs. | CIVIL ACTION |
| **BASF CATALYSTS LLC**, *et al.* | **CERTIFICATION OF** |
| Defendants. | **HARRY M. ROTH, ESQ.** |

I, HARRY M. ROTH, hereby certify as follows:

1. I was admitted *pro hac vice* in this matter on June 15, 2011. ECF 32.

2. I am a shareholder in the law firm of Cohen, Placitella & Roth, P.C., and am fully familiar with the facts set forth herein.

3. I submit this Certification in support of Plaintiffs' request to supplement the record before the Court in its consideration of Defendant BASF Catalysts LLC's motion to compel the production of additional client files belonging to putative class members represented by Bevan & Associates LPA. *See* ECF 372–375.

4. On October 26, 2017, Special Discovery Master Rivera-Soto ordered that Plaintiffs' counsel randomly and arbitrarily select thirty (30) of the putative plaintiffs' client files in this action maintained by Bevan & Associates LPA, segregate documents contained in those files into either non-privileged documents

1

or documents under a claim of privilege, generate a privilege log listing all claimed-privilege documents, and produce non-privilege documents to Defendants and privileged-documents to the Special Discovery Master.  *See* ECF 360 ¶ 3(a)–(e).

5.     Also on October 26, 2017, Special Discovery Master Rivera-Soto ordered that Plaintiffs' counsel produce the client files of putative class members maintained by Early, Lucarelli & Sweeny & Meisenkothen ("Early Firm"), segregate documents contained in those files into either non-privileged documents or documents under a claim of privilege, generate a privilege log listing all claimed-privilege documents, and produce non-privilege documents to Defendants and privileged-documents to the Special Discovery Master.  *See* ECF 361 ¶ 2(a)–(e).

6.     As part of that production, pursuant to the Court's Order, Plaintiffs were ordered to produce documents and information related to putative plaintiffs' decedents' settlement of their underlying cases with Engelhard only and not in respect of any other party.  *See* ECF 366 ¶ 3.

7.     On November 14, 2017, after extensive meet-and-confer conversations, the parties agreed that Plaintiffs would use Excel's randomizing function to identify thirty files of absent class members to be selected.  Those files were identified on November 15, 2017.

8.     Once identified, Bevan & Associates produced the selected case files to Plaintiffs' counsel for their review on November 16, 2017.

9.      Pursuant to meet-and-confer discussions, Bevan & Associates LPA also agreed to produce loose files relating to the "Talc Defendants" (including Engelhard), which pertain to both the Ohio Named Class Representatives (Plaintiffs Holley, Pease, Ware, Wengerd and Williams) as well as the 30 selected putative class members.  These files were produced to Plaintiffs' counsel on November 14, 2017.

10.     In total, Bevan & Associates LPA produced 10,253 pages of electronic files. 9,406 pertained to the putative member client files, and 847 were from Bevan's loose files.

11.     The electronic files were produced to Plaintiffs' counsel as ".pdf", however, the files were not word-searchable as they were imaged in non-OCR form.

12.     In total, the Early Firm produced 6,284 of pages of paper files pertaining to the files of its 3 putative class members, which were then scanned and converted to electronic format for review.

13.     To comply with the Court's Order, 10 attorneys and 6 staff participated in the document review and data entry.  In total, Plaintiffs' Counsel (specifically Cohen, Placitella & Roth, P.C.), expended **326.3 hours** in total.  This included time to:

    a.  Coordinate project logistics, including, tasking assignments, receiving productions, and discussions with Electronically Stored Information (ESI) consultants on how to review and ultimately produce documents received.

b. Train attorneys and staff on ESI document-reviewer platforms and the basic contents of a historical asbestos-client file.

c. Review the documents produced for privilege or production.

d. Secondary review of the documents to be produced to ensure that no privileged documents are inadvertently produced or discoverable documents withheld. This review was performed exclusively by attorneys.

e. Supervision of attorneys' privilege review and answer inquiries as to specific documents.

f. Create, assemble, review and edit the privilege log and where warranted, adjust decisions regarding discovery of specific documents. This review and process was performed exclusively by attorneys.

14. In total, **264.1 hours** was spent on the review and preparation of production of 34 files. The following is an accounting of time spent on each file with an average of **7.768 hours per file**:

a. Bennett, Anthony (Bevan): 5.6 hours

b. Benson, McKenzie (Bevan): 6.1 hours

c. Biggers, Samuel (Bevan): 8 hours

d. Briggs, Larry (Bevan): 8.7 hours

e. Brown, Melvin (Bevan): 5 hours

f. Cheezan, Daniel (Bevan): 11.2 hours

4

g.  Compton, Clay (Bevan): 1.8 hours

h.  Cottrill, Ray (Bevan): 7.6 hours

i.   Cuevas, Angel (Bevan): 10.4 hours

j.   Curry, Clyde (Bevan): 5 hours

k.  Donald, Johnny (Bevan): 7 hours

l.   Gasper, Jimmie (Bevan): 11.3 hours

m. Harris, Roosevelt (Bevan): 8.8 hours

n.  Henline, Lester (Bevan): 6.7 hours

o.  Huffman, William (Bevan): 8.8 hours

p.  Johnson, Marvin (Bevan): 8 hours

q.  Knight, Tom (Bevan): 5.7 hours

r.   Michael, Issa (Bevan): 7.5 hours

s.  Monty, Samuel (Bevan): 8 hours

t.   Nebgen, Joseph (Bevan): 6.2 hours

u.  Rinehart, Richard (Bevan): 7.5 hours

v.  Sestili, Paul (Bevan): 5.8 hours

w.  Sparks, Donald (Bevan): 6.2 hours

x.  Turpin, Richard (Bevan): 3.7 hours

y.  Venus, Gary (Bevan): 3.6 hours

z.  Villers, Eugene (Bevan): 8.8 hours

    aa. Wagner, Don (Bevan): 7.3 hours

    bb. Whitaker, Charles (Bevan): 3.8 hours

    cc. Wilkerson, Claire (Bevan): 17.4 hours

    dd. Wittreich, Michael (Bevan): 7.1 hours

    ee. Lanza, Santo (Early): 6.8 hours

    ff. Parker, Jon (Early): 7.5 hours

    gg. Santopietro, Dominick (Early): 24.1 hours

    hh. Bevan General: 7.1 hours

15.    Were the Court to order that 370 more Bevan putative member client files are to be produced, as BASF now requests, plaintiffs' counsel could reasonably expect to expend at least **2,874.16 hours** [7.768 hrs./file x 370 files] to comply.  This estimate does not include significant, non-client specific time to facilitate, supervise, and coordinate any future productions.  *See, e.g., supra* ¶ 12(a), (b), (e).

16.    To assist Plaintiffs' counsel in the processing and production of the documents and information ordered to be produced, Plaintiffs have used the services of Gemean Corp., a professional organization specializing in Electronically Stored Information (ESI).  Gemean spent approximately 80 hours on this project and has charged approximately $15,000 for its labor, as well as, document platform hosting and processing charges.  Plaintiffs' counsel reserves the right to supplement this

certification to provide a specific accounting of Gemean's time and expense if necessary.

17.     Were the Court to order that 370 more Bevan putative member client files are to be produced, as BASF now requests, plaintiffs' counsel could reasonably expect to expend spend significantly more to comply.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiffs

By: _____
HARRY M. ROTH, ESQ.

Dated:  November 29, 2017

7