Eugene F. Assaf, P.C. (*pro hac vice*)
Michael F. Williams
Daniel A. Bress (*pro hac vice*)
Peter A. Farrell (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
655 15th St., N.W.
Washington, D.C. 20005
Phone: (202) 879-5000
Facsimile: (202) 879-5200

Justin T. Quinn
**ROBINSON MILLER LLC**
One Newark Center, 19th Floor
Newark, New Jersey 07102
Phone: (973) 690-5400
Facsimile: (973) 466-2761

*Counsel for Defendant BASF Catalysts LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KIMBERLEE WILLIAMS, ET AL.,** | : | No. 2:11-cv-01754 (JLL) (JAD) |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : | **DECLARATION OF EUGENE F. ASSAF** |
| **BASF CATALYSTS LLC, ET AL.,** | : | |
| Defendants. | : | |

I, Eugene F. Assaf, declare that:

1. I am an attorney at law and a partner with the law firm of Kirkland & Ellis LLP in Washington, D.C.

2. I am one of the counsel of record for Defendant BASF Catalysts LLC ("BASF") in this action.

3. I make this Declaration in support of BASF's letter-motion to compel production of an unredacted version of the database of putative class members maintained by the Bevan Law Firm ("Bevan").

4. I respectfully submit that I made good-faith efforts to confer with counsel representing plaintiffs and Bevan to resolve this discovery dispute in accordance with Local Rule 37.1. As set forth below, those efforts were unsuccessful, and the parties are at an impasse on the present dispute.

5. On November 29, 2017, counsel for Bevan wrote to the Court indicating that "the Bevan Firm is open to discussing the production of a report containing specific information from [Bevan's client database] for the putative class if the report will be covered by the same non-waiver protection Defendants have sought for their own databases." ECF No. 380 at 9.

6. On November 30, 2017, the Court entered an order regarding the Bevan database and directed the parties to "cooperate with each other to produce

what is needed in order to properly prosecute and defend this action." ECF No. 381 at 4.

7. On December 5, 2017, I wrote to plaintiffs' counsel inquiring as to plaintiffs' position on production of the Bevan database. Plaintiffs' counsel, Harry Roth, responded the next day indicating that he "contemplated that some information, such as social security numbers are beyond the scope of discovery but could not speak for the [Bevan] firm."

8. On December 8, 2017, Mr. Roth sent to me via e-mail a set of proposed redactions to the Bevan database. According to Mr. Roth, the proposed redactions "reflect either work product, privileged information or are otherwise outside the scope of discoverable information."

9. On December 11, 2017, I wrote to Mr. Roth explaining BASF's position that the redacted information was relevant and discoverable because, among other reasons, Chief Judge Linares's August 3, 2017 opinion held that plaintiffs waived their privilege and work-product protections.

10. On December 12 and 13, 2017, I exchanged e-mails with Mr. Roth and Mr. Little, counsel for Bevan, regarding the proposed redactions and the status of Bevan's production of the database.

11. On December 14, 2017, I spoke by telephone with Mr. Roth and Mr. Little regarding their proposed redactions to the Bevan database. Following our

conversation, Mr. Roth and Mr. Little agreed to produce some, but not all, of the information that they previously proposed to redact. The parties reached an impasse on the remaining redactions.

Pursuant to 28 U.S.C. § 1746, I hereby declare that the foregoing is true and correct to the best of my knowledge and belief.

Date: December 15, 2017                */s/ Eugene F. Assaf*_____
                                       Eugene F. Assaf