# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **KIMBERLEE WILLIAMS**, individually, as personal representative of the Estate of Charles L. Williams, deceased on behalf of said estate, and as representative of others similarly situated; **NANCY PEASE**, individually, as personal representative of the Estate of William Clark, deceased on behalf of said estate, and as representative of others similarly situated; **MARILYN L. HOLLEY**, as personal representative of the Estate of Kathryn Darnell, deceased on behalf of said estate, and as representative of others similarly situated; **DONNA WARE**, individually as personal representative of the Estate of Ralph Ware, deceased on behalf of said estate, and as representative of others similarly situated; and **DONNETTE WENGERD**, individually, as personal representative of the Estate of Jennifer Graham, deceased on behalf of said estate, and as representative of others similarly situated, and **ROSANNE CHERNICK**, individually, as personal representative of the Estate of Steven Chernick, deceased on behalf of said estate, and as representative of others similarly situated, | : : : : : : : : : : : : : : : : : : : | Civil Action No.  11-cv-1754 (JLL) (JAD) <br><br><br> CIVIL ACTION |
| Plaintiffs, | : : : : | |
| v. | : : : | |
| **BASF CATALYSTS LLC, CAHILL GORDON & REINDEL LLP, CAHILL GORDON & REINDEL**, a partnership including a professional corporation, **THOMAS D. HALKET, ARTHUR A. DORNBUSCH II, GLENN HEMSTOCK, HOWARD G. SLOANE (A/K/A "PETER SLOANE"), IRA J. DEMBROW, JOHN DOE BUSINESS ENTITIES 1 to 100; JOHN DOE BUSINESS ENTITIES 101 to 200; JOHN DOE LAWYERS 1 to 500**; and, **JOHN DOE 1 to 500,** | : : : : : : : : : : : | |
| Defendants. | | |

## BASF CATALYSTS LLC'S SECOND SET OF INTERROGATORIES TO KIMBERLEE WILLIAMS

Pursuant to Federal Rule of Civil Procedure 33, defendant BASF Catalysts LLC ("BASF") hereby requests that plaintiff Kimberlee Williams ("Plaintiff") answer in writing, within thirty (30) days after service hereof, the following interrogatories ("Interrogatories").  In answering, Plaintiff is required to furnish all information that is available to her, regardless of whether this information is possessed by Plaintiff, her agent(s), attorney(s), or anyone else.  If

any of these Interrogatories cannot be answered in full, Plaintiff must answer to the extent possible, specifying the reason for her inability to answer the remainder and stating whatever information, knowledge, or belief she has concerning the unanswered portion.

## **DEFINITIONS**

As used in these Interrogatories, the following definitions shall apply unless otherwise noted:

1.       "Action" means any federal or state litigation, arbitration, administrative agency proceeding, bankruptcy proceeding, claims process, or proceeding of any kind in any forum in which a claim for relief of any kind is made.

2.       The terms "And" and "Or" include each other within their meaning, whether both are referenced or otherwise.

3.       The terms "Any" and "All" include each other within their meaning, whether both are referenced or otherwise.

4.       "Asbestos" has the same meaning as that term is used in the Complaint.

5.       "BASF" means defendant BASF Catalysts LLC and any of its predecessors or successors in interest, all parents, subsidiaries, sisters, affiliates, and divisions, as well as current and former assigns, agents, employees, officers, directors, partners, attorneys and any other persons or entities acting or purporting to act on behalf of Any of them.

6.       "Communication(s)" or "Communicate" means any form of information, exchange, or attempted exchange, including but not limited to written, oral, or electronic exchanges; exchanges by letter, telephone, facsimile, email, face-to-face conversation, meeting or conference; any exchange whether or not written, taped, or recorded; any exchange without limit to the time, place, or circumstances of its occurrence; and/or any other transmittal of information by any media by any manner.

2

7.       "Complaint" means the "Second Amended Class Action Complaint" filed by You in *Williams v. BASF Catalysts*, Civil Action No. 11-cv-01754 (D.N.J.) on July 16, 2015.

8.       "Decedent" means Charles L. Williams.

9.       The term "Document" is used herein in its customary and broadest sense under Federal Rule of Civil Procedure 34(a)(1), and includes, without limitation:  the original or a copy as well as drafts and all versions of all writings and recordings; material that is stored, compiled or organized by means of any electronic, magnetic, optical or mechanical device, such as by handwriting, typewriting, printing, photostating, or filming; agreements, analytical data, art work, audio recordings, books, bulletins, calendars, computer tapes, computer storage media, contracts, correspondence, diagrams, diaries, drawings, email, facsimiles, forms, interoffice communications, keypunch cards, letters, memoranda, messages, notes, papers, photographs, pictures, pleadings, proposals, reports, studies, surveys, sketches, telexes, telegrams, telecopies, telegraphs, telex communications, video recordings, and worksheets; and any writing or recording prepared on or with any other physical objects.

