# EXHIBIT C

**Cohen, Placitella & Roth, P.C.**
Christopher M. Placitella, Esq. (NJ Atty #: 027781981)
Michael Coren, Esq. (NJ Atty #: 024871979)
Jared M. Placitella, Esq. (NJ Atty #: 068272013)
127 Maple Avenue
Red Bank, NJ 07701
(732) 747-9003

**Fox Rothschild LLP**
Jeffrey M. Pollock, Esq. (NJ Atty #: 015751987)
Princeton Pike Corp. Center
997 Lennox Drive, Building 3
Lawrenceville, NJ 08648
(609) 896-7660
**Attorneys for Plaintiffs and the Putative Class**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KIMBERLEE WILLIAMS**, et al., | HONORABLE JOSE L. LINARES |
| Plaintiffs, | CIVIL ACTION NO. 11-1754 (JLL) (JAD) |
| vs. | |
| **BASF CATALYSTS, LLC**, et al., | |
| Defendants. | |

**RESPONSE OF PLAINTIFFS TO BASF
CATALYST LLC'S SECOND SETS OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Kimberlee Williams, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd, and Rosanne Chernick, ("Plaintiffs") object and respond to Defendant BASF Catalysts LLC's Second Sets of Interrogatories addressed to each Plaintiff in the following responses.  In addition, Plaintiffs preface these responses by noting that:

1.      As Plaintiffs' counsel has informed the Court, two Plaintiffs are incapacitated and are in the process of being substituted. Plaintiff Donna Ware and her personal representative, Randall Ware, have both died. Accordingly, acting Representative Sheila Ware (Randall's Ware's surviving wife) answers on behalf of the Estate of Ralph Ware. Plaintiff Nancy Pease suffers from advanced dementia. Accordingly, acting Representative Gayle Williams (Nancy's sister) answers on behalf of the Estate of Jim Clark.

### DEFENDANT BASF's DEFINITIONS

1. "Action" means any federal or state litigation, arbitration, administrative agency proceeding, bankruptcy proceeding, claims process, or proceeding of any kind in any forum in which a claim for relief of any kind is made.

2. The terms "And" and "Or" include each other within their meaning, whether both are referenced or otherwise.

3. The terms "Any" and "All" include each other within their meaning, whether both are referenced or otherwise.

4. "Asbestos" has the same meaning as that term is used in the Complaint.

5. "BASF" means defendant BASF Catalysts LLC and any of its predecessors or successors in interest, all parents, subsidiaries, sisters, affiliates, and divisions, as well as current and former assigns, agents, employees, officers, directors, partners, attorneys and any other persons or entities acting or purporting to act on behalf of Any of them.

6. "Communication(s)" or "Communicate" means any form of information, exchange, or attempted exchange, including but not limited to written, oral, or electronic exchanges; exchanges by letter, telephone, facsimile, email, face-to-face conversation, meeting or conference; any exchange whether or not written, taped, or recorded; any exchange without limit to the time, place, or circumstances of its occurrence; and/or any other transmittal of information by any media by

any manner.

5. "BASF" means defendant BASF Catalysts LLC and any of its predecessors or successors in interest, all parents, subsidiaries, sisters, affiliates, and divisions, as well as current and former assigns, agents, employees, officers, directors, partners, attorneys and any other persons or entities acting or purporting to act on behalf of Any of them.

6. "Communication(s)" or "Communicate" means any form of information, exchange, or attempted exchange, including but not limited to written, oral, or electronic exchanges; exchanges by letter, telephone, facsimile, email, face-to-face conversation, meeting or conference; any exchange whether or not written, taped, or recorded; any exchange without limit to the time, place, or circumstances of its occurrence; and/or any other transmittal of information by any media by any manner.

7. "Complaint" means the "Second Amended Class Action Complaint" filed by You in Williams v. BASF Catalysts, Civil Action No. 11-cv-01754 (D.N.J.) on July 16, 2015.

8. "Decedent" means [any of the following:] Charles L. Williams, Kathryn Darnell, Ralph Ware, Jennifer Graham or Steven Chernick.

