# EXHIBIT I

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIMBERLEE WILLIAMS**, individually, as personal representative of the Estate of Charles L. Williams, deceased on behalf of said estate, and as representative of others similarly situated; **NANCY PEASE**, individually, as personal representative of the Estate of William Clark, deceased on behalf of said estate, and as representative of others similarly situated; **MARILYN L. HOLLEY**, as personal representative of the Estate of Kathryn Darnell, deceased on behalf of said estate, and as representative of others similarly situated; **DONNA WARE**, individually as personal representative of the Estate of Ralph Ware, deceased on behalf of said estate, and as representative of others similarly situated; and **DONNETTE WENGERD**, individually, as personal representative of the Estate of Jennifer Graham, deceased on behalf of said estate, and as representative of others similarly situated, and **ROSANNE CHERNICK**, individually, as personal representative of the Estate of Steven Chernick, deceased on behalf of said estate, and as representative of others similarly situated, | Civil Action No.  11-cv-1754 (JLL) (JAD)  CIVIL ACTION |
| Plaintiffs, | |
| v. | |
| **BASF CATALYSTS LLC, CAHILL GORDON & REINDEL LLP, CAHILL GORDON & REINDEL**, a partnership including a professional corporation, **THOMAS D. HALKET, ARTHUR A. DORNBUSCH II, GLENN HEMSTOCK, HOWARD G. SLOANE (A/K/A "PETER SLOANE"), IRA J. DEMBROW, JOHN DOE BUSINESS ENTITIES 1 to 100; JOHN DOE BUSINESS ENTITIES 101 to 200; JOHN DOE LAWYERS 1 to 500**; and, **JOHN DOE 1 to 500**, | |
| Defendants. | |

## BASF CATALYSTS LLC'S FIRST SET OF INTERROGATORIES TO KIMBERLEE WILLIAMS

Pursuant to Federal Rule of Civil Procedure 33, defendant BASF Catalysts LLC ("BASF") hereby requests that plaintiff Kimberlee Williams ("Plaintiff") answer in writing, within thirty (30) days after service thereof, the following Special Interrogatories, Set One ("Interrogatories").  In answering, Plaintiff is required to furnish all information that is available to her, regardless of whether this information is possessed by Plaintiff, her agent(s), attorney(s),

or anyone else.  If any of these Interrogatories cannot be answered in full, Plaintiff must answer to the extent possible, specifying the reason for her inability to answer the remainder and stating whatever information, knowledge, or belief she has concerning the unanswered portion.   In serving these Interrogatories, BASF does not admit that it made, sold, manufactured, marketed, or distributed any product, or had any customers.

## DEFINITIONS

As used in these Requests, the following definitions shall apply unless otherwise noted:

1.      "Action" means any federal or state litigation, arbitration, administrative agency proceeding, bankruptcy proceeding, claims process, or proceeding of any kind in any forum in which a claim for relief of any kind is made.

2.      The terms "And" and "Or" include each other within their meaning, whether both are referenced or otherwise.

3.      The terms "Any" and "All" include each other within their meaning, whether both are referenced or otherwise.

4.      "Asbestos" has the same meaning as that term is used in the Complaint.

5.      "BASF" means defendant BASF Catalysts LLC and any of its predecessors or successors in interest, all parents, subsidiaries, sisters, affiliates, and divisions, as well as current and former assigns, agents, employees, officers, directors, partners, attorneys and any other persons or entities acting or purporting to act on behalf of Any of them.

6.      "Communication(s)" or "Communicate" means any form of information, exchange, or attempted exchange, including but not limited to written, oral, or electronic exchanges; exchanges by letter, telephone, facsimile, email, face-to-face conversation, meeting or conference; any exchange whether or not written, taped, or recorded; any exchange without

2

limit to the time, place, or circumstances of its occurrence; and/or any other transmittal of information by any media by any manner.

7.    "Complaint" means the "Second Amended Class Action Complaint" filed by You in *Williams v. BASF Catalysts*, Civil Action No. 11-cv-01754 (D.N.J.) on July 16, 2015.

8.    "Decedent" means Charles L. Williams.

