# EXHIBIT J

**Cohen, Placitella & Roth, P.C.**
Christopher M. Placitella, Esq. (NJ Atty #: 027781981)
Michael Coren, Esq. (NJ Atty #: 024871979)
Jared M. Placitella, Esq. (NJ Atty #: 068272013)
127 Maple Avenue
Red Bank, NJ 07701
(732) 747-9003

**Fox Rothschild LLP**
Jeffrey M. Pollock, Esq. (NJ Atty #: 015751987)
Princeton Pike Corp. Center
997 Lennox Drive, Building 3
Lawrenceville, NJ 08648
(609) 896-7660
**Attorneys for Plaintiffs and the Putative Class**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIMBERLEE WILLIAMS**, et al., | HONORABLE JOSE L. LINARES |
| Plaintiffs, | CIVIL ACTION NO. 11-1754 (JLL) (JAD) |
| vs. | |
| **BASF CATALYSTS, LLC**, et al., | |
| Defendants. | |

**PLAINTIFF KIMBERLEE WILLIAMS ANSWERS TO
BASF CATALYSTS LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Kimberlee Williams, objects and responds to Defendant BASF Catalysts LLC's Special Interrogatories, Set One, as follows. In addition, Plaintiff notes that:

1.      That Plaintiff is responding subject to, without intending to waive, and expressly preserving: (a) any objections as to relevance, privilege, and admissibility of documents or information provided; and (b) the right to object to other discovery procedures involving or relating to the subject matter of BASF's requests.

2. That Plaintiff objects based on Plaintiff's attorneys' understanding of Defendant's language. Where it may be found that something was intended to be construed different from their interpretation, Plaintiff reserves the right to amend these objections. As Plaintiff's factual investigation and legal analysis is ongoing, these objections are without prejudice to later amendment and supplementation.

## **GENERAL OBJECTIONS**

All of the General Objections below are incorporated into each of the individual responses and have the same force and effect as if fully set forth therein. Plaintiff objects to Defendant's interrogatories to the extent that:

1. The definitions and instructions seek to impose obligations that exceed or differ from the requirements of the Federal Rules of Civil Procedure.

2. They seek to require responses or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil Procedure.

3. They seek to establish or imply a waiver of Plaintiff's right to challenge the relevancy, materiality, or admissibility of the documents or information provided by Plaintiffs, or to object to the use of documents or information in any subsequent proceeding or trial. In responding, Plaintiff does not waive the right to challenge the relevancy, materiality, and/or admissibility of the documents or information provided by her or her Co-plaintiffs, or to object to the use of the documents or information in any later proceeding or trial.

4. They call for legal conclusions, non-testifying expert discovery or premature expert discovery.

5. They seek disclosure of documents, communications, information, and things protected by the attorney-client privilege or that constitute attorney work-product/trial preparation materials or any other privileged documents or information, as well as documents

or information that were compiled or prepared at the request and direction of counsel in anticipation of, or in conjunction with, litigation that are protected by the attorney work product doctrine; items and information obtained by Plaintiff's attorneys that involve their professional skill and experience; legal research, including delegated research — which includes research or investigation by Plaintiff's attorneys, or by persons hired by Plaintiff's attorneys and acting under their supervision; strategic litigation planning, mental impressions (or documents reflecting such planning or impressions); and documents gathered by Plaintiff's attorneys while researching issues in this case. Further, it would also be unduly burdensome and oppressive to search for, compile, and make a description of the nature of each such document, communication, etc.

6. The inadvertent provision of information or the production by Plaintiff of documents pursuant to Fed. R. Civ. P. 33(d) containing information protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege, shall not constitute a waiver of such privileges with respect to that information or those or any other documents. In the event that inadvertent production occurs, Defendant shall return all inadvertently produced documents to Plaintiff upon request, and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

7. None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization contained in Defendant's First Set of Interrogatories. Plaintiff's written responses are made without waiving, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality or any other proper

grounds, to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; and (c) the right at any time to revise, correct, add or clarify any of the responses provided herein.

8. Plaintiff objects to any interrogatory as unduly and unnecessarily burdensome to the extent that it seeks information that is a matter of public record, already in the Defendant's possession, or otherwise readily available to Defendant, and, therefore, may be accessed and obtained by Defendant with less burden than Plaintiff can identify and provide requested information.

9. They seek documents or information contained in the pleadings and other papers filed in this action.

10. They are "contention" type discovery relating to claims, allegations contentions of pleadings, counts or claims.

11. They seek to impose investigation, review, and production expense burdens that outweigh any likely benefits.

12. They are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13. They may cause or require Plaintiff to violate any protective or confidentiality order, or confidentiality agreement.

