IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **KIMBERLEE WILLIAMS, et al.**, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :    Case No. 2:11-cv-1754-JLL-JAD |
| **BASF CATALYSTS LLC, et al.**, | : <br> : |
| Defendants. | : <br> : |

**ORDER FROM SPECIAL MASTER
RE ECF NO. 376**

**THIS MATTER** having been opened by the November 21, 2017 letter application of The Rothenberg Law Firm, L.P. ("Rothenberg") and Jeffrey C. Schwartz, Esq. ("Schwartz") (Sokolove, Gross, and Sagoskin, PC and Wilentz, Goldman & Spitzer, P.A., appearing) [ECF No. 376], seeking reconsideration of the October 26, 2017 order granting in part and denying in part Rothenberg's and Schwartz's motion to quash a subpoena *duces tecum* issued by defendant BASF Catalysts, LLC ("BASF") on Rothenberg and a deposition subpoena *ad testificandum* and *duces tecum* issued by BASF on Schwartz [ECF No. 362];

**AND,** on November 29, 2017, BASF (Kirkland & Ellis LLP and Robinson Miller LLC, appearing), having filed their opposition to Rothenberg's and Schwartz's letter application [ECF No. 377];

**AND,** on November 29, 2017, Cahill Gordon & Reindel LLP, Howard G. Sloane, and Ira J. Dembrow (the "Cahill defendants") (Williams & Connolly LLP and Connell Foley

LLP, appearing), having joined in BASF's opposition to Rothenberg's and Schwartz's letter application [ECF No. 378];

**AND,** on December 19, 2017, Rothenberg and Schwartz having filed their reply to BASF's opposition [ECF No. 388];

**AND,** on December 21, 2017, plaintiffs Kimberlee Williams, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd, and Rosanne Chernick, each in their capacity as the personal representative of a decedent and as representatives of others similarly situated ("plaintiffs") (Cohen, Placitella & Roth, P.C., and Fox Rothschild LLP, appearing), having joined in Rothenberg's and Schwartz's letter application and reply [ECF No. 391];

**AND,** on December 21, 2017, BASF having filed a sur-reply [ECF No. 392];

**AND,** oral argument on the foregoing having been heard on December 22, 2017;

**AND,** the written and oral submissions of the parties having been considered;

**AND,** for the reasons set forth on the record on December 22, 2017;

**AND,** for good cause appearing;

**IT IS,** this 22nd day of December, 2017, hereby

1.      **ORDERED** that, save and except as otherwise provided in this order, Rothenberg's and Schwartz's November 21, 2017 letter application be, and the same hereby is, **DENIED**; and it is hereby

2.      **FURTHER ORDERED** that, save and except as modified by this order, the October 26, 2017 order [ECF No. 362] remains in full force and effect; and it is hereby

3.      **FURTHER ORDERED** that, in respect of the 18 files of putative plaintiffs maintained by Rothenberg and/or Schwartz as described in the October 26, 2017 order,

Rothenberg and/or Schwartz, through their counsel, Robert D. Sokolove, Esq., shall provide those files to Christopher M. Placitella, Esq., who shall

        (a)     review all such files in accordance with the agreement set forth on the record between Harry M. Roth, Esq. and Peter A. Farrell, Esq., and shall cause each page thereof to be Bates-numbered and, to the extent necessary, designate which pages are to be considered either "confidential" or "attorney's eyes only", as provided in the March 21, 2017 discovery confidentiality order [ECF No. 260] or as "privileged", as provided below;

        (b)     segregate the documents contained in those files into two categories: non-privileged documents and documents under a claim of attorney-client privilege;

        (c)     generate a privilege log listing any document in those files in respect of which the attorney-client privilege is claimed;

        (d)     by no later than the close of business on January 20, 2018, electronically transfer to Peter A. Farrell, Esq. copies of all non-privileged documents in those files and the privilege log in respect of each of those files, all in portable document format (.pdf) with optical character recognition (OCR);

        (e)     by no later than the close of business on January 20, 2018, electronically transfer to the special master copies of all documents in those files in respect of which the attorney-client privilege is asserted, together with a privilege log in respect of each of those files, all in .pdf format with OCR; and it is hereby

        **4.**     **FURTHER ORDERED** that, in respect to Rothenberg's and/or Schwartz's master or general files concerning Emtal talc and/or claims filed or intended to be

filed on behalf of individuals based on an alleged exposure to Emtal talc (the "Master List"), Rothenberg and/or Schwartz, through their counsel, Robert D. Sokolove, Esq., shall provide those files to Christopher M. Placitella, Esq. sufficiently in advance of the January 20, 2018 deadline so as to allow a reasonable amount of time to review the file(s) on the Master List, who shall

(a) cause each page thereof to be Bates-numbered and, to the extent necessary, designate which pages are to be considered either "confidential" or "attorney's eyes only", as provided in the March 21, 2017 discovery confidentiality order [ECF No. 260] or as "privileged", as provided below;

(b) segregate the documents contained in the Master List into two categories: non-privileged documents and documents under a claim of privilege;

(c) generate a privilege log listing any document in the Master List in respect of which the attorney-client privilege is claimed;

(d) by no later than January 20, 2018, electronically transfer to Peter A. Farrell, Esq. copies of all non-privileged documents in those files and the privilege log in respect of the Master List, all in .pdf format with OCR;

(e) by no later than January 20, 2018, electronically transfer to the special master copies of all privileged documents in those files, together with a privilege log in respect of each of those files, all in .pdf format with OCR; and it is hereby

5. **FURTHER ORDERED** that, if any person or entity named in this order fails to comply with any of the provisions of this order, that person or entity shall be subject to a summary adjudication of civil contempt, rendering that person or entity liable for sanctions accordingly; and it is hereby

**6.** **FURTHER ORDERED** that no further extensions for compliance with the terms, conditions and/or subject matter of this order shall be entertained or granted.

*/s/ Roberto A. Rivera-Soto*
Roberto A. Rivera-Soto
Special Master
