**RM | ROBINSON MILLER LLC**

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

January 3, 2018

**VIA ECF**

The Honorable Roberto A. Rivera-Soto
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002

Re:   *Kimberlee Williams, et al. v. BASF Catalysts LLC, et al.*
      **Civil Action No. 11-cv-01754 (JLL) (JAD)**

Dear Justice Rivera-Soto:

Plaintiffs claim that BASF is asking them to "put aside their work on the class certification motion" and answer BASF's second set of interrogatories, which plaintiffs characterize as seeking "premature" discovery in an effort to "make work" for plaintiffs' counsel. Seven years into this case, with a May 21, 2018 fact-discovery cutoff quickly approaching, BASF's basic questions about plaintiffs' damages and Rule 23 evidence are not premature or inappropriate.

The deposition phase of discovery is already on the horizon in this case. In advance of those depositions, BASF is entitled to know information about the named plaintiffs' claimed damages and purported reliance on alleged misstatements by BASF and Cahill. That is particularly so in light of plaintiffs' previous obstruction of questioning on these issues during the depositions of plaintiffs Holley and

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 2

Wengerd and plaintiffs' assertions of meritless "forfeiture" and "relevance" objections that were used to block similar written discovery. But, with the start of depositions approaching, now is the time to end such evasive non-responses.

The need for plaintiffs to respond to the interrogatories at issue here is particularly acute given plaintiffs' extensive discovery requests seeking similar information from BASF. Plaintiffs cannot, on one hand, argue that their discovery is timely and relevant but, on the other, make improper objections to put off BASF's discovery for another day. To date, Plaintiffs have provided BASF with ***no factual information whatsoever*** in response to BASF's second set of interrogatories. Plaintiffs' complete refusal to respond is wholly inappropriate nearly seven years after commencing this litigation.

With respect to BASF's first set of interrogatories from 2015, plaintiffs claim that any dispute about their responses is now moot, but plaintiffs have still yet to serve amended responses that withdraw their privilege and work-product objections in light of the Court's August 3, 2017 opinion. The Court's intervention therefore remains necessary on those interrogatories as well.

# ARGUMENT

**I.  The Court Should Order Plaintiffs to Provide Factual Responses to BASF's Second Set of Interrogatories.**

Plaintiffs are pursuing broad discovery from BASF on class and merits issues while at the same time arguing that BASF's discovery should be substantially limited or delayed.  This is an untenable position that reflects plaintiffs' one-sided approach.  For example, plaintiffs have:

- demanded and received hundreds of thousands of pages of documents from BASF concerning thousands of historical cases;

- demanded and received Cahill's litigation databases concerning thousands of historical cases;

- demanded and received responses to dozens of requests for admission; and

- demanded and received responses to multiple interrogatories.

Yet, despite these expansive discovery requests, plaintiffs argue that BASF's own targeted discovery is "premature" "make work" meant to distract plaintiffs' counsel from drafting their class certification motion.  Pls.' Ltr. (ECF No. 396) 2-3.  That is simply not the case.  BASF propounded a set of straightforward interrogatories designed to gather basic information about the named plaintiffs' cases and theories of class certification—information that should have been provided years ago.  Plaintiffs served a single set of responses on behalf of all six named

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 4

plaintiffs that lacked any factual information whatsoever and instead asserted various objections, including that the requested discovery is premature. Plaintiffs also referred to their operative complaint, their forthcoming expert reports, and their forthcoming class certification motion in lieu of providing factual information. Those responses were improper.

### A. Interrogatory No. 1 is not premature and seeks basic damages information that should have already been disclosed.

Interrogatory No. 1 seeks basic factual information regarding each named plaintiff's alleged damages. Plaintiffs' opposition provides no substantive response on this point and similarly offers no explanation for plaintiffs' reluctance to support their own damages claims with any facts at all. Plaintiffs instead state—with no citation to any authority—that BASF "is not entitled to discovery of Plaintiffs' entire theory of damages prior to the filing of Plaintiffs' class certification motion." Pls.' Ltr. 5. That argument is incorrect and, in all events, does not justify plaintiffs' refusal to provide any factual information in support of their damages claims.

