# Ballard Spahr
LLP

------------------

210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
TEL 856.761.3400
FAX 856.761.1020
www.ballardspahr.com

Roberto A. Rivera-Soto
Direct: 856.761.3416
riverasotor@ballardspahr.com

*VIA CM/ECF*

January 30, 2018

The Honorable José L. Linares
Chief Judge, U.S. District Court
Room 5054
M.L. King, Jr. Fed. Bldg & U.S. Cthse.
50 Walnut Street
Newark, New Jersey 097012

Re:     ***WILLIAMS, ET AL. V. BASF CATALYSTS LLC, ET AL.***
        Case No. 2:11-cv-1754-JLL-JAD

Dear Chief Judge Linares:

It has now been six months since your Honor appointed me to serve as special master in the above referenced case.  *See* ECF No. 335.  After a recent discussion with Magistrate Judge Dickson, a written status report directly to your Honor on this matter is timely.  Therefore, kindly accept the following report on the status of this action.

Overall, it is my pleasure to report that all of the parties and counsel in this matter have embraced the need to get this case "trial ready" and have worked with each other and with me to (a) set realistic schedules, and (b) move the case along.  Specifically, we have achieved the following:

A.      **THE THEN-PENDING DISCOVERY MOTIONS.**  As of my appointment, there were several discovery motions pending in the case; these were:

1.      January 25, 2017 – BASF letter motion re (a) plaintiffs' privilege log, (b) plaintiffs' privilege waiver, (c) production of documents, (d) class certification, (e) "science" day, (f) protective order, (g) Victoria Komarnicki deposition, (h) third-party subpoenas and discovery, (i)

A PA Limited Liability Partnership | Jeffrey S. Beenstock, Managing Partner

Atlanta | Baltimore | Bethesda | Boulder | Delaware | Denver | Las Vegas | Los Angeles | Minneapolis
New Jersey | New York | Philadelphia | Phoenix | Salt Lake City | Sioux City | Washington, DC
www.ballardspahr.com

The Honorable José L. Linares, Chief Judge
January 30, 2018
Page 2

        spoliation allegations, and (j) communication protocols [ECF Nos. 228, 269];[1]

2.      January 26, 2017 – Third-party witnesses' motion to quash subpoenas *duces tecum* [ECF Nos. 229, 237, 239, 243, 251];

3.      February 1, 2017 – BASF letter motion for leave to file "motion seeking judicial findings on the documents relating to Emtal talc that BASF has located"/plaintiffs' spoliation [ECF Nos. 231, 241, 246];

4.      March 1, 2017 – Plaintiffs' letter motion (a) 30(b)(6) deposition notices to BASF and Cahill and (b) attorney-client privilege issues [ECF Nos. 247, 264, 302, 330];

5.      March 1, 2017 – Plaintiffs' letter motion to compel BASF's production of agreement with co-defendants concerning this litigation and related matters [ECF Nos. 248, 265];

6.      March 1, 2017 – BASF letter motion re "discovery of documents and information related to plaintiffs' decedents settlements of their underlying asbestos cases, both with Engelhard and with other defendants [ECF Nos. 250, 267];

7.      March 20, 2017 – BASF motion to enforce subpoena *duces tecum* on Early, Lucarelli, Sweeney & Meisenkothen [ECF No. 257, 269, 271, 295];

8.      March 31, 2017 – Plaintiffs' letter motion to compel production of documents from Johnson & Johnson [ECF Nos. 268, 276, 290]; and,

9.      May 1, 2017 – BASF letter motion compelling the production of documents and for sanctions [ECF Nos. 303, 304, 312, 318];

---

[1]     For ease of reference, and as used in this report, (i) "plaintiffs" means , plaintiffs Kimberlee Williams, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd, and Rosanne Chernick, each in their capacity as the personal representative of a decedent and as representatives of others similarly situated; (ii) "BASF" means defendant BASF Catalysts LLC, and (iii) "the Cahill defendants" means defendants Cahill Gordon & Reindel LLP, Howard G. Sloane, and Ira J. Dembrow.

