

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

February 12, 2018

**VIA ECF**

The Honorable Roberto A. Rivera-Soto
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002

Re:   *Kimberlee Williams, et al. v. BASF Catalysts LLC, et al.*
      **Civil Action No. 11-cv-01754 (JLL) (JAD)**

Dear Justice Rivera-Soto:

While BASF is mindful of Your Honor's direction to prepare a list of discovery issues that will be addressed at the February 23, 2018 discovery hearing, I write now to request that Your Honor clarify a prior Order regarding plaintiffs' responses to BASF's interrogatory regarding the individual named plaintiffs' alleged damages (as opposed to alleged damages for putative class members).  The depositions of two named plaintiffs are currently scheduled for February 21 and 22, and resolution of the issues presented here is necessary to ensure those depositions can go forward.

As discussed below,  plaintiffs still have not disclosed any amount of their alleged damages—despite the clear requirement of Federal Rule of Civil Procedure 26(a) and Your Honor's rulings and January 15, 2018 Order.  *See* ECF 407.

Plaintiffs should not be exempted from the rules governing other litigants in federal court. In light of Rule 26(a) and this Court's directives and orders, BASF should not have to wait until after depositions to find out whether plaintiffs are claiming $100 or $1,000,000 in damages (and what the factual basis is for those claims). BASF therefore respectfully submits that plaintiffs should be ordered to supplement their responses again pursuant to the Court's January 15, 2018 Order. We have tried to resolve this issue directly with plaintiffs' counsel, but we are at an impasse.

## PROCEDURAL BACKGROUND

On January 15, 2018, Your Honor held a hearing on BASF's December 15, 2017 motion to compel regarding plaintiffs' interrogatory responses. During the hearing, the parties and the Court discussed plaintiffs' obligation to disclose their claimed damages, which were the subject of Interrogatory No. 1 from BASF's Second Set of Interrogatories. Plaintiffs' failure to disclose their claimed damages had been pending for some time and had been discussed previously at the October 26, 2017 hearing. *See* 10/26/17 Hr'g Tr. 120:13-21 (SDM: "So at some point or another, ***a number*** is going to have to be attached to her damages.") (emphasis added); 1/15/18 Hr'g Tr. 110:14-23 (SDM: "[R]egardless of how the class is defined, you have six representative plaintiffs who are named … Interrogatories have been

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 12, 2018
Page 3

propounded to each one of those representative plaintiffs."). After the January 15, 2018 hearing, the Court ordered plaintiffs to amend their responses to several of BASF's interrogatories by January 29, 2018, including the interrogatory concerning each individual plaintiff's alleged damages. *See* ECF 407.

On January 29, 2018, plaintiffs served amended interrogatory responses. With respect to BASF's interrogatory regarding plaintiffs' alleged damages, the amended responses listed categories of damages, such as the "[l]oss of the right to receive fair and full compensation for the injury and losses involved in the Plaintiff's Underlying Claim," "[l]oss of the sums paid for court costs and litigation expenses related to underlying claim," and "[t]he costs of this litigation, including counsel fees, to establish the fraudulent concealment and fraud claims against Defendants."[1] *E.g.*, Ex. A (1/29/19 K. Williams Resp. to BASF Interrog. No. 1, Set 2) at 9-11. Critically, however, plaintiffs did not identify a dollar amount for any of the categories of damages they identified. Instead, plaintiffs say that some expert will someday supply information to a jury to calculate the specific losses.

---

[1] Plaintiffs' January 29, 2018 amended responses to BASF's Second Set of Interrogatories are attached hereto as Exhibits A through F.

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 12, 2018
Page 4

Because plaintiffs still had not disclosed the amount of their claimed damages, even after the Court's January 15, 2018 Order, BASF met and conferred with plaintiffs in an effort to resolve the issue without further intervention by the Court. During meet and confer discussions, plaintiffs refused to disclose the amount of their damages, offering four purported explanations:

- *First*, that the plaintiffs themselves are not capable of valuing an asbestos personal-injury case. Therefore, plaintiffs will rely on their former counsel (*e.g.*, Thomas Bevan) to provide the valuation or the data supporting the valuation.

