LAW OFFICES
**COHEN, PLACITELLA & ROTH**
A PROFESSIONAL CORPORATION
TWO COMMERCE SQUARE
2001 MARKET STREET, SUITE 2900
PHILADELPHIA, PENNSYLVANIA 19103

(215) 567-3500
FAX (215) 567-6019
www.cprlaw.com

RED BANK, NJ
LEMOYNE, PA
BALA CYNWYD, PA
PITTSBURGH, PA
CHERRY HILL, NJ

February 15, 2018

**VIA ECF**
The Honorable Justice Roberto A. Rivera-Soto (ret.)
Special Discovery Master
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002-1163

RE:    ***Kimberlee Williams, et al. v. BASF Catalysts LLC, et al.***
       **Civil Action No. 11-cv-01754 (JLL) (JAD)**

Dear Justice Rivera-Soto:

   As directed in your email of February 12, 2012, this Letter addresses BASF's Motion to Compel, and outlines why their motion seeking to compel Plaintiffs to provide computations for the categories of damages claimed should be denied (ECF # 431).

   First, the Plaintiffs themselves cannot offer any evidentiarily competent or admissible opinion or calculation regarding the damages they should be awarded as they are without personal knowledge on the subject. *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1175-76 (3d Cir. 1993) (allowing lay opinion admissible

The Honorable Robert A. Rivera-Soto
February 14, 2018
Page 2

because the witness had personally knowledge and was involved in party's lost profit analysis). Neither Ms. Holley nor Ms. Wengerd (whose depositions are scheduled for next week) participated in discussions regarding the settlement of the underlying cases. Nor have they ever undertaken any assessment of the losses at issue; and therefore, they have none of the factual background regarding those decisions. Consequently, their lay opinions about the value of the cases here are neither competent under Rule 701 of the Federal Rules of Evidence nor are their opinions likely to lead to discoverable evidence. *Id.*; *Botta v Brunner*, 138 A.2d 713, 722-725 (1958); Fed. R. Evid. 701.

Indeed, New Jersey's substantive law prohibits at trial both a party's opinion on the exact amount of the plaintiff's claims or their lawyer's suggestion of what the case's value is on the issues of general or unliquidated damages in a personal injury claim under the *Botta* rule. *Botta v Brunner*, supra (holding New Jersey law forbids any advocate suggesting any monetary figure for unliquidated damages); *accord*, *Brodsky v Griunnell Haulers, Inc.*, 853 A.2d 940 (2004) (recognizing Bottas's general rule with the amendment to allow time unit arguments to be made without any reference to a specific sum). It thus strains reason to find that a definitive damage calculation from the Plaintiffs or counsel who handled the underlying matter is relevant at all here. So in view of the *Botta* rule, as well as Fed R. Evid. 701, compelling Plaintiffs to offer computations of their damages, before

expert discovery would not lead to the discovery of admissible evidence, and BASF's request for relief should be denied.

Second, even were the opinions from these witnesses deemed discoverable under the Federal Rules of Civil Procedure, the class relief sought in this case focuses on equitable remedies, not individual damages. While it may be that such becomes relevant depending on whether a class is certified, and if so, what type of class, they are not at this time. Therefore, Defendants suffer no prejudice by not being able to ask for these witnesses' opinions on what damages they should recover. At best, Plaintiffs' counsel in the underlying cases may be able to offer their recollection of settlement values but here for loss assessment purposes, the computation of individual losses will be based upon claims valuations performed by the experts plaintiffs identified in their class motion. And materiality of this computation will depend on the outcome of the class certification motion.

BASF's passing arguments by analogy to proof required in legal malpractice and securities fraud cases,[1] are completely irrelevant and do not warrant any in depth analysis because the standards for establishing a case within a case in legal malpractice do not apply to this case charging fraudulent concealment.

---

[1] Securities fraud cases require expert testimony on stock market prices and the computation of damages, and thus have no bearing here.

The Honorable Robert A. Rivera-Soto
February 14, 2018
Page 4

For the above reasons, BASF's request that the Plaintiffs be compelled to provide specific amounts of the value of their underlying claims at this time be denied, and that Plaintiffs be permitted to supplement their responses with expert discovery at an appropriate time.

    Respectfully submitted,

    /s/ *Christopher M. Placitella*
    Christopher M. Placitella

    **Counsel for Plaintiffs and the Proposed Class**

cc: All Counsel of Record (via ECF)