

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

February 15, 2018

**VIA ECF**

The Honorable Roberto A. Rivera-Soto
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002

Re:   *Kimberlee Williams, et al. v. BASF Catalysts LLC, et al.*
      **Civil Action No. 11-cv-01754 (JLL) (JAD)**

Dear Justice Rivera-Soto:

In this case, the six individual plaintiffs filed a broad and well-publicized complaint seven years ago. Two of those plaintiffs' depositions will occur next week. This reply provides additional case law to support the proposition that a defendant is entitled to know—before the end of fact discovery—whether plaintiff is claiming $100 or $100,000,000—and the factual basis for such claims.

Courts have consistently rejected the argument that plaintiffs are not required to disclose their damage demands in discovery. Indeed, disclosure of damages is a fundamental part of discovery under Rule 26. *See, e.g.*, *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 224 (3d Cir. 2003) (affirming dismissal where plaintiff "bore the responsibility for providing a damages calculation" and "failed repeatedly to satisfy this requirement"); *Szusterman v. Amoco Oil Co.*, 112 F. App'x 130, 131 n.3 (3d

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 15, 2018
Page 2

Cir. 2004) (emphasizing that Rule 26 requires disclosure of "***a computation of any category of damages***" and "***the documents or other evidentiary material . . . on which such computation is based***") (emphasis in original); *N.J. Physicians United Reciprocal Exch. v. Med. Protective Co.*, Inc, 2017 WL 3623801, at *8 (D.N.J. Aug. 23, 2017) ("Any information NJPURE seeks to rely upon either directly or through an expert for the purposes of establishing damages that is in NJPURE's possession, custody or control needs to be produced **NOW**.") (emphasis in original); *Mercedes Benz USA LLC v. Coast Auto. Grp. Ltd.*, 2008 WL 4378294, at *2 (D.N.J. Sept. 23, 2008) ("Rule 26(a) requires voluntary disclosure by the parties of a computation of each category of damages claimed by the disclosing party ... If a party fails to comply with Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (quotations omitted)).

A plaintiff's obligation to disclose damages evidence during fact discovery is fundamental to a defendant's right to test those allegations and defend itself. *See id.* at *4 (noting that failure to disclose damages evidence before trial would "deprive [defendant] of the opportunity to depose [plaintiff's] witnesses on the issue of damages"); *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 29 (W.D.N.Y. 2014)

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 15, 2018
Page 3

(holding that Rule 26 requires disclosing damages calculations and supporting evidence, and "contemplates ... 'some analysis'" so as "to avoid surprise or trial by ambush"); *Zarour v. Am. Sec. Ins. Co.*, 2015 WL 5167164, at *3-4 (D.N.J. Sept. 3, 2015) (noting Rule 26's "mandatory disclosure requirements" include disclosure of damages computations and supporting evidence, and "further the Rule's goal of preventing unfair surprise").  Moreover, plaintiffs' suggestion that they can wait until expert discovery to disclose their damages theory is unfounded.  *See, e.g.*, *Ritchie Risk-Linked Strategies Trading v. Coventry First LLC*, 280 F.R.D. 147, 160 (S.D.N.Y. 2012) ("By making their damages disclosure after the close of fact discovery, Plaintiffs effectively deprived Defendants of the tools necessary to challenge the underlying assumptions of Plaintiffs' expert—*i.e.*, the documents or [sic] and deposition testimony that would speak to the factual matters being evaluated by the expert.").

Nor is there an exemption in the Federal Rules that precludes discovery on damages (or any other topic) from plaintiffs who claim to lack personal knowledge.  Plaintiffs' counsel cannot avoid its obligations to provide information required of all other litigants by saying that the individual plaintiffs here are unaware of their damages.  If this proposition were accepted, there would be powerful incentives to

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 15, 2018
Page 4

bring cases through class representatives who are unable to testify about the damages or liability elements of their underlying claims. But no federal court has adopted such an approach.

Plaintiffs' refusal to abide by Rule 26 or this Court's Order (and the Court's colloquy with counsel explaining that Order) would justify preclusion of plaintiffs' damages evidence. *See* Fed. R. Civ. Proc. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Okeke v. NY & Presbyterian Hosp.*, 2017 WL 2484200, at *3 (S.D.N.Y. June 6, 2017) ("A plaintiff's failure to disclose a computation of damages in her initial disclosure 'is alone sufficient to preclude her from submitting evidence of it at trial.'"); *Richmond v. Gen. Nutrition Centers, Inc.*, 2012 WL 762307, at *5 (S.D.N.Y. Mar. 9, 2012) (granting "motion to preclude at trial all evidence as to damages not produced in discovery"); *24/7 Records v. Sony Music Entm't, Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008) ("Preclusion is 'automatic' unless the non-disclosure was substantially justified or harmless").

**RM | ROBINSON MILLER LLC**

The Honorable Roberto A. Rivera-Soto
February 15, 2018
Page 5

In their recent opposition brief, plaintiffs claim that they have not provided their damages calculation here because New Jersey law purportedly "prohibits at trial both a party's opinion on the exact amount of the plaintiff's claims or their lawyer's suggestion of what their case's value is on the issue of general or unliquidated damages in a personal injury claim." ECF No. 436 at 2. But the case plaintiffs cite, *Botta v. Brunner*, 138 A.2d 713 (N.J. 1958), is about what counsel can say at trial in a personal injury case about the specific monetary value of pain and suffering. It has no bearing on the discoverability of the actual amounts of compensatory damages plaintiffs claim they incurred. And, in all events, this is not a personal injury case. Indeed, plaintiffs have spent seven years arguing that the underlying personal injury cases are not at issue here and are beyond the scope of discovery. *See, e.g.*, Pls.' 3/1/17 Br. (ECF No. 249) at 2 ("[T]his case is not a replay of individual asbestos injury cases that were dismissed."); *id.* at 7 ("[W]e believe the Court should accept Plaintiffs' position that the individual merits of the Plaintiffs' and the absent class members underlying cases ***are not relevant issues***.") (emphasis added). Plaintiffs cannot have it both ways and change their position now just to block BASF's discovery efforts.

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 15, 2018
Page 6

BASF is now on the eve of deposing the individual plaintiffs who may (or may not) be claiming millions of dollars of damages. Plaintiffs' tactical delay is prejudicing BASF. It has now cost BASF tens of thousands of dollars in briefing to obtain what plaintiffs should have disclosed under Rule 26 and what plaintiffs were already ordered by this Court to produce. The Court would be justified in assessing costs against plaintiffs for considering this motion, which has been entirely forced by plaintiffs' dilatory conduct. *See* Fed. R. Civ. Proc. 37(c); *see also Trowery v. O'Shea*, 2015 WL 9587608, at *5 (D.N.J. Dec. 30, 2015) (noting that when "a party fails to provide information … as required by Rule 26(a)" the court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure"); *Ritchie*, 280 F.R.D. at 162 ("It would also be appropriate here for Plaintiffs to be required to pay Defendants the reasonable attorneys' fees and costs they incurred in bringing this motion.").

In these circumstances, Plaintiffs should be ordered to supplement their response to BASF's Interrogatory No. 1 and provide a calculation of their alleged damages without delay. If plaintiffs continue to obstruct BASF's discovery efforts regarding damages, the Court should preclude plaintiffs from introducing their damages evidence at trial.



The Honorable Roberto A. Rivera-Soto
February 15, 2018
Page 7

                                                  Respectfully Submitted,

                                                  <u>s/ Justin T. Quinn</u>
                                                        Justin T. Quinn
                                                Counsel for BASF Catalysts LLC

cc:    All counsel of record (via ECF)