

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

February 21, 2018

**VIA ECF**

The Honorable Roberto A. Rivera-Soto
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002

Re: *Kimberlee Williams, et al. v. BASF Catalysts LLC, et al.*
    **Civil Action No. 11-cv-01754 (JLL) (JAD)**

Dear Justice Rivera-Soto:

As the parties have informed the Court, plaintiffs have agreed to withdraw most of their motion for reconsideration and will allow BASF to conduct much of the questioning to which plaintiffs previously objected and sought reconsideration. *See* 2/20/18 H. Roth Email to SDM. Plaintiffs have now expressly agreed, consistent with the Court's previous Orders, that: (i) "communications regarding facts with Bevan are discoverable"; (ii) "[d]eposition questions regarding damages" and "knowledge of settlement" offers are appropriate; and (iii) deposition questions on plaintiffs' document retention efforts are also appropriate, including specifically "whether [plaintiffs] were told to preserve documents." *Id.*

In light of these acknowledgements by plaintiffs, the only remaining disputes at issue here relate to plaintiffs' objections 9 and 22 (and, depending on how they

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 21, 2018
Page 2

are interpreted, possibly objections 1 and 5), all of which address Ms. Wengerd's communications with her current and former counsel regarding the *Williams* litigation.[1] As already conveyed to plaintiffs' counsel, BASF agrees (and has not disputed) that the attorney-client privilege protects Ms. Wengerd's communications with her current counsel of record at Cohen, Placitella & Roth regarding plaintiffs' legal strategy in this case. The key area of disagreement, however, is whether the privilege applies with respect to Mr. Bevan and his communications with Ms. Wengerd, including communications with Ms. Wengerd in which both Mr. Bevan and Cohen, Placitella & Roth were present.

Before turning to the merits of this issue, it bears emphasis that plaintiffs fail to meet the standards governing reconsideration. Plaintiffs identify no new facts or any change in the law. On February 9, 2018, and pursuant to the Court's October 27, 2017 Order, plaintiffs submitted a list of objections from Ms. Wengerd's April 2017 deposition that they believed were proper. Plaintiffs at that time had the benefit of full briefing on the waiver and the sanctions issues, as well as Chief Judge Linares's August 3, 2017 Opinion, Your Honor's October 27, 2017 Order, and Your

---

[1] Plaintiffs' acknowledgment that BASF's questioning on damages, settlement efforts, and document preservation is proper eliminates any dispute regarding plaintiffs' objections 2, 4, 7, 8, 12, 15, 16, 20, 21, 23.

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 21, 2018
Page 3

Honor's colloquies with counsel regarding these issues at several hearings over the last four months.

There was no ambiguity in any of the Court's past pronouncements regarding Mr. Bevan's role as fact witness. Indeed, plaintiffs themselves have continued to emphasize to the Court that Mr. Bevan is the critical fact witness for their case. *See, e.g.*, 1/15/18 Hr'g Tr. 132:5-13 (noting that the named plaintiffs have no personal knowledge of the underlying claims, but that BASF is "going to have a chance to depose Mr. Bevan or other counsel"); *see also id.* at 153:1-3 (noting that "[t]he person to whom Mr. Bevan would have given advice in these cases is dead"); 1/29/18 K. Williams Suppl. Resp. to BASF Interrog. No. 12, Set 1 ("My attorneys from the Underlying Case [*i.e.*, the Bevan Firm] may have more information responsive to this request.").

Plaintiffs' short 2-page submission on February 9, 2018, which attempted to justify plaintiffs' deposition objections, contained essentially *no* reasoning. BASF responded on February 12, 2018 with a 14-page letter brief and accompanying chart showing in detail why plaintiffs' objections could not stand under Chief Judge Linares's August 3, 2017 Opinion and Your Honor's October 27, 2017 Order. Two days later, this Court issued an Order requiring Ms. Wengerd to answer all of the

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 21, 2018
Page 4

disputed questions, warning that "any failure to abide by the terms of this order shall be punishable as contempt." 2/14/18 Order (ECF No. 434).

Plaintiffs' motion for reconsideration merely seeks to reargue points that plaintiffs have argued unsuccessfully many times before. It should therefore be denied. As Your Honor recognized: "Plaintiffs' reconsideration motion is now a third bite of this apple; it is time to move on from this point and to address the more pressing, substantive issues that beg attention." 2/18/18 SDM E-mail to H. Roth and P. Farrell. Under the circumstances, plaintiffs have no basis to request reconsideration of the Court's order.

