

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

February 28, 2018

**VIA ECF**

The Honorable Roberto A. Rivera-Soto
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002

Re:   *Kimberlee Williams, et al. v. BASF Catalysts LLC, et al.*
      **Civil Action No. 11-cv-01754 (JLL) (JAD)**

Dear Justice Rivera-Soto:

I write on behalf of defendant BASF Catalysts LLC to request that the Court enforce its prior order directing plaintiffs to provide responsive information in the possession, custody, or control of their counsel, Thomas Bevan and his law firm. As Your Honor made clear at the January 15, 2018 hearing, "if Mr. Bevan has information, that is information that is in the possession, custody, or control of the plaintiffs" and must be produced. 1/15/18 Hr'g Tr. 150:2-5. However, in their January 29, 2018 supplemental interrogatory responses, plaintiffs refused to provide such information and instead merely directed BASF to Mr. Bevan. Because plaintiffs continue to withhold information in Mr. Bevan's possession—even in the face of Your Honor's repeated directives—BASF moves to enforce the Court's January 15, 2018 Order or, in the alternative, to compel further responses to BASF's Interrogatory Nos. 1, 4, 12, and 13 from Set 1.

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 28, 2018
Page 2

## **PROCEDURAL BACKGROUND**

On December 15, 2017, BASF moved to compel plaintiffs to supplement their responses to BASF's First Set of Interrogatories, served on October 23, 2015. Plaintiffs objected to many of those interrogatories in December 2016 and did not supplement them in response to Chief Judge Linares's and Your Honor's rulings regarding the scope of discovery, plaintiffs' privilege waiver, and other issues.

On January 15, 2018, Your Honor held a hearing on BASF's motion to compel. With respect to Interrogatory Nos. 12 and 13 in particular (concerning plaintiffs' decision to settle their underlying cases and efforts to prosecute their underlying cases), Your Honor questioned plaintiffs' failure to produce information within the possession of the named plaintiffs' former counsel, recognizing the importance of this information given the named plaintiffs' asserted lack of factual knowledge concerning their decedent's underlying cases. As Your Honor explained:

> The person who's now . . . filing verified responses saying: I didn't know about this stuff, but I've read A, B, and C and if you really want answers, you got to go to my decedent's lawyer at the time who might be able to provide this information for you. And since it's already been determined that whatever attorney/client privilege may have existed between the decedent and his lawyer is now waived based upon the allegations made in the complaint, that information should be produced to [BASF].

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 28, 2018
Page 3

1/15/18 Hr'g Tr. 148:10-22.

In ordering plaintiffs to amend their responses to BASF's Interrogatory Nos. 1, 4, 12, and 13,[1] Your Honor made clear that all relevant information in the possession of plaintiffs' former counsel must be disclosed. *See id.* 150:2-5 (SDM: "Well, let me make painfully clear that if Mr. Bevan has information, that is information that is in the possession, custody, or control of the plaintiffs."). Your Honor also made clear that plaintiffs' responses must identify the source of the information provided. *See id.* 152:18-22 (SDM: "Let's make it clear who the source of the information is, because if BASF takes Mr. Bevan's deposition, they ought to

---

[1] Interrogatory No. 1 asks the named plaintiffs to "[i]dentify all Persons with knowledge Relating to Your claims against BASF and the subject matter of their knowledge."

Interrogatory No. 4 asks the named plaintiffs to "[i]dentify all resolutions of claims or dispositions with Any Defendant named in the Underlying Action … , including … the reason why the claim was settled."

Interrogatory No. 12 asks the named plaintiffs to "[d]escribe in detail the process behind [plaintiffs'] Decedent's decision to settle with or dismiss Engelhard or its subsidiaries in the Underlying Action, including the Persons involved, the information reviewed, and the basis for the decision."

Interrogatory No. 13 asks the named plaintiffs to "[d]escribe all efforts made by [plaintiff's] Decedent and her counsel in the Underlying Action to develop and prosecute claims against Engelhard and its subsidiaries."

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 28, 2018
Page 4

be able to tie him back to specific representations made by the plaintiff as to what Mr. Bevan said or didn't say."). On January 15, 2018, the Court entered an Order requiring plaintiffs "to provided amended answers to [] interrogatories 1, 4, 12, and 13." ECF No. 407 ¶ 2.[2]

On January 29, 2018, plaintiffs served their amended responses.[3] The amended responses to Interrogatory Nos. 1, 4, 12, and 13 continue to be deficient because plaintiffs merely refer to knowledge held by their former counsel and ***do not actually provide that information***. The "facts" of the named plaintiffs' underlying cases—including the reasons why those cases were settled—are apparently not known by the named plaintiffs themselves. Plaintiffs' counsel does appear to know those facts, which apparently came from Mr. Bevan. As Your Honor has made clear, BASF is entitled to know this information prior to Mr. Bevan's deposition.

