# EXHIBIT B



# OHIO ETHICS GUIDE
## CLIENT FILE RETENTION

Board of Professional Conduct of The Supreme Court of Ohio

© 2016 Board of Professional Conduct, The Supreme Court of Ohio

# Client File Retention

At some point, most lawyers face the question of **"What do I do with client files that are closed and dormant?"** How long should the lawyer retain a client file? What documents in the file are required to be maintained by the lawyer? Which contents of the file belong to the client? Can the contents of the file be electronically scanned and then destroyed? What do the Rules of Professional Conduct require?

Lawyers are required to comply with a number of ethical and legal obligations related to client files and property. Applicable Rules of Professional Conduct include:

- **Prof.Cond.R. 1.1**
  A lawyer shall provide competent representation.

- **Prof.Cond.R. 1.3**
  A lawyer shall act with reasonable diligence and promptness.

- **Prof.Cond.R. 1.4**
  A lawyer shall communicate with a client and comply promptly with all of a client's reasonable requests for information.

- **Prof.Cond.R. 1.6**
  A lawyer shall keep a client's confidences.

- **Prof.Cond.R. 1.15**
  A lawyer shall safeguard the property of the client.

- **Prof.Cond.R. 1.16(d)**
  A lawyer shall, upon termination of representation, take reasonable steps to protect a client's interests including surrendering all papers and property to which the client is entitled.

## Confidentiality of Files

*What must be kept confidential?*
Maintaining the confidentiality of client files is a duty imposed upon lawyers by Prof.Cond.R. 1.6. An important step toward complying with this duty is the maintenance of a paper or digital filing system with access limited only to authorized personnel.[1] Confidentiality is further ensured by the requirement in Prof.Cond.R. 1.15 to identify and segregate the client file from the lawyer's property, and from the property of other clients and third persons. Equally important, a lawyer must use "reasonable efforts to prevent the inadvertent or unauthorized disclosure" or access to a client's file regardless of whether it is maintained in paper or digital format.[2]

## Ohio's Client File Retention Requirements

*How long must a lawyer maintain a closed client's file?*
The Rules of Professional Conduct do not prescribe a minimum period of time for the retention of client files, nor is a lawyer required to permanently preserve all files of current or former clients.[3]  It is nearly impossible to establish a minimum retention period for client files that applies in all circumstances. The decision of how long to maintain a client file always lies within the professional judgment of the lawyer, and may be influenced by the nature and subject matter of the representation, relevant statutes of limitations, and potential malpractice issues.

---

**NOTE:** Ethics Guides address subjects on which the staff of the Board of Professional Conduct receives frequent inquiries from the Ohio bench and bar. The Ethics Guides provide nonbinding advice from the staff of the Board of Professional Conduct and do not reflect the views or opinions of the Board of Professional Conduct, commissioners of the Board, or the Supreme Court of Ohio.

**However, lawyers should always be mindful of two time periods for document retention required by the Rules of Professional Conduct:**

- The notice signed by the client stating that the lawyer does not maintain liability insurance must be kept for *five years* after termination of representation **(Prof.Cond.R. 1.4)**; and

- IOLTA/trust account records shall be kept by lawyer for *seven years* after termination of representation **(Prof.Cond.R. 1.15)**.

Despite the lack of minimum file retention requirements in Ohio, other jurisdictions suggest client file retention periods that run concurrently with IOLTA/trust account recordkeeping requirements. In these situations, a lawyer maintains both the required trust account and financial records and the underlying client file for the entire IOLTA retention period, *i.e.* seven years.

Although maintaining client files for the duration of the IOLTA retention period may be appropriate in many cases, certain client matters may require a longer or possibly an indefinite period of retention. For example, files related to minors, probate matters, estate planning, tax, criminal law, corporate formation, business entities and transactional matters should be retained until the files no longer serve a useful purpose to the current or former client. Consequently, a careful and particularized review of each client file, and the establishment of a specific file retention period for the file, may be necessary with regard to some matters. See also *Client File Retention Policy*, page 4.

