

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

March 16, 2018

**VIA ECF**

The Honorable Roberto A. Rivera-Soto
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002

Re:   *Kimberlee Williams, et al. v. BASF Catalysts LLC, et al.*
      **Civil Action No. 11-cv-01754 (JLL) (JAD)**

Dear Justice Rivera-Soto:

Defendant BASF Catalysts LLC submits this reply concerning its motion to compel the depositions of Rothenberg lawyers Alan Rothenberg and Jeffrey Schwartz, and for sanctions against plaintiffs' counsel.  In light of the responses filed by plaintiffs and Rothenberg, BASF believes its motion to compel can now be held in abeyance.  BASF will also withdraw its request for sanctions, subject to several comments set forth below.

Contrary to positions taken weeks earlier, plaintiffs and Rothenberg now agree that the Rothenberg witnesses will be made available for depositions on April 26, 2018.  Plaintiffs in their recent opposition brief of March 14, 2018 also changed their position on how the depositions should be conducted.  Originally, plaintiffs stated they would interpose objections on relevance and privilege grounds, which would require advance resolution by this Court through a motion to compel, which

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
March 16, 2018
Page 2

plaintiffs insisted BASF should file. After BASF filed that motion, plaintiffs argued that BASF should withdraw it, on the understanding that plaintiffs would later file a motion for protective order before or during the depositions. Ex. A (3/2/18 R. Pratter Ltr to E. Assaf).[1] That request necessarily presupposed that plaintiffs would seek judicial rulings before the witnesses could answer certain questions.

Plaintiffs now appear to take the position that no further motion for protective order will be forthcoming, except that the depositions should be taken subject to a Rule 502(d) order. Indeed, the phrase "protective order" is not mentioned in plaintiffs' opposition brief. Plaintiffs in the lengthy meet-and-confer process had never previously suggested a Rule 502(d) order.

BASF disagrees with plaintiffs' interpretation of Chief Judge Linares's ruling. That said, as a matter of judicial economy, BASF does not oppose the entry of a Rule 502(d) order, even though BASF believes such an order is unwarranted where, as here, there has already been a judicial determination that the privilege has been waived (and that determination has not been appealed). In these circumstances, BASF will agree with plaintiffs' and Rothenberg's suggestion to have the

---

[1] All exhibits cited herein were provided to Your Honor via e-mail on March 5 and 6, 2018 with BASF's initial submissions on this issue.

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
March 16, 2018
Page 3

depositions conducted under an appropriate Rule 502(d) order, with the understanding that plaintiffs' counsel will not instruct the witnesses to not answer any question. Should counsel for Rothenberg instruct the witnesses not to answer on grounds of privilege, those objections would need to be taken up in due course, and would give rise to the preclusion issues discussed in BASF's opening brief. *See* 3/5/18 BASF Br. 19-20.

BASF continues to have substantial concerns about the process required to get to this point, and the fees and expenses BASF unnecessarily incurred as a result. As set forth in BASF's opening brief, BASF negotiated with plaintiffs for weeks concerning the scheduling of these depositions, with no suggestion that plaintiffs lacked the authority to do so, or that they had objections to the scope of the depositions. Plaintiffs now acknowledge that "in mid-February, Plaintiffs' counsel were politely and correctly informed [by Rothenberg's counsel] that they did not have authority to schedule depositions on behalf of Rothenberg firm attorneys and that if BASF wanted to take the depositions, they should contact Rothenberg's counsel directly on that subject." 3/14/18 Pls.' Ltr. (ECF No. 467) 8.

But plaintiffs did not inform BASF of this, instead advising BASF and the Court on February 20, 2018 that "[r]egarding scheduling, plaintiffs have agreed to

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
March 16, 2018
Page 4

provide the dates as soon as practicable, with the intent to provide dates by the end of this week." Ex. K (2/20/18 H. Roth Email to SDM). Plaintiffs now state that "Plaintiffs' counsel believed in good faith that Rothenberg's counsel contemporaneously so informed BASF" that only Rothenberg's counsel had authority to schedule the depositions. 3/14/18 Pls.' Ltr. (ECF No. 467) 8. But it is not apparent how plaintiffs could have that belief when plaintiffs knew BASF was negotiating the scheduling through them.

On the substantive issue concerning the scope of the depositions, plaintiffs also unfortunately forced BASF to spend a weekend preparing a motion to compel, only to later claim the issues should be addressed through a later-filed motion for protective order, which would have only delayed resolution of issues that BASF believed, per plaintiffs, required advance judicial resolution. Ex. A (3/2/18 Pls.' Ltr.) ("We may also interpose a motion for protective order in advance of or at the depositions"); *see also* Ex. Z (3/6/18 Pls.' Ltr. 2) ("We also stated up-front in our call and in my letter of March 2nd that we may file a motion for protective order"). It was not until yesterday that plaintiffs obviated the need for such motions practice by dropping their claim that a motion for protective order would be forthcoming, and suggesting the Rule 502(d) option instead.

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
March 16, 2018
Page 5

When BASF filed its initial brief on this issue, the Rothenberg depositions had not been scheduled, plaintiffs' counsel was insisting that BASF file a motion to compel on scope and proportionality, and plaintiffs were explicitly reserving their rights to file a motion for a protective order before the Rothenberg deposition. Now, approximately ten days later, the Rothenberg depositions are scheduled, plaintiffs believe that the motion to compel is moot, and plaintiffs are no longer reserving their right to file a motion for a protective order. It took BASF substantial time and expense—and imposed burdens on the Court as well—to get to this point.

In the interest in moving past these issues, BASF will agree to withdraw its request for sanctions against plaintiffs' counsel, even as BASF continues to believe that plaintiffs unnecessarily forced BASF to incur significant unnecessary expenses in connection with the Rothenberg depositions. At some point, there should be a recognition that the conduct outlined above is not conducive to the orderly administration of this case and imposes unnecessary costs on the litigants. Judicial recognition of that point would be appropriate and welcomed here.

Although BASF will hold its motion to compel in abeyance, BASF asks that an Order be entered (a) confirming the deposition dates of Rothenberg and Schwartz

RM | ROBINSON MILLER LLC

The Honorable Roberto A. Rivera-Soto
March 16, 2018
Page 6

and (b) confirming that plaintiffs are limited to objections as to "form" at the Rothenberg depositions.

          Respectfully Submitted,

          s/ Justin T. Quinn
            Justin T. Quinn
          Counsel for BASF Catalysts LLC

cc:    All counsel of record (via ECF)