# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **KIMBERLEE WILLIAMS, et al.**, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 2:11-cv-1754-JLL-JAD |
| **BASF CATALYSTS LLC, et al.**, | : | |
| Defendants. | : | |

## THIRD INTERIM ORDER FROM SPECIAL MASTER
## RE ECF NO. 370

**THIS MATTER** originally having been opened by the January 25, 2017 application of defendant BASF Catalysts LLC ("BASF") (Kirkland & Ellis LLP and Robinson Miller LLC, appearing) seeking various forms of discovery relief, including the tender of a "science day" [ECF No. 228];

**AND,** by an order dated October 26, 2017 and filed October 27, 2017, that application was denied as moot [ECF No. 359];

**AND,** during consideration of the November 2, 2017 application of plaintiffs Kimberlee Williams, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd, and Rosanne Chernick, each in their capacity as the personal representative of a decedent and as representatives of others similarly situated ("plaintiffs") (Cohen, Placitella & Roth, P.C., and Fox Rothschild LLP, appearing), seeking an order determining the applicability of the crime-fraud

and *Kozlov* exceptions to defendants' privilege claims [ECF No. 370], it having become clear that additional expert proofs would be necessary in order to adjudicate properly that application;

**AND,** during an April 2, 2018 oral argument, the question of the need for additional expert proofs was raised with the parties, together with a request that parties advise as to their respective views on the conduct of a hearing for the receipt of such expert proofs;

**AND,** by a submission dated April 18, 2018 [ECF No. 482], BASF having advanced the proposition that a hearing for the receipt of such expert proofs would be of aid in resolving plaintiffs' pending motion to determine the applicability of the crime-fraud and *Kozlov* exceptions to defendants' privilege claims;

**AND,** by a letter also dated April 18, 2018 but not filed, defendants Cahill Gordon & Reindel LLP, Howard G. Sloane, and Ira Dembrow (the "Cahill defendants") (Pepper Hamilton LLP, appearing), having joined in BASF's submission that a hearing for the receipt of such expert proofs would be of aid in resolving plaintiffs' pending motion to determine the applicability of the crime-fraud and *Kozlov* exceptions to defendants' privilege claims;

**AND,** by a letter dated April 20, 2018 [ECF No. 484], plaintiffs having advanced the proposition that a hearing for the receipt of such expert proofs "is not necessary to meaningfully advance" plaintiffs' pending motion to determine the applicability of the crime-fraud and *Kozlov* exceptions to defendants' privilege claims;

**AND,** the submissions of having been read and considered;

**AND,** for good cause appearing;

**IT IS,** this 23rd day of April, 2018 hereby

1.   **ORDERED** that an evidentiary hearing for the receipt of expert proofs in aid in resolving plaintiffs' pending motion to determine the applicability of the crime-fraud and

*Kozlov* exceptions to defendants' privilege claims be, and the same hereby is, scheduled for Wednesday, May 2, 2018, starting at 10:00 a.m., at the offices of Ballard Spahr LLP, 1735 Market Street - 48th Floor, Philadelphia, Pennsylvania; and it is hereby

  2. **FURTHER ORDERED** that the issues to be addressed during that evidentiary hearing are limited solely and exclusively to the following:

  (a) the overall testing record concerning Emtal talc to determine whether and to what extent it contained asbestos

  (b) the relevant capabilities and limitations of the testing methods then used by BASF (and its predecessors) and others to determine whether and to what extent the Emtal talc was contaminated with asbestos;

  (c) the conclusions, if any, reached by government investigators, third-party analysts, and others regarding whether and to what extent the Emtal talc was contaminated with asbestos; and,

  (d) the results of any more recent testing of Emtal talc samples;

and it is hereby

  3. **FURTHER ORDERED** that these proofs are to be presented exclusively via the *viva voce* testimony of experts qualified as required by *Fed. R. Evid.* 702; and it is hereby

  4. **FURTHER ORDERED** that summaries of the testimony of each of the experts to be tendered at the May 2, 2018 evidentiary hearing shall be exchanged among the parties by no later than noon on Monday, April 30, 2018; and it is hereby

  5. **FURTHER ORDERED** that the order of proof shall be (a) plaintiffs' proofs, (b) BASF's and the Cahill defendants' opposition proofs, and (c) plaintiffs' rebuttal proofs; and it is hereby

  6. **FURTHER ORDERED** that (a) the presentation concerning plaintiffs' proofs shall be limited to two (2) hours; (b) the presentation concerning BASF's and the Cahill defendants' opposition proofs shall be limited to two (2) hours in the aggregate; and (c) the

presentation concerning plaintiffs' rebuttal proofs shall be limited to one (1) hour; and it is hereby

       **7.**    **FURTHER ORDERED** that, save and to the extent absolutely necessary to advance the course of the evidentiary hearing, arguments of counsel will be dispensed with.

                                      */s/ Roberto A. Rivera-Soto*
                                      Roberto A. Rivera-Soto
                                      Special Master