# EXHIBIT E

Business

# Scientist's Testimony for Dying Daughter Roils Chemical Giant

By Jef Feeley and David Voreacos
September 3, 2015 12:00 AM
Updated on September 3, 2015 6:43 AM

▶ Lawsuits hinge on decades-old evidence about a shuttered mine

▶ As many as 10,000 asbestos-illness claims could be reopened



BASF *Hannelore Foerster/Bloomberg*

When BASF SE acquired Engelhard Corp. nine years ago for $5 billion, executives unknowingly inherited a ticking legal time bomb.

It all began decades ago over the seemingly mundane industrial product talc, used in everything from wallboards to handling auto tires on the factory line.

In 1983, Engelhard quietly settled a lawsuit after its officials testified in depositions that talc produced by a company mine contained cancer-causing asbestos. All evidence was sealed and Engelhard and its law firm repeatedly said in subsequent lawsuits spanning more than two decades that the company's talc was asbestos-free.

It wasn't until 2009, after BASF assumed Engelhard's liabilities, that another picture began to emerge. A former Engelhard scientist testifying in a lawsuit filed by his own daughter said he was told that "asbestos in trace amounts was found in talc," and the company's legal department "told us to purge our records" relating to the mine. A co-worker testified about test results in the 1970s showing the presence of asbestos in the talc.

Those revelations pulled back the curtain after a quarter century, setting off a fight over what Engelhard knew about its talc, how its lawyers may have acted and whether thousands of people around the U.S. should have the right to reopen or bring new lawsuits, this time against BASF, for asbestos illnesses. It also raises fundamental questions about whether justice is possible if companies and lawyers hide evidence in civil litigation.

"This has really opened a Pandora's Box," said Tom Bevan, a lawyer in Boston Heights, Ohio, who represented hundreds of people who sued Engelhard in the 1990s and is involved in a current federal case against BASF. "I wouldn't want to be a BASF shareholder right now with potentially billions of dollars in liability coming down the pike because of the lies of a company it bought."

## Distance Itself

BASF, based in Ludwigshafen, Germany, faces about 300 lawsuits related to the talc. The company, which is the world's largest chemical maker and had $74.3 billion in revenue last year, has tried to distance itself from the alleged behavior of Engelhard and its former law firm, Cahill Gordon & Reindel LLP. Plaintiffs' lawyers say as many as 10,000 potential cases related to Engelhard's talc could be reopened.

The company, which hasn't disclosed any cost estimates over talc-related asbestos cases, disputes Bevan's assessment of possible damages. "This is baseless speculation by plaintiffs' lawyers," spokeswoman Robin Rotenberg said in a statement. "As a matter of policy, BASF does not speculate" on potential liabilities.

Cahill spokeswoman Lynn Tellefsen declined to comment and the firm said in a federal lawsuit that it behaved properly. BASF replaced the firm in 2010.

BASF has gained 1.4 percent in Frankfurt trading since the start of this year, valuing the company at 65 billion euros ($73 billion). Germany's DAX index risen 4.1 percent in the same period, while the Stoxx Europe 600 Chemicals index added 5.3 percent.

Plaintiffs' lawyers and legal experts vary in their estimates of potential damages against BASF. "There's no question in my mind that it might cost BASF billions of dollars to put these cases behind them," said Erik Gordon, a University of Michigan law professor. Others aren't so sure. While Jonathan George, an attorney at Waters, Kraus & Paul, which has sued the company, said "there is potential substantial liability by BASF," he contends billions of dollars is "unrealistic."

One case, which seeks class-action status, claims Engelhard and Cahill engaged in fraud and fraudulent concealment by lying about the talc, while hiding and destroying evidence. The company and law firm have consistently denied wrongdoing in court papers.

Another case, pending in state court in New Jersey, seeks to force BASF to produce dozens of documents about the talc that the company maintains are confidential.

The company "has not found that exposure to Engelhard's talc caused injury due to asbestos contamination," Rotenberg said.

## Recent Litigation

BASF has said in recent litigation that some asbestos existed in Engelhard's talc but denied it caused injuries. The talc was used in wall board, joint compound and auto body filler. Tires workers used it to help grip products. But did they inhale asbestos that came from Engelhard's mine? BASF says that will be hard to prove. The company also says it will be hard to convince a judge to accept a class action.

