LAW OFFICES

# COHEN, PLACITELLA & ROTH
A PENNSYLVANIA PROFESSIONAL CORPORATION

127 MAPLE AVENUE
RED BANK, NEW JERSEY 07701

(732) 747-9003
FAX (732) 747-9004
www.cprlaw.com

PHILADELPHIA, PA
LEMOYNE, PA
BALA CYNWYD, PA
PITTSBURGH, PA
CHERRY HILL, NJ

CHRISTOPHER M. PLACITELLA
MANAGING NJ ATTORNEY

June 11, 2018

**VIA ECF**
Justice Roberto A. Rivera-Soto (ret.)
Special Discovery Master
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163

Re:  *Williams v. BASF Catalysts LLC*, No. 11-1754

Dear Justice Rivera-Soto:

Plaintiffs have attached a copy of their appeal of Order on Cost Shifting regarding Interrogatory Nos. 9, 10 and 11 (CM/ECF # 560), which Plaintiffs filed on June 8, 2018. By letter dated that same day, Your Honor asked Plaintiffs to reply to BASF's letter dated June 8, 2018, in which BASF requests the entry of a separate order denying Plaintiffs' motion to compel due to their "refusal to pay the costs associated with BASF's responses to Interrogatories 9, 10, and 11[.]" CM/ECF # 559, pg. 7.

Plaintiffs oppose BASF's request because (1) your Honor granted Plaintiffs' Motion, (2) the Order is now lodged in the District Court's jurisdiction on the limited issue of cost-shifting, (3) we believe that the Special Discovery Master consequently does not have present jurisdiction over the Order, and (4) any further action by the Special Discovery Master on the Order must be held in abeyance pending the outcome on appeal.

We also note that BASF's letter misstates the tenor of the meet-and-confer. Plaintiffs had no understanding of what the costs would be, let alone that they would be in excess of $100,000, before the meet and confer. CM/ECF # 559, pg. 7.

Justice Robert A. Rivera-Soto (ret.)
June 11, 2018
Page 2

Specifically, Plaintiffs went into the meet-and-confer conference to hear what BASF contended the costs would be. Plaintiffs raised the possibility of potential alternative productions, which BASF could perform at lower cost. In discussing potential alternatives, it is incorrect that Plaintiffs took the position that they "do not need the information they sought in interrogatories 9, 10 and 11, but would instead be willing to accept whatever information BASF has readily available that might serve as a "proxy." CM/ECF # 559, pg. 4. Plaintiffs are entitled to the information they seek, in part because the Cahill database BASF has given to Plaintiffs was altered in such way that it impaired its ability to be a relational data base. The point was to have a discussion. BASF woodenly rejected any alternatives to provide information, contrary to the spirit of the meet-and-confer process.

Respectfully submitted,

/s/ *Christopher M. Placitella*

Christopher M. Placitella
*Counsel for Plaintiffs
and the Proposed Class*

cc:   Defense Counsel of Record (*via ECF filing*)