RM | ROBINSON
MILLER LLC

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

June 12, 2018

**VIA ECF**

The Honorable Jose L. Linares, Chief Judge
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, NJ 07101

Re:  ***Kimberlee Williams, et al. v. BASF Catalysts LLC, et al.***
     **Civil Action No. 11-cv-01754 (JLL) (JAD)**

Dear Chief Judge Linares:

I write on behalf of Defendant BASF Catalysts LLC in response to plaintiffs'
request to stay the Special Discovery Master's June 7, 2018 and June 11, 2018
Interim Orders, ECF Nos. 555 and 564, which require plaintiffs to provide to the
SDM for *in camera* review any agreements and communications between the Bevan
Firm and Cohen, Placitella & Roth.

Discovery has revealed that plaintiffs' lead fact witness, Thomas Bevan, an
attorney for the plaintiffs in the underlying asbestos cases, has a fee-sharing
agreement concerning this case with class counsel at Cohen, Placitella & Roth.  As
the SDM recognized in his Orders, that fee-sharing agreement with a fact witness
raises a host of potential issues under the Rules of Professional Conduct.  The SDM
thus requested that plaintiffs produce to him *in camera* the fee agreement and any

RM | ROBINSON MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 2

written communications between Bevan and Cohen, Placitella & Roth about this case.

Plaintiffs have responded to these Orders by lashing out against the SDM, when plaintiffs have only themselves to blame. A fee-sharing agreement with an attorney who is not counsel in this case, but who plaintiffs have put forward as the critical fact witness, raises understandable concerns about the integrity of these proceedings. And communications between class counsel and a key third-party fact witness are not subject to protection. The SDM was fully within his rights to request these materials *in camera*, especially when he could have simply ordered them released outright.

Plaintiffs thus cannot show the likelihood of success on the merits necessary for a stay, nor will a stay result in irreparable harm when the Orders merely require provision of the documents to the SDM alone, *in camera*. Plaintiffs' allegations that the SDM is violating their due process rights and the canons of judicial conduct are beyond the pale and should be condoned. While the litigants here may disagree with the SDM's rulings over the course of the case, one thing that the litigants should agree on is that the SDM has employed a process that has encouraged counsel to heighten the discourse and refrain from personal attacks. It is thus especially

RM | ROBINSON
       MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 3

disappointing that plaintiffs have employed tone and rhetoric that blames their own

tactical decisions on the SDM.

Equally remarkable are plaintiffs' claims that it is "impossible" for them to

comply with the SDM's Orders by the required due dates.  That argument cannot be

credited.   There has been motions practice over the agreement and written

communications at issue for months, and plaintiffs could have easily gathered these

materials long ago.  Moreover, plaintiffs plainly possess the fee-sharing agreement

and Mr. Bevan has already testified that he printed out many emails between he and

class counsel.  These materials could be easily provided to the SDM today.  The

SDM gave plaintiffs five days to provide these materials and plaintiffs instead spent

that time complaining about the Orders rather than complying with them.  While

plaintiffs' counsel would need to search their own files as well in order to comply

with the Orders, there is also no reason why that could not have been accomplished

in five days, especially when plaintiffs should have gathered and reviewed those

documents months ago during the motions practice that ultimately led to the Orders.

While plaintiffs may have concerns about how the SDM will react to the

Bevan fee-sharing agreement and the written communications between Bevan and

Cohen, Placitella & Roth, that is no basis for seeking to stay the SDM's Orders,

RM | ROBINSON
MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 4

much less for plaintiffs' attack on the SDM as a judicial officer.  Indeed, although

plaintiffs in their stay papers claim they "requested a stay from the SDM, but as yet

have received no response," Pls.' Br. 3, plaintiffs asked the SDM for a stay ***nine***

***minutes*** before filing their request for a stay in this Court.  That lack of respect for

the SDM's processes should not be rewarded with a stay in this Court.  Plaintiffs'

request should be denied.

## BACKGROUND

### A.     Mr. Bevan's Role in the *Williams* Litigation

Thomas Bevan and his law firm feature prominently in plaintiffs' operative

complaint, *see* 2d Am. Comp. (ECF No. 158) ¶¶ 204 - 43, and have been the subject

of numerous discovery orders in this case.  This includes this Court's August 3, 2017

decision finding that plaintiffs waived their attorney-client privilege and several

other decisions by the SDM applying the Court's waiver ruling.  *See, e.g.*, ECF Nos.

