Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**KIMBERLEE WILLIAMS, et al.**,

Plaintiffs,

v.

**BASF CATALYSTS LLC, et al.**,

Defendants.

Case No. 2:11-cv-1754-JLL-JAD

**ORDER FROM SPECIAL MASTER
RE ECF NO. 516**

**THIS MATTER** having been opened by the May 15, 2018 letter application of plaintiffs Kimberlee Williams, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd, and Rosanne Chernick, each in their capacity as the personal representative of a decedent and as representatives of others similarly situated ("plaintiffs") (Cohen, Placitella & Roth, P.C., and Fox Rothschild LLP, appearing) [ECF No. 516], seeking an order compelling answers to interrogatories 9 (seeking yearly information relating to six separate categories of defense costs incurred over a 39-year period in respect of Emtal talc claims), 10 (seeking yearly information of the number of Emtal talc claims resolved or terminated at or during nine separate stages of the claims or litigations over a 39-year period), and 11 (seeking the total amount of claim payments made relating to Emtal talc claims relating to four separate categories over a 39-year period) propounded as part of plaintiffs' March 15, 2018 third set of interrogatories addressed to defendant BASF Catalysts LLC ("BASF");

**AND,** by a brief dated May 21, 2018, BASF (Kirkland & Ellis LLP and Robinson Miller LLC, appearing) [ECF No. 529], having opposed plaintiffs' May 15, 2018 letter application, asserting that (a) plaintiffs' interrogatories exceed the limit set by paragraph 3 of the Court's October 14, 2016 pretrial scheduling order [ECF No. 221]; (b) the requested information is neither relevant nor proportional to the needs of the needs of the case; and (c) the securing the information requested is unduly burdensome as the information either does not exist, is not readily accessible, or is information plaintiffs themselves can generate based on earlier disclosures made by BASF;

**AND,** by a letter dated May 24, 2018, plaintiffs having filed a reply [ECF No. 533] to BASF's opposition to plaintiffs' May 15, 2018 letter application;

**AND,** no party have requested oral argument and it having been determined, pursuant to *L.Civ.R.* 78.1(a), that no oral argument is needed and that plaintiffs' May 15, 2018 letter application should be decided on the papers submitted;

**AND,** the submissions of the parties having been read and considered;

**AND,** plaintiffs' assertion that the Court's October 14, 2016 pretrial scheduling order entitles each representative plaintiff to propound 25 interrogatories to BASF -- thereby entitling plaintiffs to propound a total of 150 interrogatories (six representative plaintiffs times 25 interrogatories each) -- must be rejected outright as an unreasonable interpretation of the provisions of paragraph 3 of the Court's October 14, 2016 pretrial scheduling order;

**AND,** it appearing that, notwithstanding the foregoing, sufficient leeway by way of additional interrogatories should be provided to plaintiffs solely and to the extent needed to seek and secure the information requested in interrogatories 9, 10 and 11 of plaintiffs' third set of interrogatories addressed to BASF;

- 2 -

**AND,** it further appearing that, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit, the information sought via interrogatories 9, 10 and 11 of plaintiffs' third set of interrogatories addressed to BASF (a) may be relevant to the parties' claims or defenses in this action, (b) may be proportional to the needs of the case, but (c) may be unduly burdensome, all as provided in *Fed. R. Civ. P.* 26(b)(1);

**AND,** it further appearing that any concerns in respect of relevance, proportionality to the needs of the case, and undue burden may be cured by allowing the requested discovery to go forward but, at the same time and as a condition precedent thereto, by shifting from BASF to plaintiffs the cost of responding to interrogatories 9, 10 and 11 of plaintiffs' third set of interrogatories addressed to BASF;

**AND,** for good cause appearing;

**IT IS,** this 25th day of May, 2018, hereby

1. **ORDERED** that plaintiffs' May 15, 2018 letter application [ECF No. 516] seeking an order compelling answers to interrogatories 9 (seeking yearly information relating to six separate categories of defense costs incurred over a 39-year period in respect of Emtal talc claims), 10 (seeking yearly information of the number of Emtal talc claims resolved or terminated at or during nine separate stages of the claims or litigations over a 39-year period), and 11 (seeking the total amount of claim payments made relating to Emtal talc claims relating to four separate categories over a 39-year period) propounded as part of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF be, and, subject specifically to the conditions set forth in this order, the same hereby is, **GRANTED;** and it is hereby

  **2.**  **FURTHER ORDERED** that plaintiffs be, and the same hereby are, solely responsible for all reasonable costs and expenses, including reasonable counsel fees, incurred by BASF in responding to interrogatories 9, 10, and 11 of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF; and it is hereby

  **3.**  **FURTHER ORDERED** that, to the extent reasonably possible in the exercise of good faith, BASF should, but is not necessarily required to, respond to interrogatories 9, 10, and 11 of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF by using the matrices proposed by plaintiffs in their March 15, 2018 third set of interrogatories addressed to BASF; and it is hereby

  **4.**  **FURTHER ORDERED** that, before BASF is required to commence preparing responses to interrogatories 9, 10, and 11 of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF, (a) plaintiffs and BASF shall meet and confer concerning the estimated cost and expenses, including reasonable counsel fees, required to provide the responses to interrogatories 9, 10, and 11 of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF, and (b) plaintiffs shall provide sufficient security, in an amount, form and manner reasonably acceptable to BASF, to cover the reasonable costs and expenses provided in paragraph 2 of this order; and it is hereby

  **5.**  **FURTHER ORDERED** that, if plaintiffs and BASF are unable to agree on the amount, form and/or manner of the security required by paragraph 4 of this order by noon on Friday, June 8, 2018, plaintiffs and BASF shall electronically file their competing proposals for approval by no later than 5:00 p.m. on Friday, June 8, 2018 or, failing that, this order automatically shall be **VACATED**, and plaintiffs' May 15, 2018 letter application seeking an

- 4 -

- 5 -

order compelling answers to interrogatories 9, 10, and 11 propounded as part of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF automatically shall be **DENIED.**

                                                  */s/ Roberto A. Rivera-Soto*
                                                  Roberto A. Rivera-Soto
                                                  Special Master