Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **KIMBERLEE WILLIAMS, et al.**, | : |
| Plaintiffs, | : |
| v. | :    Case No. 2:11-cv-1754-JLL-JAD |
| **BASF CATALYSTS LLC, et al.**, | : |
| Defendants. | : |

## SUPERSEDING ORDER FROM SPECIAL MASTER
## RE ECF NOS. 516 AND 534

**THIS MATTER** initially having been opened by the May 15, 2018 letter application of plaintiffs Kimberlee Williams, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd, and Rosanne Chernick, each in their capacity as the personal representative of a decedent and as representatives of others similarly situated ("plaintiffs") (Cohen, Placitella & Roth, P.C., and Fox Rothschild LLP, appearing) [ECF No. 516], seeking an order compelling answers to interrogatories 9 (seeking yearly information relating to six separate categories of defense costs incurred over a 39-year period in respect of Emtal talc claims), 10 (seeking yearly information of the number of Emtal talc claims resolved or terminated at or during nine separate stages of the claims or litigations over a 39-year period), and 11 (seeking the total amount of claim payments made relating to Emtal talc claims relating to four separate categories over a 39-year period) propounded as part of plaintiffs' March 15, 2018 third set of interrogatories addressed to defendant BASF Catalysts LLC ("BASF");

**AND,** by a brief dated May 21, 2018, BASF (Kirkland & Ellis LLP and Robinson Miller LLC, appearing) [ECF No. 529], having opposed plaintiffs' May 15, 2018 letter application, asserting that (a) plaintiffs' interrogatories exceed the limit set by paragraph 3 of the Court's October 14, 2016 pretrial scheduling order [ECF No. 221]; (b) the requested information is neither relevant nor proportional to the needs of the needs of the case; and (c) securing the information requested is unduly burdensome as the information either does not exist, is not readily accessible, or is information plaintiffs themselves can generate based on earlier disclosures made by BASF;

**AND,** by an order dated May 25, 2018 [ECF No. 534], plaintiffs' assertion that the Court's October 14, 2016 pretrial scheduling order entitles each representative plaintiff to propound 25 interrogatories to BASF -- thereby entitling plaintiffs to propound a total of 150 interrogatories (six representative plaintiffs times 25 interrogatories each) -- was rejected outright as an unreasonable interpretation of the provisions of paragraph 3 of the Court's October 14, 2016 pretrial scheduling order;

**AND,** also pursuant to the May 25, 2018 order, sufficient leeway by way of additional interrogatories was provided to plaintiffs solely and to the extent needed to seek and secure the information requested in interrogatories 9, 10 and 11 of plaintiffs' third set of interrogatories addressed to BASF;

**AND,** the May 25, 2018 order having determined that, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit, the information sought via interrogatories 9, 10 and 11 of plaintiffs' third set of

interrogatories addressed to BASF (a) <u>may be</u> relevant to the parties' claims or defenses in this action, (b) <u>may be</u> proportional to the needs of the case, but (c) <u>may be</u> unduly burdensome, all as provided in *Fed. R. Civ. P.* 26(b)(1)" (emphasis supplied)[1];

**AND,** the May 25, 2018 order having further concluded that, as an exercise of discretion and in an attempt to balance the competing interests in that application, "any concerns in respect of relevance, proportionality to the needs of the case, and undue burden may be cured by allowing the requested discovery to go forward but, at the same time and as a condition precedent thereto, by shifting from BASF to plaintiffs the cost of responding to interrogatories 9, 10 and 11 of plaintiffs' third set of interrogatories addressed to BASF";

AND, as a result of striking that balance, the May 25, 2018 order ordered that

(1) "plaintiffs' May 15, 2018 letter application [ECF No. 516] seeking an order compelling answers to interrogatories 9 (seeking yearly information relating to six separate categories of defense costs incurred over a 39-year period in respect of Emtal talc claims), 10 (seeking yearly information of the number of Emtal talc claims resolved or terminated at or during nine separate stages of the claims or litigations over a 39-year period), and 11 (seeking the total amount of claim payments made relating to Emtal talc claims relating to four separate categories over a 39-year period) propounded as part of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF be, [] subject specifically to the conditions set forth in this order, [granted];

(2) "plaintiffs be . . . solely responsible for all reasonable costs and expenses, including reasonable counsel fees,

---

[1] To the extent plaintiffs have represented that the May 25, 2018 order "found that the information requested is relevant and proportional but also unduly burdensome[,]" [ECF No. 560-1 at 1-2], that representation is contrary to the explicit terms of the May 25, 2018 order. As the plain language of the May 25, 2018 order demonstrates, each of relevance, proportionality and burden was couched in conditional terms, leading to the imposition of the practical remedy of cost-shifting: because plaintiffs did not prove a right to the discovery sought -- thereby implicating customary notions of who bears the cost of discovery -- access to that discovery was granted solely on satisfaction of the condition precedent that plaintiffs, as the requestors of that information, bear the cost of its production; under the circumstances, it is both inappropriate and inequitable to impose those costs on BASF.

incurred by BASF in responding to interrogatories 9, 10, and 11 of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF;"

(3) "to the extent reasonably possible in the exercise of good faith, BASF should, but is not necessarily required to, respond to interrogatories 9, 10, and 11 of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF by using the matrices proposed by plaintiffs in their March 15, 2018 third set of interrogatories addressed to BASF;"

