Exhibit 4

**Cohen, Placitella & Roth, P.C.**
Christopher M. Placitella, Esq. (NJ Atty #: 027781981)
Michael Coren, Esq. (NJ Atty #: 024871979)
Jared M. Placitella, Esq. (NJ Atty #: 068272013)
127 Maple Avenue
Red Bank, NJ 07701
(732) 747-9003

**Fox Rothschild LLP**
Jeffrey M. Pollock, Esq. (NJ Atty #: 015751987)
Princeton Pike Corp. Center
997 Lennox Drive, Building 3
Lawrenceville, NJ 08648
(609) 896-7660
**Attorneys for Plaintiffs and the Putative Class**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KIMBERLEE WILLIAMS**, et al., | HONORABLE JOSE L. LINARES |
| Plaintiffs, | CIVIL ACTION NO. 11-1754 (JLL) (JAD) |
| vs. | PLAINTIFFS' THIRD SET OF INTERROGATORIES AND FIFTH SET OF DOCUMENT REQUESTS ADDRESSED TO DEFENDANT BASF CATALYSTS, LLC, |
| **BASF CATALYSTS, LLC**, et al., | |
| Defendants. | |

Plaintiffs propound the following interrogatories and document requests upon BASF

Catalysts, LLC ("BASF") and requests that they be answered fully and under oath by defendant

within thirty (30) days of service pursuant to Fed. R. Civ. P. 33 and 34.

**DEFINITIONS**

1.      "You" and/or "Your" means and refers to any and all corporate entities in the chain

leading from Engelhard Corporation to BASF Catalysts, LLC, the wholly owned American

subsidiary of the Germany-based international corporation, BASF SE. These entities include, but are not limited to, Engelhard Corporation, Engelhard Industries, Engelhard Minerals & Chemicals Corporation, Minerals & Chemicals Phillip Corporation, Eastern Magnesia Talc Company, Porocel Corporation and Pita Realty Limited. "You" and/or "your" also means and refers to any current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities, of the above-mentioned companies, including but not limited to, any non-profit entities devoted in whole or in part to the development, design, production, manufacturing, marketing, advertising, distribution and sale of EMTAL talc. "BASF" shall also mean and refer to any division or subsidiary of the above-named entities.

2.       "Asbestos", "asbestos fibers", "asbestiform" and/or "fibers" shall mean and refer to all types or forms of asbestos, including, but not limited to chrysotile, actinolite, amosite, crocidolite, tremolite, and anthophyllite.

3.       "Cahill" shall mean and refer to Cahill, Gordon & Reindel, and its successor, Cahill Gordon & Reindel, LLP. "Cahill" shall also mean and refer to any current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities, of Cahill, Gordon & Reindel, and its successor, Cahill Gordon & Reindel, LLP.

4.       "Communication" means any information sent or received, including, without limitation, any correspondence, memoranda, letters, notes, e-mails, transcripts of voicemail, transcripts of telephone conversations, transcripts of meetings, press releases, speeches, public statements, sound or video recordings, electronic media, and graphic representations.

5.       "Defense Costs" means and refers to any and all costs, expenses or expenditures incurred or paid in connection with or relating to defending against EMTAL Claims whether or not (a) paid or incurred directly by You or indirectly on Your behalf by any insurer or any Third

Party; and (b) whether or not You were reimbursed or indemnified by anyone for it. By way of illustration, and not limitation, Defense Costs include in-house legal staffing and overhead costs; outside national counsel legal fees,  costs and expenses; local counsel legal fees,  costs and expenses; outside specialty counsel fees,  costs and expenses; claims administration expenses, loss adjustment expenses; service or material vendor charges; document or electronically stored information management charges; computer or data management charges; contract labor charges; medical record acquisition charges; expert consultant and witness fees and expenses; investigator costs,  filings fees, transcript fees,

