Exhibit 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KIMBERLEE WILLIAMS**, individually, as personal representative of the Estate of Charles L. Williams, deceased on behalf of said estate, and as representative of others similarly situated; **NANCY PEASE**, individually, as personal representative of the Estate of William Clark, deceased on behalf of said estate, and as representative of others similarly situated; **MARILYN L. HOLLEY**, as personal representative of the Estate of Kathryn Darnell, deceased on behalf of said estate, and as representative of others similarly situated; **DONNA WARE**, individually as personal representative of the Estate of Ralph Ware, deceased on behalf of said estate, and as representative of others similarly situated; and **DONNETTE WENGERD**, individually, as personal representative of the Estate of Jennifer Graham, deceased on behalf of said estate, and as representative of others similarly situated, and **ROSANNE CHERNICK**, individually, as personal representative of the Estate of Steven Chernick, deceased on behalf of said estate, and as representative of others similarly situated, | : : : : : : : : : : : : : : : : : : : : : : : | Civil Action No.  11-cv-1754 (JLL) (JAD)

CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | |
| **BASF CATALYSTS LLC, CAHILL GORDON & REINDEL LLP, CAHILL GORDON & REINDEL**, a partnership including a professional corporation, **THOMAS D. HALKET, ARTHUR A. DORNBUSCH II, GLENN HEMSTOCK, HOWARD G. SLOANE (A/K/A "PETER SLOANE"), IRA J. DEMBROW, JOHN DOE BUSINESS ENTITIES 1 to 100; JOHN DOE BUSINESS ENTITIES 101 to 200; JOHN DOE LAWYERS 1 to 500**; and, **JOHN DOE 1 to 500**, | : : : : : : : : : : : | |
| Defendants. | : : | |

## BASF CATALYSTS LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

Defendant BASF Catalysts LLC ("BASF"), through its counsel, Robinson Miller LLC and

Kirkland & Ellis LLP, responds to Plaintiffs' Third Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Plaintiffs have exceeded their number of interrogatories allowable under Federal Rule of Civil Procedure 33(a)(1) and the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party.").  Because of this, plaintiffs' Third Set of Interrogatories are not permitted and do not require a substantive response by BASF.

Additionally, independent of the fact that plaintiffs' interrogatories now exceed the limitations of the federal rules and the Court's order, responding to these interrogatories and their subparts would require an enormous investment of resources which is disproportionate to the issues in this case.  This is especially true where, as here, the plaintiffs have waited until the waning weeks of discovery to serve these interrogatories.   Below are BASF's objections to plaintiffs' interrogatories on these and other grounds.

## OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify every BASF or Engelhard department and each person in Your organization who has or who ever had a role in, or were assigned responsibility for, reviewing, approving, auditing, paying, budgeting, coordinating, controlling, managing, monitoring, or recovering reimbursement of Defense Costs that You or anyone on Your behalf, including without limitation any insurance companies, incurred or paid relating to EMTAL Claims.

### RESPONSE TO INTERROGATORY NO. 1:

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order.  *See* Dkt. 221

(allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 1 on the grounds that it is overbroad, vague, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case.

**INTERROGATORY NO. 2:**

Were any policies, procedures or guidelines established, adopted or otherwise utilized by You or anyone acting on Your behalf to review, manage, pay, control or track Defense Costs that You or anyone on Your behalf, including without limitation any insurance companies, incurred or paid relating to EMTAL Claims? If so please identify and describe each one and identify all documents relating to same.

**RESPONSE TO INTERROGATORY NO. 2:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 2 on the grounds that it is overbroad, vague, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case. BASF further objects to Interrogatory No. 2 on the grounds that it seeks information protected by the

attorney-client privilege, work product doctrine, or other privileges and protections from discovery.

