Exhibit 6

LAW OFFICES

## COHEN, PLACITELLA & ROTH
A PENNSYLVANIA PROFESSIONAL CORPORATION

127 MAPLE AVENUE
RED BANK, NEW JERSEY 07701

(732) 747-9003
FAX (732) 747-9004
www.cprlaw.com

PHILADELPHIA, PA
LEMOYNE, PA
BALA CYNWYD, PA
PITTSBURGH, PA
CHERRY HILL, NJ

CHRISTOPHER M. PLACITELLA
MANAGING NJ ATTORNEY

May 15, 2018

**VIA ECF**
The Honorable Justice Roberto A. Rivera-Soto (ret.)
Special Discovery Master
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002-1163

**RE:**     *Kimberlee Williams, et al. v. BASF Catalysts LLC, et al.*
              **Civil Action No. 11-cv-01754 (JLL) (JAD)**

Dear Justice Rivera-Soto:

On March 15, 2018, Plaintiffs served the Third Set of Interrogatories and

Fifth Requests for Production on BASF. Exhibit A, BASF's Responses to the

Third Set of Interrogatories and Fifth Requests for Production. Pertinent to this

Motion to Compel, Plaintiffs' interrogatories sought information relating to

defense costs BASF paid to defend EMTAL talc claims from 1979 through 2017,

(Interrogatory No. 9), the number of Emtal claims that BASF resolved or

terminated at or during certain stages of the claim or litigation for the years 1979-

2017, (Interrogatory No. 10), and the total amount of claim payments BASF paid

Case 2:11-cv-01754-BRM-AME   Document 590-8   Filed 05/15/18   Page 3 of 12 PageID: 30496

Justice Robert A. Rivera-Soto (ret.)
May 15, 2018
Page 2

relating to Emtal claims for the years 1979-2017, and whether the claims were

resolved by the payment, (Interrogatory No. 11).[1]

On April 16, 2018, BASF served objections to Plaintiffs' interrogatories.

Exhibit A. Each interrogatory was objected to on the basis that Plaintiffs'

interrogatories exceed the number allowed by Federal Rule of Civil Procedure

33(a)(1), and that because BASF answered Plaintiffs' prior interrogatories,

Plaintiffs requests were improper and require no answer from BASF. In respect of

Interrogatory No. 9, BASF further objected on the grounds that the request was

overbroad, unduly burdensome, seeks irrelevant information, is not proportional to

the needs of this case, seeks information protected by the attorney-client privilege,

work product doctrine, or other privileges and protections from discovery, and

seeks confidential settlement information protected from disclosure in the absence

of a showing of particularized need. With respect to Interrogatories Nos. 10 and

11, BASF likewise objected on the grounds that the requests were overbroad,

unduly burdensome, seek irrelevant information, are not proportional to the needs

of this case, and seek confidential settlement information protected from disclosure

in the absence of a showing of particularized need. BASF has not explained how it

---

[1]  Plaintiffs met and conferred on this issue on May 8, 2018, and could not reach an agreement.

Justice Robert A. Rivera-Soto (ret.)
May 15, 2018
Page 3

is possible that it does not have the very basic information about the number of

Emtal talc claims, the defense costs and payments made to claimants. It simply

does not want to produce it.

For the reasons set forth herein, BASF's objections should be overruled and

BASF should be compelled to provide full and complete responses to

Interrogatories Nos. 9, 10 and 11 of Plaintiffs' Third Set of Interrogatories.

## **ARGUMENT**

### A. **In a Class Action, *each* Representative Plaintiff can serve 25 interrogatories on *each* Defendant.**

Because each Representative Plaintiff may serve 25 interrogatories on each

defendant, BASF has no basis to object to the additional interrogatories.

Federal Rule of Civil Procedure 33(a)(1) provides: "[u]nless otherwise

stipulated or ordered by the court, *a party* may serve on any other party no more

than 25 written interrogatories, including all discrete subparts. Fed. R. Civ. P.

33(a)(1) (emphasis added). In a class action, each representative plaintiff is treated

as a separate party for the purpose of serving interrogatories pursuant to Rule

33(a)(1). *See Trevino v. ACB Am., Inc.*, 232 FRD 612 (N.D. Cal. 2006).  In

*Trevino*, two plaintiffs filed suit on behalf of themselves and others similarly

situated, alleging that the two defendants violated the Fair Debt Collection

Practices Act and its state counter-part. *Id.* at 613-14. The plaintiffs jointly served

Justice Robert A. Rivera-Soto (ret.)
May 15, 2018
Page 4

interrogatories on the defendants who objected, arguing that the plaintiffs served

more than the 25 interrogatories allowed by Rule 33(a)(1). *Id.* at 614. The district

court agreed that the plaintiffs jointly served 32 interrogatories on one defendant

and 34 interrogatories on the other. *Id.* But the court disagreed that the plaintiffs

violated Rule 33(a)(1). In explaining why the plaintiffs could serve more than the

25 interrogatories allowed under Rule 33(a)(1), the district court reasoned that

"[a]ccording to the Federal Rules, *each* plaintiff may serve *each* defendant with 25

interrogatories." *Id.* (emphasis added). The district court thus treated the first 25

interrogatories as served by one plaintiff and the remaining interrogatories as

served by the other plaintiff. *Id.*

　　Altogether here, Plaintiffs have served 32 interrogatories on BASF. So with

6 Representative Plaintiffs, Plaintiffs have served far less than the 150

interrogatories allowed under Judge Dickson's October 17, 2016 Pretrial

Scheduling Order. *Compare* (CM/ECF # 221) ("Maximum of twenty-five (25)

additional interrogatories by *each* party to *each* other party") (emphasis added),

*with Abarca v. Merck & Co.*, Civil Action No. 07-0388, 2012 U.S. Dist. LEXIS

27485, *18 (E.D. Cal. 2012) ("Interrogatories shall be limited to one set of not

more than 25 interrogatories propounded to each defendant by plaintiffs

Justice Robert A. Rivera-Soto (ret.)
May 15, 2018
Page 5

*collectively*") (emphasis added). As a result, there is no basis to BASF's objection

that Plaintiffs have served more interrogatories than allowed under Rule 33(a)(1).

