## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**KIMBERLEE WILLIAMS, *et al.***

Plaintiffs,

vs.

**BASF CATALYSTS LLC, *et al.***

Defendants.

No. 2:11-cv-01754 (ES) (JAD)

CIVIL ACTION

**[Proposed]**

## PRELIMINARY APPROVAL ORDER

This matter having been opened to the Court on the unopposed motion for Preliminary Approval of a proposed Class Action Settlement dated July 16, 2020 (the "**Settlement Agreement**") (ECF No. ____), by Plaintiffs Kimberlee Williams, Gayle Williams, Marilyn L. Holley, Sheila Ware, Donnette Wengerd, and Rosanne Chernick, each a named plaintiff in the *Williams* Action (together "Plaintiffs" or "Class Representatives"), acting through their counsel, Cohen, Placitella & Roth, P.C. ("**Class Counsel**") to completely settle the above-captioned lawsuit (the "***Williams* Action**") according to its proposed terms (the "**Settlement**") as to all parties named therein and a settlement class to be certified by

the Court for settlement purposes only. The Settlement Agreement sets forth the terms and conditions for the Settlement and dismissal with prejudice of the *Williams* Action upon approval of the Settlement Agreement. All capitalized terms and phrases used in this Preliminary Approval Order that are otherwise not defined shall have the same meaning as in the Settlement Agreement.

The Court finds that it has jurisdiction over this action and each of the Parties under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act, and that venue is proper in this district.

The Parties, together with the other co-defendants named in the *Williams* Action ("**Co-defendants**"), have all consented to United States Magistrate Judge Joseph A. Dickson conducting, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all proceedings relating to the approval of the Settlement, including entering this Preliminary Approval Order and a Final Approval Order entering judgment, as well as to presiding over any and all other matters or proceedings related to or associated with the Settlement, including but not limited to construing, implementing and enforcing the Settlement's terms and releases and the Settlement's Plan of Distribution. The Court has duly referred all such

matters and proceedings to the undersigned United States Magistrate Judge.

The Court has carefully considered Plaintiffs' unopposed Motion for Preliminary Approval and supporting Memorandum of Law; the Parties' Settlement Agreement (including all exhibits); the Parties' Notice Plan; the Parties' proposed forms of Long-Form and Short-Form (summary) notices which are annexed to this Order; and the declarations and other memoranda submitted in support of the proposed Settlement. The Court further has considered Class Counsel's unopposed nominations for persons or companies requiring appointment by the Court to execute and administer the Settlement Agreement and Plan of Distribution, namely: (a) the Hon. Marina Corodemus, J.S.C. (Retired) as the Settlement's "Settlement Trustee and Special Master" (which appointment is consented to by the Parties and Co-defendants); (b) Verus LLC as the "Settlement Administrator" of the Settlement and its Qualified Settlement Fund (the "Administrator"); (c) BrownGreer PLC as the Settlement's "Notice Agent"; (c) Edgar C. Gentle, III, Esq., and the firm of Gentle, Turner, Sexton & Harbison, LLC, as the Settlement's "Lien Administrator"; and (d) PNC Bank National Association, as the

Settlement Cost Fund's and Settlement Fund's "Financial Institution", all as defined in the Settlement Agreement.

The Court is familiar with and has reviewed in detail the record in this vigorously litigated case, and, for good cause shown, finds in accordance with Fed. R. Civ. P. 23(e) that the Settlement Agreement could, following due notice to the Class, be finally approved after a future fairness hearing. It further determines and finds that the Settlement Agreement and Plan of Distribution on preliminary review appear to be sufficiently fair, reasonable, rational and adequate to warrant and allow dissemination of notice of the proposed class settlement to Class Members concerning the Settlement and to schedule and hold a Final Approval Hearing. The Court further finds that the Settlement Agreement was entered into at arm's length by experienced counsel after extensive discovery and mediation negotiations over a period of several years. It additionally finds that Class Counsel's nominees to implement and execute the Settlement and its Plan of Distribution possess the qualifications and abilities required to perform their assigned duties and functions and should be approved and appointed as requested.