10.       "Emtal Talc" means the talc mined, milled, manufactured, and processed at the talc mine and mill in Johnson, Vermont, operated by the Eastern Magnesia Talc Company from 1967 to 1983, which was marketed and sold under the brand name "Emtal" and distributed in various grade numbers, including, among others, 41, 42, 43, 44, 4190, 500, 549, and 599.

11.       "Exposure" and "Exposed" have the same meaning as those terms are used in the Complaint.

12.       "Identify" or "Identity" means: (a) when used in reference to a natural person, state his or her full name, address, and telephone number; (b) when used in reference to a corporation, state its full corporate name, any names under which it does business, and its place

3

of incorporation; (c) when used in reference to a partnership, state its full name, any name under which it does business, the place or any certificate of partnership, state its full name, any name under which it does business, the place or any certificate of partnership (or other similar Document) filing, and the address of its principal place of business; (d) when used in reference to a Document, state the Document, litigation number or Bates number, if applicable, otherwise the number of pages and the nature of the Document (e.g., letter, memorandum, etc.), its title, its date, the name or names of its authors or recipients, and its present location or custodian; (e) when used in reference to a Communication, if any part of the Communication was written, identify the Document or Documents which refer to, relate to, or evidence the Communication, and, to the extent that the Communication was non-written, identify the Persons, participating in or witnessing the Communication, and state the date and substance of the Communication.

13. "Injury" has the same meaning as that term is used in the Complaint.

14. "Manufactured" means manufactured, fabricated, designed, modified, labeled, assembled, manufactured for others, or packaged.

15. "Other Defendant" means Any of the defendants, aside from BASF, identified in the Complaint or, where specified, in the Underlying Action.

16. "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal state, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

17.    "Product" and "Products" have the same meaning as those terms are used in the Complaint.

18.    "Putative Class" means the putative class alleged in the Complaint.

19.    "Relating To" means Relating To, reflecting, concerning, referring to, constituting, embodying, connected to, in connection with, comprising, regarding, evidencing, describing, identifying, stating, analyzing, containing information concerning, and/or in any way pertaining to the subject matter of this action.

20.    "Sold" means sold, offered for sale, distributed, or marketed.

21.    "Supplied" means supplied, distributed, or furnished.

22.    "Underlying Action" means *Charles L. Williams, et al. v. Abex Corp., et al.*, Case No. 92-229108 filed in the Court of Common Pleas, Cuyahoga County, Ohio on or about March 19, 1992, and removed to the United States District Court for the Northern District of Ohio on or about May 4, 1992 (Case No. 1:92-CV-10471).

23.    "You" and "Your" mean Kimberlee Williams, as well as all present and former agents, attorneys or representatives of Kimberlee Williams or Decedent.

24.    For purposes of construing the scope of these Requests:

(a)    The use of the singular form of any word includes the plural and vice versa.

(b)    The word "including" shall be construed to introduce a non-exhaustive list, and and to mean "including but not limited to."

(c)    The terms "all," "any," and "each" shall each be construed as addressing any and all.

5

(d)     The connectives "and" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(e)     The scope of these Requests shall not be construed narrowly based on any inferences drawn from the phrasing of any other Request.

(f)     Any reference to communications "between" two parties shall include any and all communications involving both parties whether or not additional parties are involved and whether or not both parties are recipients of the communication.

25.     The masculine form of a word should be read to include the feminine, and the feminine form of a word should be read to include the masculine.  And any pronouns shall be construed to refer to the masculine, feminine, or neuter gender as is most appropriate in each case.

## **INTERROGATORIES**

INTERROGATORY NO. 1:

Describe all damages, losses, harm, or other relief for which You contend BASF is responsible, including but not limited to:

(a)     The amount of damages, loss, harm or other relief;

(b)     The method for calculating that damage, loss, harm, or other relief;

(c)     The basis for calculating that damage, loss, harm, or other relief;

(d)     How that damage, loss, harm, or other relief differs, if at all, from the damages Decedent claimed in his original complaint in the Underlying Action.

INTERROGATORY NO. 2:

Identify each and every Person who previously filed an Action against BASF based on

exposure to Emtal Talc, including for each Person:

 (a) The Person's Name;

 (b) The Person's Address;

 (c) The Person's current legal representative, if any;

 (d) The case name, number, and venue for the Person's previously-filed Action(s) against BASF;

 (e) All other Action(s) for relief filed by the Person against any Other Defendant or non-party based on exposure to Asbestos;

 (f) The counsel of record for the Person's previously-filed Action(s);

 (g) The Person's Asbestos-related Injury, if any;

 (h) The circumstances of the Person's exposure to Emtal Talc;

 (i) The Person's total damages attributable to Asbestos exposure;

 (j) The Person's portion of total damages attributable to BASF;

 (k) The Person's damages attributable to the fraud and/or fraudulent concealment alleged in the Second Amended Complaint.