9. The term "Document" is used herein in its customary and broadest sense under Federal Rule of Civil Procedure 34(a)(1), and includes, without limitation: the original or a copy as well as drafts and all versions of all writings and recordings; material that is stored, compiled or organized by means of any electronic, magnetic, optical or mechanical device, such as by handwriting, typewriting, printing, photostating, or filming; agreements, analytical data, art work, audio recordings, books, bulletins, calendars, computer tapes, computer storage media, contracts, correspondence, diagrams, diaries, drawings, email, facsimiles, forms, interoffice communications, keypunch cards, letters, memoranda, messages, notes, papers, photographs,

pictures, pleadings, proposals, reports, studies, surveys, sketches, telexes, telegrams, telecopies, telegraphs, telex communications, video recordings, and worksheets; and any writing or recording prepared on or with any other physical objects.

10. "Emtal Talc" means the talc mined, milled, manufactured, and processed at the talc mine and mill in Johnson, Vermont, operated by the Eastern Magnesia Talc Company from 1967 to 1983, which was marketed and sold under the brand name "Emtal" and distributed in various grade numbers, including, among others, 41, 42, 43, 44, 4190, 500, 549, and 599.

11. "Exposure" and "Exposed" have the same meaning as those terms are used in the Complaint.

12. "Identify" or "Identity" means: (a) when used in reference to a natural person, state his or her full name, address, and telephone number; (b) when used in reference to a corporation, state its full corporate name, any names under which it does business, and its place of incorporation; (c) when used in reference to a partnership, state its full name, any name under which it does business, the place or any certificate of partnership, state its full name, any name under which it does business, the place or any certificate of partnership (or other similar Document) filing, and the address of its principal place of business; (d) when used in reference to a Document, state the Document, litigation number or Bates number, if applicable, otherwise the number of pages and the nature of the Document (e.g., letter, memorandum, etc.), its title, its date, the name or names of its authors or recipients, and its present location or custodian; (e) when used in reference to a Communication, if any part of the Communication was written, identify the Document or Documents which refer to, relate to, or evidence the Communication, and, to the extent that the Communication was non-written, identify the Persons, participating in or witnessing the Communication, and state the date and substance of the Communication.

13. "Injury" has the same meaning as that term is used in the Complaint.

14. "Manufactured" means manufactured, fabricated, designed, modified, labeled, assembled, manufactured for others, or packaged.

15. "Other Defendant" means any of the defendants, aside from BASF, identified in the Complaint or, where specified, in the Underlying Action.

16. "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal state, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal state, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

17. "Product" and "Products" have the same meaning as those terms are used in the Complaint.

18. "Putative Class" means the putative class alleged in the Complaint.

19. "Relating To" means Relating To, reflecting, concerning, referring to, constituting, embodying, connected to, in connection with, comprising, regarding, evidencing, describing, identifying, stating, analyzing, containing information concerning, and/or in any way pertaining to the subject matter of this action.

20. "Sold" means sold, offered for sale, distributed, or marketed.

21. "Supplied" means supplied, distributed, or furnished.

17. "Product" and "Products" have the same meaning as those terms are used in the Complaint.

18. "Putative Class" means the putative class alleged in the Complaint.

19. "Relating To" means Relating To, reflecting, concerning, referring to, constituting, embodying, connected to, in connection with, comprising, regarding, evidencing, describing, identifying, stating, analyzing, containing information concerning, and/or in any way pertaining to the subject matter of this action.

20. "Sold" means sold, offered for sale, distributed, or marketed.

21. "Supplied" means supplied, distributed, or furnished.

22. "Underlying Action" means Charles L. Williams, et al. v. Abex Corp., et al., Case No. 92-229108 filed in the Court of Common Pleas, Cuyahoga County, Ohio on or about March 19, 1992, and removed to the United States District Court for the Northern District of Ohio on or about May 4, 1992 (Case No. 1:92-CV-10471) or the similar respective actions identified in the Complaint filed by or behalf of the Decedents of the Named Plaintiffs.

23. "You" and "Your" mean Kimberlee Williams[, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd, and Rosanne Chernick], as well as all present and former agents, attorneys or representatives of Kimberlee Williams[, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd, and Rosanne Chernick] or Decedent[s]..

24. For purposes of construing the scope of these Requests:

(a) The use of the singular form of any word includes the plural and vice versa.

(b) The word "including" shall be construed to introduce a non-exhaustive list, and to mean

"including but not limited to."

(c) The terms "all," "any," and "each" shall each be construed as addressing any and all.