9.    The term "Document" is used herein in its customary and broadest sense under Federal Rule of Civil Procedure 34(a)(1), and includes, without limitation:  the original or a copy as well as drafts and all versions of all writings and recordings; material that is stored, compiled or organized by means of any electronic, magnetic, optical or mechanical device, such as by handwriting, typewriting, printing, photostating, or filming; agreements, analytical data, art work, audio recordings, books, bulletins, calendars, computer tapes, computer storage media, contracts, correspondence, diagrams, diaries, drawings, email, facsimiles, forms, interoffice communications, keypunch cards, letters, memoranda, messages, notes, papers, photographs, pictures, pleadings, proposals, reports, studies, surveys, sketches, telexes, telegrams, telecopies, telegraphs, telex communications, video recordings, and worksheets; and any writing or recording prepared on or with any other physical objects.

10.    "Emtal Talc" means the talc mined, milled, manufactured, and processed at the talc mine and mill in Johnson, Vermont, operated by the Eastern Magnesia Talc Company from 1967 to 1983, which was marketed and sold under the brand name "Emtal" and distributed in various grade numbers, including, among others, 41, 42, 43, 44, 4190, 500, 549, and 599.

11.    "Exposure" and "Exposed" have the same meaning as those terms are used in the Complaint.

3

12. "Identify" or "Identity" means: (a) when used in reference to a natural person, state his or her full name, address, and telephone number; (b) when used in reference to a corporation, state its full corporate name, any names under which it does business, and its place of incorporation; (c) when used in reference to a partnership, state its full name, any name under which it does business, the place or any certificate of partnership, state its full name, any name under which it does business, the place or any certificate of partnership (or other similar Document) filing, and the address of its principal place of business; (d) when used in reference to a Document, state the Document, litigation number or Bates number, if applicable, otherwise the number of pages and the nature of the Document (e.g., letter, memorandum, etc.), its title, its date, the name or names of its authors or recipients, and its present location or custodian; (e) when used in reference to a Communication, if any part of the Communication was written, identify the Document or Documents which refer to, relate to, or evidence the Communication, and, to the extent that the Communication was non-written, identify the Persons, participating in or witnessing the Communication, and state the date and substance of the Communication.

13. "Injury" has the same meaning as that term is used in the Complaint.

14. "Manufactured" means manufactured, fabricated, designed, modified, labeled, assembled, manufactured for others, or packaged.

15. "Other Defendant" means Any of the defendants, aside from BASF, identified in the Complaint or, where specified, in the Underlying Action.

16. "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal state, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or

government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

17.     "Product" and "Products" have the same meaning as those terms are used in the Complaint.

18.     "Relating To" means Relating To, reflecting, concerning, referring to, constituting, embodying, connected to, in connection with, comprising, regarding, evidencing, describing, identifying, stating, analyzing, containing information concerning, and/or in any way pertaining to the subject matter of this action.

19.     "Smoking History" as used herein means a summary that provides information regarding the extent of Decedent's use of tobacco products, including but not limited to cigarettes, cigarillos, and cigars.

20.     "Sold" means sold, offered for sale, distributed, or marketed.

21.     "Substantial Factor" is defined in Ohio Rev. Code Ann. § 2307.91(FF).

22.     "Supplied" means supplied, distributed, or furnished.

23.     "Underlying Action" means *Charles L. Williams, et al. v. Abex Corp., et al.*, Case No. 92-229108 filed in the Court of Common Pleas, Cuyahoga County, Ohio on or about March 19, 1992, and removed to the United States District Court for the Northern District of Ohio on or about May 4, 1992 (Case No. 1:92-CV-10471).

24.     "You" and "Your" mean Kimberlee Williams, as well as all present and former agents, attorneys or representatives of Kimberlee Williams or Decedent.

25.     For purposes of construing the scope of these Requests:

        (a)     The use of the singular form of any word includes the plural and vice versa.

(b)     The word "including" shall be construed to introduce a non-exhaustive list, and and to mean "including, but not limited to."

(c)     The terms "all," "any," and "each" shall each be construed as addressing any and all.

(d)     The connectives "and" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(e)     The scope of these Requests shall not be construed narrowly based on any inferences drawn from the phrasing of any other Request.