14. They may cause or require Plaintiff to violate any confidentiality or non-disclosure provision of a Bankruptcy or Settlement Trust.

15. They are vague, ambiguous, oppressive, not susceptible to a reasoned interpretation, require speculation to determine their meaning, or use imprecise specifications of the information sought.

16. Unless otherwise indicated, Plaintiff will not provide information encompassed by their general responses and objections or by their specific objections set forth below. Plaintiffs, however, are willing to meet and confer with counsel for BASF and other defendants to discuss the parties entering a consent order under F.R.E. 502(d) regarding limited waiver of certain privileged communications and information relating to the dismissal or resolution of the claims against BASF (Engelhard) in the Underlying Actions, as well as BASF's and other Defendants' limited waiver of certain privileged communications and information relating to the issues in this case as outlined in the Second Amended Complaint.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all Persons with knowledge Relating to Your claims against BASF and the subject matter of their knowledge.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this interrogatory as vague and ambiguous. Plaintiff further objects on grounds information responsive to this interrogatory is in possession of the Defendants in this action. To the extent that it seeks the identity of "all persons", the interrogatory is premature as discovery has only recently commenced. The question is also disproportionately burdensome.

Subject to and without waiving the foregoing Objections, Plaintiff is personally unaware of anyone with knowledge of her claims against BASF in the matter of *Williams, et al. v. BASF Catalysts, LLC, et al.*, No. 11-cv-1754 (D.N.J.) other than her co-plaintiffs and her attorneys.

Persons not known personally to Plaintiff with knowledge may include former co-workers of Decedent who may attest to Decedent's exposure to EMTAL talc, Plaintiff's experts from the Underlying Action, and persons identified in Plaintiffs' Second Amended Complaint, as well as identified in documents produced by Defendant, or other defendants in this and related cases.

Plaintiff further refers Defendant to those persons and entities set forth in the Second Amended Complaint, the documents produced by BASF Catalysts, LLC in *Sampson v. BASF, et al.*, MID-L-5384-11 AS (N.J. Sup. Ct. Law Div.), her counsel, and possibly persons or entities identified in the parties Rule 26 Disclosures.

Plaintiff reserves the right to supplement her response as discovery continues.

**INTERROGATORY NO. 2:**

Identify all Persons with knowledge Relating to the Underlying Action against Engelhard or its subsidiaries and the subject matter of their knowledge.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, and unduly burdensome. Plaintiff further objects that information responsive to this interrogatory is in possession of the Defendants in this action.

Subject to and without waiving the foregoing Objections, Plaintiff's attorneys in the Underlying Action, may have knowledge relating to claims against Engelhard or its subsidiaries in that action. Plaintiff has knowledge of the Decedent's pain and suffering from his asbestos disease.

Persons not known personally to Plaintiff with knowledge may include former co-workers of Decedent who may attest to Decedent's exposure to EMTAL talc, Plaintiff's experts from the Underlying Action, and persons identified in Plaintiffs' Second Amended Complaint, as well as documents produced by Defendant, or other defendants in this and related cases.

Plaintiff reserves the right to supplement her response as discovery continues.

**INTERROGATORY NO. 3:**

Identify each Communication that occurred between You and Any other Person Relating to the facts and circumstances alleged in the Underlying Action, including any Communication Relating to Your or Decedent's preparation for litigation in the Underlying Action.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as overbroad and unduly burdensome. Plaintiff specifically objects to the terms "any other person", "facts and circumstances" and "preparation for litigation" as these terms are vague, ambiguous, and undefined. Plaintiff further objects to the extent that the information requested invades the attorney-client privilege.

Subject to and without waiving the foregoing Objections, Plaintiff has no personal information responsive to this request. Plaintiff reserves the right to supplement her response as discovery continues.

**INTERROGATORY NO. 4:**

Identify all resolutions of claims or dispositions with Any Defendant named in the Underlying Action and/or any party who was not named in the Underlying Action, including for each settlement: the parties to the settlement, the amount of the settlement, the date of the settlement, and the reason why the claim was settled.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, and unduly burdensome. Plaintiff further objects to the extent that the information requested invades the attorney-client privilege and requests Confidential/Privileged Information.

Subject to and without waiving the foregoing Objections, Plaintiff possesses no information responsive to this request beyond that which is available in records relating to the Underlying Action. Plaintiff reserves the right to supplement her response as discovery continues.

**INTERROGATORY NO. 5:**

Identify all evidence, including any Documents (and excluding Your own Testimony) that support Your contention that Decedent was exposed to Emtal Talc.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as overbroad and unduly burdensome. Subject to and without waiving the foregoing Objections, Plaintiff, in her document production, will provide any non-privileged information and documentation responsive to this request.