It is well settled that defendants are entitled to discovery regarding plaintiffs' alleged damages. *See, e.g., N.J. Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc.*, 2017 WL 3624239, at *3 (D.N.J. Aug. 23, 2017) ("[Plaintiff's] cases have been collectively pending for over 2 1/2 years. They need to move. Any

RM ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 5

information [plaintiff] seeks to rely upon either directly or through an expert for the purposes of establishing damages … needs to be produced **NOW**.") (emphasis in original); *Leftridge v. Burnham*, 2013 WL 5566152, at *1 (D. Conn. Oct. 8, 2013) (granting motion to compel response to damages interrogatory and noting that "[f]ailure to provide a complete answer and support for plaintiff's damages . . . will result in an order precluding plaintiff from offering testimony and evidence about damages at trial"); *Mobile Storage Tech., Inc. v. Fujitsu Ltd.*, 2010 WL 1292545, at *1 (N.D. Cal. Mar. 31, 2010) (granting motion to compel response to interrogatory "seek[ing] the factual basis for plaintiff's damages claim"); *Mento v. Potter*, 2010 WL 1323567, at *5 (W.D.N.Y. Mar. 29, 2010) (granting motion to compel where initial response to damages interrogatory "[did] not specify the factual basis for the claimed damage or itemize the components of damage."). Such information is necessary for assessing class certification as well as merits issues, given that damages are a necessary element of liability and must be amenable to calculation on a classwide basis. *See, e.g.*, *Harnish v. Widener Univ. Sch. of Law*, 833 F.3d 298, 305-06 (3d Cir. 2016) (explaining that "the fact of damage," which must be proven "on a common basis," is "frequently an element of liability requiring plaintiffs to prove that they have suffered *some* harm traceable to the defendant's conduct"); *see*

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 6

*also Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013) ("Respondents' class action was improperly certified under Rule 23(b)(3)" because "respondents' model falls far short of establishing that damages are capable of measurement on a classwide basis.").

Indeed, Rule 26 provides that "a party must, ***without awaiting a discovery request***, provide to the other parties… a computation of each category of damages claimed." Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). Courts have explained that these disclosures should contain an "assessment of damages in light of the information currently available to [the plaintiff] in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure and make informed decisions as to settlement and discovery." *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). Furthermore, the named plaintiffs are required to supplement their damages disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e); *see also Hyland v. Home Servs. of Am.*, 2008 WL 11357996, at *4 (W.D. Ky. Mar. 26, 2008) (requiring a named plaintiff to provide "a more specific calculation of damages disclosure under Rule 26(a)(1)(C)" before considering plaintiffs' petition

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 7

for class certification).  Nevertheless, plaintiffs have refused to provide this crucial information.

In short, as Your Honor correctly recognized at the October 26, 2017 hearing, "at some point or another, a number is going to have to be attached to [plaintiffs'] damages." 10/26/17 Hr'g Tr. 120:13-21.  Almost seven years into this litigation, plaintiffs cannot rely solely on forthcoming expert reports or briefing to support their damages claims and evade BASF's interrogatories on the grounds that damages discovery is still premature.  *See, e.g., N.J. Physicians United Reciprocal Exch.*, 2017 WL 3624239, at *3 ("While the Court appreciates that precision with respect to damages may come via expert discovery and that a damages calculation may evolve over time and become fine-tuned by the time of trial, at this instant, to speak colloquially, [plaintiff] appears to have nothing.").

To justify their continued refusal to respond to BASF's interrogatories, plaintiffs contend that *Harnish v. Widener University School of Law*, 833 F.3d 298 (3d Cir. 2016), "does not stand for BASF's proposition that Plaintiffs are required to submit the facts underlying their class certification theories . . . *before* the class to be certified is defined." Pls.' Ltr. 4-5.  But plaintiffs' argument is beside the point and, indeed, runs counter to the language of the case.  In *Harnish*, the Third Circuit

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 8

made clear that plaintiffs must provide evidence—not merely assertions—of classwide damages in order to certify a class under Rule 23. *See* 833 F.3d at 306 ("[I]t was entirely appropriate for the District Court to examine the plaintiffs' theory of damages ***and the proof supporting it***.") (emphasis added); *see also id.* at 302 ("[P]laintiffs' theory is insufficiently supported by class-wide evidence, and therefore the plaintiffs have not established that common questions will predominate.").