The Honorable José L. Linares, Chief Judge
January 30, 2018
Page 3

(collectively, the "then-pending discovery motions").  The then-pending discovery motions -- together with the March 20, 2017 motion of BASF, filed in the United States District Court for the Northern District of Ohio and later transferred to the United States District Court for the District of New Jersey, seeking to enforce a subpoena *duces tecum* served on Bevan & Associates L.P.A. and Thomas W. Bevan, Esq. -- were argued on October 26, 2017, and decided by separate orders dated that same day.  *See* ECF Nos. 359, 360, 361, 362, 363, 364, 365, 366, 367, and 368.  No party sought review of any of those orders.

        **B.**      **CRIME-FRAUD/*KOZLOV* EXCEPTIONS.**  Also on October 26, 2017, the parties discussed plaintiffs' potential motion to vitiate any of defendants' assertions of the attorney-client privilege or attorney work product doctrine.  Scheduling Order No. 1 set forth a schedule for the filing of that motion.  *See* ECF No. 369.  There has been some slippage in filing and briefing dates involved, *see* Scheduling Order No., 3, ECF No. 387, but the only filing that remains outstanding is plaintiffs' reply brief, which is due next Monday, February 5, 2018; at that point, that discovery motion will be perfected and ready for disposition.

        **C.**      **PLAINTIFFS' FIRST PRIVILEGE ASSERTIONS.**  On November 2, 2017, plaintiffs submitted a revised privilege log and claimed-privileged documents for *in camera* review.  On November 7, 2017, I delivered to counsel (i) those documents that were fully discoverable, and (ii) redacted versions of those documents that required redaction; the confidentiality of those documents that were not discoverable as a whole was not breached. No party has sought review of those determinations.

The Honorable José L. Linares, Chief Judge
January 30, 2018
Page 4

        **D.**     **DEFENDANTS' DISCOVERY MOTION.**  On November 13, 2017, the

BASF defendants moved for certain forms of discovery relief, ECF No. 372; that same day,

the Cahill defendants joined in that motion and separately sought additional relief.  ECF No.

373.  Plaintiffs opposed that application on November 17, 2017, ECF No. 374, and BASF

filed its reply on November 20, 2017.  ECF No. 375.  On November 29, 2017, plaintiffs filed

a supplemental letter/sur-reply, ECF No. 379, and, that same day, third-party witnesses

Bevan and Early opposed BASF's application.  ECF No. 380.  Argument on that application

was heard on November 30, 2017, and an order was entered that same day, *see* ECF No.

381, which later was amended with the consent of the parties.  ECF No. 382.  No review of

those determinations was sought.

        **E.**     **ROTHENBERG RECONSIDERATION MOTION.**  On November 21, 2017,

The Rothenberg Law Firm L.P. and Jeffrey C. Schwartz, Esq. (collectively, "Rothenberg")

sought reconsideration of the October 26, 2017 order granting in part and denying in part

their motion to quash the subpoenas *duces tecum* and *ad testificandum* issued by BASF.

ECF No. 362.  On November 29, 2017, both BASF [ECF No. 377] and the Cahill defendants

[ECF No. 378] opposed that motion, and, on December 19, 2017, Rothenberg filed their

reply, ECF No. 388, in which plaintiffs joined on December 21, 2017.  ECF No. 388.  That

same day, BASF filed a sur-reply.  ECF No. 392.  Argument was heard on that application

on December 22, 2017 and, by an order dated that date, the relief requested was denied.

ECF No. 393.  No party has sought review of that order.

The Honorable José L. Linares, Chief Judge
January 30, 2018
Page 5

F.    **BASF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES.**   On

December 15, 2017, BASF moved to compel answers to interrogatories propounded on

plaintiffs.  ECF No. 384.  On December 27, 2017, plaintiffs opposed that motion, ECF No.

396, and, on January 3, 2018, BASF filed its reply.  ECF No. 397.  Oral argument was heard

on that motion on January 15, 2018, and, by an order that same day, partial relief was

ordered.  ECF No. 407.  No review of that order has been sought.

G.    **BASF MOTION TO COMPEL DISCOVERY FROM BEVAN.**   Also on

December 15, 2017, BASF moved to compel discovery from Bevan, a third-party witness.