- *Second*, that some portion of plaintiffs' claimed damages will be the subject of expert discovery and therefore is not discoverable now.

- *Third*, that the portion of plaintiffs' alleged damages that is based on the costs of investigating plaintiffs' claims is still being calculated by plaintiffs' counsel.

- *Fourth*, that some portion of plaintiffs' claimed damages would be determined by the jury at trial, as would occur in a traditional personal-injury action.

In light of plaintiffs' position and continued refusal to disclose the amount of their claimed damages for the six named plaintiffs, BASF had no choice but to ask the Court to clarify and enforce its prior Order.

## ARGUMENT

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 12, 2018
Page 5

**PLAINTIFFS SHOULD BE ORDERED TO FURTHER AMEND THEIR RESPONSE TO INTERROGATORY NO. 1 PRIOR TO THE UPCOMING NAMED PLAINTIFF DEPOSITIONS.**

Plaintiffs' amended responses to BASF's Interrogatory No. 1 (Second Set) do not comply with the Court's Order and directive to provide an amount or amounts of claimed damages. Instead, plaintiffs provided only vague descriptions of damages with no dollar amounts attached to them—even for damages that are calculable and purely economic in nature, such as the costs of litigation. Plaintiffs therefore should be ordered to supplement their responses again, before the depositions of plaintiffs Wengerd and Holley, which are scheduled for February 21 and 22, 2018.

Plaintiffs' failure to provide the specific amount of the individual named plaintiffs' damages does not occur in a vacuum. As an initial matter, the Federal Rules require plaintiffs to disclose at the outset of discovery "a computation of each category of damages claimed." *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). It bears emphasis that this Rule applies to all federal litigants, and these plaintiffs have offered no legitimate rationale why they should get a special exemption from the Rule's application. And Your Honor already observed the relevance of such information at the October 26, 2017 Hearing: "She is going to have to say at some

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 12, 2018
Page 6

point or another, okay, at least in New Jersey, she is going to have to say these are my damages … So at some point or another, a number is going to have to be attached to her damages." 10/26/17 Hr'g Tr. 120:13-21; *see also Harnish v. Widener Univ. Sch. of Law*, 833 F.3d 298, 306 (3d Cir. 2016) ("[I]t was entirely appropriate for the District Court to examine the plaintiffs' theory of damages and the proof supporting it."). More than three months have passed since that hearing (and there are only three months left in discovery). Now is the time for the individual plaintiffs to provide the specific losses they as individuals are claiming in this lawsuit.

None of the explanations offered by plaintiffs justifies their refusal to disclose an amount of damages. *First*, although plaintiffs claim that the amount of some portion of their damages is known by their former counsel but not the plaintiffs themselves, the Court already ruled that information in the possession of plaintiffs' former counsel is in the possession, custody, or control of plaintiffs.[2] *See* 1/15/18 Hr'g Tr. 150:2-5 (SDM: "Well, let me make painfully clear that if Mr. Bevan has

---

[2] Plaintiffs' failure to produce information in the possession of plaintiffs' former counsel affects other interrogatories beyond the one at issue here. BASF is continuing to meet and confer in good faith with plaintiffs' counsel. However, BASF may need to seek the Court's intervention on other outstanding discovery requests, including, for instance, Interrogatory No. 12 (First Set), in which plaintiffs still refer to their former counsel without actually providing the information in their former counsel's possession.

information, that is information that is in the possession, custody, or control of the plaintiffs."). Plaintiffs therefore need to get responsive information from their former counsel and provide it to defendants.