The Court can also easily dispose of plaintiffs' remaining objections on the merits. Attached as Appendix A is a list of the four remaining objections at issue, along with BASF's specific responses to each objection. As BASF has previously explained, plaintiffs are openly relying on Mr. Bevan as a fact witness to support key elements of their case. Indeed, plaintiffs' counsel has emphasized that the named plaintiffs know very little, and what information they have will necessarily come from Mr. Bevan. *See* 1/15/18 Hr'g Tr. 132:5-13 (noting that the named plaintiffs have no personal knowledge of the underlying claims, but that BASF is "going to have a chance to depose Mr. Bevan or other counsel"). Mr. Bevan is thus the critical

**RM | ROBINSON MILLER LLC**

The Honorable Roberto A. Rivera-Soto
February 21, 2018
Page 5

fact witness for plaintiffs' case. The Court has already ruled that there is a waiver of the attorney-client privilege between the named plaintiffs and their former counsel (*i.e.*, Mr. Bevan) in the underlying cases. Indeed, as Your Honor has indicated, if Mr. Bevan "has information, that is information that is in the possession, custody, or control of the plaintiffs" and must be produced. *Id*. at 150:2-5.

Because Mr. Bevan is a critical fact witness, Ms. Wengerd can no longer claim privilege over her communications with him, regardless of the subject matter.[2] Plaintiffs cannot have it both ways with respect to Mr. Bevan's testimony. If plaintiffs intend to use Mr. Bevan's testimony to support their case—as plaintiffs claim will be necessary—they cannot then block BASF from taking discovery on what Mr. Bevan told the plaintiffs. Thus, objection 1—which focuses on what the witness and Mr. Bevan spoke about before the deposition—should be overruled

---

[2] One of the named class representative, Ms. Holley, previously testified—prior to this Court's ruling on waiver—that she had discussed the facts of her case with Mr. Bevan. Today at her continued deposition, Ms. Holley testified that she has not discussed the case with Mr. Bevan at all over the last 7 years, and thus cannot supply any information about what Mr. Bevan told her. Ms. Holley now says that, when she earlier testified Mr. Bevan told her certain information, she was mistaken and that those communications must have been with Mr. Coren or Mr. Placitella (and are thus privileged). Whatever Ms. Holley's current recollection, it is clear that Mr. Bevan has provided factual information to plaintiffs' current counsel (including, perhaps, in the presence of the class representatives).

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 21, 2018
Page 6

because the conversations between the witness and Mr. Bevan regarding the facts are clearly discoverable.[3] Objection 5 should also be overruled because the witness was being asked about when she first learned about "facts" from Mr. Bevan. Objection 9 should also be overruled because the witness was being asked for the names of other potential fact witnesses.

To the extent that there are other issues regarding privilege, there is no reason for the Court to rule beyond the questions presented and issue an advisory opinion. This Court has already ruled that 18 of plaintiffs' 24 renewed objections are improper. To the extent that plaintiffs are concerned about permutations of BASF's questioning, it is best to address those concerns in the context of the questions that arise, based on the rulings and guidance this Court has already provided.

---

[3] Plaintiffs have also continued to block BASF's discovery into documents from the Bevan Firm. After making repeated inquiries on the issue, BASF received a supplemental production of e-mails from the Bevan Firm on February 20, 2018. However, many of those e-mails were redacted (purportedly for privilege) either in full or in substantial part. Plaintiffs' redactions seem to ignore Your Honor's and Chief Judge Linares's rulings on plaintiffs' privilege waiver with respect to the Bevan Firm. Plaintiffs did not provide a privilege log with their production, and BASF understands that plaintiffs have not yet produced the redacted and withheld documents to Your Honor for review. BASF asks that these documents be produced to Your Honor immediately, along with an appropriate privilege log.

**RM | ROBINSON MILLER LLC**

The Honorable Roberto A. Rivera-Soto
February 21, 2018
Page 7

Finally, Given the Court's directive that violation of its February 14, 2018 order will subject plaintiffs to sanctions, plaintiffs have proposed the entry of an order under Federal Rule of Evidence 502(d) to permit Ms. Wengerd (and other class representatives) to answer deposition questions without waiver of any remaining applicable privilege.  While BASF disagrees with plaintiffs that any privilege still applies, BASF does not object to the entry of a Rule 502(d) order as a temporary solution to the situation.  Inasmuch as plaintiffs are willing to agree to a consensual disclosure of potentially privileged information, Rule 502(d) may provide an appropriate mechanism for the temporary protection of this information.  Any such protection should cease to apply, however, if the Court ultimately determines that the information is not privileged or a privilege waiver applies.

For the reasons set forth above, as well as those in BASF's letter of February 12, 2018, the Court should deny plaintiffs' motion for reconsideration with respect to the remaining four objections (1, 5, 9 and 22), as well as any other objections that the Court deems still at issue.

                                                                   Respectfully Submitted,

                                                                   s/ Justin T. Quinn
                                                                     Justin T. Quinn
                                                                 Counsel for BASF Catalysts LLC

cc:    All counsel of record (via ECF)