BASF met and conferred with plaintiffs' counsel regarding the ongoing deficiencies in their interrogatory responses, but plaintiffs refused to further amend

---

[2] At issue here are Interrogatory Nos. 1, 4, 12, and 13 for named plaintiff Kimberlee Williams and the corresponding Interrogatory Nos. 1, 4, 11, and 12 for the remaining named plaintiffs.

[3] Attached hereto as Exhibits A-L are the six named plaintiffs' January 29, 2018 interrogatory responses, along with blackline comparisons to the prior versions served before the Court's January 15, 2018 ruling on BASF's Motion to Compel.

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 28, 2018
Page 5

their responses in accordance with Your Honor's directives. BASF now moves to enforce the Court's orders or, in the alternative, to compel plaintiffs to provide further amended interrogatory responses that provide responsive information in the possession of Mr. Bevan and any other former counsel.

## ARGUMENT

Plaintiffs' refusal to provide information within the possession of their former counsel is in clear contravention of Your Honor's January 15, 2018 Order and Chief Judge Linares' August 3, 2017 Order. These deficiencies continue to prejudice BASF's efforts to investigate the named plaintiffs' underlying claims and are particularly troubling in light of the upcoming depositions of the remaining named plaintiffs and Mr. Bevan.

Plaintiffs provided their initial responses to BASF's interrogatories on December 23, 2016 and—after further follow up by BASF—amended those responses on January 4, 2018. As discussed above, at the January 15, 2018 hearing on BASF's motion to compel, Your Honor instructed plaintiffs to again amend their responses to BASF's Interrogatory Nos. 1, 4, 12, and 13. Your Honor noted that, in light of Chief Judge Linares's directives in the August 3, 2017 Order, plaintiffs' privilege objections were overruled, and plaintiffs were required to produce all

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 28, 2018
Page 6

relevant information within the possession of their former counsel. *See* 1/15/18 Hr'g. Tr. 150:2-5 (SDM: "Well, let me make painfully clear that if Mr. Bevan has information, that is information that is in the possession, custody, or control of the plaintiffs."). Moreover, in answering BASF's interrogatories, Your Honor instructed that plaintiffs must indicate what information is derived from plaintiffs' own personal knowledge and what information comes from their former counsel. *Id*. at 152:18-22 (SDM: "Let's make it clear who the source of the information is, because if BASF takes Mr. Bevan's deposition, they ought to be able to tie him back to specific representations made by the plaintiff as to what Mr. Bevan said or didn't say.").

Notwithstanding these directives, plaintiffs served their amended responses on January 29, 2018 without providing the responsive information in their former counsel's possession. Instead, the named plaintiffs alluded to that information without actually articulating it or identifying its source. *See, e.g.*, Ex. A (1/29/18 K. Williams Resp. to BASF's No. 12, Set 1) ("My attorneys from the Underlying Case may have more information responsive to this request as the information that I have is based on my reading of the complaints filed in this matter and is being developed by the lawyers who represent me in this case."). Ms. Williams' responses to

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 28, 2018
Page 7

Interrogatory Nos. 1 and 13 include similarly evasive language, and her response to Interrogatory No. 4 makes no reference to her attorneys' knowledge at all, stating only that Ms. Williams has "no personal recollection of information responsive to this request." Indeed, all of the named plaintiffs' responses fail to provide responsive information in the possession of their former counsel or to identify the specific source of that information. *See, e.g.*, Ex. B at 10 (Holley) ("My attorneys from the Underlying Case may have more information responsive to this request."), Ex. C at 10 (Wengerd), Ex. D at 11 (Chernick), Ex. E at 11 (Pease), Ex. F at 10 (Ware).

Plaintiffs' failure to supplement their responses in accordance with Your Honor's directives reflects the casual view of discovery that plaintiffs have taken in this case from its inception. Plaintiffs cannot merely direct BASF to their former counsel because, as Your Honor recently pointed out, if their former counsel has information, "that is information that is in the possession, custody, or control of the plaintiffs" and must therefore be produced. 1/15/18 Hr'g. Tr. at 150:2-5.

The recent continued deposition of named plaintiff Marilyn Holley makes clear why BASF needs a definitive statement of the responsive information in Mr. Bevan's possession. At her first deposition, Ms. Holley testified repeatedly that the only knowledge she has regarding the facts of this litigation comes from Mr. Bevan.