*What are Client Papers and Property?*
Certain documents in a client file are subject to surrender at the request of the client. Client property traditionally includes documents provided to the lawyer by the client.[4] Although Prof.Cond.R. 1.16(d) applies to a situation in which the representation of a client is terminated prior to completion, whether by the client or the lawyer, the rule's definition of "client papers and property" can provide guidance useful in the context of client file retention. The rule states that "'client papers and property' may include correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert reports, and other items reasonably necessary to the client's representation."[5]

The Board also has further held that "papers and property to which the client is entitled" to receive includes, but is not limited to materials acquired or prepared for the purpose of representing the client and other materials that might prove beneficial to the client, such as significant correspondence, investigatory documents, reports for which the client has paid, and filed or unfiled pleadings and briefs.[6]

*Are a Lawyer's Notes and Related Documents Considered Client Property?*
A client is not entitled to all materials possessed by the lawyer in the client file, such as the lawyer's work product. However, the lawyer's ethical obligations may "give [] rise to an entitlement to those materials that would likely harm the client's interest if not provided."[7] For example, a lawyer's notes regarding facts about the client's case, as well as any notes regarding legal theories, strategies, and analysis, may be reasonably necessary to the client's representation.[8]

**Among the items in a client file that may not be items reasonably necessary to a client's represenation and thus not client files or papers are:**

1. A lawyer's notes "to himself or herself regarding passing thoughts, ideas, impressions, or questions will probably not be items reasonably necessary to a client's represenation;"[9]

2. A lawyer's notes, research, firm documents, internal memoranda generated for a lawyer's own purposes;[10] and

3. "Internal office management memoranda such as personnel assignments or conflicts of interest checks."[11]

## Client File Retention Policy

A lawyer should adopt and consistently follow a client file retention policy. Such a policy should meet the needs of the lawyer's practice and comply with the Rules of Professional Conduct. A retention policy should include the step-by-step details necessary for the lawyer to close and store the client file, transfer the file to the client, a third party or subsequent lawyers, and eventually destroy the file. The policy also should address document review processes and procedures, IOLTA records, backup and archival procedures of digital and paper documents, the designation and duties of a firm client file custodian, and the creation of a destroyed client file register.

In developing a retention policy, a lawyer should consider the nature of his or her practice and the types of client materials that come into his or her possession. A different retention period may be required for each area of the lawyer's practice. For example, a corporate practice may require the retention of closed files for the life of the corporation; a collections practice may require a retention period until a judgment can no longer be revived; and a practice that includes cases involving minors may require retention beyond the age of majority. The separate retention period established for each practice area or matter type should be described in the firm's retention policy.

Even if a lawyer concentrates his or her practice in a single area of the law, the retention policy may need to distinguish between different case types within that area of practice. For example, a lawyer practicing domestic relations law would likely need to establish a longer file retention period for divorce cases involving minor children compared to the dissolution of a marriage with no children retention period until a judgment can no longer be revived; and a practice that includes cases involving minors may require retention beyond the age of majority. The separate retention period established for each practice area or matter type should be described in the firm's retention policy.

## Notice to Clients

At the beginning of the representation, the lawyer should notify the client, in writing, of the general provisions of the firm's file retention policy. This is best accomplished through a statement in the initial engagement letter or fee agreement explaining when the file will be returned to the client. It is also acceptable and strongly advised that the lawyer provide the client with copies of correspondence, pleadings, deposition transcripts and expert reports during the representation to keep the client reasonably informed as well as to comply with requests for information as required by Prof.Cond.R. 1.4(a)(3)-(4).[12] The release of materials to the client during representation does not relieve the lawyer of obligations to maintain a complete client file or to turn over documents upon request.

> **The following is a sample statement in an initial engagement letter, regarding the final disposition of the client's file:**
>
> The firm will maintain your file for _____ years after the date of the file closing letter. After that date, the file and all of its contents will be permanently destroyed. You may request your file and all of its contents at any time before the date of destruction.

The closing letter at the conclusion of representation should include a recitation of the firm's file retention policy and the date when the file will be destroyed. The letter should allow the client a reasonable period of time to request a copy of his or her file before it is destroyed.

> **The file closing letter may contain language similar to the following:**
>
> Under the firm's file retention and destruction policy, your file will be kept for _____ months/years from the above date after which time the file will be permanently destroyed. You may retrieve your file and its contents at any time prior to the date of destruction.