"Plaintiffs face serious obstacles in attempting to certify a class based on events that took place in thousands of different asbestos cases litigated in different courts and at different points in time by different lawyers," BASF lawyers said in a May 4 court filing.

Former workers blame Engelhard's talc for ailments ranging from mesothelioma, a cancer linked to asbestos, to lung ailments. The average mesothelioma case is worth about $4 million, says Mark Lanier, a veteran Texas plaintiffs' lawyer who has tried more than 50 asbestos cases. Asbestos settlements may ultimately cost corporations and insurers more than $265 billion, according to the Rand Institute, a non-profit research group.

## Dying Daughter

BASF first had to defend the litigation practices of Engelhard and Cahill in 2009, when Donna Paduano sued in state court in New Jersey over her mesothelioma. Paduano, who never worked at Engelhard, claimed she was exposed to asbestos from her father's clothes or visits to his workplace.





Donna Paduano and David Swanson  *Source: Family photo via Bloomberg*

A deposition by her father, former Engelhard scientist David Swanson, triggered an investigation by lawyers who uncovered test results showing the presence of asbestos in Engelhard talc more than 25 years earlier. Paduano has since died <http://obits.nj.com/obituaries/starledger/obituary.aspx?pid=163772053> , as has Swanson, who had lung cancer but took no legal action. Swanson's testimony stunned Paduano's lawyer, Christopher Placitella.

"It was the first time any of us had heard" the company knew its product contained asbestos, he said. "I was afraid that this guy would turn out to be a nut and that my whole case would go down the toilet."

Instead, BASF settled the lawsuit with Paduano's family before her death, and Placitella began a years-long quest to understand what Engelhard and Cahill did and what evidence they may have hidden or destroyed.

The coverup began, Placitella claims, after a lawsuit filed in 1979 blamed the mesothelioma death of a tire worker on Engelhard talc. Engelhard settled in 1983 and the pre-trial evidence, including testing that showed varying levels of asbestos from a

Vermont mine that the company ran since 1967, was sealed -- a common practice in corporate litigation.

## 'Document Retrieval'

The company closed the mine in 1983 and later issued a memo entitled, "DOCUMENT RETRIEVAL -- DISCONTINUED OPERATIONS," instructing Engelhard staff to collect documents for discard relating to several companies, including the talc mine's operator. The memo said the company would retain copies of "documents to be preserved."

In recent years, BASF and its new law firm, Kirkland & Ellis LLP, have "expended an extraordinary amount of resources to locate Engelhard documents -- including those maintained in a warehouse by Cahill -- to find former Engelhard employees and to learn the facts about the Engelhard legacy talc operations," BASF's Rotenberg said. They provided "tens of thousands of relevant documents" to plaintiffs' lawyers, she said.

At the same time, BASF is opposing an application for class-action status filed by the survivors of six people who died of asbestos-related disease. And it's fighting cases by workers who claim that an auto-body filling compound they used exposed them to asbestos from Engelhard's talc. In a personal injury case that ended in mistrial when the plaintiff died in 2013, BASF lawyers said that no Engelhard mine worker ever got ill from the company's asbestos.

Placitella filed a federal lawsuit in New Jersey against BASF on behalf of six plaintiffs. Should the case receive class-action status, he says he intends to share evidence of the alleged cover-up with thousands of victims who may move to reopen their asbestos cases in state courts ranging from Pennsylvania to Kentucky. Those plaintiffs had previously sued, but their cases were either thrown out or settled for nominal sums.

A federal judge initially dismissed Placitella's case on procedural grounds, but in a reversal last year, a three-judge appellate panel in Philadelphia revived his fraud and fraudulent concealment claims.

In reinstating most of the plaintiffs' claims, the panel didn't rule on the merits of the case, returning it to U.S. district court for further proceedings. But it also spelled out its disdain for the sort of conduct described in the complaint.

If indeed "they rigged the game from the beginning," the judges said, "how then can calculated false and misleading statements serve the truth-seeking function of the litigation? According to the complaint, BASF and Cahill were not mischaracterizing the facts; they were creating them."

*(Updates with share price in 10th paragraph.)*

Terms of Service   Trademarks   Privacy Policy
©2018 Bloomberg L.P. All Rights Reserved
Careers   Made in NYC   Advertise   Ad Choices      Contact Us   Help