360, 373, 383, 398, 464, 493.  In particular, on November 30, 2017, the SDM entered

an order requiring the Bevan Firm to review its physical and electronic files and to

produce responsive files either to BASF or to the SDM for *in camera* review and a

privilege determination.  11/30/17 Order (ECF No. 381).  A week later, the SDM

entered another order clarifying that Bevan was to search both its files of the named

RM | ROBINSON
MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 5

representative plaintiffs, as well as Bevan's own physical and electronic files to identify e-mails relevant to the case. 12/6/17 Order (ECF No. 382).

Throughout this litigation, plaintiffs have made clear that Mr. Bevan—who represented five of the named plaintiffs years ago in their underlying personal injury cases against Engelhard—is a critical fact witness whose testimony will be necessary to support their case. At their depositions and in their discovery responses, the named plaintiffs revealed that they have no personal knowledge of the factual basis for their claims and that they are relying solely on Mr. Bevan to provide that information. Plaintiffs' counsel has since confirmed that, as a result, Mr. Bevan will testify as a fact witness on their behalf in this matter. *See, e.g.*, 1/15/18 Hr'g Tr. 132:21 - 133:3 ("SPECIAL MASTER: What are you going to do at trial, produce a plaintiff that says I don't know? MR. ROTH: Yes. MR. PLACITELLA: Yeah. And they're going to say I don't know because I was defrauded. MR. ROTH: And we're going to have their family's lawyer testify and describe what happened.").

Mr. Bevan was originally deposed on February 21, 2018 as his firm's records custodian, and was deposed again on April 5, 2018 after BASF filed a motion to compel further testimony. In that second day of testimony, Mr. Bevan revealed the existence of a written compensation agreement and communications between the

RM | ROBINSON
MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 6

Bevan Firm and Cohen, Placitella & Roth.  Ex. A (4/5/18 Bevan Dep. at 101:22-25,

102:5-24).  Mr. Bevan also testified that he had written communications about this

case with Cohen, Placitella & Roth, and that he had already printed these out and

turned them over to his counsel.  *Id.* at 99:25 - 100:4 ("Who has your e-mail

communications with the Placitella firm?  A.  I believe counsel does.  Q.  Mr. Little?

A.  I believe so."); Ex. B (5/15/18 Bevan Dep. at 115:4-6) (testifying that he printed

the emails out "[i]n case I was going to have to turn them over").

        BASF then moved to compel production of those materials on the grounds

that Mr. Bevan is a fact witness whose communications and agreements with

plaintiffs' counsel are discoverable under the ordinary standards of Rule 26.  *See*

ECF No. 493.  On May 12, 2018, the SDM denied BASF's motion without prejudice

but permitted BASF to re-file its application based on further developments in

discovery.  *See* ECF No. 513.

        On May 15, 2018, following the Court's decision on BASF's motion, BASF

and plaintiffs both deposed Mr. Bevan in his personal capacity.  Mr. Bevan testified

that he has very little recollection of the facts of this case other than what he was

told by Mr. Placitella and what he read in plaintiffs' complaint.  *See, e.g.*, Ex. B

(5/15/18 Bevan Dep. Tr. 193:21 - 194:5) ("Q. What's your understanding? A. My

RM | ROBINSON
MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 7

understanding is that Eastern Magnesia Talc tested their talc in the 1970s, found that

it contained asbestos, and destroyed any documents related to that. Q. What's your

understanding from?  What source? A. From what I've heard from Mr. Placitella and

what I read in the complaint.  I'm not sure if I've seen any documents to that extent

but that's what I've been told.").  He confirmed that, although he is a fact witness

and represented five of the named plaintiffs in their underlying cases in state court,

he is "not handling the federal case in any way," *id.* at 84:13-16, but nevertheless

would like to see plaintiffs prevail in this litigation, *id.* at 420:7-10 ("Q. You'd like

to see the plaintiffs win this case? A. The plaintiffs should win with this case

[Objection] -- yes. Absolutely.").

Mr. Bevan also testified that he has "a four-inch, five-inch stack of emails"

that he exchanged with "Mr. Placitella and his colleagues" regarding this litigation

and the facts of plaintiffs' underlying cases.  *Id.* at 115:12-17.  Mr. Bevan has not

reviewed these materials, but he "think[s]" that they contain the facts he conveyed

to Mr. Placitella on which plaintiffs are relying to prove their claims.  *Id.* at 114:10-

21.  Mr. Bevan had printed these emails "in case I was going to have to turn them

over." *Id.* at 115:6.