(4) "before BASF is required to commence preparing responses to interrogatories 9, 10, and 11 of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF, (a) plaintiffs and BASF shall meet and confer concerning the estimated cost and expenses, including reasonable counsel fees, required to provide the responses to interrogatories 9, 10, and 11 of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF, and (b) plaintiffs shall provide sufficient security, in an amount, form and manner reasonably acceptable to BASF, to cover the reasonable costs and expenses provided in . . . this order;" and,

(5) "if plaintiffs and BASF are unable to agree on the amount, form and/or manner of the security required by paragraph 4 of this order by noon on Friday, June 8, 2018, plaintiffs and BASF shall electronically file their competing proposals for approval by no later than 5:00 p.m. on Friday, June 8, 2018 or, failing that, this order automatically shall be [vacated], and plaintiffs' May 15, 2018 letter application seeking an order compelling answers to interrogatories 9, 10, and 11 propounded as part of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF automatically shall be [denied;]

**AND,** by a letter dated June 8, 2018 [ECF No. 557], plaintiffs having submitted their report concerning the parties' meet-and-confer efforts required by the May 25, 2018 order, advising that the parties had been unable to agree on the cost of retrieving and producing the documents requested in response to interrogatories 9, 10, and 11 propounded as part of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF;

**AND,** by a letter also dated June 8, 2018 [ECF No. 559], BASF submitted its report concerning the parties' meet-and-confer efforts required by the May 25, 2018 order,

- 4 -

advising that, because plaintiffs had "refus[ed] to pay the costs associated with BASF's responses to [i]nterrogatories 9, 10, and 11 in accordance with [the May 25, 2018 order], the Court should now enter a separate order denying plaintiffs' motion to compel";

**AND,** by an email timed and dated 2:14 p.m. on June 8, 2018, plaintiffs were advised as follows:

> I am in receipt of a letter report filed today by defendant BASF Catalysts LLC (copy attached) in which BASF asserts that, in light of the positions adopted by plaintiffs in response to the May 25, 2018 order [ECF No. 534], plaintiffs' initial application – seeking an order compelling answers to interrogatories 9 (seeking yearly information relating to six separate categories of defense costs incurred over a 39-year period in respect of Emtal talc claims), 10 (seeking yearly information of the number of Emtal talc claims resolved or terminated at or during nine separate stages of the claims or litigations over a 39-year period), and 11 (seeking the total amount of claim payments made relating to Emtal talc claims relating to four separate categories over a 39-year period) propounded as part of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF – should be denied outright.
>
> Kindly file plaintiffs' response to BASF's June 8, 2018 letter report by no later than **noon on Monday, June 11, 2018**; a decision will be made on BASF's request on the papers submitted. If no response is filed by that deadline, BASF's application will be deemed uncontested.
>
> I wish everyone a great weekend.
>
> Sincerely,

[emphasis in original.]

**AND,** at 7:50 p.m. on June 8, 2018 -- even though the terms of the May 25, 2018 order had yet to be fully implemented and plaintiffs were under the obligation to respond as noted above -- plaintiffs instead having filed an appeal from the May 25, 2018 order [ECF No. 560];

**AND,** on June 11, 2018 [ECF No. 562], plaintiffs having opposed BASF's June 8, 2018 letter report [ECF No. 559], "because (1) your Honor granted [p]laintiffs' [m]otion, (2) the [May 25, 2018 o]rder is now lodged in the District Court's jurisdiction on the limited issue of cost-shifting, (3) we believe that the Special Discovery Master consequently does not have present jurisdiction over the [May 25, 2018 o]rder, and (4) any further action by the Special Discovery Master on the [May 25, 2018 o]rder must be held in abeyance pending the outcome on appeal[;]"

**AND,** the reasons propounded by plaintiffs for failing to agree on the amount, form and/or manner of the security required by paragraph 4 of the May 25, 2018 order by the time and date provided in the May 25, 2018 order are both unsatisfactory and seemingly intentionally contrary to the explicit terms, purpose and intent of the May 25, 2018 order;

**AND,** for good cause appearing;

**IT IS,** this 12th day of June, 2018, hereby

1. **ORDERED** that, based on the explicit terms of the May 25, 2018 order and the separate reports of the parties in respect thereto, the May 25, 2018 order be, and the same hereby is, **VACATED**; and it is hereby

2. **FURTHER ORDERED** that plaintiffs' initial May 15, 2018 letter application [ECF No. 516] seeking an order (a) compelling an answer to interrogatory no. 9 (seeking yearly information relating to six separate categories of defense costs incurred over a 39-year period in respect of Emtal talc claims), (b) compelling an answer to interrogatory no.10 (seeking yearly information of the number of Emtal talc claims resolved or terminated at or during nine separate stages of the claims or litigations over a 39-year period), and (c) compelling an answer to interrogatory no.11 (seeking the total amount of claim payments made relating to

- 7 -

Emtal talc claims relating to four separate categories over a 39-year period), all as propounded as part of plaintiffs' March 15, 2018 third set of interrogatories addressed to BASF be, and the same hereby is, **DENIED**.

                                              */s/ Roberto A. Rivera-Soto*
                                              Roberto A. Rivera-Soto
                                              Special Master