6.      "Documents" means any tangible thing, writing, recording or reproduction in any manner, any visual or auditory data in your possession, custody or control, including without limitation, electronically stored information as defined by Rules 26 and 34, computer data bases, hard drives, storage tapes or disks, all email data (including attachments thereto), any digital version of any requested information, and any papers or other format on which words have been written, printed, typed, digitally embedded or otherwise affixed, correspondence, memoranda, transcripts, stenographic or handwritten notes, telegrams, telexes, facsimiles, letters, reports, budgets, forecasts, presentations, analyses, training or instructional handbooks or manuals, graphs or charts, ledgers, invoices, diaries or calendars, minute books, meeting minutes, computer print-outs, prospectuses, financial statements, checks, bank statements, annual, quarterly or other filings with any governmental agency or department, annual reports (including schedules thereto), statistical studies, articles appearing in publications, press releases, video or audio tapes, and shall mean originals or a copy where the original is not in your possession, custody or control, and every copy of every document where such copy is not an identical copy of an original (whether different from the original by reason of any notation made on such copy or for any other reason).

7.     Unless otherwise indicated, "EMTAL" or "product" as used herein shall mean and refer to all BASF talc products sold under the brand name "EMTAL".

8.     Unless otherwise indicated, "EMTAL ore "or "talc ore" as used herein shall mean and refer to all talc ore mined and processed at the Johnson Mine.

9.     "EMTAL Claim" shall mean and refer to any claim, notice of claim, lawsuit, administrative action, arbitration, demand or request for indemnification or contribution, which involves, arises from, or is related to alleged harmful exposure to EMTAL talc ore or finished product.

10.     "EMTAL Claim Claimant" as used herein is a data unit for counting personal injury tort and wrongful death claims and is comprised of the alleged physically injured party underlying an alleged EMTAL Claim and, if applicable to the EMTAL Claim asserted, the injured party's spouse and family members. For purposes of this counting rule it does not matter that the alleged injured party is one of a number of alleged physically injured parties joined as plaintiffs in a single suit under a particular docket or court number. As example, a wrongful death act case involving an exposed worker who is survived by a spouse and two dependent children are counted all together as a one (1) "Emtal Claim Claimant". If there are five such deceased injured parties and families joined in one suit, there are five (5) "Emtal Claim Claimants" counted.

11.     "Johnson Mine" shall mean and refer to the talc mine located in or around Johnson, Vermont owned and operated by BASF, from which EMTAL talc products were processed and manufactured.

12.     "Claim Payment" shall mean any payment made by You or on Your behalf to, extinguish, resolve, satisfy, settle, discharge, compromise or terminate any liability, claim, demand, complaint, judgment, requirement order, or penalty relating to one or more EMTAL

Claims.

13.     "Time Period" is defined in Instruction ¶8 below.

14.      "*Westfall*" or the "*Westfall* case" shall mean and refer to the litigation captioned *Westfall v. Whittaker, Clark & Daniels, et al.*, C.A. No. 79-0269 (U.S. Dist. Ct. R.I.).

15.     As used herein, the words "concerning," "pertaining to," "regarding," "reflecting," or "relating to" shall mean: alluding to, relating to, referring to, containing, connected with, discussing, describing, involving, incorporating, identifying, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

16.     Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or." The past tense includes the present tense when the change of tense does not distort the clear meaning.

## INSTRUCTIONS

1.     These interrogatories shall be deemed to be continuing, and You are required to supplement your answers based upon any information of which you become aware after you serve your initial responses to these interrogatories, in accordance with Fed. R. Civ. P. 26(e).

2.     To the extent any interrogatory is objected to, set forth all reasons therefore. If you claim privilege as a ground for not answering any interrogatory in whole or in part, describe the factual basis for your claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim. If you object in part to any interrogatory, answer the remainder completely.

3.      In answering each interrogatory, state whether the information furnished is within the personal knowledge of the person answering and, if not, the name of each person to whom the information is a matter of personal knowledge.

4.      In answering each interrogatory, identify each person who assisted or participated in preparing or supplying any of the information in the answer to or relied on in preparing answers to that interrogatory.