**INTERROGATORY NO. 3:**

Were any accounting records, accounts, ledgers, internal controls or internal control procedures used or maintained to review, pay, manage, control or track Defense Costs You or anyone on Your behalf, including without limitation any insurance companies, incurred or paid relating to EMTAL Claims?  If so please identify and describe each one and identify all documents relating to same.

**RESPONSE TO INTERROGATORY NO. 3:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order.  *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party.").  Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 3 on the grounds that it is overbroad, vague, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case.  BASF further objects to Interrogatory No. 3 on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, or other privileges and protections from discovery.

**INTERROGATORY NO. 4:**

Did You maintain records, summaries or other numerical or statistical data with respect to the amount of Defense Costs and Claim Payments relating to EMTAL Claims either on a case, claim, aggregate or some other basis? If so, by whom were they maintained, how, when and for what purpose(s). Please include in your response the identity of all documents relating to such records along with the identity of the person who is the document's currently custodian.

**RESPONSE TO INTERROGATORY NO. 4:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order.  *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party.").  Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 4 on the grounds that it is overbroad, vague, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case.  BASF further objects to Interrogatory No. 4 on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, or other privileges and protections from discovery. BASF further objects to Interrogatory No. 4 to the extent it seeks confidential settlement information protected from disclosure in the absence of a showing of particularized need.  *See, e.g.*, *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (party seeking discovery of settlement agreements "must make a heightened, more particularized showing of relevance").

**<u>INTERROGATORY NO. 5:</u>**

Were any management reports, internal or external accounting reports, auditing or financial reports or budgets prepared with respect to or relating to EMTAL Claims? If so please identify each report, its author and recipients and its current custodian.

**RESPONSE TO INTERROGATORY NO. 5:**

BASF objects to Interrogatory No. 5 on the grounds that is seeks information already in the possession, custody, or control of plaintiffs. BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 5 on the grounds that it is overbroad, vague, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case.

**INTERROGATORY NO. 6:**

Were any management reports, internal or external accounting reports, auditing or financial reports or budgets prepared with respect to or relating to Defense Costs of Emtal Claims? If so please identify each report, its author and recipients and its current custodian.

**RESPONSE TO INTERROGATORY NO. 6:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221

(allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other

party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance

with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016

Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 6 on the grounds that it is overbroad, vague, unduly

burdensome, seeks irrelevant information, and is not proportional to the needs of this case.

**INTERROGATORY NO. 7:**

Were any management reports, internal or external accounting reports, auditing or financial
reports, or budgets prepared with respect to or relating to Claim Payments on Emtal Claims? If so
please identify each report, its author and recipients and its current custodian.

**RESPONSE TO INTERROGATORY NO. 7:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may

serve on any other party no more than 25 written interrogatories, including all discrete subparts."

BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221

(allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other

party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance

with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016

Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 7 on the grounds that it is overbroad, vague, unduly

burdensome, seeks irrelevant information, and is not proportional to the needs of this case.

**INTERROGATORY NO. 8:**

Identify by specific type, element or category all Defense Costs You or anyone on Your

behalf incurred or paid in defending Emtal Claims, including without limitation any insurance companies.

**RESPONSE TO INTERROGATORY NO. 8:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 8 on the grounds that it is vague, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of the case.

**INTERROGATORY NO. 9:**

For each year during the Time Period, and excluding expenditures relating solely to the defense of the present *Williams* case, state: (a) the total aggregate amount of Defense Costs You or anyone on Your Behalf, including without limitation any insurance company, paid to defend EMTAL Claims asserted against You during the year; (b) the total number of EMTAL Claim Claimants with actions pending against You during any portion of the year; (c) the highest total amount of Defense Costs paid by You or on Your behalf during the year in defending a single EMTAL Claim Claimant's EMTAL Claim; (d) the lowest total amount of Defense Costs paid by You or on Your behalf during the year in defending a single EMTAL Claim Claimant's EMTAL Claim; (e) the arithmetic average (mean) total expenditure amount paid by You or on Your behalf in defending a single EMTAL Claim Claimant's EMTAL Claim during the year; and (f) the median expenditure paid by You or on Your behalf for defending a single EMTAL Claim Claimant's EMTAL Claims during the year