> **B. Even if Plaintiffs exceeded the number of interrogatories allowed, the Court should grant Plaintiffs leave to serve additional interrogatories and BASF should be compelled to respond.**

If the Court treats the Representative Plaintiffs collectively as a single party

for the purposes of Rule 33(a)(1) contrary to Judge Dickson's October 17, 2016

Pretrial Scheduling Order, the Court should still require BASF to answer the

additional interrogatories. This is a complex class action involving multiple parties

and claims that cover fraudulent conduct by Defendants that spans nearly thirty

years and affected thousands of claimants who had been deprived of necessary

evidence to establish their asbestos injury claims. *See* CM/ECF # 185, Second

Amended Complaint, generally; CM/ECF # 419, Motion for Class Certification;

*Ott v. Mortg. Investors Co. of Ohio*, 2015 U.S. Dist. LEXIS 19050 (D. Or. 2015)

("Permitting the parties to exceed the limit pursuant to FRCP 33(a)(1) is

appropriate in this complex proposed class action case involving multiple parties,

claims, and affirmative defenses"). Otherwise, important issues such as damages

would largely remain unaddressed in discovery contrary to the Special Discovery

Master's observation of Judge Linares' directive to get this case "trial ready."

10/26/2017 Hr'g Tr., T134:5-7.

Justice Robert A. Rivera-Soto (ret.)
May 15, 2018
Page 6

### C. BASF's boilerplate objections violate Rule 26(g).

In objecting to Interrogatory No's. 9, 10, and 11, BASF asserts only blanket

objections and provides no factual basis for why it could not answer the requests.

That is a violation of Federal Rule of Civil Procedure 26(g), and BASF should be

compelled to respond to the subject interrogatories.

In relevant part, Rule 26(g) provides:

(1) Signature Required; Effect of Signature. Every disclosure under
Rule 26(a)(1) or (a)(3) and every disclosure request, response, or
objection must be signed by at least one attorney of record in the
attorney's own name . . . By signing, an attorney or party certifies that
to the best of the person's knowledge, information, and belief formed
after a reasonable inquiry:

 (A) with respect to a disclosure, it is complete and correct as of the
time it is made; and

 (B) with respect to a discovery request, response, or objection, it is:

    (i) consistent with these rules and warranted by existing law or
by a non-frivolous argument for extending, modifying, or reversing
existing law, or for establishing new law;

    (ii) not interposed for any improper purpose, such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation;
and

    (iii) neither unreasonable nor unduly burdensome or expensive,
considering the needs of the case, prior discovery in the case, the
amount in controversy, and the importance of the issues at stake in the
action.

. . .

Justice Robert A. Rivera-Soto (ret.)
May 15, 2018
Page 7

> (3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on it own ***must*** impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay reasonable expenses, including attorney's fees, caused by the violation.

*Id.* (emphasis added). As applied by courts, Rule 26(g) "requires all attorneys to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of liberal discovery." *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 703 (D.N.J. 2015) (citing *Kosher Sport, Inc. v. Queens Balpark Co., LLC*, Civil Action No. 10-2618, 2011 U.S. Dist. LEXIS 86651, *7 (E.D.N.Y. Aug. 5, 2011)). Under the Rule, an attorney's signature certifies that any disclosures were complete and accurate at the time they were made and that a reasonable inquiry was made." *Id.* (citing *Singer v. Covista, Inc.*, Civil Action No. 10-6147, 2013 U.S. Dist. LEXIS 44474, *9 (D.N.J. Mar. 28, 2013)). In determining whether a certification is reasonable, an objective standard is used. *Id.*

Boilerplate objections that an interrogatory was overly broad, unduly burdensome, irrelevant and confidential are "inappropriate and result in the waiver of the objection." *Id.* at 704. *See also NE Tech., Inc. v. Evolving Systems, Inc.*, Civil Action No. 06-601, 2008 U.S. Dist. LEXIS 85351, *5 (D.N.J. Sept. 12, 2008) ("When objecting to a discovery request, an objecting party must state with

Justice Robert A. Rivera-Soto (ret.)
May 15, 2018
Page 8

specificity the grounds for the objection, and not the familiar litany that an

interrogatory or document production request is overly broad, burdensome,

oppressive and irrelevant"); *Dicupe v. Liefeld & Co.*, Civil Action No. 86-1302,

1986 U.S. Dist. LEXIS 24231, *5 (E.D. Pa. June 13, 1986) (noting that courts look

upon "blanket objection[s] to interrogatories an documentary requests" with

"***extreme displeasure***" because "such objections are violative of both the letter and

spirit" of the Federal Rules of Civil Procedure) (emphasis added). Blanket

objections such as the ones asserted by BASF in response to Interrogatory Nos. 9,

10, and 11 are not permitted because "[b]road-based, non-specific objections are

almost impossible to assess on their merits, and fall woefully short of the burden

that must be borne by a party making an objection to an interrogatory or document

request." *Younes*, 312 F.R.D. at 704.

As the party seeking to limit discovery, BASF bears the burden of proving

that good cause exists for the objections. Fed. R. Civ P. 26(c); *see also* 8 Charles

Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and*

*Procedure* § 2035. As a result, BASF must identify a specific factual basis to

object to the interrogatories. *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108,

1121 (3d Cir. 1986) ("broad allegations of harm, unsubstantiated by specific

examples and articulated reasoning" do not suffice). That BASF has not is fatal to

Justice Robert A. Rivera-Soto (ret.)
May 15, 2018
Page 9

its efforts to obstruct discovery. *See Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 129 F.R.D. 483, 485 (D.N.J. 1990). And therefore, BASF's blanket objections are "meaningless," "constitute a waste of time for opposing counsel and the Court," and "violate the letter and spirit of Rule 26(g)." *Younes*, 312 F.R.D. at 704-05 (quoting *Weems v. Hodnett*, Civil Action No. 10-1452, 2011 U.S. Dist. LEXIS 80746, *1-2 (D. La. July 25, 2011)).