Accordingly, the Court is directing that notice be published and disseminated to Class Members in accordance with the Parties' Notice Plan and the deadlines being established in this Order. It further is scheduling a Final Approval Hearing to make a final determination as to whether the Settlement Agreement is fair, reasonable and adequate, to make a final determination as to whether distribution of the Settlement Fund in accordance with the proposed Plan of Distribution is fair and reasonable, and to make determinations on forthcoming applications by Class Counsel for awards of attorney's fees and litigation cost reimbursements and for class representative service awards as are provided for in the Settlement Agreement.

**THEREFORE, IT IS** on this _____ day of _____, 2020 **HEREBY ORDERED** as follows:

1) **Preliminary Approval of the Settlement Agreement**. The Settlement Agreement is hereby preliminarily approved. The Parties shall forthwith begin execution of the Settlement Agreement's terms necessary to obtain its final approval, including by entering into necessary contracts relating to administration and class notice and the Defendants making their required Cost Fund payments. The Parties'

requests that the Court set a date for the Final Approval Hearing and approve issuance of Notice to the Class in the manner, means and forms set forth in the Notice Plan are also hereby granted.

2)   **Conditional Class Certification**: The Court finds on a preliminary basis and for settlement purposes only, that all requirements of Fed. R. Civ. P 23(a) and (b)(3) have been satisfied for the reasons stated in Plaintiffs' Motion for Preliminary Approval. The Court conditionally certifies a settlement class (hereinafter, the "**Class**") as follows:

> All Persons within the United States and its territories who after March 7, 1984 and before March 30, 2011 filed and Served a lawsuit against Engelhard/BASF seeking asbestos-related bodily injury compensation or other relief arising from exposure to Emtal Talc products, and who before March 30, 2011 either: (A) had voluntarily dismissed or terminated the lawsuit as to Engelhard/BASF after the suit was filed, including any voluntary dismissal or release of claims due to settlement; or (B) had their lawsuit as to Engelhard/BASF involuntarily dismissed (the "Class").

> "**Engelhard/BASF**" means and includes: BASF Catalysts LLC, Engelhard Corporation, Engelhard Industries, Engelhard Minerals & Chemicals Corporation, Minerals & Chemicals Philipp Corporation, Eastern Magnesia Talc Company, Porocel Corporation, and Pita Realty Limited, along with each of their successors, affiliates, direct and indirect parent(s) (including BASF Corporation and BASF SE), and any predecessor(s) who owned and/or operated the Emtal Talc mine in Johnson, Vermont at any point on or after October 1, 1967.

6

The date on which a voluntary dismissal or termination occurred for purposes of determining class membership is deemed to be the earlier of either (i) the date on which the agreement or consent by the plaintiff or his/her counsel to dismiss or terminate the lawsuit occurred; or (ii) the date on which the dismissal or termination of the lawsuit was entered by or in the court in which it was pending.

3)    **Appointment of Class Representatives and Class Counsel**.

The Court preliminarily appoints Plaintiffs Kimberlee Williams, Gayle Williams, Marilyn L. Holley, Sheila Ware, Donnette Wengerd, and Rosanne Chernick as representatives for the Class. The Court finds that Christopher M. Placitella (who is designated as "Lead Class Counsel"), together with Stewart L. Cohen, Harry M. Roth, Michael Coren, Robert L. Pratter, Eric S. Pasternack, Jared M. Placitella and the law firm of Cohen Placitella & Roth, P.C., can and will fairly and adequately represent the interests of Plaintiffs and the Class and therefore hereby appoints them as Class Counsel to represent the Class pursuant to Fed. R. Civ. P. 23(g).