## INTERROGATORY NO. 3:

Identify each and every Person who did not file an Emtal-related claim against BASF because of the fraud and fraudulent concealment alleged in the Second Amended Complaint, including for each Person:

 (a) The Person's Name;

 (b) The Person's Address;

 (c) The Person's current legal representative, if any;

 (d) All other Action(s) for relief filed by the Person against any Other Defendant or non-party based on exposure to Asbestos;

(e)      The counsel of record for the Person's previously-filed Action(s);

(f)      The person's Asbestos-related Injury, if any;

(g)      The circumstances of the Person's exposure to Emtal Talc;

(h)      The Person's total damages attributable to Asbestos exposure;

(i)      The Person's portion of total damages attributable to BASF;

(j)      The Person's damages attributable to the fraud and/or fraudulent concealment alleged in the Second Amended Complaint.

INTERROGATORY NO. 4:

Describe whether each Putative Class representative and Putative Class member has the "original" Documents (as opposed to copies or electronically scanned versions) from their Underlying Actions, including:

(a)      Whether and when each Putative Class member's or Putative Class representative's "original" Documents were destroyed, discarded, or not retained;

(b)      Whether and when copies, electronically scanned versions, or other reproductions of the Documents were made, including who made them;

(c)      Whether You have copies, electronically scanned versions, or other reproductions of all Documents from the Underlying Action;

(d)      Whether the Putative Class representative's or Putative Class member's Documents were subject to a document-retention policy.

(e)      Whether any Document (original or copy) from the Underlying Action is no longer available, including the reason(s) the Documents are no longer available; and

(f)     Whether each Putative Class representative and Putative Class member contends that copies, electronically-scanned versions, or other reproductions of "original" Documents are adequate substitutes for the "original" Documents.

<u>INTERROGATORY NO. 5:</u>

As Putative Class representative, describe Your trial plan for this case, including but not limited to Your trial plan for the following issues:

(a)     Your process for establishing, without undertaking person-by-person inquiries, the existence of injury for a particular plaintiff, causation for a particular plaintiff, reliance by a particular plaintiff, materiality for a particular plaintiff, and the amount of any damages for that particular plaintiff;

(b)     Your process for determining, without undertaking person-by-person inquiries, whether a person is a member of the Putative Class you seek to represent;

(c)     Your process for identifying and providing notice to Putative Class members;

(d)     Your process for determining whether heirs or other individuals have legal authority to act on behalf of Putative Class members who may be deceased;

(e)     Your process for calculating and distributing any damages that may be awarded in this case to Putative Class members.

<u>INTERROGATORY NO. 6:</u>

Identify all common questions of law or fact that You contend exist under Federal Rule of Civil Procedure 23(a)(2) and/or predominate under Rule 23(b)(3) and state specifically:

(a)     The Identity of the putative class(es) that you contend satisfies Rule 23(a)(2) commonality and Rule 23(b)(3) predominance;

(b)     Each issue that You contend satisfies Rule 23(a)(3) commonality and Rule 23(b)(3) predominance;

(c)     Each material fact that supports Your contention(s);

(d)     The Documents that support your contention(s).

INTERROGATORY NO. 7:

Identify all Facts, including Documents, that support Your contention that the Putative Class representatives satisfy the requirements of typicality and/or adequacy under Rules 23(a)(3)-(4).

INTERROGATORY NO. 8:

Identify all Facts, including Documents, that support Your contention that the Putative Class satisfies the superiority requirement of Rule 23(b)(3), including the reasons why You contend that a class action method of adjudication is superior to alternative methods.

## **CERTIFICATION OF SERVICE**

I certify that on this day counsel for the following parties were served electronically with

Defendant BASF Catalysts LLC's Second Set of Interrogatories to Kimberlee Williams:

Christopher M. Placitella, Esquire
Michael Coren, Esquire
Jared Placitella, Esquire
Michael Coren, Esquire
Cohen Placitella & Roth PC
127 Maple Avenue
Red Bank, NJ 07701

Jeffrey Pollock, Esquire
Fox Rothschild LLP
997 Lenox Drive, Building 3,
Princeton Pike Corporate Center
Lawrenceville, NJ, 08648-2311
*Attorneys for Plaintiffs*

John K. Villa, Esquire
David S. Blatt, Esquire
Grant A. Geyerman, Esquire
Cassandra B. Fields, Esquire
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005

Robert E. Ryan, Esquire
Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068
*Attorneys for Defendants Cahill Gordon & Reindel LLP,*
*Cahill Gordon & Reindel, Howard Sloane, and Ira J. Dembrow*

Eric Tunis, Esquire
Herold Law
25 Independence Blvd.
Warren, NJ 07059-6747
*Attorney for Defendant Thomas D. Halket*

[continued on next page]

Kevin Marino, Esquire
John A. Boyle, Esquire
Marino, Tortorella & Boyle PC
437 Southern Blvd.
Chatham, NJ 07928
*Attorneys for Defendant Arthur A. Dornbusch II*


_____*/s/ Michael F. Williams*_____
Michael F. Williams

Dated: November 7, 2017