## GENERAL OBJECTIONS

All of the General Objections below are incorporated into each of the individual responses and have the same force and effect as if fully set forth therein.  Plaintiff objects to Defendant's interrogatories to the extent that:

1.      Defendant BASF's definitions and instructions seek to impose obligations that exceed or differ from the requirements of the Federal Rules of Civil Procedure.

2.       They seek to require responses or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil Procedure.

3.       They seek to establish or imply a waiver of Plaintiffs' right to challenge the relevancy, materiality, or admissibility of the documents or information provided by Plaintiffs, or to object to the use of documents or information in any subsequent proceeding or trial.  In responding, Plaintiffs do not waive the right to challenge the relevancy, materiality, and/or admissibility of the documents or information provided by Plaintiffs, or to object to the use of the documents or information in any later proceeding or trial.

4.      They call for legal conclusions, non-testifying expert discovery or premature expert discovery.

5.      They seek disclosure of documents, communications, information, and things protected by the attorney-client privilege or that constitute attorney work-product/trial preparation materials or any other privileged documents or information, as well as documents or information that were compiled or prepared at the request and direction of counsel in anticipation of, or in conjunction with, litigation that are protected by the attorney work product doctrine; items and

information obtained by Plaintiffs' attorneys that involve their professional skill and experience; legal research, including delegated research—which includes research or investigation by Plaintiffs' attorneys, or by persons hired by Plaintiffs' attorneys and acting under their supervision; strategic litigation planning, mental impressions (or documents reflecting such planning or impressions); and documents gathered by Plaintiffs' attorneys while researching issues in this case. Further, it would also be unduly burdensome and oppressive to search for, compile, and make a description of the nature of each such document, communication, etc.

6.      They seek documents or information within the exclusive possession, custody or control of Defendant.

7.      They seek documents or information contained in the pleadings and other papers filed in this action.

8.      They are "contention" type.

9.      They seek to impose investigation, review, and production expense burdens that outweigh any likely benefits.

10.     They are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11.     They may cause or require Plaintiff to violate any protective or confidentiality order, or confidentiality agreement.

12.     They may cause or require Plaintiff to violate any confidentiality or non-disclosure provision of a Bankruptcy or Settlement Trust.

13.     They are vague, ambiguous, oppressive, and not susceptible to a reasoned interpretation.

14.     They are redundant to proceedings or requirements set by the Court or Special Discovery Master and to that extent Plaintiffs view the interrogatory as preempted by the Court's management orders.

## INTERROGATORIES

INTERROGATORY NO. 1:

Describe all damages, losses, harm, or other relief for which You contend BASF is responsible, including but not limited to:

(a)     The amount of damages, loss, harm or other relief;

(b)     The method for calculating that damage, loss, harm, or other relief;

(c)     The basis for calculating that damage, loss, harm, or other relief;

(d)     How that damage, loss, harm, or other relief differs, if at all, from the damages Decedent claimed in his original complaint in the Underlying Action.


**RESPONSE:** In addition to the General Objections set forth above, Plaintiffs object to this Interrogatory as vague, ambiguous, and unduly burdensome.  Plaintiffs further object that information responsive to this interrogatory is in possession of the Defendants in this action and is otherwise set forth in Plaintiffs' Second Amended Complaint. This interrogatory is also objectionable to the extent it calls for information protected by the attorney-client communication and work product privileges, particularly given that the definition of "You" includes present and former attorneys.

By way of further response, information regarding damages, losses, and harms will be provided in Plaintiffs' Motion for Class Certification, the discovery that follows, and

accordingly, this response will be supplemented at the appropriate time by that filing and subsequent discovery. Plaintiffs further object to the extent this discovery is redundant to management order directed filings such as the Class Certification Motion.

By way of further reply, this interrogatory calls for the opinion of an expert witness. Expert witnesses have not been identified at this time and Plaintiffs reserve the right to supplement this response when expert witnesses are identified.

This interrogatory also objectionably invades the province of the fact finder in determining remedies, damages, loss, and harm, and the calculation thereof.

Plaintiffs reserve the right to supplement this response as discovery continues.