(f)     Any reference to communications "between" two parties shall include any and all communications involving both parties whether or not additional parties are involved and whether or not both parties are recipients of the communication.

26.     The masculine form of a word should be read to include the feminine, and the feminine form of a word should be read to include the masculine. And any pronouns shall be construed to refer to the masculine, feminine, or neuter gender as is most appropriate in each case.

## SPECIAL INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Persons with knowledge Relating To Your claims against BASF and the subject matter of their knowledge.

**INTERROGATORY NO. 2:**

Identify all Persons with knowledge Relating To the Underlying Action against Engelhard or its subsidiaries and the subject matter of their knowledge.

**INTERROGATORY NO. 3:**

Identify each Communication that occurred between You and Any other Person Relating

To the facts and circumstances alleged in the Underlying Action, including any Communication Relating To Your or Decedent's preparation for litigation in the Underlying Action.

**INTERROGATORY NO. 4:**

Identify all resolutions or dispositions of claims with Any Defendant named in the Underlying Action and/or any party who was not named in the Underlying Action, including for each settlement: the parties to the settlement, the amount of the settlement, the date of the settlement, and the reason why the claim was settled.

**INTERROGATORY NO. 5:**

Identify all evidence, including any Documents (and excluding Your own Testimony) that support Your contention that Decedent was exposed to Emtal Talc.

**INTERROGATORY NO. 6:**

If any of Decedent's blood relatives (*i.e.*, parents, grandparents, siblings, aunts, uncles, or cousins) had cancer of any type, describe the circumstances of the disease, including the name and relationship with each such Person and the type of cancer.

**INTERROGATORY NO. 7:**

Describe Decedent's Smoking History.

**INTERROGATORY NO. 8:**

Identify all Asbestos-containing Products to which Decedent was Exposed, including for each Product: the name of the Product, the dates of Exposure, the quantum of Exposure, and the places where the Exposure took place.

**INTERROGATORY NO. 9:**

Identify every workplace where Decedent was employed during his lifetime.

**INTERROGATORY NO. 10:**

Identify all locations where Decedent lived during his lifetime, including the specific address and dates of residence.

**INTERROGATORY NO. 11:**

Identify all information provided to Decedent and his counsel by counsel for Engelhard in Decedent's Underlying Action.

**INTERROGATORY NO. 12:**

Describe in detail the process behind Decedent's decision to settle with or dismiss Engelhard or its subsidiaries in the Underlying Action, including the Persons involved, the information reviewed, and the basis for the decision.

**INTERROGATORY NO. 13:**

Describe all efforts made by Decedent and his counsel in the Underlying Action to develop and prosecute claims against Engelhard and its subsidiaries.

## CERTIFICATION OF SERVICE

I certify that on this day counsel for the following parties were served electronically with

Defendant BASF Catalysts LLC's First Set of Interrogatories to Kimberlee Williams:

Christopher M. Placitella, Esquire
Micheal Coren, Esquire
Cohen Placitella & Roth PC
127 Maple Avenue
Red Bank, NJ 07701
*Attorneys for Plaintiffs*

John K. Villa, Esquire
David S. Blatt, Esquire
Grant A. Geyerman, Esquire
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005

Robert E. Ryan, Esquire
Marc D. Haefner, Esquire
Craig Demareski, Esquire
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068
*Attorneys for Defendants Cahill Gordon & Reindel LLP,*
*Cahill Gordon & Reindel, Howard Sloane, and Ira J. Dembrow*

Eric Tunis, Esquire
Oliver Salvagno, Esquire
Greenbaum Rowe Smith & Davis LLP
99 Wood Avenue South
Iselin, NJ 08830
*Attorneys for Defendant Thomas D. Halket*

Kevin Marino, Esquire
John A. Boyle, Esquire
Marino, Tortorella & Boyle PC
437 Southern Blvd.
Chatham, NJ 07928
*Attorneys for Defendant Arthur A. Dornbusch II*

Walter Timpone, Esquire
Walter R. Krzastek, Esquire
McElroy, Deutsch, Mulvaney & Carpenter LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962
*Attorneys for Defendant Glenn Hemstock*

_____*/s/ Michael F. Williams*_____
Michael F. Williams

Dated: October 23, 2015