Persons not known personally to Plaintiff with knowledge may include former co-workers of Decedent who may attest to her late husband's exposure to EMTAL talc, Plaintiff's experts from the Underlying Action, and persons identified in Plaintiffs' Second Amended Complaint, as well as documents produced by Defendant, or other defendants in this and related cases.

Plaintiff reserves the right to supplement her response as discovery continues.

**INTERROGATORY NO. 6:**

If any of Decedent's blood relatives (*i.e.* parents, grandparents, siblings, aunts, uncles, or cousins) had cancer of any type, Describe the circumstances of the disease, including the name and relationship with each such Person and the type of cancer.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as irrelevant, overbroad and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing Objections, Plaintiff is not aware of any of Decedent's blood relatives that had cancer of any type. Plaintiff reserves the right to supplement her response as discovery continues.

**INTERROGATORY NO. 7:**

Describe Decedent's Smoking History.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as overbroad, vague and ambiguous. Subject to and without waiving the foregoing Objections, Plaintiff estimates her husband smoked approximately one-half pack of cigarettes per day. Plaintiff reserves the right to supplement her response as discovery continues.

**INTERROGATORY NO. 8:**

Identify all Asbestos-containing Products to which Decedent was Exposed, including for each Product: the name of the Product, the dates of Exposure, the quantum of Exposure, and the places where the Exposure took place.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as overbroad and unduly burdensome. Plaintiff further objects that information responsive to this interrogatory is in possession of the Defendants in this action.

Subject to and without waiving the foregoing Objections, Plaintiff recalls her husband discussing that he worked with and around asbestos-containing products at Goodyear. He also mentioned how he would work with talc, which required him to wash his hands in benzene in order to remove from his skin. Plaintiff further recalls her husband returning home from work with talc covering his clothing which she laundered.

By way of further response, Plaintiff refers Defendant to any evidence adduced in her husband's Underlying Action to the extent it still exists. Plaintiff reserves the right to supplement her response as discovery continues.

**INTERROGATORY NO. 9:**

Identify every workplace where Decedent was employed during her lifetime.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague and ambiguous. Subject to and without waiving the foregoing Objections, Plaintiff is aware only of Decedent's employment with Goodyear Tire & Rubber Co. Plaintiff refers Defendant to any evidence adduced in her husband's Underlying Action to the extent it still exists. Plaintiff reserves the right to supplement her response as discovery continues.

**INTERROGATORY NO. 10:**

Identify all locations where Decedent lived during his lifetime, including the specific address and dates of residence.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as irrelevant, and not calculated to the lead to the discovery of admissible evidence. Subject to and without waiving the foregoing Objections, Plaintiff responds as follows:
- Decedent resided on Sparhawk Avenue in Akron. OH prior to the early 1970 (specific address unknown);
- Decedent resided 888 Bertha Avenue, Akron, OH 44306 from 1985 to 1986;
- Decedent resided on Rosalind Avenue in Akron, OH from 1986 to 1990 (specific address unknown);
- Decedent resided at 2299 Winter Parkway, Cuyahoga Falls, OH 44306

**INTERROGATORY NO. 11:**

Identify all information provided to Decedent and his counsel by counsel for Engelhard in Decedent's Underlying Action.

**RESPONSE:** Plaintiff objects that information responsive to this interrogatory is in possession of the Defendants in this action, and accordingly, this interrogatory is unduly burdensome.

Subject to and without waiving the foregoing Objections, Plaintiff is not personally aware of or recollect the information provided to her husband and her counsel by counsel for Engelhard in Decedent's Underlying Action other than that which is set forth in the Second Amended Complaint. Plaintiff refers Defendant to information in its and/or its co-defendants' possession.

Plaintiff reserves the right to supplement this response as discovery continues.

**INTERROGATORY NO. 12:**

Describe in detail the process behind Decedent's decision to settle with or dismiss Engelhard or its subsidiaries in the Underlying Action, including the Persons involved, the information reviewed, and the basis for the decision.

**RESPONSE:** In addition to the General Objections set forth above, including but not limited to Objection No. 16, Plaintiff objects to this Interrogatory as overbroad and unduly burdensome. Plaintiff further objects to the extent that the information requested invades the attorney-client privilege.

Subject to and without waiving the foregoing Objections, my husband's attorneys in the Underlying Action had frequent conversations with my husband regarding the Underlying Action when my husband was alive and the case still pending.