The point of *Harnish* is that plaintiffs cannot certify a class so long as they remain unwilling or unable to provide a factual basis for their damages. It certainly does not give plaintiffs license to withhold information regarding their alleged damages, particularly when no damages information at all has been produced by plaintiffs in this case. BASF respectfully submits that, to move this case forward, the Court should order the named plaintiffs to either provide the factual basis for their damages or admit that they have no such basis.

    **B.**    **Interrogatories 2, 3, 5, 6, 7, and 8 seek basic information on plaintiffs' claims that is relevant to the Rule 23 class certification analysis.**

Because *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3d Cir. 2009) and other cases require factual evidence and not mere allegations to support a motion

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 9

for class certification, BASF served interrogatories on each named plaintiff asking them to provide information related to the scope of the class and their ability to meet the Rule 23 standard. Similar to BASF's interrogatory on damages, these requests seek discovery not from absent class members but instead from each named plaintiff's personal knowledge. Courts routinely order plaintiffs to respond to similar interrogatories seeking facts pertaining to plaintiffs' ability to satisfy the requirements of Rule 23 and plaintiffs' plans for trial. *See, e.g.*, *Kastroll v. Wynn Resorts, Ltd.*, 2012 WL 760710, at *4 (D. Nev. Mar. 7, 2012) (rejecting plaintiff's argument that defendant's interrogatories "seek exactly the same information that plaintiff must demonstrate in her motion for class certification under Rule 23"); *Martin v. Citizens Fin. Grp., Inc.*, 2011 WL 13110815, at *2 (E.D. Pa. June 23, 2011) (compelling plaintiffs to answer defendants' interrogatory seeking plaintiffs' trial plan). Indeed, plaintiffs' counsel told the Court more than two years ago that they were prepared to take the case to trial because they understood the case in detail, and they urged the Court "to begin plenary discovery immediately." *See* 4/1/15 Hr'g Tr. 24:7 - 25:2; 5/4/15 Pls.' Ltr. re Discovery Issues 7 (ECF No. 148) ("In sum, Plaintiffs have been waiting four (4) years to begin discovery in this case. They stand ready, willing, and able to begin plenary discovery immediately."). Nevertheless, although

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 10

plaintiffs have had years to consider how they will certify a class in this case and proceed to trial, they once again refuse to respond to BASF's interrogatories, arguing that they are "premature" and "unnecessary make-work." Pls.' Ltr. 6.

Plaintiffs' only substantive basis for opposing BASF's motion with respect to Interrogatory Nos. 2, 3, 5, 6, 7, and 8 is that *Hydrogen Peroxide* purportedly does not permit pre-certification class discovery and instead allows plaintiffs to rely, at least in part, on the allegations in their complaint to prove that they satisfy the requirements of Rule 23. Pls.' Ltr. 6-7. But plaintiffs' argument is wholly contradicted by the text of the case. In *Hydrogen Peroxide*, the Third Circuit held that a plaintiff seeking class certification must establish all of the relevant Rule 23 requirements—here, commonality, typicality, adequacy, predominance, and superiority—by a preponderance of the evidence. 552 F.3d at 320. The court was explicit that a plaintiff cannot rely upon mere allegations in the complaint, "demonstrate an intention," or give an "assurance . . . that it intends or plans to meet the requirement." *Id.* at 318, 321. Plaintiffs' repeated references to their complaint, to future expert discovery, and to future post-certification fact discovery reflect the type of threadbare attempts at class certification specifically prohibited by *Hydrogen Peroxide*.

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 11

In light of their obligation to present the Court with actual evidence supporting their class certification arguments, plaintiffs' refusal to respond to BASF's interrogatories on those same subjects raises questions about whether plaintiffs will ever be able to marshal such evidence. It is not as if plaintiffs have provided some factual basis to support their class certification theory but are reserving the right to supplement their interrogatory responses until after their class certification motion is filed. Rather, plaintiffs have provided BASF and the Court with *no information whatsoever* on the factual basis for their Rule 23 certification motion and, indeed, have refused to even provide that information concurrently with their motion. *See* Pls.' Ltr. 10-11. In order for the Court to properly evaluate plaintiffs' class certification theories against the rubric of Rule 23, BASF respectfully submits that the Court should order the named plaintiffs to respond individually to BASF's Interrogatory Nos. 2, 3, 5, 6, 7, and 8 either immediately or on January 15, 2018, when plaintiffs' class certification motion is due to be filed.