ECF No. 383.  On December 27, 2017, plaintiffs [ECF No. 394] and Bevan [ECF No. 395]

opposed that motion, and, on January 3, 2018, BASF filed its reply.  ECF No. 398.  Oral

argument was heard on that motion on January 15, 2018, and, by an order that same day,

partial relief was ordered.  ECF No. 406.  On January 19, 2018, at the request of the parties,

that order later was amended in part.  ECF No. 411.  No review of that order has been

sought.

H.    **PLAINTIFFS' MOTION TO COMPEL ALLOCATION AND FOR**

**SETTLEMENT AGREEMENTS AND RELATED DOCUMENTS.**   On January 24, 2018, plaintiffs

moved to "compel [d]efendants to (1) declare whether they will seek allocation at trial, and

(2) produce any settlement agreements and related documents or communications between

BASF and Cahill.  Alternatively, [p]laintiffs request[ed] that these settlement agreements

and related materials be produced at the very least to the Court initially for its *in camera*

review."  ECF No. 414.  The parties have agreed on a briefing schedule, which is reflected in

The Honorable José L. Linares, Chief Judge
January 30, 2018
Page 6

an order dated January 29, 2018.  ECF No. 417.  Pursuant to that order, defendants are to file

their opposition thereto by February 5, 2018, and plaintiffs are to file their reply by February

12, 2018.

I.      **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**.  On January 29,

2018, plaintiffs filed their motion for class certification.  ECF No. 418.  Pursuant to

Scheduling Order No. 2, ECF No. 371,

1.      the parties are to conduct and complete fact discovery -- including in
        respect of the merits of the six class representatives' claims but
        focusing primarily on class discovery and class issues -- by no later
        than Tuesday, May 1, 2018;

2.      plaintiffs are to deliver their expert disclosures and reports, if any, to
        defendants by no later than Friday, June 1, 2018;

3.      any expert discovery shall be conducted and completed by no later
        than Friday, August 31, 2018;

4.      defendants are to file any opposition to plaintiff's class certification
        motion by no later than Monday, September 17, 2018; and,

5.      plaintiffs are to file any reply to the opposition to their class
        certification motion by no later than Monday, October 15, 2018

Scheduling Order No. 2 also sets a tentative date for the hearing on plaintiffs' class

certification motion (November 2018); allows for additional time for discovery, if needed,

after a determination is made in respect of plaintiffs' class certification motion; allows for a

report concerning expert reports and discovery, and permits the filing of an amended class

certification motion.

The Honorable José L. Linares, Chief Judge
January 30, 2018
Page 7

As noted, and due solely to my oversight, plaintiffs formally filed their class

certification motion of record on January 29, 2018.  Instead, plaintiffs should have been

informed that, given the deadlines earlier set for this motion, it should not have been filed of

record but, instead, as earlier provided in Appendix N to the Local Rules, (i) plaintiffs

should have been directed to serve -- but not file -- their class certification motion on

defendants, (ii) defendants likewise should be directed to serve, but not file, their opposition

thereto, and (iii) plaintiffs should have been directed to file the entire motion package --

motion, opposition, and reply -- only once the reply is to be filed.[2]  By a copy of this status

report and in respect of plaintiffs' class certification motion, counsel for all parties are

instructed to follow the former Appendix N procedure instead.  I apologize for any confusion

my failure to instruct the parties to follow this procedure from the outset may have caused.

* * * * *

I trust this status report provides the Court with a proper sense of where this

case has been and the direction it has taken.  Of course, if there is anything else the Court

wishes that I address, please let me know.

Respectfully yours,


/s/ Roberto A. Rivera-Soto
Roberto A. Rivera-Soto

---

[2]      I have discussed this procedure with Magistrate Judge Dickson and he has advised
that, in order to allow this process to move forward in accordance with former Appendix N,
an order will be issued terminating plaintiffs' class certification motion on the docket; that
order is procedural and will have no substantive effect on the motion.

The Honorable José L. Linares, Chief Judge
January 30, 2018
Page 8


cc:     The Honorable Joseph A. Dickson, U.S. Magistrate Judge (***VIA CM/ECF***)
        To all counsel (***VIA CM/ECF***)