*Second*, while it may be that plaintiffs plan to have an expert opine on some portion of their damages, that does not relieve plaintiffs of their obligation to disclose data or information that is in their possession, custody, or control now. *See, e.g.*, *N.J. Physicians United Reciprocal Exch. v. Med. Protective Co., Inc*, 2017 WL 3623801, at *3 (D.N.J. Aug. 23, 2017) ("Any information [plaintiff] seeks to rely upon either directly or through an expert for the purposes of establishing damages that is in [plaintiff's] possession, custody or control needs to be produced **NOW**. If it is not, and the Court determines that it should have been, then [plaintiff] shall be precluded from later relying on it to establish its damages claim." (emphasis in original)). If plaintiffs refuse to disclose data or information until expert discovery, defendants will have been deprived of the opportunity to take fact discovery on that data and information. For example, if plaintiffs' expert intends to rely on information provided by Mr. Bevan, defendants are entitled to that information before Mr. Bevan's deposition so that it can be tested during the period for fact discovery.

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 12, 2018
Page 8

*Third*, plaintiffs describe categories of damages that are calculable and economic in nature, including "the sums paid for court costs and litigation expenses related to [the] underlying claim." *E.g.*, Ex. A at 10. All of these purported damages could have been calculated and provided in plaintiffs' interrogatory responses. During a recent meet-and-confer, plaintiffs acknowledged that they are "in the process" of calculating these figures. However, the Court's January 15, 2018 Order directed plaintiffs to provide their full responses to Interrogatory No. 1 by January 29. *See* ECF No. 407 at 2.

*Finally*, although plaintiffs state that they expect a jury to determine the amount of additional compensation plaintiffs allegedly should have received in their underlying personal-injury cases, plaintiffs refuse to identify a factual basis for determining those additional damages. As BASF noted during meet-and-confer discussions, that is akin to a plaintiff in a securities fraud suit or legal malpractice action refusing to disclose the amount paid for the security or the economic value of the underlying legal action. *See, e.g.*, *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 299 (3d Cir. 1991) ("[I]n … common law fraud actions a plaintiff's damages are most commonly calculated as the difference between the price paid for a security and the security's 'true value.'"). Plaintiffs' apparent expectation that a jury will

RM|ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 12, 2018
Page 9

determine—without reference to facts or data—what the plaintiffs allegedly should have received for their underlying personal injury claims reflects a fundamental misunderstanding of the damages available if they prevail on their fraud and fraudulent concealment claims.  *See, e.g.*, *Rosenblit v. Zimmerman*, 766 A.2d 749, 758 (N.J. 2001) (explaining that fraudulent concealment plaintiffs who prove their case "should be made whole with compensatory damages" that reflect the loss of value incurred "by having to rely on an evidential record that did not contain the evidence defendant concealed").

There are six individual plaintiffs who have filed a complaint against BASF. Plaintiffs have been on notice for months, if not years, that they must identify the specific amount of their claimed damages.  After Your Honor's October 26, 2017 colloquy with plaintiffs' counsel and Your Honor's January 15, 2018 Order, plaintiffs knew that such information was required immediately—especially with only a few months left in discovery and the named plaintiffs' depositions already scheduled.  It is neither fair nor permissible for plaintiffs to say they will put their damages in front of a jury someday through some expert.  BASF is entitled to examine the factual basis of the claimed amounts now, before expert discovery begins and before the claimed amounts are submitted to any jury.  If the individual

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 12, 2018
Page 10

plaintiffs persist in refusing to provide their specific damages amounts, they should be precluded from claiming those damages.

For all of these reasons, plaintiffs should be ordered to produce amended responses yet again, before the two plaintiff depositions scheduled for February 21 and 22, 2018. If plaintiffs refuse to provide such information, the Court should preclude them from introducing any information that can be used to claim damages.

Respectfully Submitted,

s/ Justin T. Quinn
Justin T. Quinn
Counsel for BASF Catalysts LLC

cc:   All counsel of record (via ECF)