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 28, 2018
Page 8

*See, e.g.*, Ex. M (4/5/17 Holley Dep. Tr. 15:3-6) ("Q. The only knowledge you have is from Mr. Bevan regarding what was said or not said to your mother, true? A. Correct."); *id.* at 15:7-10 ("Q. So you're relying on Mr. Bevan as the source for the facts in this lawsuit, fair? A. I'd say fair based upon the complaint filed, yes."); *id.* at 62:5-7 ("Q. Other than what you know from Mr. Bevan, you don't have any personal knowledge? A. I have no personal knowledge."). Because the first day of Ms. Holley's deposition took place before the Court's various rulings with respect to Mr. Bevan, Ms. Holley did not answer questions based on what Mr. Bevan told her.

At the second day of Ms. Holley's deposition, BASF—with the benefit of the Court's rulings regarding Mr. Bevan and BASF's request for sanctions—expected to hear what Mr. Bevan told or discussed with Ms. Holley regarding her underlying case. Ms. Holley initially interposed her own objection based on privilege, asking "Wouldn't my conversations with Mr. Bevan be privileged?" Ex. N (2/21/18 Holley Dep. Tr. 185:7-19). After plaintiffs' counsel explained that the Court had ruled that the privilege over Ms. Holley's communications with Mr. Bevan was waived (and after an attorney-witness conference outside the deposition room), Ms. Holley then continued her testimony. *See id.* at 185:20 - 188:6. Ms. Holley subsequently heeded

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 28, 2018
Page 9

her counsel's direction and, notwithstanding her prior testimony on April 5, 2017, stated that she never spoke with Mr. Bevan regarding the facts underlying her case but instead spoke with Mr. Coren. *See id.* at 192:18-23; *see also id.* at 182:19-22 ("Q. Did Mr. Bevan ever tell you in words or in substance that he knows the reasons why the underlying Engelhard case was settled? A. No."); *id.* at 195:20-24 ("Q. So it's your testimony that from 2011 until today, you haven't had any conversations with Mr. Bevan regarding your mother's underlying case against Engelhard. True? A. No. That's true."); *id.* at 196:9-12 ("Q. Okay. Have you had any conversation with Mr. Bevan regarding the Williams class action from 2011 until today? A. No. It was present counsel."). This testimony suggests that, despite the Court's January 15, 2018 rulings, Ms. Holley has still not taken any steps to ask Mr. Bevan for information in his possession about Ms. Holley's underlying case. *See id.* at 179:24 - 180:2 ("Q. Have you asked Mr. Bevan about his knowledge of the facts of why that underlying Engelhard case was settled? A. No.").

More troubling, however, is the fact that Ms. Holley previously testified that she spoke with Mr. Bevan. *See, e.g.*, Ex. M (4/5/17 Holley Dep. Tr. 25:20-25 ("Q. At the time Mr. Bevan spoke to you, did you have any facts regarding Emtal, Engelhard, BASF, or Cahill Gordon? Had you ever even heard of them? A. I had

not heard of them previous to talking to him."); *id.* at 92:20-25 ("Q. … Have you had discussions with Mr. Bevan regarding the facts in this case, the Williams case? … A. Yes."); *id.* at 149:17-20 ("Q. After the BASF was filed in 2011, you had understood from Mr. Bevan that there had been a fraud with Engelhard, fair? A. Yes. That was my understanding."). When asked about that prior testimony, Ms. Holley stated that she was mistaken and that she meant she had spoken to Mr. Coren. *See* Ex. N (2/21/18 Holley Dep. Tr. 227:24 - 228:20) (Q. "I think when I was asking about the Williams case in your first deposition, we were talking about the underlying allegations in the Williams case and the facts of the Williams case and you said that you had discussed it with Mr. Bevan. Do you see that? A. Yeah, I see that. Q. OK. So did you discuss the facts? A. I must have misunderstood the question."); *see also id. at* 194:5-6 ("My conversations have not been with Mr. Bevan about an underlying case."); *id.* at 194:13-15 (Q. "Mr. Bevan hasn't discussed with you the underlying Engelhard case? A. No."). Plaintiffs' counsel objected to Ms. Holley's testimony regarding her factual discussions with Mr. Coren. *See id.* at 192:24 - 193:19.

Ms. Holley's two different pieces of testimony illustrate the problem with Mr. Bevan's role in this case and how plaintiffs are preventing BASF from effectively

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
February 28, 2018
Page 11

conducting discovery to defend itself against plaintiffs' claims. To address this situation, the first step is (another) Order requiring plaintiffs to state definitively in their interrogatory responses what (if anything) they know about this litigation from their personal knowledge and what specific information they learned from Mr. Bevan and other former counsel in the underlying cases.

    For the reasons set forth above, BASF respectfully requests that the Court enforce its existing orders with respect to discovery of information in the possession of plaintiffs' former counsel or, in the alternative, compel plaintiffs to produce that information.

Respectfully Submitted,

s/ Justin T. Quinn
   Justin T. Quinn
Counsel for BASF Catalysts LLC

cc:    All counsel of record (via ECF)