A file retention policy, explained in both the initial engagement and file closing letters, gives the client sufficient notice of the length of time the file will be retained and that it may not be kept indefinitely by the lawyer. A retention period for the client file should take into consideration the statute of limitations to bring claims against the lawyer or any retention period required by the lawyer's malpractice carrier. Special attention should also be given to the Ohio's discovery rule and its application to legal malpractice matters when establishing a file retention policy.[13]

A retention policy may still be adopted even after lawyer has been in practice for a significant period of time. When implementing a policy after accumulating flies for years or even decades, the lawyer should set a date for implementation and draft a letter to current and former clients detailing the retention policy, dates for file destruction, and the time period the client may request and obtain their file.

## Closing and Transmittal of the Client File

A lawyer is required to take reasonable steps to protect the client's interest when a client file is closed at the end of representation.[14] This duty applies regardless of the reason for the termination of the representation.

**A lawyer should take certain steps when closing a client file:**

1. Determine that the matter has concluded (*e.g.*, file contains a dismissal entry, satisfaction of judgment, lease termination, etc.) and personally inventory the file to determine its contents;

2. Determine which documents the client is entitled to receive;

3. Determine whether the file contains other client property, such as, items provided by the client and original documents: wills, powers of attorney, advance healthcare directives, other executed estate planning documents, cash, bonds, negotiable instruments, deeds, official corporate or other business and financial records, and settlement agreements produced during the representation; and

4. Cull, at the lawyer's discretion, publicly available documents such as pleadings and briefs, hard copies of transcripts available digitally, and work product (*e.g.*, internal firm correspondence, drafts of documents, and lawyer's notes.)

When the client file is transferred to the client at the end of representation, a letter listing the general contents of the file should be prepared with a receipt to be signed by the client. Clients should be encouraged to pick up the file from the lawyer's office whenever possible. A lawyer should maintain a copy of the signed receipt with his or her copy of the client file. Files mailed at the client's direction should be sent by certified mail. If the client directs the lawyer to send the file to a third party or another lawyer, the request should be made in writing with a signed release to transfer the file. If the location of the client is generally unknown, it is advisable to withhold all original documents or client papers for transmittal until the client's address is confirmed or the client contacts the lawyer. A lawyer may not charge the

client for providing the file or making copies of the file.[15] Charging a client a separate fee to store his/her file during any retention period is discouraged unless the expense was previously agreed upon in writing.[16]

## Destruction of Retained Files

A file may be destroyed at any time with the client's consent. However, it is a best practice for a lawyer to retain either a paper or scanned copy of the file for the duration of the firm's file retention period. Even if the client previously has been advised of the file retention period, it is a best practice to send a final file destruction notice to the client before any client files are destroyed.

The file destruction notice should be sent to the last known address of the client. A lawyer is required to take reasonable steps, but not extraordinary measures, to locate missing clients.[17] For example, contacting known family members, placing a notice in a newspaper of general circulation, or a search of commonly used electronic databases, social media, or the internet are considered reasonable efforts to locate a client. The lawyer should document all efforts undertaken to locate the client.

Lawyers are not required to send a file destruction notice by certified mail, but unique circumstances may warrant the use of this method. For example, the use of certified mail may be prudent when a client has made contact with the firm requesting to pick up a copy of the file prior to its destruction, but has failed to do so after a reasonable period of time.

> **A file destruction notice should inform the client when the file will be destroyed:**
>
> You are advised that your file will be destroyed any time after _____ pursuant to the file closing letter dated _____. You may request the file at any time before that date.

Each file that is scheduled to be destroyed should be reviewed again by the lawyer. A lawyer should use care not to destroy or discard information that the "lawyer knows or should know may still be necessary or useful in the assertion or defense of the client's position in a matter for which the applicable statutory limitations period has not expired."[18] This will require a lawyer to consider all relevant statutes of limitations, substantive law, and the nature of the client's case before destroying the client's file. If a client cannot be located, but the file contains property owned by the client, it should be "segregated and preserved."[19]

Although the Rules of Professional Conduct do not prescribe any particular method for the destruction of client files, a lawyer is obligated to maintain client confidentiality even after the representation terminates, including when disposing of a client's file.[20] Cross-hatch shredding or incineration of closed files are recommended methods of destruction of client files. If third party vendors are contracted to destroy records, the lawyer is primarily responsible to ensure the vendor uses methods that minimize the risk of disclosure of confidential information. Destruction of email and other digital records also requires the use of technologically secure methods to preserve confidentiality. Lastly, it is recommended that physical hard drives be wiped pursuant to National Institute of Standards and Technology guidelines prior to resale or disposal of electronic devices.[21]