In light of Mr. Bevan's May 15, 2018 testimony, BASF renewed its motion

RM | ROBINSON
MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 8

before the SDM to compel the *in camera* review and production of Bevan's correspondence with plaintiffs' counsel regarding this litigation, as well as any written agreements between Bevan and plaintiffs' counsel.

### B.   The SDM's June 7, 2018 and June 11, 2018 Orders

On June 7, 2018, the SDM entered an "Interim Order" directing that plaintiffs produce "*ex parte* and *in camera* to the special master only … (1) what plaintiffs have represented to be a single referral and assistance agreement related to this litigation between Bevan and Cohen, Placitella & Roth, and (2) all written communications, including e-mails related to this litigation between Bevan and Cohen." 6/7/18 Order (ECF No. 555) at 4.  The SDM's order acknowledged that Mr. Bevan "is a fact witness in this case" and that these materials concern "a nonprivileged matter that is relevant to BASF's defense" and "proportional to the needs of the case, all as required by Fed. R. Civ. P. 26(b)(1)." *Id.* at 3.  The order went on to explain that *in camera* review is necessary here because the agreement between Bevan and Cohen, Placitella & Roth "may violate the provisions of either or both of *R.P.C.* 7.2(c) … and/or *R.P.C.* 7.3(d)." *Id.*

The SDM directed plaintiffs to produce the agreement and communications for *in camera* review within five days, by June 12, 2018.  *Id.* at 4.  The SDM further

**RM** | **ROBINSON**
**MILLER LLC**

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 9

made clear that "before any actual disclosure is made, plaintiffs shall have the opportunity to present orally, on a document-by-document basis in an *ex parte* but on-the-record proceeding, any assertions of the attorney-client privilege or the attorney work product doctrine plaintiffs contend apply to each such document." *Id.*

On June 11, 2018, plaintiffs requested additional time to comply with the SDM's June 7 Order. That same day, the SDM entered a second "Interim Order" denying plaintiffs' request for additional time, but granting plaintiffs the opportunity to also provide a submission regarding whether the agreement between Bevan and Cohen, Placitella & Roth violates the Rules of Professional Conduct. 6/11/18 Order (ECF No. 564) at 5. The SDM required that plaintiffs make this submission by Tuesday, June 19, 2018. *Id.* The SDM scheduled for June 21, 2018 plaintiffs' *ex parte* oral argument regarding its privilege assertions over the documents at issue here. *Id.* at 6. On June 12, 2018, nine minutes after requesting a stay from the SDM, plaintiffs filed the instant motion to stay the SDM's two interim orders pending appeal. This opposition follows.

## ARGUMENT

"[A] stay pending appeal is governed by four equitable factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the

**RM** | ROBINSON
MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 10

merits; (2) whether the applicant will be irreparably injured absent a stay; (3)
whether issuance of the stay will substantially injure the other parties interested in
the proceeding; and (4) where the public interest lies." *LeJon-Twin El v. Marino*,
2017 WL 3400001, at *2 (D.N.J. Aug. 7, 2017). Because plaintiffs cannot satisfy
any of these factors, plaintiffs' motion should be denied.

*First*, plaintiffs have failed to establish that they are likely to succeed on the
merits of their appeal. There is no error in the SDM's interim orders requiring that
plaintiffs produce the fee agreement and communications between Cohen, Placitella
& Roth and the Bevan Firm for *ex parte*, *in camera* review. In light of the record
established by Mr. Bevan's deposition testimony and the SDM's concerns that the
agreement between Bevan and plaintiffs' counsel may violate the Rules of
Professional Conduct, the SDM took the preliminary and cautionary step of ordering
*in camera* review of those materials.

Plaintiffs have offered no credible argument that the June 7 and June 11, 2018
Interim Orders were improper or are likely to be reversed on appeal. In particular,
plaintiffs' accusation that the SDM's interim orders "violate Canon 3(A)(4) of the
Code of Conduct for United States Judges, … are arbitrary, capricious, and in
violation of the right to due process of law under the Constitution of the United

RM | ROBINSON
       MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 11

States," 6/12/18 Pls.' Br. (ECF No. 566-1) at 3, are unsupported and ignore the procedural protections that the SDM has provided to plaintiffs here. Indeed, the SDM's actions are thoughtful, incremental, and provide plaintiffs with ample due process, especially when BASF believes these materials should be subject to immediate production.