5.      "Identify" shall mean that for each person identified in response to an interrogatory that asks to identify persons, state the following:

(a) whether the person is a current or former employee of BASF;

(b) the dates of each such person's employment with BASF;

(c) the employment position(s) held by the person during the relevant time period;

(d) the nature of any other relationship the person does or has maintained with BASF;

(e) the person's current or last known home and business addresses; and

(f) the person's current or last known home and business telephone numbers.

6.      If any information responsive to these interrogatories is withheld based upon a claim or privilege, state separately the specific interrogatory to which it is responsive, the privilege claimed, and the identity of the persons involved in such communication. If you claim attorney-work product, also identify the matter in connection with which the information it contains was obtained and/or prepared.

7.      If the answer to all or any part of the interrogatory is not presently known or available, include a statement to the effect, furnish the information now known or otherwise available, and respond to the entire interrogatory by supplemental answer, in writing and under

oath, within ten (10) days from the time the entire answer becomes known or available, but in no event less than five (5) days prior to trial.

8.      Time Period. These questions seek information in BASF's possession, custody and control from January 1, 1979 to present. However, if an EMTAL Claim predates January 1, 1979, then the earliest date of an Emtal Claim should be used as the beginning date in responding.

## **INTERROGATORIES**

**INTERROGATORY NO. 1**:  Identify every BASF or Engelhard department and each person in Your organization who has or who ever had a role in, or were assigned responsibility for, reviewing, approving, auditing, paying, budgeting, coordinating, controlling, managing, monitoring, or recovering reimbursement of Defense Costs that You or anyone on Your behalf, including without limitation any insurance companies, incurred or paid relating to EMTAL Claims.


**INTERROGATORY NO. 2:**  Were any policies, procedures or guidelines established, adopted or otherwise utilized by You or anyone acting on Your behalf to review, manage, pay, control or track Defense Costs that You or anyone on Your behalf, including without limitation any insurance   companies, incurred or paid relating to EMTAL Claims? If so please identify and describe each one and identify all documents relating to same.


**INTERROGATORY NO. 3:**  Were any accounting records, accounts, ledgers, internal controls or internal control procedures used or maintained to review, pay, manage, control or track Defense Costs You or anyone on Your behalf, including without limitation any insurance

companies, incurred or paid relating to EMTAL Claims? If so please identify and describe each one and identify all documents relating to same.

**INTERROGATORY NO. 4:**  Did You maintain records, summaries or other numerical or statistical data with respect to the amount of Defense Costs and Claim Payments relating to EMTAL Claims either on a case, claim, aggregate or some other basis? If so, by whom were they maintained, how, when and for what purpose(s). Please include in your response the identity of all documents relating to such records along with the identity of the person who is the document's currently custodian.

.

**INTERROGATORY NO. 5:**  Were any management reports, internal or external accounting reports, auditing or financial reports or budgets prepared with respect to or relating to EMTAL Claims? If so please identify each report, its author and recipients and its current custodian.

**INTERROGATORY NO. 6:**  Were any management reports, internal or external accounting reports, auditing or financial reports or budgets prepared with respect to or relating to Defense Costs of Emtal Claims? If so please identify each report, its author and recipients and its current custodian.

**INTERROGATORY NO. 7:**  Were any management reports, internal or external accounting reports, auditing or financial reports, or budgets prepared with respect to or relating to Claim Payments on Emtal Claims? If so please identify each report, its author and recipients and its current custodian.

**INTERROGATORY NO. 8:**   Identify by specific type, element or category all Defense Costs You or anyone on Your behalf incurred or paid in defending Emtal Claims, including without limitation any insurance companies.