Please use the following matrix to supply this data:

Interrogatory No. 9 Table

| Year | (a) Total Defense Expenditures | (b) Number of EMTAL Claim Claimants Pending | (c) Highest single EMTAL Claim Defense Cost expenditure during period | (d) Lowest single EMTAL claim Defense Cost expenditure | (e) Arithmetic Average (mean) Defense Cost expenditure | (F) Median Defense Cost expenditure |
|---|---|---|---|---|---|---|
| 1979 | $ | | $ | $ | $ | $ |
| 1980 | | | | | | |
| 1981 | | | | | | |
| 1982 | | | | | | |
| 1983 | | | | | | |
| 1984 | | | | | | |
| 1985 | | | | | | |
| 1986 | | | | | | |
| 1987 | | | | | | |
| 1988 | | | | | | |
| 1989 | | | | | | |
| 1990 | | | | | | |
| 1991 | | | | | | |
| 1992 | | | | | | |
| 1993 | | | | | | |
| 1994 | | | | | | |
| 1995 | | | | | | |

| Year | (a) Total Defense Expenditures | (b) Number of EMTAL Claim Claimants Pending | (c) Highest single EMTAL Claim Defense Cost expenditure during period | (d) Lowest single EMTAL claim Defense Cost expenditure | (e) Arithmetic Average (mean) Defense Cost expenditure | (F) Median Defense Cost expenditure |
|---|---|---|---|---|---|---|
| 1996 | | | | | | |
| 1997 | | | | | | |
| 1998 | | | | | | |
| 1999 | | | | | | |
| 2000 | | | | | | |
| 2001 | | | | | | |
| 2002 | | | | | | |
| 2003 | | | | | | |
| 2004 | | | | | | |
| 2005 | | | | | | |
| 2006 | | | | | | |
| 2007 | | | | | | |
| 2008 | | | | | | |
| 2009 | | | | | | |
| 2010 | | | | | | |
| 2011 | | | | | | |
| 2012 | | | | | | |
| 2013 | | | | | | |
| 2014 | | | | | | |
| 2015 | | | | | | |
| 2016 | | | | | | |
| 2017 | | | | | | |

**RESPONSE TO INTERROGATORY NO. 9:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may

serve on any other party no more than 25 written interrogatories, including all discrete subparts."

BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order.  *See* Dkt. 221

(allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other

party.").  Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance

with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016

Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 9 on the grounds that it is overbroad, unduly

burdensome, seeks irrelevant information, and is not proportional to the needs of this case.  BASF

further objects to Interrogatory No. 9 on the grounds that it seeks information protected by the

attorney-client privilege, work product doctrine, or other privileges and protections from discovery.

BASF further objects to Interrogatory No. 9 on the ground that it seeks confidential settlement

information protected from disclosure in the absence of a showing of particularized need.  *See, e.g.*,

*Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (party seeking

discovery of settlement agreements "must make a heightened, more particularized showing of

relevance").

## INTERROGATORY NO. 10:

For each year during the Time Period, and excluding the present *Williams* case, state the number of Emtal Claim Claimants' Emtal Claims that resolved or terminated at or during each of the following claim or litigation stages:
a. Prior to filing of suit or adjudicative claim.
b. At or upon filing of suit or adjudicative claim
c. Filing of Motion to dismiss complaint.
d. The close of the pleadings if no motion to dismiss filed or if filed was not granted in full as to Engelhard or BASF.
e. During discovery but prior to dispositive motions or pretrial conference.
f. Motion for Summary Judgment or similar dispositive motions
g. Pretrial proceedings
h. Trial
i. During Appeal

Please use the following matrix to supply this data:

Interrogatory No. 10 Table

| Year | a | b | c | d | e | f | g | h | i |
|------|---|---|---|---|---|---|---|---|---|
| 1979 | | | | | | | | | |
| 1980 | | | | | | | | | |
| 1981 | | | | | | | | | |
| 1982 | | | | | | | | | |
| 1983 | | | | | | | | | |
| 1984 | | | | | | | | | |
| 1985 | | | | | | | | | |

| Year | a | b | c | d | e | f | g | h | i |
|------|---|---|---|---|---|---|---|---|---|
| 1986 | | | | | | | | | |
| 1987 | | | | | | | | | |
| 1988 | | | | | | | | | |
| 1989 | | | | | | | | | |
| 1990 | | | | | | | | | |
| 1991 | | | | | | | | | |
| 1992 | | | | | | | | | |
| 1993 | | | | | | | | | |
| 1994 | | | | | | | | | |
| 1995 | | | | | | | | | |
| 1996 | | | | | | | | | |
| 1997 | | | | | | | | | |
| 1998 | | | | | | | | | |
| 1999 | | | | | | | | | |
| 2000 | | | | | | | | | |
| 2001 | | | | | | | | | |
| 2002 | | | | | | | | | |
| 2003 | | | | | | | | | |
| 2004 | | | | | | | | | |
| 2005 | | | | | | | | | |
| 2006 | | | | | | | | | |
| 2007 | | | | | | | | | |

| Year | a | b | c | d | e | f | g | h | i |
|------|---|---|---|---|---|---|---|---|---|
| 2008 | | | | | | | | | |
| 2009 | | | | | | | | | |
| 2010 | | | | | | | | | |
| 2011 | | | | | | | | | |
| 2012 | | | | | | | | | |
| 2013 | | | | | | | | | |
| 2014 | | | | | | | | | |
| 2015 | | | | | | | | | |
| 2016 | | | | | | | | | |
| 2017 | | | | | | | | | |

**RESPONSE TO INTERROGATORY NO. 10:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance

with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF objects to Interrogatory No. 10 on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case. BASF further objects to Interrogatory No. 10 on the ground that it seeks confidential settlement information protected from disclosure in the absence of a showing of particularized need. *See, e.g.*, *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (party seeking discovery of settlement agreements "must make a heightened, more particularized showing of relevance").

**<u>INTERROGATORY NO. 11:</u>**

For each year during the Time Period please state the total amount of Claim Payments You or anyone on Your Behalf, including without limitation any insurance company, paid relating to Emtal Claims; (b) the number of EMTAL Claim Claimants whose EMTAL Claims were terminated or resolved by the Claim Payments made during the year; (c) the highest Claim Payment amount paid during the year in relation to a single Emtal Claim Claimant; and (d) the lowest Claim Payment amount paid during the year in relation to a single Emtal Claim Claimant.

Please use the following matrix to supply this data:

Interrogatory No. 11 Table:

| Year | (a)<br>Total Amount of Claim Payments Paid During Year | (b)<br>Number of Emtal Claim Claimants Claim Payments resolved | (c)<br>Highest Claim Payment to a Single EMTAL Claim Claimant during period | (d)<br>Lowest Claim Payment to a Single EMTAL Claim Claimant during period |
|---|---|---|---|---|
| 1982 | $ | | $ | $ |
| 1983 | | | | |
| 1984 | | | | |
| 1985 | | | | |
| 1986 | | | | |
| 1987 | | | | |
| 1988 | | | | |
| 1989 | | | | |
| 1990 | | | | |
| 1991 | | | | |
| 1992 | | | | |
| 1993 | | | | |
| 1994 | | | | |
| 1995 | | | | |
| 1996 | | | | |
| 1997 | | | | |
| 1998 | | | | |
| 1999 | | | | |
| 2000 | | | | |