Not only are BASF's objections groundless then because they are boilerplate and do not cite a specific factual basis for the objections, but also because the subject interrogatories seek information pertinent to claims and defenses in this matter. *See Young v. Lukens Steel Co.*, 1994 U.S. Dist. LEXIS 1462, *3 (E.D. Pa. 1994) (recognizing that in light of the Rule 26's purpose of allowing the parties to obtain the fullest possible knowledge of the issues and facts before trial, wide latitude should be afforded to the party seeking discovery). In particular, by seeking information on BASF's defense costs, a response by BASF to Interrogatory No. 9 would yield information on BASF's knowledge and motive, as well as data that will inform Plaintiffs' expert on damages. *See, e.g.*, Plaintiffs' Class Certification Motion, generally. BASF's response to Interrogatory No. 11 would likewise provide valuable information to Plaintiffs' expert in creating a damages model. *Id.* So, too, Interrogatory Nos. 10 and 11 would be pertinent to a

Justice Robert A. Rivera-Soto (ret.)
May 15, 2018
Page 10

number of issues such as numerosity and ascertainability, which are fundamental

to the issue of class certification. *See, e.g.*, *Younes*, 312 F.R.D. at 705 ("Although

7-Eleven believes Project P is immaterial, there is no legitimate question that

plaintiffs are entitled to pursue discovery to support their theory of the case,

especially in light of the allegations in their complaint.").

Finally, the attorney-client and work product privileges do not shield the

information requested under the subject interrogatories from disclosure, and

BASF's assertion for privilege also violate Rule 26(g).  As to Interrogatory No. 9,

BASF's defense costs—*i.e.*, attorney's fees—are not privileged.  *See In re Grand*

*Jury Investigation*, 631 F.2d 17 (3d Cir. 1980) (attorney-client privilege does not

apply to disclosure of fee payment information); *United States v. Castro*, Civil

Action No. 94-223, 1995 U.S. Dist. LEXIS 13852, *3 (E.D. Pa. 1995) (finding "no

attorney-client privilege concerning payment of legal fees"). In much the same

way, neither the number of claims brought against BASF nor the amounts BASF

paid to resolve these claims can be privileged as that information if not entirely

public, is certainly not confidential as to Plaintiffs and the putative Class Members.

And in that regard, it is of no moment that BASF may have learned that

information through counsel. *Graves v. Biomedical Tissues Servs. (In re Human*

Justice Robert A. Rivera-Soto (ret.)
May 15, 2018
Page 11

*Tissue Prods. Liab. Litig.)*, Civil Action No. 06-135, 2009 U.S. Dist. LEXIS

34436, *56-57 (D.N.J. Apr. 23, 2009) (internal citations omitted).

In sum, BASF cannot meet its "obligations by sticking its head in the sand

and refusing to look for answers." *Younes*, 312 F.R.D. at 705. Yet that is exactly

what it has done here in asserting boilerplate objections with no indication that it

has done any research or investigation as it must to comply with Rule 26(g) in

answering the subject interrogatories. It is simply inconceivable that BASF does

not have the information responsive to Interrogatory Nos. 9, 10 and 11 readily

available to it and its counsel who filed these objections.[2] And so, the Court should

regard BASF's responses to Interrogatories No's. 9, 10 and 11 as non-responsive

and compel BASF to answer the subject interrogatories.

## CONCLUSION

In sum, BASF should be compelled to respond to Interrogatory Nos. 9, 10

and 11 of Plaintiffs' Third Set of Interrogatories directed to BASF as the service of

those interrogatories complied with Fed. R. Civ. P. 33(a)(1), and BASF cannot

carry its burden to object to them.

---

[2]    Plaintiffs do not believe that BASF, as the client responsible for paying the
legal bills, does not know what its defense costs are. *See, e.g.*, Exhibit B, 3/24/2004
Jones Ltr. to Willis on payment of legal expenses for asbestos mattes during 2003.

Justice Robert A. Rivera-Soto (ret.)
May 15, 2018
Page 12

Respectfully Submitted,

**COHEN, PLACITELLA & ROTH, P.C.**       **FOX ROTHSCHILD LLP**

/s/ *Christopher M. Placitella*          Jeffrey M. Pollock, Esq.
Christopher M. Placitella, Esq.          (NJ Atty #: 015751987)
(NJ Atty #: 027781981)                   Princeton Pike Corp. Center
Michael Coren, Esq.                      997 Lennox Drive,
(NJ Atty #: 024871979)                   Building 3
Jared M. Placitella, Esq.                Lawrenceville, NJ 08648
(NJ Atty #: 068272013)                   (609) 896-7660
Eric S. Pasternack, Esq.
(NJ Atty #: 015132011)
127 Maple Avenue
Red Bank, NJ 07701
(732) 747-9003

 ***Attorneys for Plaintiffs and the Putative
Class***


cc:    All Counsel of Record (via ECF)

COHEN, PLACITELLA & ROTH, P.C. Christopher M. Placitella, Esq.
(027781981) Michael Coren, Esq. (024871979)
Jared M. Placitella, Esq. (068272013)
Eric S. Pasternack, Esq. (015132011)
127 Maple Avenue
Red Bank, NJ  07701
(732) 747-9003

FOX ROTHSCHILD LLP
Jeffrey M. Pollock, Esq. (015751987)
997 Lenox Drive, Building 3
Princeton Pike Corporate Ctr. Lawrenceville, NJ 08648
(609) 896-3600
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIMBERLEE WILLIAMS, et al.**<br><br>Plaintiffs,<br><br>vs.<br><br>**BASF CATALYSTS LLC, et al.**<br><br>Defendants. | No. 2:11-cv-01754 (JLL) (JAD)<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF COUNSEL** |

CHRISTOPHER M. PLACITELLA, of full age, hereby certifies as follows:

1.      I am an attorney at law in the State of New Jersey and a shareholder with the law

firm of Cohen, Placitella and Roth, P.C.

2.      I am familiar with the facts and circumstances of the within action.

3.      Attached as Exhibit A is a true and correct copy of the BASF Catalysts LLC's Objections and Responses to Plaintiffs' Third Set of Interrogatories.