4)    **Preliminary Approval of Proposed Plan of Distribution.** The Court preliminarily approves the proposed Plan of Distribution, submitted by Class Counsel and attached as Exhibit C to the Settlement Agreement. Unless and until ordered otherwise, the proposed Plan shall

be deemed in effect and shall be applied by the Settlement Trustee, Administrator and Lien Administrator in determining and administering claims relating to the Settlement Fund and the allocation of distributions to be made from the Settlement Fund; provided however, that no Settlement Funds shall be distributed until the Settlement's Effective Date.

5)   **Deadlines.** All deadlines set out in the Settlement Agreement and Plan of Distribution (which are summarized in Section 7 of the Settlement Agreement) relating to establishing the Cost Fund, publishing notice, opting out from the Class and Settlement, objecting to the Settlement or to the fee/cost award applications, the Parties' termination rights and for submitting claims for compensation from the Settlement Fund are hereby approved and shall be deemed ordered by the Court if not otherwise specified in this Order. The dates in this Order are controlling in the event of a conflict.

6)   **Appointment of Settlement Trustee and Special Master; Settlement Trustee/Special Master's powers and responsibilities**.

A.   With the consent of all parties appearing in the *Williams* Action, the Court hereby appoints the Hon. Marina Corodemus, J.S.C.

(Retired) to the position of Settlement Trustee and Special Master ("**Settlement Trustee/Special Master**") under Fed. Rule 53. The Court finds that Judge Corodemus possesses the requisite experience and qualifications to fulfill the tasks specified in the Settlement Agreement and Plan of Distribution as well as to perform those responsibilities contemplated by the Court as being necessary for a court master under Fed. R. Civ. P. 53 in order to expeditiously execute the Settlement. Judge Corodemus has filed of record a declaration stating that no grounds exist for disqualification and the Court accepts her representations.

B.     The Settlement Trustee/Special Master is hereby charged with the responsibility and duty to oversee and carry out the administration of the Settlement Agreement and Plan of Distribution as approved by the Court, including the authority to make all adjudications necessary under the Plan of Distribution assigned to her in the Plan or that may arise out of and relate to the administration of the Settlement. In executing her duties and responsibilities the Settlement Trustee/Special Master will have to the fullest extent allowed by law all powers and authority of a court appointed master under Fed. R. Civ. P Rule 53. With respect to the Settlement Fund she further will have all

9

fiduciary powers, rights, duties and responsibilities of a trustee under the laws of the State of New Jersey.

C.     The Settlement Trustee/Special Master shall receive, have and hold the Settlement Fund being established under the Settlement Agreement in trust for the use and benefit of the Settlement Class Members, and shall distribute the Settlement Fund only in accordance with the Plan of Distribution as approved by the Court in its Final Approval Order.

D.     The Settlement Fund entrusted to the Settlement Trustee/Special Master is a fund in court and until distributed to Settlement Class Members shall be deposited into an income-generating escrow account with PNC National Association according to the terms of the proposed Settlement Fund Escrow Agreement attached to the Settlement Agreement as Exhibit E. The Settlement Trustee/Special Master is authorized to enter and execute the Settlement Fund Escrow Agreement on behalf of the Settlement Fund. In addition, the Settlement Trustee/Special Master is authorized to be a party to and execute the Cost Fund Escrow Account being established under the Settlement Agreement at PNC National Association in accordance with the proposed

Cost Fund Escrow Agreement attached to the Settlement Agreement as Exhibit D.

E.     The Settlement Trustee/Special Master is further authorized to enter into agreements with the Administrator, Notice Agent and Lien Administrator relating to services and goods necessary to carry out the Settlement and Plan of Distribution as provided in the Settlement Agreement. Class Counsel shall be responsible for negotiating the terms of the agreements on behalf of the Settlement Trustee/Special Master. The resulting agreements shall be subject to this Order.