INTERROGATORY NO. 2:

Identify each and every Person who previously filed an Action against BASF based on exposure to Emtal Talc, including for each Person:

(a) The Person's Name;

(b) The Person's Address;

(c) The Person's current legal representative, if any;

(d) The case name, number, and venue for the Person's previously-filed Action(s) against BASF;

(e) All other Action(s) for relief filed by the Person against any Other Defendant or non-party based on exposure to Asbestos;

(f) The counsel of record for the Person's previously-filed Action(s);

(g) The Person's Asbestos-related Injury, if any;

(h) The circumstances of the Person's exposure to Emtal Talc;

(i) The Person's total damages attributable to Asbestos exposure;

(j) The Person's portion of total damages attributable to BASF;

(k) The Person's damages attributable to the fraud and/or fraudulent concealment alleged in the Second Amended Complaint.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiffs object to this Interrogatory as vague, ambiguous, and unduly burdensome.  Plaintiffs further object that information responsive to this interrogatory is in possession of the Defendants in this action and has otherwise been provided to Defendants in discovery, to the extent that it is available.

Plaintiffs reserve the right to supplement this response as discovery continues.

INTERROGATORY NO. 3:

Identify each and every Person who did not file an Emtal-related claim against BASF because of the fraud and fraudulent concealment alleged in the Second Amended Complaint, including for each Person:

(a) The Person's Name;

(b) The Person's Address;

(c) The Person's current legal representative, if any;

(d) All other Action(s) for relief filed by the Person against any Other Defendant or non-party based on exposure to Asbestos;

(e) The counsel of record for the Person's previously-filed Action(s);

(f) The person's Asbestos-related Injury, if any;

(g) The circumstances of the Person's exposure to Emtal Talc;

(h) The Person's total damages attributable to Asbestos exposure;

(i) The Person's portion of total damages attributable to BASF;

(j) The Person's damages attributable to the fraud and/or fraudulent concealment alleged in the Second Amended Complaint.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiffs object to this Interrogatory as vague, ambiguous, and unduly burdensome.  It is also improper, premature class discovery and beyond the scope of discovery. Plaintiffs further object that information responsive to this interrogatory is in possession of the Defendants in this action or the individual members of the putative class members and/or their counsel.

Plaintiffs reserve the right to supplement this response as discovery continues.

INTERROGATORY NO. 4:

Describe whether each Putative Class representative and Putative Class member has the "original" Documents (as opposed to copies or electronically scanned versions) from their Underlying Actions, including:

(a) Whether and when each Putative Class member's or Putative Class representative's "original" Documents were destroyed, discarded, or not retained;

(b) Whether and when copies, electronically scanned versions, or other reproductions of the Documents were made, including who made them;

(c) Whether You have copies, electronically scanned versions, or other reproductions of

all Documents from the Underlying Action;

(d) Whether the Putative Class representative's or Putative Class member's Documents were subject to a document-retention policy.

(e) Whether any Document (original or copy) from the Underlying Action is no longer available, including the reason(s) the Documents are no longer available; and

(f) Whether each Putative Class representative and Putative Class member contends that copies, electronically-scanned versions, or other reproductions of "original" Documents are adequate substitutes for the "original" Documents.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiffs object to this Interrogatory as seeking information beyond the scope of discovery under the Federal Rules of Civil Procedure. As posed the questions are also vague, ambiguous, harassing, unduly burdensome and not in good faith and presume and/or suggest a duty upon plaintiffs and/or their family members who were plaintiffs in any underlying action that did and does not exist. To the extent it seeks case specific information from putative absent class members it is improper absent class member discovery.

Plaintiffs further object on the basis that information and documents responsive to this interrogatory may already be in the possession, custody or control of the Defendants from the proceedings and discovery in each of their respective Decedents' Underlying Actions.

To the extent representative plaintiffs have documents responsive to this interrogatory, they or their copies, as permitted by FRCP 34 (2)(B) have been provided or identified as privileged in response to defendants' requests for production of documents.

. To the extent this interrogatory concerns documents in the possession of putative class

members, Plaintiffs have no information upon which to form a response at this time.

Plaintiffs reserve the right to supplement this response as discovery continues.