After my husband's death, I too had conversations with Mr. Bevan about the status of the Underlying Action, but to a much lesser extent. Still, I am confident Mr. Bevan explained to us the decision to dismiss Engelhard from the Underlying Action, as he had with other events related to the case. My husband and I relied upon Mr. Bevan and agreed to his recommendation.

By way of further answer, on information and belief I understand there is evidence that my husband's case, and numerous other talc asbestos cases against Engelhard/BASF, were dismissed or resolved cheaply and without just compensation by Engelhard and BASF, based upon Engelhard/BASF's and Cahill's representations to attorneys, such as my and my husband's attorneys in the Underlying Action, that there was no asbestos in EMTAL talc and there was no evidence that there was any asbestos in EMTAL talc.

Plaintiff refers Defendant to the Second Amended Complaint, which was based upon her current attorney's investigation prior to this litigation, including the investigation results in the New Jersey lawsuits referred to in the Complaint.

Plaintiff reserves the right to supplement her response as discovery in this and related matters such as the *Sampson* case continue.

**INTERROGATORY NO. 13:**

Describe all efforts made by Decedent and her counsel in the Underlying Action to develop and prosecute claims against Engelhard and its subsidiaries.

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as overbroad and unduly burdensome. Plaintiff specifically objects to the term "develop" as this term is vague, ambiguous, and undefined. Plaintiff further objects to the extent that the information requested invades the attorney-client privilege. Subject to

and without waiving the foregoing Objections, Plaintiff possesses no personal information responsive to this request at this time, and refers Defendant to Plaintiff's Response to Interrogatory No. 12.

  By way of further answer, Plaintiff is generally aware that there was discovery and investigation conducted by her and her husband's attorneys as set out in the Second Amended Complaint which sought information about EMTAL talc. The Second Amended Complaint and attached exhibits also discuss the Bevan Law Firm's communications with the Cahill Gordon law firm who represented Engelhard/BASF. Plaintiff reserves the right to supplement her response as discovery continues.

Dated: December 23, 2016      **COHEN, PLACITELLA & ROTH, P.C.**

               /s/ *Jared M. Placitella*
               Jared M. Placitella, Esq. (NJ Atty #: 068272013)
               *As to Objections*

**Fox Rothschild LLP**
Jeffrey M. Pollock, Esq. (NJ Atty #: 015751987)
Princeton Pike Corp. Center
997 Lennox Drive, Building 3
Lawrenceville, NJ 08648
(609) 896-7660
**Attorneys for Plaintiffs and the Putative Class**

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2016, I served the foregoing *Plaintiff's Responses to Defendant's First Set of Interrogatories* on the following attorneys via Email:

| | |
|---|---|
| Eugene F. Assaf, P.C.<br>Kirkland & Ellis, LLP<br>655 15th St., N.W.<br>Washington, D.C. 20005<br>eassaf@kirkland.com | John K. Villa, Esq.<br>Williams & Connolly, LLP<br>725 12th Street, N.W.<br>Washington, D.C. 20005<br>jvilla@wc.com |
| Michael F. Williams, Esq.<br>Kirkland & Ellis, LLP<br>655 15th St., N.W.<br>Facsimile: (202) 879-5200<br>mwilliams@kirkland.com | Grant A. Geyerman, Esq.<br>Williams & Connolly, LLP<br>725 12th Street, N.W.<br>Washington, D.C. 20005<br>ggeyerman@wc.com |
| Justin T. Quinn, Esq.<br>Robinson Miller LLC<br>One Newark Center, 19th Floor<br>Newark, New Jersey 07102<br>jquinn@rwmlegal.com | Robert E. Ryan, Esq.<br>Connell Foley, LLP<br>85 Livingston Avenue<br>Roseland, New Jersey 07068<br>rryan@connellfoley.com |
| *Attorneys for Defendant, BASF Catalysts, LLC* | *Attorneys for Cahill Defendants* |
| Kevin H. Marino, Esq.<br>Marino, Tortorella & Boyle, P.C.<br>437 Southern Boulevard<br>Chatham, New Jersey 07928<br>kmarino@khmarino.com | Eric Tunis, Esq.<br>Herold Law, P.A.<br>25 Independence Boulevard<br>Warren, New Jersey 07059<br>etunis@heroldlaw.com |
| John A. Boyle, Esq.<br>Marino, Tortorella & Boyle, P.C.<br>437 Southern Boulevard<br>Chatham, New Jersey 07928<br>jboyle@khmarino.com | *Attorneys for Defendant Thomas Halket* |
| *Attorneys for Defendant Arthur Dornbusch* | |

Dated: December 23, 2016                                 **COHEN, PLACITELLA & ROTH, P.C.**

                                                         /s/  *Jared M. Placitella*
                                                         Jared M. Placitella