**C.    Plaintiffs should either be ordered to respond to Interrogatory No. 4 or be prevented from conducting further discovery into BASF's "original documents."**

As to BASF's Interrogatory No. 4 on "original" documents, plaintiffs concede that "imaged or photostatic cop[ies]" of original documents are appropriate for

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 12

discovery into decades-old litigation. Pls.' Ltr. 11-12.[1] This concession effectively moots plaintiffs' own demand for BASF's "original" documents in this case. If so, then BASF would be happy to consider withdrawing or modifying its interrogatory in light of plaintiffs' concession.

If, however, plaintiffs continue to demand "original" documents from BASF, then BASF is entitled to seek related discovery from plaintiffs. *See, e.g.*, *Chiaradonna v. Rosemont College*, 2007 WL 925897, at *1 (E.D. Pa. Mar. 23, 2007) ("We find it ironic that the Plaintiff is now referring to documents *en masse*, when, just three months ago, the Plaintiff was complaining in a Motion to Compel that the Defendant was guilty of the same sin. . . . What is good for the goose is good for the gander."). For example, if plaintiffs insist that "original" documents are required, BASF is entitled to know whether and why plaintiffs believed it was appropriate to discard their own original documents in favor of scanned copies. Although plaintiffs attempt to distinguish their documents by arguing that they "were under no legal obligation to maintain original documents after their cases were dismissed," Pls.'

---

[1] Plaintiffs vaguely claim that "[t]here is some type of evidence where a copy may not have the same utility of the original, which is why the original evidence is important." *Id*. at 12 n.3. However, plaintiffs have never articulated why the copies BASF has provided do not have "the same utility of the original" or why plaintiffs' photocopies do have that "same utility."

RM ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 13

Ltr. 12, the named plaintiffs continued to file bankruptcy trust claims well after the termination of their cases against Engelhard. For this reason alone, BASF is entitled to know whether plaintiffs believed it was appropriate to keep copies of their documents instead of originals while new claims were anticipated and filed. But in all events, BASF is entitled to test through discovery plaintiffs' claims that they had "no legal obligation to maintain original documents," *id.*, particularly given that the Court has already held that plaintiffs waived their privilege.

Finally, plaintiffs claim that "BASF cannot articulate a single reason why original versions of Plaintiffs' documents, if they exist, are relevant to its defenses." *Id*. BASF has done so in these motion papers. Moreover, BASF is entitled to information that is relevant not only to BASF's defenses, but also to plaintiffs' claims—including their claims regarding "original documents." In light of this record, each named plaintiff should be ordered to respond to BASF's Interrogatory No. 4 or else be precluded from making similar arguments and conducting additional discovery into BASF's "original documents."

## II. Your Honor Should Order Plaintiffs To Supplement Their First Set Of Interrogatory Responses.

Finally, Your Honor should order the named plaintiffs to supplement their responses to BASF's first set of interrogatories by a date certain. Plaintiffs initially

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
January 3, 2018
Page 14

responded to these interrogatories in December 2016, but they withheld responsive information on the basis of privilege. Plaintiffs agreed to supplement their responses and withdraw their privilege objections in light of the Court's August 3, 2017 opinion, but they have yet to actually do so. Although plaintiffs claim in their December 27, 2017 opposition that this issue is moot, the very next day, plaintiffs' counsel indicated that they would be unable to provide supplemental responses by the agreed-upon December 29, 2017 deadline. *See* Ex. A (12/28/17 H. Roth E-mail). Although plaintiffs' counsel has now committed to provide amended interrogatory responses on or before January 4, 2018, BASF respectfully requests that the Court memorialize plaintiffs' obligations in an order, to ensure prompt compliance.

## CONCLUSION

For the foregoing reasons, as well as those set forth in BASF's opening letter-brief, BASF respectfully requests that Your Honor enter an order compelling plaintiffs to provide complete and substantive responses to BASF's interrogatories.

Respectfully Submitted,

s/ Justin T. Quinn
Justin T. Quinn
Counsel for BASF Catalysts LLC

cc:     All counsel of record (via ECF)