**After a file is destroyed, a lawyer should maintain a permanent record of a "destroyed client file register" in either paper form or an electronic database organized by client and matter number that includes:**

1. The date of the opening and closing of the file;
2. The date of the termination of the representation;
3. A copy of the letter to the client notifying him or her of the pending destruction of the file;
4. The name of the lawyer that reviewed the file at closing, prior to destruction, and authorized the destruction; and

**5** Receipt for a file transferred to the client or a subsequent lawyer at the end of representation.

## Electronic Correspondence

Email messages constitute papers or property to which the client is entitled under Prof.Cond.R. 1.16(d). Like other forms of client papers and property, a lawyer's ethical obligation to retain and safeguard materials relating to the representation of a client depends on the facts and circumstances of each representation.[22] A lawyer should retain emails that have a substantive impact upon the client's future representation. For example, a lawyer should retain an email that communicates and evaluates a settlement offer from an insurance company, but may discard a nonsubstantive email confirming a meeting or providing directions to a deposition.[23]

The retention and maintenance of client related emails should be incorporated into the firm's file retention policy. A lawyer is responsible for following the firm's email policy and understanding the underlying technology that creates and stores the emails.[24] Failure to do so may cause the inadvertent loss of important lawyer-client communications that adversely affect the client's future legal needs. Consequently, a lawyer should undertake steps to collect and store emails by client and matter to ensure they are physically or electronically associated with the client file.

## Digital Media and "Cloud" Storage of Client Files

As law firms adopt digital records as the primary method for producing and storing client papers and files, lawyers must ensure client information is securely stored. Lawyers who continue to handle paper documents may consider digital scanning as an alternative to traditional file storage methods. The Rules of Professional Conduct do not prohibit the scanning and simultaneous destruction of paper documents; however, there are instances when original paper records may constitute part of the client's file and will still need to be maintained. Client property or originals of legally significant documents in paper form should never be destroyed after scanning, and should be returned to the client.

When using technology a lawyer is required to use the requisite "legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation" including making decisions concerning the maintenance of digital client files.[25] The dual application of Prof.Cond.R. 1.6 and 1.15 requires that any internal or external digital file storage method employed by a lawyer must be secure, and that reasonable measures be taken to protect the confidentiality and security of the client property.

*"Cloud" File Storage*
Although not required to do so, a lawyer should inform clients regarding the use of "cloud" storage of all or part of the client's file.[26] Some clients may have legitimate concerns about the level of security employed by vendors selected by the lawyer. A lawyer must exercise due diligence in selecting a vendor that the lawyer has determined will provide services consistent with the lawyer's ethical obligations. Outside service providers hired for "cloud" storage of client files are considered nonlawyer assistants under Prof. Cond.R. 5.3(a), thus a lawyer must use reasonable efforts to ensure that a vendor's "conduct is compatible with the professional obligations of the lawyer."[27]

The ABA has concluded that the Model Rules of Professional Conduct allow for the outsourcing of legal and nonlegal support services, if the lawyer ensures compliance with the rules relating to competency, confidentiality, and supervision.[28] A lawyer has a supervisory obligation to ensure compliance with professional ethics standards even if the lawyer has an indirect affiliation with the selected service.[29]

The use of "cloud" storage systems should prompt the lawyer to consider a vendor's compliance with the same confidentiality standards set forth in Prof.Cond.R. 1.6. In selecting a vendor, the lawyer must "act competently to safeguard information relating to the representation of a client against inadvertent or unauthorized disclosure by the lawyer or other persons or entities who are participating in the representation of the client or who are subject to the lawyer's supervision or monitoring."[30] Consequently, a lawyer using the services of an outside service provider for digital "cloud" storage is required to undertake reasonable efforts to prevent the unauthorized disclosure of client information.[31] This may require a reasonable investigation by the lawyer of the methods employed by the third-party vendor. Factors to be considered in

determining the reasonableness of the lawyer's efforts to safeguard information include, the sensitivity of the information, the likelihood of disclosure if additional safeguards are not employed, and the cost of employing additional safeguards.[32]