*Second*, plaintiffs have made no showing of irreparable injury absent a stay. Plaintiffs are being ordered to provide for *in camera* review what they have represented is a single agreement between Bevan and Cohen, Placitella & Roth, as well as a specific set of communications between the two firms.  The Court's June 7, 2018 Order merely begins the process of *in camera* evaluation of those documents and specifically provides plaintiffs' counsel with the opportunity "to present orally, on a document-by-document basis in an *ex parte* but on-the-record proceeding, any assertions of the attorney-client privilege or the work product doctrine plaintiffs contend apply to each such document."  6/7/18 Order (ECF No. 555) at 4.  The Court's June 11, 2018 Order expands the protections available to plaintiffs by allowing them to submit a written statement addressing whether the referral agreement between Bevan and Cohen, Placitella & Roth violates the New Jersey Rules of Professional Conduct.  6/11/18 Order (ECF No. 564) at 5.  The order also

RM | ROBINSON
       MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 12

provides that plaintiffs' *ex parte* document-by-document presentation to the SDM

will take place on June 21, 2018, *id.* at 6, and the Court has already made clear no

documents will be ordered produced before then, 6/7/18 Order at 4.  There is thus

no imminent threat of disclosure of any of these materials to BASF or to the public

because the Court's Orders do not require such disclosure at this time.

   With respect to the third and fourth factors, which together amount to a

"balancing of the equities," *N. Jersey Media Grp.*, 2016 WL 2771805, at *3 n.1,

plaintiffs have also failed to carry their burden because plaintiffs' current situation

is largely of their own making.  Plaintiffs made a strategic decision—in drafting their

complaint, in responding to discovery requests, and in litigating this case more

generally—to make Mr. Bevan the critical fact witness to support their case.  As a

result of this decision, the Court and the SDM have confirmed that plaintiffs waived

their attorney-client privilege with their counsel in their underlying cases, including

Mr. Bevan.  *See, e.g.*, 8/3/17 Order (ECF No. 334) at 21 (finding waiver of attorney-

client privilege); 10/27/17 Order (ECF No. 360) (applying waiver to Mr. Bevan and

ordering document production from the Bevan Firm).

   Notwithstanding those rulings, plaintiffs did not produce or log the documents

that are the subject of the Court's June 7, 2018 Order.  Indeed, plaintiffs did not even

**RM** | ROBINSON
        MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 13

review the communications at issue so as to be in a position to represent to BASF or the Court that all of them even remain subject to a colorable privilege claim in the first place. Having put their communications with Mr. Bevan at issue but then having failed to produce them or even note them on a privilege log, plaintiffs can hardly complain that the Court has now ordered *in camera* review of those materials.

Similarly, it bears emphasis that plaintiffs have waited five (5) days to seek a stay. In doing so, plaintiffs have written multiple briefs to the SDM and to this Court instead of simply complying with the Order. Again, plaintiffs offer no legitimate reason why they cannot produce today (a) the single fee agreement and (b) the communications between Cohen, Placitella & Roth and Bevan (many of which were printed out weeks ago). Absent all the procedural objections and written submissions over the last 48 hours, it is also clear that class counsel could have used that time to simply search their email servers for emails to and from Bevan.

Finally, it bears emphasis that the "public interest" factor relevant to the Court's analysis, *Marino*, 2017 WL 3400001, at *2, weighs against a stay here given the SDM's observation that the agreement between Bevan and Cohen, Placitella & Roth may violate the Rules of Professional Conduct. As the New Jersey Supreme Court has recognized, these rules are designed "to serve the public interest in

RM | ROBINSON
MILLER LLC

The Honorable Jose L. Linares, Chief Judge
June 12, 2018
Page 14

maximum access to lawyers and to preclude commercial arrangements that interfere

with that goal." *Jacob v. Norris, McLaughlin & Marcus*, 607 A.2d 142, 146 (N.J.

1992).  Because *in camera* review will further the goals of the Rules of Professional

Conduct and ensure that plaintiffs' counsel is complying with them, this fourth factor

militates against issuing a stay here.

      For the foregoing reasons, plaintiffs' request for a stay pending appeal should

be denied.  We thank Your Honor for consideration of this submission.


                              Respectfully Submitted,

                              s/ Justin T. Quinn
                              Justin T. Quinn
                              Counsel for BASF Catalysts LLC


cc:     All counsel of record (via ECF)