**INTERROGATORY NO. 9:** For each year during the Time Period, and excluding expenditures relating solely to the defense of the present *Williams*  case, state: (a) the total aggregate amount of Defense Costs You or anyone on Your Behalf, including without limitation any insurance company, paid to defend EMTAL Claims asserted against You during the year; (b) the total number of EMTAL Claim Claimants with actions pending against You during any portion of the year; (c) the highest total amount of Defense Costs paid by You or on Your behalf during the year in defending  a single EMTAL Claim Claimant's EMTAL Claim; (d)  the lowest total amount of Defense Costs paid by You or on Your behalf during the year in defending  a single EMTAL Claim Claimant's EMTAL Claim; (e) the  arithmetic

average (mean) total expenditure amount paid by You or on Your behalf in defending  a single

EMTAL Claim Claimant's EMTAL Claim during the year; and (f) the  median expenditure

paid by You or on Your behalf for defending a single EMTAL Claim Claimant's EMTAL

Claims during the year

Please use the following matrix to supply this data:

Interrogatory No. 9 Table

| Year | (a)<br>Total Defense Expenditures | (b)<br>Number of EMTAL Claim Claimants Pending | (c)<br>Highest single EMTAL Claim Defense Cost expenditure during period | (d)<br>Lowest single EMTAL claim Defense Cost expenditure | (e)<br>Arithmetic Average (mean) Defense Cost expenditure | (F)<br>Median Defense Cost expenditure |
|------|------|------|------|------|------|------|
| 1979 | $ | | $ | $ | $ | $ |
| 1980 | | | | | | |
| 1981 | | | | | | |
| 1982 | | | | | | |
| 1983 | | | | | | |
| 1984 | | | | | | |
| 1985 | | | | | | |
| 1986 | | | | | | |
| 1987 | | | | | | |
| 1988 | | | | | | |
| 1989 | | | | | | |
| 1990 | | | | | | |
| 1991 | | | | | | |
| 1992 | | | | | | |
| 1993 | | | | | | |
| 1994 | | | | | | |
| 1995 | | | | | | |

| Year | (a)<br>Total Defense Expenditures | (b)<br>Number of EMTAL Claim Claimants Pending | (c)<br>Highest single EMTAL Claim Defense Cost expenditure during period | (d)<br>Lowest single EMTAL claim Defense Cost expenditure | (e)<br>Arithmetic Average (mean) Defense Cost expenditure | (F)<br>Median Defense Cost expenditure |
|------|---|---|---|---|---|---|
| 1996 | | | | | | |
| 1997 | | | | | | |
| 1998 | | | | | | |
| 1999 | | | | | | |
| 2000 | | | | | | |
| 2001 | | | | | | |
| 2002 | | | | | | |
| 2003 | | | | | | |
| 2004 | | | | | | |
| 2005 | | | | | | |
| 2006 | | | | | | |
| 2007 | | | | | | |
| 2008 | | | | | | |
| 2009 | | | | | | |
| 2010 | | | | | | |
| 2011 | | | | | | |
| 2012 | | | | | | |
| 2013 | | | | | | |
| 2014 | | | | | | |
| 2015 | | | | | | |
| 2016 | | | | | | |
| 2017 | | | | | | |

**INTERROGATORY NO. 10:** For each year during the Time Period, and excluding the present *Williams* case, state the number of Emtal Claim Claimants' Emtal Claims that resolved or terminated at or during each of the following claim or litigation stages:

a.   Prior to filing of suit or adjudicative claim.

b.   At or upon filing of suit or adjudicative claim

c.    Filing of Motion to dismiss complaint.

d.   The close of the pleadings if no motion to dismiss filed or if filed was not granted in full as to Engelhard or BASF.

e.   During discovery but prior to dispositive motions or pretrial conference.

f.   Motion for Summary Judgment or similar dispositive motions

g.   Pretrial proceedings

h.   Trial

i.   During Appeal

Please use the following matrix to supply this data:

Interrogatory No. 10 Table

| Year | a | b | c | d | e | f | g | h | i |
|------|---|---|---|---|---|---|---|---|---|
| 1979 | | | | | | | | | |
| 1980 | | | | | | | | | |
| 1981 | | | | | | | | | |
| 1982 | | | | | | | | | |
| 1983 | | | | | | | | | |
| 1984 | | | | | | | | | |
| 1985 | | | | | | | | | |

| Year | a | b | c | d | e | f | g | h | i |
|------|---|---|---|---|---|---|---|---|---|
| 1986 | | | | | | | | | |
| 1987 | | | | | | | | | |
| 1988 | | | | | | | | | |
| 1989 | | | | | | | | | |
| 1990 | | | | | | | | | |
| 1991 | | | | | | | | | |
| 1992 | | | | | | | | | |
| 1993 | | | | | | | | | |
| 1994 | | | | | | | | | |
| 1995 | | | | | | | | | |
| 1996 | | | | | | | | | |
| 1997 | | | | | | | | | |
| 1998 | | | | | | | | | |
| 1999 | | | | | | | | | |
| 2000 | | | | | | | | | |
| 2001 | | | | | | | | | |
| 2002 | | | | | | | | | |
| 2003 | | | | | | | | | |
| 2004 | | | | | | | | | |
| 2005 | | | | | | | | | |
| 2006 | | | | | | | | | |
| 2007 | | | | | | | | | |

| Year | a | b | c | d | e | f | g | h | i |
|------|---|---|---|---|---|---|---|---|---|
| 2008 | | | | | | | | | |
| 2009 | | | | | | | | | |
| 2010 | | | | | | | | | |
| 2011 | | | | | | | | | |
| 2012 | | | | | | | | | |
| 2013 | | | | | | | | | |
| 2014 | | | | | | | | | |
| 2015 | | | | | | | | | |
| 2016 | | | | | | | | | |
| 2017 | | | | | | | | | |

**INTERROGATORY NO. 11:** For each year during the Time Period please state the total amount of Claim Payments You or anyone on Your Behalf,  including without limitation any insurance company, paid relating to Emtal Claims; (b) the number of  EMTAL Claim Claimants whose EMTAL Claims were terminated or resolved by the Claim Payments made during  the year; (c) the highest Claim Payment amount paid during the year in relation to a single Emtal Claim Claimant; and (d)  the lowest Claim Payment amount paid during the year in relation to a single Emtal Claim Claimant.

Please use the following matrix to supply this data:

14

Interrogatory No. 11 Table

| Year | (a)<br>Total Amount of Claim Payments Paid During Year | (b)<br>Number of Emtal Claim Claimants Claim Payments resolved | (c)<br>Highest Claim Payment to a Single EMTAL Claim Claimant during period | (d)<br>Lowest Claim Payment to a Single EMTAL Claim Claimant during period |
|---|---|---|---|---|
| 1982 | $ | | $ | $ |
| 1983 | | | | |
| 1984 | | | | |
| 1985 | | | | |
| 1986 | | | | |
| 1987 | | | | |
| 1988 | | | | |
| 1989 | | | | |
| 1990 | | | | |
| 1991 | | | | |
| 1992 | | | | |
| 1993 | | | | |
| 1994 | | | | |
| 1995 | | | | |
| 1996 | | | | |
| 1997 | | | | |
| 1998 | | | | |
| 1999 | | | | |
| 2000 | | | | |

| Year | (a)<br>Total Amount of Claim Payments Paid During Year | (b)<br>Number of Emtal Claim Claimants Claim Payments resolved | (c)<br>Highest Claim Payment to a Single EMTAL Claim Claimant during period | (d)<br>Lowest Claim Payment to a Single EMTAL Claim Claimant during period |
|---|---|---|---|---|
| 2001 | | | | |
| 2002 | | | | |
| 2003 | | | | |
| 2004 | | | | |
| 2005 | | | | |
| 2006 | | | | |
| 2007 | | | | |
| 2008 | | | | |
| 2009 | | | | |
| 2010 | | | | |
| 2011 | | | | |
| 2012 | | | | |
| 2013 | | | | |
| 2014 | | | | |
| 2015 | | | | |
| 2016 | | | | |
| 2017 | | | | |

## DOCUMENT REQUESTS.

Pursuant to Fed. R. Civ. Pro. No. 34, please provide copies of the following documents:

16

1.      A copy of all documents You identify or refer in response to the above

interrogatories.