| Year | (a)<br>Total Amount of Claim Payments Paid During Year | (b)<br>Number of Emtal Claim Claimants Claim Payments resolved | (c)<br>Highest Claim Payment to a Single EMTAL Claim Claimant during period | (d)<br>Lowest Claim Payment to a Single EMTAL Claim Claimant during period |
|---|---|---|---|---|
| 2001 | | | | |
| 2002 | | | | |
| 2003 | | | | |
| 2004 | | | | |
| 2005 | | | | |
| 2006 | | | | |
| 2007 | | | | |
| 2008 | | | | |
| 2009 | | | | |
| 2010 | | | | |
| 2011 | | | | |
| 2012 | | | | |
| 2013 | | | | |
| 2014 | | | | |
| 2015 | | | | |
| 2016 | | | | |
| 2017 | | | | |

**RESPONSE TO INTERROGATORY NO. 11:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may

17

serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 11 on the grounds that it is unduly burdensome, seeks irrelevant information and is not proportional to the needs of this case. BASF further objects to Interrogatory No. 11 on the ground that seeks confidential settlement information protected from disclosure in the absence of a showing of particularized need. *See, e.g.*, *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (party seeking discovery of settlement agreements "must make a heightened, more particularized showing of relevance").

## DOCUMENT REQUESTS

1.  A copy of all documents You identify or refer in response to the above interrogatories.

2.  A copy of all documents relating to or containing any information requested in the above interrogatories.

3.  A copy of all documents You based your responses to above interrogatories upon, including any data or information you provide.

**RESPONSE:** BASF objects to the above document requests on the ground that they seek information protected by the attorney-client privilege, work product doctrine, or other privileges and protections from discovery. BASF further objects to the above documents requests on the grounds that they are unduly burdensome and not proportional to the needs of this case. BASF further objects to the document requests on the grounds that they seek confidential settlement

information protected from disclosure in the absence of a showing of particularized need. *See, e.g.*, *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (party seeking discovery of settlement agreements "must make a heightened, more particularized showing of relevance").

To date, BASF has already produced relevant, non-privileged documents responsive to these Requests, including the database at FRE_408_00000003 and documents identified through the parties' agreed-upon search protocol. Indeed, in responding to plaintiffs' many requests, BASF has conducted an extensive search of documents spanning decades and has supplemented its production with additional documents located in the course of preparing its responses to plaintiffs' previous interrogatories and requests for production. Under the circumstances, BASF's efforts have been more than reasonable. BASF cannot exclude the potential that further investigation may reveal additional information, in which case BASF reserves the right to supplement its production. Finally, BASF notes that documents responsive to these requests have been produced, and continue to be produced, in response to plaintiffs' subpoenas to BASF's insurers.

## GENERAL OBJECTIONS

1.     BASF objects that the definitions of "You," "Your," and "BASF" are overly broad, vague, ambiguous, and speculative by encompassing "affiliated entities."

2.     BASF objects that the definition of "asbestos," "asbestos fibers," "asbestiform," and "fibers" are overly broad, vague, ambiguous, uncertain, and speculative.

3.     BASF objects that the definition of "Cahill" is overly broad, vague, ambiguous, uncertain and speculative by encompassing "affiliated entities."

4.     BASF objects that the definition of "Defense Costs" is overly broad, vague, and ambiguous by encompassing expenses not related to litigation.

5.     BASF objects that the definition of "EMTAL Claim" is overly broad, vague, ambiguous, uncertain and speculative by encompassing alleged litigation beyond Plaintiffs' specific claims.

6.     BASF objects that the definition of "Time Period" encompasses alleged litigation beyond Plaintiffs' specific claims.

7.     BASF objects that the definitions and instructions call upon BASF to: (a)  create documents not presently existing; (b) describe unsuccessful efforts to respond to particular interrogatories; (c) interpret, alter, modify, or change the meaning of any interrogatory from the plain meaning thereof; (d) respond in all ways to interrogatories susceptible of multiple interpretations; (e) respond to any aspect of an interrogatory not described with reasonable particularity; (f) locate or interview former employees or any other non-BASF employee; or (g) identify any custodian or records no longer known to BASF.