4.      Attached as Exhibit B is true and correct copy of the March 24, 20014 leter from Lynette Jones of Royal & SunAlliance to Pat Willis of Engelhard Corporation.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

COHEN, PLACITELLA & ROTH, P.C.
*/s/ Christopher M. Placitella*_____
CHRISTOPHER M. PLACITELLA

Dated: May 15, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **KIMBERLEE WILLIAMS**, individually, as personal representative of the Estate of Charles L. Williams, deceased on behalf of said estate, and as representative of others similarly situated; **NANCY PEASE**, individually, as personal representative of the Estate of William Clark, deceased on behalf of said estate, and as representative of others similarly situated; **MARILYN L. HOLLEY**, as personal representative of the Estate of Kathryn Darnell, deceased on behalf of said estate, and as representative of others similarly situated; **DONNA WARE**, individually as personal representative of the Estate of Ralph Ware, deceased on behalf of said estate, and as representative of others similarly situated; and **DONNETTE WENGERD**, individually, as personal representative of the Estate of Jennifer Graham, deceased on behalf of said estate, and as representative of others similarly situated, and **ROSANNE CHERNICK**, individually, as personal representative of the Estate of Steven Chernick, deceased on behalf of said estate, and as representative of others similarly situated, | : | Civil Action No. 11-cv-1754 (JLL) (JAD) |
|  | : |  |
|  | : | CIVIL ACTION |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| **BASF CATALYSTS LLC, CAHILL GORDON & REINDEL LLP, CAHILL GORDON & REINDEL**, a partnership including a professional corporation, **THOMAS D. HALKET, ARTHUR A. DORNBUSCH II, GLENN HEMSTOCK, HOWARD G. SLOANE (A/K/A "PETER SLOANE"), IRA J. DEMBROW, JOHN DOE BUSINESS ENTITIES 1 to 100; JOHN DOE BUSINESS ENTITIES 101 to 200; JOHN DOE LAWYERS 1 to 500**; and, **JOHN DOE 1 to 500**, | : |  |
|  | : |  |
| Defendants. | : |  |

## BASF CATALYSTS LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

Defendant BASF Catalysts LLC ("BASF"), through its counsel, Robinson Miller LLC and

Kirkland & Ellis LLP, responds to Plaintiffs' Third Set of Interrogatories as follows:

1

## PRELIMINARY STATEMENT

Plaintiffs have exceeded their number of interrogatories allowable under Federal Rule of Civil Procedure 33(a)(1) and the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because of this, plaintiffs' Third Set of Interrogatories are not permitted and do not require a substantive response by BASF.

Additionally, independent of the fact that plaintiffs' interrogatories now exceed the limitations of the federal rules and the Court's order, responding to these interrogatories and their subparts would require an enormous investment of resources which is disproportionate to the issues in this case. This is especially true where, as here, the plaintiffs have waited until the waning weeks of discovery to serve these interrogatories. Below are BASF's objections to plaintiffs' interrogatories on these and other grounds.

## OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify every BASF or Engelhard department and each person in Your organization who has or who ever had a role in, or were assigned responsibility for, reviewing, approving, auditing, paying, budgeting, coordinating, controlling, managing, monitoring, or recovering reimbursement of Defense Costs that You or anyone on Your behalf, including without limitation any insurance companies, incurred or paid relating to EMTAL Claims.

### RESPONSE TO INTERROGATORY NO. 1:

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221

(allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other

party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance

with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016

Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 1 on the grounds that it is overbroad, vague, unduly

burdensome, seeks irrelevant information, and is not proportional to the needs of this case.

**INTERROGATORY NO. 2:**

Were any policies, procedures or guidelines established, adopted or otherwise utilized by
You or anyone acting on Your behalf to review, manage, pay, control or track Defense Costs that
You or anyone on Your behalf, including without limitation any insurance companies, incurred or
paid relating to EMTAL Claims? If so please identify and describe each one and identify all
documents relating to same.

**RESPONSE TO INTERROGATORY NO. 2:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may

serve on any other party no more than 25 written interrogatories, including all discrete subparts."

BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order.  *See* Dkt. 221

(allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other

party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance

with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016

Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 2 on the grounds that it is overbroad, vague, unduly

burdensome, seeks irrelevant information, and is not proportional to the needs of this case.  BASF

further objects to Interrogatory No. 2 on the grounds that it seeks information protected by the

attorney-client privilege, work product doctrine, or other privileges and protections from discovery.

**INTERROGATORY NO. 3:**

Were any accounting records, accounts, ledgers, internal controls or internal control procedures used or maintained to review, pay, manage, control or track Defense Costs You or anyone on Your behalf, including without limitation any insurance companies, incurred or paid relating to EMTAL Claims? If so please identify and describe each one and identify all documents relating to same.

**RESPONSE TO INTERROGATORY NO. 3:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 3 on the grounds that it is overbroad, vague, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case. BASF further objects to Interrogatory No. 3 on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, or other privileges and protections from discovery.

**INTERROGATORY NO. 4:**

Did You maintain records, summaries or other numerical or statistical data with respect to the amount of Defense Costs and Claim Payments relating to EMTAL Claims either on a case, claim, aggregate or some other basis? If so, by whom were they maintained, how, when and for what purpose(s). Please include in your response the identity of all documents relating to such records along with the identity of the person who is the document's currently custodian.

**RESPONSE TO INTERROGATORY NO. 4:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 4 on the grounds that it is overbroad, vague, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case. BASF further objects to Interrogatory No. 4 on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, or other privileges and protections from discovery. BASF further objects to Interrogatory No. 4 to the extent it seeks confidential settlement information protected from disclosure in the absence of a showing of particularized need. *See, e.g.*, *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (party seeking discovery of settlement agreements "must make a heightened, more particularized showing of relevance").

**<u>INTERROGATORY NO. 5:</u>**

Were any management reports, internal or external accounting reports, auditing or financial reports or budgets prepared with respect to or relating to EMTAL Claims? If so please identify each report, its author and recipients and its current custodian.