F.     The Settlement Trustee/Special Master shall serve as an officer and agent of the Court, and at the Court's will and pleasure. She will be further subject to the following general terms and conditions:

(1)     The Settlement Trustee/Special Master must proceed with all reasonable diligence and dispatch;

(2)     The Settlement Trustee/Special Master must be guided by the appropriate law in this Circuit;

(3)     The Settlement Trustee/Special Master will have authority to take all appropriate measures to perform the assigned duties fairly, efficiently, and justly;

(4)     The Settlement Trustee/Special Master may communicate *ex parte* with Class Counsel on administrative matters she is allowed or required under the Plan of Distribution to review with them, be assisted by them or obtain their advice and consent;

(5)     The Settlement Trustee/Special Master may communicate *ex parte* with the Court;

(6)     In addition to the reports required under the Settlement Agreement and Plan of Distribution, the Settlement Trustee/Special Master may submit reports or information to the Court as warranted in her discretion. However, at least once every six months until the Plan of Distribution is concluded, the Settlement Trustee/Special Master will provide a brief written progress report to the Court on the implementation and administration of the Settlement. The Settlement Trustee/Special Master will also provide any other information requested by the Court on a timely basis.

(7)     The Court retains the authority to alter the Settlement Trustee/Special Master's duties and responsibilities, as

necessary, after providing the Parties notice and an opportunity to be heard.

(8)    The Settlement Trustee/Special Master shall obtain and provide insurance coverage with respect to the duties to be performed by her under the Settlement Agreement and the Plan of Distribution in the amount of $5 million in a form and from a surety or insurance company that is satisfactory to Class Counsel.

(9)    **Settlement Trustee/Special Master's Compensation**.

(i)    The Settlement Trustee/Special Master's compensation shall be $125,000 per year.  That compensation shall be paid via equal monthly installments on the last day of each calendar month, with the fee prorated as to any period in which she ceases or no longer is required to serve. The Settlement Trustee/Special Master will also receive reimbursement for any insurance or surety bond premiums associated with her roles, reasonable and necessary travel expenses, necessary out-of-pocket, secretarial or clerical costs and expenses incurred in performing her work, which

will be invoiced without any mark-up and shall be paid on a monthly basis as incurred.

(ii)    For services rendered under the Plan or by order or referral of Court which are not to be paid from the Cost Fund, but rather, are to be paid or taxed against a Defendant, a claimant, or other person under Section 3.10.3.6. of the Settlement Agreement, or Sections 6 and 11 of the Plan of Distribution, the Settlement Trustee/Special Master's hourly fee is set at $600 per hour.

7)    **Appointment of Settlement Administrator.** The Court hereby appoints Verus LLC, Princeton, New Jersey, as the Settlement Administrator. Verus is charged with the duty and responsibility to implement and carry out the duties, tasks and responsibilities assigned to the Settlement Administrator in the Settlement Agreement and Plan of Distribution approved by the Court. The Administrator is further authorized to enter and execute the Cost Fund and Settlement Fund Escrow Agreements with PNC National Association in the forms attached as Exhibits D and E to the Settlement Agreement as the Funds' designated "Administrator" required to qualify the funds as Qualified

Settlement Funds under Internal Revenue Service regulations. The Administrator shall be reasonably compensated for its services from the Cost Fund and, if necessary, from the Settlement Fund to the extent permitted by the Settlement Agreement. The Settlement Administrator shall serve as an officer and agent of the Court, at the Court's will and pleasure. The Settlement Administrator's contract for services shall be subject to this Order.

8)    **Appointment of Lien Administrator**. The Court hereby appoints Edgar C. Gentle, III, Esq., Hoover, Alabama, as the Settlement Lien Administrator. Mr. Gentle is charged with the duty and responsibility to implement and carry out the ministerial duties, tasks and responsibilities assigned to the Lien Administrator in the Lien Agreement and Plan of Distribution approved by the Court. The Lien Administrator shall be reasonably compensated for its services in the total amount of $500,000, to be paid from the Cost Fund and, if necessary, from the Settlement Fund to the extent permitted by the Settlement Agreement. The Lien Administrator shall serve as an officer and agent of the Court, and at the Court's will and pleasure. His and his law firm's

(Gentle, Turner, Sexton & Harbison, LLC) contract for services shall be subject to this Order.