INTERROGATORY NO. 5:

As Putative Class representative, describe Your trial plan for this case, including but not limited to Your trial plan for the following issues:

(a) Your process for establishing, without undertaking person-by-person inquiries, the existence of injury for a particular plaintiff, causation for a particular plaintiff, reliance by a particular plaintiff, materiality for a particular plaintiff, and the amount of any damages for that particular plaintiff;

(b) Your process for determining, without undertaking person-by-person inquiries, whether a person is a member of the Putative Class you seek to represent;

(c) Your process for identifying and providing notice to Putative Class members;

(d) Your process for determining whether heirs or other individuals have legal authority to act on behalf of Putative Class members who may be deceased;

(e) Your process for calculating and distributing any damages that may be awarded in this case to Putative Class members.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiffs object to this Interrogatory as vague, ambiguous, and unduly burdensome and not proportionate discovery. The question is also preempted by the Court's case management orders as it concerns matters relating to class certification discovery under the management of the Court's Special Discovery Master. This interrogatory is also objectionable to the extent it calls for information protected by the attorney-client communication and work product privileges. The question is objectionable as

it calls for special  expertise in class action procedures and class action notice and benefit administration,which is not a proper fact question to pose to the representative Plaintiffs. Furthermore, Plaintiffs object to this interrogatory to the extent it is premature, as we are in the early stages of pre-certification class discovery.

Plaintiffs will provide information regarding exhibits and trial witnesses in accordance with the Federal Rules of Civil Procedure at such time as required by appropriate case management orders.

INTERROGATORY NO. 6:

Identify all common questions of law or fact that You contend exist under Federal Rule of Civil Procedure 23(a) (2) and/or predominate under Rule 23(b) (3) and state specifically:

(a) The Identity of the putative class(es) that you contend satisfies Rule 23(a)(2) commonality and Rule 23(b)(3) predominance;

(b) Each issue that You contend satisfies Rule 23(a) (3) commonality and Rule 23(b) (3) predominance;

(c) Each material fact that supports Your contention(s);

(d) The Documents that support your contention(s).

**RESPONSE:** In addition to the General Objections set forth above, Plaintiffs objects to this Interrogatory as vague, ambiguous, and unduly burdensome. It is also an objectionable contention interrogatory.

This interrogatory is further objectionable to the extent it calls for information protected by the attorney-client communication and work product privileges. Furthermore, Plaintiffs object

to this interrogatory to the extent it is premature, as the case is in the early stages of pre-certification class discovery and any beyond those already set out in the Second Amended Complaint, will be specified in Plaintiffs' motion for class certification.

Without waiver of objections, Plaintiffs refer defendant to their Second Amended Complaint which lists numerous common questions responsive to this interrogatory, along with the documents attached to the Complaint. Defendant is also referred to the testimony of the following witnesses and documents marked during their depositions:

1. Depositions of Ellen Poole in *Paduano* case (October 14, 2010; May 25, 2010) and the *Sampson* case (May 23, 2012 and April 2, 2014).

2. Deposition of Glenn A. Hemstock, Ph.D. in *Sampson* May 9, 2012 (Vol.  I); May 29, 2012 (Vol II); June 25, 2012 (Vol.  III); and June 27, 2012 (Vol.  IV).

3. Deposition of David Swanson June 15, 2009 in *Paduano*

4. Deposition of Daniel Steinmetz dated July 18, 19, and August 2, 2017 in *Sampson* and on October 11, 2017 in *Ross*.

Plaintiffs reserve the right to supplement this response at such time as after the class certification memoranda is filed and briefed

INTERROGATORY NO. 7:

Identify all Facts, including Documents, that support Your contention that the Putative Class representatives satisfy the requirements of typicality and/or adequacy under Rules 23(a) (3)-(4).

**RESPONSE:** In addition to the General Objections set forth above, Plaintiffs object to

this Interrogatory as vague, ambiguous, and unduly burdensome.  This interrogatory is also objectionable to the extent it calls for information protected by the attorney-client communication and work product privileges. Furthermore, Plaintiffs object to this interrogatory to the extent it is premature, as we are in the early stages of pre-certification class discovery.

Without waiver of objections, Plaintiffs refer defendant to their Second Amended Complaint which explains how and why they and their claims are typical.

Plaintiffs reserve the right to supplement this response at such time as after the class certification memoranda is filed and briefed.

INTERROGATORY NO. 8:

Identify all Facts, including Documents, that support Your contention that the Putative Class satisfies the superiority requirement of Rule 23(b) (3), including the reasons why You contend that a class action method of adjudication is superior to alternative methods.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiffs object to this Interrogatory as vague, ambiguous, and unduly burdensome.  This interrogatory is also objectionable to the extent it calls for information protected by the attorney-client communication and work product privileges. Furthermore, Plaintiffs object to this interrogatory to the extent it is premature, as we are in the early stages of pre-certification class discovery.