**At a minimum, the lawyer employing "cloud" storage methods should ensure that:**

1. The vendor understands the lawyer's obligation to keep the information confidential;

2. The vendor is itself obligated to keep the information confidential; and

3. Reasonable measures are employed by the vendor to preserve the confidentiality of the files.

## Client Files and Succession Planning

A lawyer's duty of competent representation includes safeguarding the client's interests in the event of the lawyer's death, disability, impairment, or incapacity.[33] This can be ensured through a firm succession plan that contains explicit instructions to a named successor lawyer for the handling of open client files and matters, as well as closed client files maintained pursuant to a file retention policy.[34] The instructions should include the location of the client files and, in the event the files are maintained electronically either locally or in the "cloud," any necessary passwords or login information.

The retirement or resignation of a lawyer can also present client file issues if the lawyer has never implemented an adequate file retention and destruction schedule. A lawyer considering retirement or resignation should take certain steps to ensure the proper transfer of the files to a successor lawyer, or begin the process of inventorying and disposing of client files. The inventorying process should follow the aforementioned steps in this guide, including using reasonable efforts to contact former clients prior to the destruction of files.

**Issued March 18, 2016.**

---

[1] *See* RESTATEMENT OF LAW III: THE LAW GOVERNING LAWYERS, Sec. 46.

[2] Prof.Cond.R. 1.6(c); "Reasonable" when used in relation to conduct by a lawyer means conduct of a reasonably prudent and competent lawyer. Prof.Cond.R. 1.0(i).

[3] *See* ABA Comm. on Ethics & Prof'l Responsibility, Informal Op. 1384 (1989).

[4] *Sacksteder v. Senny*, 2nd Dist., Montgomery, 25982, 2014-Ohio-2678 (June 20, 2014); ABA Comm. on Ethics & Prof'l Responsibility Formal Op. 471 (2015).

[5] *See supra* n.2 for definition of "reasonable."

[6] Adv. Op. 1992-8.

[7] ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 471 (2015).

[8] *Id.*

[9] Adv. Op. 2010-2; ABA Comm. on Ethics & Prof'l Responsibility, Informal Opinion 1376 (1977).

[10] ABA Comm. on Ethics & Prof'l Responsibility, Informal Op. 1376 (interpreting former Model Code of Professional Responsibility DR 9-102(B)(4).)

[11] Adv. Op. 2010-2 (interpreting Prof. Cond. R. 1.16(d).)

[12] *Id.*

[13] *Omni-Food & Fashion, Inc. v. Smith* (1988), 38 Ohio St.3d 385, 528 N.E.2d 941; *Zimmie v. Calfee* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398.

[14] Prof.Cond.R. 1.16(d).

[15] Prof.Cond.R. 1.16, Comment [8A]; Adv. Op. 1992-8.

[16] Prof.Cond.R. 1.5(b).

[17] *See supra* n.3.

[18] *Id.*

[19] GEORGE CUNNINGHAM, JOHN MONTAÑA, THE LAWYERS' GUIDE TO RECORDS MANAGEMENT AND RETENTION, ABA (2006) at 117.

[20] Prof.Cond.R. 1.6. See also ABA Comm. on Ethics & Prof'l Responsibility, Informal Op. 1384; *Kala v. Aluminum Smelting & Ref. Co.*, 81 Ohio St.3d 1, 1998-Ohio-439 (1998); *Disciplinary Counsel v. Shaver*, 121 Ohio St.3d 393, 2009-Ohio-1385 (respondent disciplined for not properly disposing of client files and records in violation of Prof.Cond.R. 1.6(a) and 1.9(c)(2)); *Disciplinary Counsel v. Robinson*, 126 Ohio St.3d 371, 2010-Ohio-3829.

[21] NIST Special Publication 880-88 Rev. 1.

[22] *See supra* n.7.

[23] *Id.*

[24] Prof.Cond.R. 1.1, Comment [8].

[25] *Id.*

[26] *See* Prof.Cond.R. 1.4(a)(2).

[27] Prof.Cond.R. 5.3(b).

[28] ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 451 (2008).

[29] *Id.*; Adv. Op. 2009-06.

[30] Prof.Cond.R. 1.6, Comment [18].

[31] *See* Prof.Cond.R. 5.3

[32] *See supra* n.30.

[33] ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 369 (1992).

[34] *Id.*