2.      A copy of all documents relating to or containing any information requested in the

above interrogatories.

3.      A copy of all documents You based your responses to above interrogatories upon,

including any data or information you provide.

Dated:  March 15, 2018                    Respectfully Submitted,

**COHEN, PLACITELLA & ROTH, P.C.**

/s/ Michael Coren
Christopher M. Placitella, Esq. (NJ Atty #: 027781981)
Michael Coren, Esq. (NJ Atty #: 024871979)
Jared M. Placitella, Esq. (NJ Atty #: 068272013)
127 Maple Avenue
Red Bank, NJ 07701
(732) 747-9003

Of Counsel:
Harry M. Roth, Esq.
(Admitted *Pro Hac Vice*)
Robert L. Pratter, Esq.
(Admitted *Pro Hac Vice*)

**Fox Rothschild LLP**
Jeffery M. Pollock, Esq. (NJ Atty #: 015751987)
Princeton Pike Corp. Center
997 Lennox Drive, Building 3
Lawrenceville, NJ 08648
(609) 896-7660
**Attorneys for Plaintiffs and the Putative Class**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

**KIMBERLEE WILLIAMS**, et al.,

   Plaintiffs,

       vs.

**BASF CATALYSTS, LLC**, et al.,

        Defendants.

---

HONORABLE JOSE L. LINARES

CIVIL ACTION NO. 11-1754 (JLL) (JAD)

**PLAINTIFFS' SECOND SET OF
INTERROGATORIES AND
FOURTH SET OF DOCUMENT
REQUESTS ADDRESSED TO
DEFENDANT BASF CATALYSTS,
LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2018, I served the foregoing on the following attorneys

via Email:

Eugene F. Assaf, P.C.
Peter Farrell, Esq.
Kirkland & Ellis, LLP
655 15th St., N.W.
Washington, D.C. 20005
eassaf@kirkland.com

Justin T. Quinn, Esq.
Robinson Miller LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
jquinn@rwmlegal.com

*Attorneys for Defendant, BASF Catalysts, LLC*

John K. Villa, Esq.
David Blatt, Esq.
Grant A. Geyerman, Esq.
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C. 20005
jvilla@wc.com
ggeyerman@wc.com

Robert E. Ryan, Esq.
Jennifer C. Critchley, Esq.
Connell Foley, LLP
85 Livingston Avenue
Roseland, New Jersey 07068
rryan@connellfoley.com

*Attorneys for Cahill Defendants*

18

Kevin H. Marino, Esq.                      Eric Tunis, Esq.
John A. Boyle, Esq                         Herold Law, P.A.
Marino, Tortorella & Boyle, P.C.           25 Independence Boulevard
437 Southern Boulevard                     Warren, New Jersey 07059
Chatham, New Jersey 07928                  etunis@heroldlaw.com
kmarino@khmarino.com
jboyle@khmarino.com                        *Attorneys for Defendant Thomas Halket*

*Attorneys for Defendant Arthur Dornbusch*


**COHEN, PLACITELLA & ROTH, P.C.**


/s/ Michael Coren
Christopher M. Placitella, Esq. (NJ Atty #: 027781981)
Michael Coren, Esq. (NJ Atty #: 024871979)
Jared M. Placitella, Esq. (NJ Atty #: 068272013)
127 Maple Avenue
Red Bank, NJ 07701
(732) 747-9003

Of Counsel:
Harry M. Roth, Esq.
(Admitted *Pro Hac Vice*)
Robert L. Pratter, Esq.
(Admitted *Pro Hac Vice*)


**Fox Rothschild LLP**
Jeffery M. Pollock, Esq. (NJ Atty #: 015751987)
Princeton Pike Corp. Center
997 Lennox Drive, Building 3
Lawrenceville, NJ 08648
(609) 896-7660
**Attorneys for Plaintiffs and the Putative Class**