8.     BASF objects that the definitions and instructions impose upon BASF requirements exceeding those set forth in the Federal Rules of Civil Procedure.

9.     BASF objects that the interrogatories are overly broad and impose an unreasonably burden of inquiry.

10.     BASF objects that the interrogatories are vague, ambiguous, and not susceptible to a reasoned interpretation.

11.     BASF objects that the interrogatories seek information that the burden or expense of the proposed discovery outweighs its likely benefit.

12.     BASF objects that the interrogatories are redundant, not reasonably particular, not limited to a relevant period of time and the interrogatory seeks information spanning a period of several decades or that relates to decades-old information that has no bearing on Plaintiffs' claims.

13.     To the extent that any interrogatory inquires about "all," "each," "any," or "every," BASF objects that the interrogatory is overly broad and unduly burdensome, as it would be unreasonable to expect, even after a reasonably diligent search, that "all," "each," "any," or "every" individual, document, or thing falling within a description can or has been located.

14.     BASF objects that the interrogatories request information already in the possession, custody, or control of Plaintiffs, Plaintiffs' agents, and/or Plaintiffs' counsel.

15.     BASF objects that the interrogatories purport to impose a duty on it to undertake a search for documents and individuals beyond a diligent search of the files where it would reasonably expect to find documents responsive to these interrogatories.

16.     BASF objects that the interrogatories call for BASF to gather and summarize information contained in voluminous papers or papers that are a matter of public record.

17.     BASF objects that the interrogatories seek information equally available to Plaintiffs, previously produced to Plaintiffs, in the public record, or which may be readily obtainable by less burdensome or less invasive means.

18.     BASF objects that the interrogatories seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, and other privileges and immunities recognized by law.  BASF expressly states that any and all inadvertent disclosures of protected information is not a waiver of any privilege.

19.     BASF objects that the interrogatories seek confidential and private information about individuals who are not parties to this action, the disclosure of which would violate their right to privacy as established and protected by the federal and state Constitutions.

20.     BASF objects that the interrogatories seek proprietary business information, trade secrets, or other confidential business information.

21.    BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

22.    BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party.").

23.    BASF does not concede that any of its objections are or will be admissible evidence at trial.  BASF does not waive any objection, on any ground, whether or not asserted, at the time of trial.  Where BASF has answered any of the interrogatories without objection, BASF does not agree to the relevancy, materiality, or admissibility of any information sought.

24.    BASF expressly incorporates its General Objections into each of its objections above.

## CERTIFICATE OF SERVICE

I certify that, on this 16th day of April 2018, the following counsel were served electronically with BASF Catalysts LLC's Objections and Responses to Plaintiffs' Third Set of Interrogatories:

Christopher M. Placitella, Esquire
Michael Coren, Esquire
Jared Placitella, Esquire
Cohen Placitella & Roth PC
127 Maple Avenue
Red Bank, NJ 07701

Nina M. Gussack
Barry H. Boise
Angelo A. Stio, III
Pepper Hamilton LLP
3000 Two Logan Square
Philadelphia, PA 19103
*Attorneys for Defendants Cahill Gordon & Reindel LLP,*
*Cahill Gordon & Reindel, Howard Sloane, and Ira J. Dembrow*

Eric Tunis, Esquire
Herold Law
25 Independence Blvd.
Warren, NJ 07059-6747
*Attorney for Defendant Thomas D. Halket*

Kevin Marino, Esquire
John A. Boyle, Esquire
Marino, Tortorella & Boyle PC
437 Southern Blvd.
Chatham, NJ 07928
*Attorneys for Defendant Arthur A. Dornbusch II*

April 16, 2018                                   */s/  Justin T. Quinn*
                                                  Justin T. Quinn