**RESPONSE TO INTERROGATORY NO. 5:**

BASF objects to Interrogatory No. 5 on the grounds that is seeks information already in the possession, custody, or control of plaintiffs.   BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts."  BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order.  *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party.").   Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 5 on the grounds that it is overbroad, vague, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of this case.

**INTERROGATORY NO. 6:**

Were any management reports, internal or external accounting reports, auditing or financial reports or budgets prepared with respect to or relating to Defense Costs of Emtal Claims? If so please identify each report, its author and recipients and its current custodian.

**RESPONSE TO INTERROGATORY NO. 6:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order.  *See* Dkt. 221

(allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other

party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance

with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016

Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 6 on the grounds that it is overbroad, vague, unduly

burdensome, seeks irrelevant information, and is not proportional to the needs of this case.

**INTERROGATORY NO. 7:**

Were any management reports, internal or external accounting reports, auditing or financial reports, or budgets prepared with respect to or relating to Claim Payments on Emtal Claims? If so please identify each report, its author and recipients and its current custodian.

**RESPONSE TO INTERROGATORY NO. 7:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may

serve on any other party no more than 25 written interrogatories, including all discrete subparts."

BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221

(allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other

party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance

with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016

Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 7 on the grounds that it is overbroad, vague, unduly

burdensome, seeks irrelevant information, and is not proportional to the needs of this case.

**INTERROGATORY NO. 8:**

Identify by specific type, element or category all Defense Costs You or anyone on Your

behalf incurred or paid in defending Emtal Claims, including without limitation any insurance companies.

**RESPONSE TO INTERROGATORY NO. 8:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 8 on the grounds that it is vague, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of the case.

**INTERROGATORY NO. 9:**

For each year during the Time Period, and excluding expenditures relating solely to the defense of the present *Williams* case, state: (a) the total aggregate amount of Defense Costs You or anyone on Your Behalf, including without limitation any insurance company, paid to defend EMTAL Claims asserted against You during the year; (b) the total number of EMTAL Claim Claimants with actions pending against You during any portion of the year; (c) the highest total amount of Defense Costs paid by You or on Your behalf during the year in defending a single EMTAL Claim Claimant's EMTAL Claim; (d) the lowest total amount of Defense Costs paid by You or on Your behalf during the year in defending a single EMTAL Claim Claimant's EMTAL Claim; (e) the arithmetic average (mean) total expenditure amount paid by You or on Your behalf in defending a single EMTAL Claim Claimant's EMTAL Claim during the year; and (f) the median expenditure paid by You or on Your behalf for defending a single EMTAL Claim Claimant's EMTAL Claims during the year

Please use the following matrix to supply this data:

Interrogatory No. 9 Table

| Year | (a) Total Defense Expenditures | (b) Number of EMTAL Claim Claimants Pending | (c) Highest single EMTAL Claim Defense Cost expenditure during period | (d) Lowest single EMTAL claim Defense Cost expenditure | (e) Arithmetic Average (mean) Defense Cost expenditure | (F) Median Defense Cost expenditure |
|---|---|---|---|---|---|---|
| 1979 | $ | | $ | $ | $ | $ |
| 1980 | | | | | | |
| 1981 | | | | | | |
| 1982 | | | | | | |
| 1983 | | | | | | |
| 1984 | | | | | | |
| 1985 | | | | | | |
| 1986 | | | | | | |
| 1987 | | | | | | |
| 1988 | | | | | | |
| 1989 | | | | | | |
| 1990 | | | | | | |
| 1991 | | | | | | |
| 1992 | | | | | | |
| 1993 | | | | | | |
| 1994 | | | | | | |
| 1995 | | | | | | |

| Year | (a) Total Defense Expenditures | (b) Number of EMTAL Claim Claimants Pending | (c) Highest single EMTAL Claim Defense Cost expenditure during period | (d) Lowest single EMTAL claim Defense Cost expenditure | (e) Arithmetic Average (mean) Defense Cost expenditure | (F) Median Defense Cost expenditure |
|------|---|---|---|---|---|---|
| 1996 | | | | | | |
| 1997 | | | | | | |
| 1998 | | | | | | |
| 1999 | | | | | | |
| 2000 | | | | | | |
| 2001 | | | | | | |
| 2002 | | | | | | |
| 2003 | | | | | | |
| 2004 | | | | | | |
| 2005 | | | | | | |
| 2006 | | | | | | |
| 2007 | | | | | | |
| 2008 | | | | | | |
| 2009 | | | | | | |
| 2010 | | | | | | |
| 2011 | | | | | | |
| 2012 | | | | | | |
| 2013 | | | | | | |
| 2014 | | | | | | |
| 2015 | | | | | | |
| 2016 | | | | | | |
| 2017 | | | | | | |

**RESPONSE TO INTERROGATORY NO. 9:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may

serve on any other party no more than 25 written interrogatories, including all discrete subparts."

BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221

(allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other

party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance

with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016

Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 9 on the grounds that it is overbroad, unduly

burdensome, seeks irrelevant information, and is not proportional to the needs of this case. BASF

further objects to Interrogatory No. 9 on the grounds that it seeks information protected by the

attorney-client privilege, work product doctrine, or other privileges and protections from discovery.

BASF further objects to Interrogatory No. 9 on the ground that it seeks confidential settlement

information protected from disclosure in the absence of a showing of particularized need. *See, e.g.*,

*Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (party seeking

discovery of settlement agreements "must make a heightened, more particularized showing of

relevance").