9)     **Appointment of Notice Agent**. The Court hereby appoints BrownGreer PLC, Richmond, VA, as the Settlement Notice Agent. BrownGreer is charged with the duty and responsibility to design, implement and carry out the duties, tasks and responsibilities assigned to the Notice Agent concerning Notice to the Class relating to the Settlement, but may delegate certain aspects of the Notice Plan to sub-contractors with the prior consent of the Settlement Trustee and the Parties. The Notice Administrator shall be reasonably compensated for its services and expenses, including the costs of mailings and media placements and buys, solely from the Cost Fund as provided in the Settlement Agreement. The Notice Agent shall serve as an officer and agent of the Court, and at the Court's will and pleasure. The Notice Agent's contract for services shall be subject to this Order.

10)    **Approval and authorization of the Notice Plan and Long-Form Notice**. The Court finds that the form, content, and methods of dissemination as described in the proposed Notice Plan: (A) are the best practicable notice; (B) are reasonably calculated, under the

circumstances, to apprise Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Settlement; (C) are reasonably calculated, under the circumstances, to apprise Class Members of the necessity, manner and deadlines to make a Claim Submission application to the Settlement Fund in order to receive compensation benefits from the Settlement Fund if the Settlement Agreement is approved following the Fairness Hearing and becomes Final; (D) are reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (E) meets all applicable requirements of Fed. R. Civ. P. 23, and due process. The Court therefore approves the Notice Plan and the Long-Form and Short-Form notice templates annexed to this order,[1] and orders that Notice to the class be given and proceed in the manner called for in the Notice Plan. The Notice Agent, with the assistance of the Settlement Administrator, shall prepare a declaration attesting to compliance with the mailing, address-

---

[1] The attached Long-Form and Short-Form (summary) notices are only templates because additional information must be inserted by the Administrator and Notice Agent to conform it to this Order before its dissemination. The size, format, and/or layout of the Notice may be modified by mutual agreement of the Parties without the need for Court approval, provided that any such modifications are consistent with the general intent of the Settlement Agreement and Notice Plan.

updating, and publication requirements set forth above. Such declaration shall be provided to Class Counsel and Defendants' Counsel and filed with the Court no later than 14 days prior to the Fairness Hearing.

11)   **Notice Publication Commencement Date.** Notice to the Class shall commence on_____, 2020[2], with the execution of the following initial elements of the Notice Plan: (A) posting on the Settlement Website copies of the  Long-Form Notice (conformed to the dates set forth herein), the Settlement Agreement, the Plan of Distribution, the Motion for Preliminary Approval, the Claims Submission Form and this Order; (B) mailing a copy of the Notice and claim form to all potential Class Members known to the Administrator and Notice Agent at the best last known address available to them; and (C) mailing copies of the Long-Form Notice to the attorneys and law firms (or their successors) who previously represented Class Members in the Underlying Lawsuits who are known by the Administrator and Notice Agent to still exist, along with: (i) a list prepared by the Administrator of potential Class Members associated with the attorney or law firm; and

---

[2] Settlement Agreement § 7 provides Class Notice efforts shall commence fourteen days after issuance of the Preliminary Approval Order.

(ii) requesting that the attorney or law firm provide the Notice Administrator with any corrections to the list and names and addresses of other clients (or personal representatives or next of kin of clients who are deceased) not on the list who may be Class Members for purposes of further disseminating class notice; and (iii) requesting that they inform their clients who may be potential Class Members of the pendency of the Class and the proposed Settlement and that they may obtain information concerning the proposed Settlement from the Administrator and how to do so. For purposes of clarity and avoidance of doubt, in calculating time periods and deadlines under the Settlement Agreement, the above date is the date "Notice is first published" as such phrase is used in the Settlement Agreement.

12) **Requests for Exclusion process and deadlines**.