Without waiver of objections, Plaintiffs refer defendant to their Second Amended Complaint which explains how and why a class action adjudication of thousands of similar fraudulent concealment and fraud claims arising out of defendants' common spoliation of evidence and uniform fraudulent misrepresentations  and concealment is superior to alternative methods.

Plaintiffs reserve the right to supplement this response at such time as after the class

certification memoranda is filed and briefed

December 7, 2017                                    **COHEN, PLACITELLA & ROTH, P.C.**

                                                   /s/ *Jared M. Placitella*
                                                   Jared M. Placitella, Esq. (NJ Atty #: 068272013)
                                                   *As to Objections*

                                                   **FOX ROTHSCHILD LLP**
                                                   Jeffrey M. Pollock, Esq. (NJ Atty #: 015751987)
                                                   ***Attorneys for Plaintiffs and the Putative Class***

## VERIFICATION

I have reviewed the responses set forth above, and the same are accurate and complete to the best of my knowledge, information and belief, based upon my personal knowledge and review of appropriate documents.

I declare under penalty of perjury that the foregoing is true and correct.

BY: _____

Kimberlee Williams

Dated: _12-6-17_

## VERIFICATION

I have reviewed the responses set forth above, and the same are accurate and complete to the best of my knowledge, information and belief, based upon my personal knowledge and review of appropriate documents.

I declare under penalty of perjury that the foregoing is true and correct.


BY: _Rosanne Chernick_

Roseanne Chernick

Dated: _12 - 6 - 2017_

## VERIFICATION

I have reviewed the responses set forth above, and the same are accurate and complete to the best of my knowledge, information and belief, based upon my personal knowledge and review of appropriate documents.

I declare under penalty of perjury that the foregoing is true and correct.

BY: _____

Donnette Wengard

Dated: _12/7/17_____

## VERIFICATION

I have reviewed the responses set forth above, and the same are accurate and complete to the best of my knowledge, information and belief, based upon my personal knowledge and review of appropriate documents.

I declare under penalty of perjury that the foregoing is true and correct.

BY: _____

Marilyn Holley

Dated: 12/7/17

## VERIFICATION

I have reviewed the responses set forth above, and the same are accurate and complete to the best of my knowledge, information and belief, based upon my personal knowledge and review of appropriate documents.

I declare under penalty of perjury that the foregoing is true and correct.

_Gayle Williams_

Dated: _11-6-17_

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2017, I served the foregoing *Plaintiff's Responses to Defendant BASF's Catalysts Second Set of Interrogatories* on the following attorneys via email:

| | |
|---|---|
| Eugene F. Assaf, P.C.<br>Michael F. Williams, Esq.<br>Kirkland & Ellis, LLP<br>655 15th St., N.W.<br>Washington, D.C. 20005<br>eassaf@kirkland.com<br>mwilliams@kirkland.com | John K. Villa, Esq.<br>David Blatt, Esq.<br>Williams & Connolly, LLP<br>725 12th Street, N.W.<br>Washington, D.C. 20005<br>jvilla@wc.com<br>dblatt@wc.com |
| Justin T. Quinn, Esq.<br>Robinson Miller LLC<br>One Newark Center, 19th Floor<br>Newark, New Jersey 07102<br>jquinn@rwmlegal.com<br>*Attorneys for Defendant*<br>*BASF Catalysts, LLC* | Robert E. Ryan, Esq.<br>Connell Foley, LLP<br>85 Livingston Avenue<br>Roseland, New Jersey 07068<br>rryan@connellfoley.com<br>*Attorneys for Cahill Defendants* |
| John A. Boyle, Esq.<br>Marino, Tortorella & Boyle, P.C.<br>437 Southern Boulevard<br>Chatham, New Jersey 07928<br>jboyle@khmarino.com<br>*Attorneys for Defendant Dornbusch* | Eric Tunis, Esq.<br>Herold Law, P.A.<br>25 Independence Boulevard<br>Warren, New Jersey 07059<br>etunis@heroldlaw.com<br>*Attorney for Defendant Halket* |

**COHEN, PLACITELLA & ROTH, P.C.**

/s/ *Jared M. Placitella*
Jared M. Placitella, Esq. (NJ Atty #: 068272013)