**INTERROGATORY NO. 10:**

For each year during the Time Period, and excluding the present *Williams* case, state the
number of Emtal Claim Claimants' Emtal Claims that resolved or terminated at or during each of
the following claim or litigation stages:
    a. Prior to filing of suit or adjudicative claim.
    b. At or upon filing of suit or adjudicative claim
    c. Filing of Motion to dismiss complaint.
    d. The close of the pleadings if no motion to dismiss filed or if filed was not granted in full
    as to Engelhard or BASF.
    e. During discovery but prior to dispositive motions or pretrial conference.
    f. Motion for Summary Judgment or similar dispositive motions
    g. Pretrial proceedings
    h. Trial
    i. During Appeal

Please use the following matrix to supply this data:

Interrogatory No. 10 Table

| Year | a | b | c | d | e | f | g | h | i |
|------|---|---|---|---|---|---|---|---|---|
| 1979 | | | | | | | | | |
| 1980 | | | | | | | | | |
| 1981 | | | | | | | | | |
| 1982 | | | | | | | | | |
| 1983 | | | | | | | | | |
| 1984 | | | | | | | | | |
| 1985 | | | | | | | | | |

| Year | a | b | c | d | e | f | g | h | i |
|------|---|---|---|---|---|---|---|---|---|
| 1986 | | | | | | | | | |
| 1987 | | | | | | | | | |
| 1988 | | | | | | | | | |
| 1989 | | | | | | | | | |
| 1990 | | | | | | | | | |
| 1991 | | | | | | | | | |
| 1992 | | | | | | | | | |
| 1993 | | | | | | | | | |
| 1994 | | | | | | | | | |
| 1995 | | | | | | | | | |
| 1996 | | | | | | | | | |
| 1997 | | | | | | | | | |
| 1998 | | | | | | | | | |
| 1999 | | | | | | | | | |
| 2000 | | | | | | | | | |
| 2001 | | | | | | | | | |
| 2002 | | | | | | | | | |
| 2003 | | | | | | | | | |
| 2004 | | | | | | | | | |
| 2005 | | | | | | | | | |
| 2006 | | | | | | | | | |
| 2007 | | | | | | | | | |

| Year | a | b | c | d | e | f | g | h | i |
|------|---|---|---|---|---|---|---|---|---|
| 2008 |   |   |   |   |   |   |   |   |   |
| 2009 |   |   |   |   |   |   |   |   |   |
| 2010 |   |   |   |   |   |   |   |   |   |
| 2011 |   |   |   |   |   |   |   |   |   |
| 2012 |   |   |   |   |   |   |   |   |   |
| 2013 |   |   |   |   |   |   |   |   |   |
| 2014 |   |   |   |   |   |   |   |   |   |
| 2015 |   |   |   |   |   |   |   |   |   |
| 2016 |   |   |   |   |   |   |   |   |   |
| 2017 |   |   |   |   |   |   |   |   |   |

**RESPONSE TO INTERROGATORY NO. 10:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance

with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016

Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF objects to Interrogatory No. 10 on the grounds that it is overbroad, unduly

burdensome, seeks irrelevant information, and is not proportional to the needs of this case. BASF

further objects to Interrogatory No. 10 on the ground that it seeks confidential settlement

information protected from disclosure in the absence of a showing of particularized need. *See, e.g.*,

*Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (party seeking

discovery of settlement agreements "must make a heightened, more particularized showing of

relevance").

## INTERROGATORY NO. 11:

For each year during the Time Period please state the total amount of Claim Payments You
or anyone on Your Behalf, including without limitation any insurance company, paid relating to
Emtal Claims; (b) the number of EMTAL Claim Claimants whose EMTAL Claims were terminated
or resolved by the Claim Payments made during the year; (c) the highest Claim Payment amount
paid during the year in relation to a single Emtal Claim Claimant; and (d) the lowest Claim Payment
amount paid during the year in relation to a single Emtal Claim Claimant.

Please use the following matrix to supply this data:

Interrogatory No. 11 Table:

| Year | (a) Total Amount of Claim Payments Paid During Year | (b) Number of Emtal Claim Claimants Claim Payments resolved | (c) Highest Claim Payment to a Single EMTAL Claim Claimant during period | (d) Lowest Claim Payment to a Single EMTAL Claim Claimant during period |
|---|---|---|---|---|
| 1982 | $ | | $ | $ |
| 1983 | | | | |
| 1984 | | | | |
| 1985 | | | | |
| 1986 | | | | |
| 1987 | | | | |
| 1988 | | | | |
| 1989 | | | | |
| 1990 | | | | |
| 1991 | | | | |
| 1992 | | | | |
| 1993 | | | | |
| 1994 | | | | |
| 1995 | | | | |
| 1996 | | | | |
| 1997 | | | | |
| 1998 | | | | |
| 1999 | | | | |
| 2000 | | | | |

| Year | (a)<br>Total Amount of Claim Payments Paid During Year | (b)<br>Number of Emtal Claim Claimants Claim Payments resolved | (c)<br>Highest Claim Payment to a Single EMTAL Claim Claimant during period | (d)<br>Lowest Claim Payment to a Single EMTAL Claim Claimant during period |
|---|---|---|---|---|
| 2001 | | | | |
| 2002 | | | | |
| 2003 | | | | |
| 2004 | | | | |
| 2005 | | | | |
| 2006 | | | | |
| 2007 | | | | |
| 2008 | | | | |
| 2009 | | | | |
| 2010 | | | | |
| 2011 | | | | |
| 2012 | | | | |
| 2013 | | | | |
| 2014 | | | | |
| 2015 | | | | |
| 2016 | | | | |
| 2017 | | | | |

**RESPONSE TO INTERROGATORY NO. 11:**

BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the

number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may

17

serve on any other party no more than 25 written interrogatories, including all discrete subparts." BASF further objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party."). Because BASF has answered Plaintiffs' prior interrogatories and subparts in compliance with the requirements of Federal Rule of Civil Procedure Rule 33(a)(1) and the October 17, 2016 Order, Plaintiffs' Third Set of Interrogatories is improper and requires no answer from BASF.

BASF also objects to Interrogatory No. 11 on the grounds that it is unduly burdensome, seeks irrelevant information and is not proportional to the needs of this case. BASF further objects to Interrogatory No. 11 on the ground that seeks confidential settlement information protected from disclosure in the absence of a showing of particularized need. *See, e.g.*, *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (party seeking discovery of settlement agreements "must make a heightened, more particularized showing of relevance").

## DOCUMENT REQUESTS

1.  A copy of all documents You identify or refer in response to the above interrogatories.

2.  A copy of all documents relating to or containing any information requested in the above interrogatories.

3.  A copy of all documents You based your responses to above interrogatories upon, including any data or information you provide.