   A.   A Class Member who wants to be excluded from the Class Action and proposed Settlement must in a signed writing request to be excluded (or "Opt-Out") by the Opt-Out deadline of _____, 2020 being established herein.[3] Unless a Class Member individually, timely and

_____

[3] Settlement Agreement § 7 provides the Opt-Out Deadline should be 90 days after the Notice is first published.

properly exercises his or her opt-out right, he or she will be deemed a Class Member and bound to the Settlement Agreement's terms if approved by the Court. The Opt-Out procedure, writing and content requirements and restrictions on who may submit a request for exclusion are set forth in Section 10.1 of the Settlement Agreement, which provisions the Court approves and incorporates by reference into this Order. All requests to Opt-Out that fail to satisfy these requirements shall be void. The attached Long-Form Notice explains the Opt-Out procedures and requirements.

B.    **Opt-Out Revocation right.** A Class Member may revoke his or her opt-out from the Class and thereby receive the benefits of this Settlement Agreement by submitting a written request to the Settlement Administrator on or before the Opt-Out Revocation Deadline of _____, 2020 being established herein.[4] The procedure and requirements to revoke an Opt-Out are set forth in Section 10.1.8 of the Settlement Agreement.

---

[4] Settlement Agreement § 7 provides the Opt-Out revocation deadline should be 14 days after the Opt-Out Deadline.

C. **Opt-Out and Opt-Out Revocation Deadlines**: Written requests to Opt-Out must be postmarked on or before_____, 2020. Written requests to revoke an Opt-Out must be postmarked on or before _____, 2020.[5]

D. **Opt-Out list.** The Administrator shall compile and serve the Parties with a list of valid opt-outs in accordance with §10.1.9 of the Settlement Agreement no later than by_____, 2020.[6] Class Counsel is responsible for promptly thereafter filing a copy of the list with the Court.

13) **Fee and Cost Applications Deadline**. Class Counsel shall file applications and supporting materials for awards of Class Counsel's attorney's fees and costs reimbursement and Class Representative

_____

[5] See notes 3 and 4, *supra*. Settlement Agreement § 10.1.2 requires Opt-Outs to be postmarked by the Opt-Out Deadline. Settlement Agreement § 10.1.8 requires Opt-Out revocations to be submitted by the Opt-Out Revocation Deadline.

[6] Settlement Agreement § 7 provides the deadline for the Administrator to generate the Final Opt-Out List is six days after the Opt-Out Revocation Deadline. Settlement Agreement § 10.1.9 requires the Settlement Administrator to deliver the list no later than seven days after the Opt-Out Revocation Deadline.

service awards on or before _____, 2020.[7]

14)   **Plan of Distribution Deadlines**.

A.   **Claims Filing Deadline.**  All Claim Submission forms and documents necessary to initiate and support a claim to the Settlement Fund by or on behalf of a Claimant must be must be submitted and actually received by the Administrator on or before _____, 2020[8] by one of the following time deadlines depending upon the means of submission used:

(1) If submitted by mail, express mail or hand delivery, the Claims Submission must actually be received by the Administrator in its offices by no later than 5 P.M., prevailing Eastern time in effect; or

(2) If submitted electronically submitted through the Settlement Fund's website or other electronic portal established by the Administrator, the Claims Submission must actually be received

---

[7] Settlement Agreement §7 provides the deadline for filing Class Counsel's Fee, Expense Reimbursement Petition and Class representative Service Award petition should be 30 days after Notice is first published.

[8] Settlement Agreement § 7 provides the Claims Filing Deadline should be 120 days after Notice is first published.

by the Administrator's system by no later than 11:59 P.M., prevailing Eastern time in effect.