**RESPONSE:** BASF objects to the above document requests on the ground that they seek information protected by the attorney-client privilege, work product doctrine, or other privileges and protections from discovery. BASF further objects to the above documents requests on the grounds that they are unduly burdensome and not proportional to the needs of this case. BASF further objects to the document requests on the grounds that they seek confidential settlement

information protected from disclosure in the absence of a showing of particularized need. *See, e.g.*, *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (party seeking discovery of settlement agreements "must make a heightened, more particularized showing of relevance").

To date, BASF has already produced relevant, non-privileged documents responsive to these Requests, including the database at FRE_408_00000003 and documents identified through the parties' agreed-upon search protocol. Indeed, in responding to plaintiffs' many requests, BASF has conducted an extensive search of documents spanning decades and has supplemented its production with additional documents located in the course of preparing its responses to plaintiffs' previous interrogatories and requests for production. Under the circumstances, BASF's efforts have been more than reasonable. BASF cannot exclude the potential that further investigation may reveal additional information, in which case BASF reserves the right to supplement its production. Finally, BASF notes that documents responsive to these requests have been produced, and continue to be produced, in response to plaintiffs' subpoenas to BASF's insurers.

### GENERAL OBJECTIONS

1.       BASF objects that the definitions of "You," "Your," and "BASF" are overly broad, vague, ambiguous, and speculative by encompassing "affiliated entities."

2.       BASF objects that the definition of "asbestos," "asbestos fibers," "asbestiform," and "fibers" are overly broad, vague, ambiguous, uncertain, and speculative.

3.       BASF objects that the definition of "Cahill" is overly broad, vague, ambiguous, uncertain and speculative by encompassing "affiliated entities."

4.       BASF objects that the definition of "Defense Costs" is overly broad, vague, and ambiguous by encompassing expenses not related to litigation.

5.      BASF objects that the definition of "EMTAL Claim" is overly broad, vague, ambiguous, uncertain and speculative by encompassing alleged litigation beyond Plaintiffs' specific claims.

6.      BASF objects that the definition of "Time Period" encompasses alleged litigation beyond Plaintiffs' specific claims.

7.      BASF objects that the definitions and instructions call upon BASF to: (a)  create documents not presently existing; (b) describe unsuccessful efforts to respond to particular interrogatories; (c) interpret, alter, modify, or change the meaning of any interrogatory from the plain meaning thereof; (d) respond in all ways to interrogatories susceptible of multiple interpretations; (e) respond to any aspect of an interrogatory not described with reasonable particularity; (f) locate or interview former employees or any other non-BASF employee; or (g) identify any custodian or records no longer known to BASF.

8.      BASF objects that the definitions and instructions impose upon BASF requirements exceeding those set forth in the Federal Rules of Civil Procedure.

9.      BASF objects that the interrogatories are overly broad and impose an unreasonably burden of inquiry.

10.      BASF objects that the interrogatories are vague, ambiguous, and not susceptible to a reasoned interpretation.

11.      BASF objects that the interrogatories seek information that the burden or expense of the proposed discovery outweighs its likely benefit.

12.      BASF objects that the interrogatories are redundant, not reasonably particular, not limited to a relevant period of time and the interrogatory seeks information spanning a period of several decades or that relates to decades-old information that has no bearing on Plaintiffs' claims.

13.     To the extent that any interrogatory inquires about "all," "each," "any," or "every," BASF objects that the interrogatory is overly broad and unduly burdensome, as it would be unreasonable to expect, even after a reasonably diligent search, that "all," "each," "any," or "every" individual, document, or thing falling within a description can or has been located.

14.     BASF objects that the interrogatories request information already in the possession, custody, or control of Plaintiffs, Plaintiffs' agents, and/or Plaintiffs' counsel.

15.     BASF objects that the interrogatories purport to impose a duty on it to undertake a search for documents and individuals beyond a diligent search of the files where it would reasonably expect to find documents responsive to these interrogatories.

16.     BASF objects that the interrogatories call for BASF to gather and summarize information contained in voluminous papers or papers that are a matter of public record.

17.     BASF objects that the interrogatories seek information equally available to Plaintiffs, previously produced to Plaintiffs, in the public record, or which may be readily obtainable by less burdensome or less invasive means.

18.     BASF objects that the interrogatories seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, and other privileges and immunities recognized by law.  BASF expressly states that any and all inadvertent disclosures of protected information is not a waiver of any privilege.

19.     BASF objects that the interrogatories seek confidential and private information about individuals who are not parties to this action, the disclosure of which would violate their right to privacy as established and protected by the federal and state Constitutions.

20.     BASF objects that the interrogatories seek proprietary business information, trade secrets, or other confidential business information.

21.     BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by Federal Rule of Civil Procedure 33(a)(1), which states that each party "may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

22.     BASF objects that the number of interrogatories propounded by the Plaintiffs exceeds the number allowed by the Court's October 17, 2016 Pre-Trial Scheduling Order. *See* Dkt. 221 (allowing a "[m]aximum of twenty-five (25) additional interrogatories by each party to each other party.").

23.     BASF does not concede that any of its objections are or will be admissible evidence at trial. BASF does not waive any objection, on any ground, whether or not asserted, at the time of trial. Where BASF has answered any of the interrogatories without objection, BASF does not agree to the relevancy, materiality, or admissibility of any information sought.