B. **Documents Submission Deadline.** Any and all documents necessary to cure Claims Submission deficiencies identified by the Administrator must be submitted by or on behalf of the Claimant and actually received by the Administrator on or before _____, 2020[9] by one of the following time deadlines depending upon the means of submission used:

(1) If submitted by mail, express mail or hand delivery, the Claims Submission must actually be received by the Administrator in its offices by no later than 5 P.M., prevailing Eastern time in effect; or

(2) If submitted electronically submitted through the Settlement Fund's website or other electronic portal established by the Administrator, the Claims Submission must actually be received by the Administrator's system by no later than 11:59 P.M., prevailing Eastern time in effect.

---

[9] Settlement Agreement § 7 provides the Documents Submission Deadline should be 155 days after Notice is first published.

15)  **Objections by Class Members**.

A.   A Settlement Class Member (that is, a Class Member who has not opted-out) may present written objections, if any, explaining why he or she believes (a) the Settlement Agreement should not be approved by the Court as fair, reasonable, and adequate; or (b) that the proposed Plan of Distribution should not be approved and adopted; or (c) that Class Counsel's applications for fees and cost reimbursement awards should not be granted; or (d) that the Class Representatives' application for service fees awards should not be granted. The objection procedure, writing and content requirements and restrictions on who may submit them are set forth in Section 10.2 of the Settlement Agreement, which the Court approves and incorporates by reference into this Order. The attached Long-Form Notice explains the objection procedures and requirements.

B.   **Objection Submission Deadline**: Settlement Class Members' written objections must be postmarked on or before

_____, 2020.[10] Responses to objections should be filed no later than _____, 2020.[11]

16) **Motion for Final Approval and Supporting Materials**. A motion for Final Approval of the Settlement and Plan of Distribution shall be filed on or before _____, 2021,[12] together with any memoranda or submissions of the Parties in support of final approval of the Settlement and the Plan of Distribution. A copy of the motion and supporting materials shall be posted on the Settlement's Website.

17) **Final Approval**. A Final Approval Fairness Hearing is hereby scheduled before this Court on _____,2021, at _____ for the following purposes: (A) to consider whether to finally certify the Class;

---

[10] Settlement Agreement § 7 provides the deadline for Class Members to file any objections to the proposed settlement or to any ancillary petitions should be 90 days after Notice is first published.

[11] Settlement Agreement § 7 provides the deadline for any responses to Class Member objections should be 60 days from the Plan of Distribution's Claims Determination Deadline. Settlement Agreement §7 provides the Claims Determination Deadline should be 10 days after the Document Submission Deadline. *See* note 9 *supra*.

[12] Settlement Agreement § 7 provides the deadline for the Motion for Final Approval and Supporting Materials should be 90 days from the Plan of Distribution's Claims Determination Deadline, which §7 in turn provides should be 10 days after the Document Submission Deadline. Settlement Agreement § 7 provides the Document Submission Deadline should be 155 days after Notice is first published.

(B) to determine finally whether the Settlement Agreement is fair, reasonable, and adequate; (C) to consider whether to finally approve the proposed Plan of Distribution; (E) to consider any objections to the Settlement Agreement or Plan of Distribution; (F) to determine whether the Final Approval Order as provided for under the terms of the Settlement Agreement should be entered; (G) to consider any application(s) which Class Counsel may file for an award of Class Counsel's attorneys' fees and costs and for an award of Class Representative service fees; and (H) to rule upon such other matters as the Court may deem appropriate. The Court may continue or adjourn the Final Approval Hearing from time to time, by oral announcement prior to or at the hearing or at any adjournment thereof, without further notice to Class Members. At the Final Approval Hearing, Settlement Class Members may be heard orally in support of, or, if they have timely submitted written objections, in opposition to the Settlement. If a Class Member hires an attorney to represent him or her at the Final Approval Hearing, he or she must do so at his or her own expense. This hearing will be held at the Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07102, Court Room 2D.