24.     BASF expressly incorporates its General Objections into each of its objections above.

## CERTIFICATE OF SERVICE

I certify that, on this 16th day of April 2018, the following counsel were served electronically with BASF Catalysts LLC's Objections and Responses to Plaintiffs' Third Set of Interrogatories:

Christopher M. Placitella, Esquire
Michael Coren, Esquire
Jared Placitella, Esquire
Cohen Placitella & Roth PC
127 Maple Avenue
Red Bank, NJ 07701

Nina M. Gussack
Barry H. Boise
Angelo A. Stio, III
Pepper Hamilton LLP
3000 Two Logan Square
Philadelphia, PA 19103
*Attorneys for Defendants Cahill Gordon & Reindel LLP,*
*Cahill Gordon & Reindel, Howard Sloane, and Ira J. Dembrow*

Eric Tunis, Esquire
Herold Law
25 Independence Blvd.
Warren, NJ 07059-6747
*Attorney for Defendant Thomas D. Halket*

Kevin Marino, Esquire
John A. Boyle, Esquire
Marino, Tortorella & Boyle PC
437 Southern Blvd.
Chatham, NJ 07928
*Attorneys for Defendant Arthur A. Dornbusch II*

April 16, 2018                                   */s/ Justin T. Quinn*
                                                    Justin T. Quinn

March 24, 2004

Pat Willis
Engelhard Corporation
101 Wood Avenue
P.O. Box 770
Iselin, NJ 08830-0770

      Re:    Cuyahoga County Legal Invoices

Dear Ms. Willis:

Pursuant to our agreement, attached is Royal's payment history for legal expenses incurred for Cuyahoga County asbestos matters during 2003. Royal pays 100% of the invoices during the year and seeks reimbursement of 10% from Engelhard at year-end. Based on the amounts paid by Royal, please issue a check to Royal for the amount of $397.20. Royal's tax identification number is 13-5358230.

Please let me know if you have any questions.

Sincerely,


Lynette Jones, CPCU
MCU Specialist
Environmental Claim Department
Royal & SunAlliance
(704) 522-2869
(704) 522-2888 fax
Lynette_Jones@rsausa.com


Enclosures

ARROWOOD052684

ATTORNEYS' EYES ONLY





LYNETTE
JONES/PYRA/ROYAL-SSD
03/23/2004 11:41 AM

To "Kennealy,John" <John.Kennealy@CNA.com>
cc
bcc
Subject Re: Engelhard

Dear John,

Hope you are doing well. I apologize that it has taken me so long to respond to this. Busy as bee! Still trying to catch up from the Christmas holidays.

I haven't received a status report for 4th qtr 2003 yet. There is a new assistant risk manager at Engelhard so I will follow up this week to make sure Cahill Gordon gets something in to us. This account had very little activity during 2003. 3 new lawsuits were received during the year. There were 2 indemnity settlements (Bevan cases - 311 plaintiffs settled for $44,572 from Engelhard and a premises case (Mueller) settled for $48,000). Royal paid a total of $95,693 in defense costs and $76,059.43 for indemnity during 2003. I have not made any 2004 projections but I do not expect much of anything to change. I have received 3 new complaints thus far for 2004.

Please let me know if you have any questions.

Best regards,

Lynette Jones,CPCU
MCU Specialist
Royal & SunAlliance
Environmental Claim Dept.
(704) 522-2869 direct
(704) 522-2888 facsimile


"Kennealy,John" <John.Kennealy@CNA.com>

"Kennealy,John"
<John.Kennealy@CNA.com>
01/06/2004 10:26 AM

To <lynette_jones@rsausa.com>
cc
Subject Englehard


Lynette:

I'm sending you this brief note as a reminder to continue forwarding any quarterly reports you may receive that help tell the story of Englehard's ongoing asbestos problem. Also, if you've done any cost projections for 2004, it would be helpful to know what you think Englehard will incur in defense and indemnity for this year.

Thanks very much for your help and Happy New Year!!

**John J. Kennealy, ARM**

ARROWOOD052685

ATTORNEYS' EYES ONLY

**Law Department**
**E&MTC**
**CNA Insurance**
**(732)398-4569**
**(732)398.5115 (fax)**
**email: john.kennealy@cna.com**

ARROWOOD052686

ATTORNEYS' EYES ONLY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **KIMBERLEE WILLIAMS**, et al., | HONORABLE JOSE L. LINARES |
| Plaintiffs, | CIVIL ACTION NO. 11-1754 (JLL) (JAD) |
| vs. | **CERTIFICATE OF SERVICE** |
| **BASF CATALYSTS, LLC**, et al., |  |
| Defendants. |  |

     I hereby certify a true and accurate copy of the foregoing attached Motion to Compel is being served on all counsel for the parties of record listed below on this 15th day of May 2018 date via electronic delivery only.

Eugene F. Assaf, P.C.
Kirkland & Ellis, LLP
655 15th St., N.W.
Washington, D.C. 20005
eassaf@kirkland.com

Peter A. Farrell, Esq.
Kirkland & Ellis, LLP
655 15th St., N.W.
Facsimile: (202) 879-5200
pfarrell@kirkland.com

Justin T. Quinn, Esq.
Robinson Miller LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
jquinn@rwmlegal.com
*Attorneys for Defendant, BASF Catalysts, LLC*

Kevin H. Marino, Esq.
Marino, Tortorella & Boyle, P.C.
437 Southern Boulevard
Chatham, New Jersey 07928
kmarino@khmarino.com

John A. Boyle, Esq.
Marino, Tortorella & Boyle, P.C.
437 Southern Boulevard
Chatham, New Jersey 07928
jboyle@khmarino.com
*Attorneys for Defendant Arthur Dornbusch*

Eric Tunis, Esq.
Herold Law, P.A.
25 Independence Boulevard
Warren, New Jersey 07059
etunis@heroldlaw.com
*Attorneys for Defendant Thomas Halkett*

Barry H. Boise, Esquire
Anthony Vale, Esquire
Nina M. Gussack, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
boiseb@pepperlaw.com
valea@pepperlaw.com
gussackn@pepperlaw.com

Angelo A. Stio, III, Esquire
Pepper Hamilton LLP
301 Carnegie Center, Suite 400
Princeton, New Jersey 08543
stioa@pepperlaw.com

Jessica S. Russell, Esquire
Pepper Hamilton LLP
333 Twin Dolphin Drive, Suite 400
Redwood City, CA 94065
russellj@pepperlaw.com
*Attorneys for Cahill Defendants*

COHEN PLACITELLA & ROTH PC

*/s/ CHRISTOPHER M. PLACITELLA*

_____
CHRISTOPHER M. PLACITELLA
Attorneys for Plaintiffs

Dated:  May 15, 2018