18)   **Termination or Disapproval**. The Court finds that preliminary

class certification and preliminary approvals of the Settlement

Agreement and Plan of Distribution, and all actions associated with

them, are undertaken on the condition that they shall be vacated if the

Settlement Agreement is terminated or disapproved in whole or in

material part by the Court, or any appellate court and/or other court of

review, or if any of the parties invokes a right to terminate the Settlement

Agreement as provided by its terms, in which case the Settlement

Agreement and the fact that it was entered into shall not be offered,

received, or construed as evidence for any purpose, including but not

limited to, an admission by any party of liability or non-liability or of any

misrepresentation or omission in any statement or written document

approved or made by Defendants, or the certifiability or non-certifiability

of any class. Moreover, if the Settlement Agreement is terminated or

disapproved in whole or in material part by the Court, or any appellate

court and/or other court of review, or if any of the Parties invokes the

right to terminate the Settlement as provided in the Settlement

Agreement, all proceedings that have taken place with regard to the

Settlement Agreement shall be without prejudice to the rights and

contentions of the Parties; all orders entered in connection with the Settlement, including the certification of a settlement Class and discovery orders entered after June 26, 2018 in the Action shall be vacated and without prejudice to any party's position on the issue of class certification or any other issue, in this Action or any other action; and the Parties and the Action shall be restored to their status existing on June 26, 2018. In such event, the Court shall reestablish a schedule for further proceedings with the Parties.

19) **Stay and Injunction Order**. All proceedings in the *Williams* Action shall continue to be stayed until further order of the Court except as may be necessary to implement the Settlement and Plan of Distribution; or to comply with this Preliminary Approval Order; or to comply with the terms of the Settlement Agreement. Further, all Class Members, and anyone who acts or purports to act on their behalf, are hereby enjoined until further order of the Court from instituting, continuing, commencing, intervening in or prosecuting any action against any of the Defendants and/or Co-Defendants which asserts claims that are to be settled in the Settlement Agreement, or any other Related Lawsuits as defined in the Settlement Agreement. The stay and

injunction will remain in effect unless and until a Class Member's Opt-Out becomes effective on the date this Court grants Final Approval, approval of the Settlement Agreement is denied, or the Settlement Agreement is otherwise terminated.

20)   **No Admission**. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document shall constitute, be construed as or deemed to be evidence of an admission or concession of (A) the validity or lack of validity of any claim made by the Class Representatives, the Class, any Class or Settlement Class Member, or any Opted-Out Class Member, in this or any other action or proceeding; (B) any liability or wrongdoing or the truth of any allegations in the Complaint against the Released Parties, or (C) the infirmity of, or strength of any alleged defense against, the allegations in the Complaint. The Settlement Agreement, any other settlement-related document, and/or any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of the Settlement Agreement

and its Plan of Distribution shall not be admissible in evidence for any purpose in any proceeding for or against anyone other than as necessary and relevant to execute or enforce the terms of this Settlement and Plan of Distribution.

21)   **Qualified Settlement Fund Status of the Cost Fund and Settlement Fund**. To the extent permitted by law, both the Cost Fund and Settlement Fund being established under the Settlement Agreement and authorized by this Order may be treated as a qualified settlement fund pursuant to applicable United States Treasury Regulations.

22)   The Court may, for good cause, extend, but not reduce in time, any of the deadlines set forth in this Preliminary Approval Order without further notice to Class Members.

23)   **Qualified Immunity Protection of Settlement Entities**. The Settlement Trustee/Special Master, Settlement Administrator, Notice Agent, and Lien Administrator appointed herein (each referred to as "**Settlement Entity**") shall be deemed to have immunity in the performance of its respective tasks and duties in the Settlement and Plan of Distribution, except with respect to a Settlement Entity's willful misconduct. No person or entity shall have the right to institute any

action against any Settlement Entity for any matter covered by this immunity, except with respect to the Settlement Entity's willful misconduct. However, this provision shall not affect the right of a party in privity of contract with a Settlement Entity to institute and maintain actions against the Settlement Entity for breach of the Settlement Agreement or breach of the Settlement Entity's contractual responsibilities in connection with the Settlement.

BY THE COURT

_____
 Hon. Joseph A. Dickson
United States Magistrate Judge