Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIMBERLEE WILLIAMS, et al.** | CIVIL ACTION |
| Plaintiffs, | |
| vs. | No. 11-1754 (JLL) (JAD) |
| **BASF CATALYSTS LLC, et al.** | |
| Defendants. | |

## CLASS PLAINTIFFS RULE 26(a)(1) INITIAL DISCLOSURES

Named Class Representative Plaintiffs, Kimberlee Williams, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd, and Roseanne Chernick, individually, and on behalf of all other individuals similarly situated, make the following initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1).

By making these disclosures, Named Class Representative Plaintiffs do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Rather, the disclosures of Named Class Representative Plaintiffs represent a good faith effort to meet the requirements of Fed. R. Civ. P. 26(a) based upon (i) information reasonably available to them as of this date; and (ii) the constraints of a sealing order entered in the matter of *Audrey Sampson v. 3M Company*, Superior Court of New Jersey; Docket No: MID-L-5384-11AS, which counsel for Plaintiffs represent the Plaintiff, and counsel for BASF Catalysts LLC represents defendant BASF therein. Continuing investigation and discovery may alter these disclosures. Named Class Representative Plaintiffs reserve their right to supplement these disclosures pursuant to Fed. R. Civ. P. 26(e).

Plaintiffs specifically give notice that pending before the Superior Court of New Jersey in the *Sampson* matter is the trial court's consideration of a Special Discovery Master's recommendations to the court by the Hon. Justice Gary S. Stein, Retired, regarding application of New Jersey's crime-fraud exception to attorney-client and trial preparation (work-product) privilege claims of BASF. The recommendations and the proceedings on same are sealed. The outcome of the Superior Court's consideration of the Special Discovery Master's recommendations could materially affect the identification of document, tangible thing, or witness possibly relevant to this lawsuit.

Please further note that Named Class Representative Plaintiffs' disclosures are made without in any waiving (1) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground, or the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other

action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All the disclosures set forth below are made subject to the above qualifications and potential objections.

**Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i)**

The following individuals are likely to have discoverable information that the Class Plaintiffs may use to support their claims or defenses:

| Name | Address | Subject | Employer |
|---|---|---|---|
| Thomas W. Bevan, Esq. | 6555 Dean Memorial Parkway, Boston Heights, OH 44236 | Mr. Bevan is an attorney in the Akron, Ohio area who represented the five Ohio-venued Named Class Representative Plaintiffs (Williams, Pease, Holley, Ware, and Wengerd). He has knowledge of their asbestos claims, the representations that he and his firm were given by Defendant BASF Catalysts, LLC ("BASF"), Defendant Cahill, Gordon & Reindel ("Cahill"), and the individual attorneys affiliated with these Defendants, and the actions taken as a result of Defendants' misrepresentations, half-truth statements, and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc. He has knowledge about the involuntary dismissal of his clients' claims due to defendants' misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc. | Bevan & Associates LPA, Inc. |
| Mark Bibro, Esq. | 360 Lexington Avenue #20, New York, NY 10017 | Mr. Bibro is an attorney in New York, New York, and he and his firm represent Named Class Representative Plaintiff Chernick. He has knowledge of Plaintiff Chernick's asbestos claims, the representations that he and his firm were given by Defendant BASF, Defendant Cahill, and the individual attorneys affiliated with these Defendants, and the actions taken as a result of defendants' misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc. He has knowledge about the | Early, Lucarelli, Sweeney & Meisenkothen |

2

| | | dismissal of his clients' claims due to defendants' misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc. | |
|---|---|---|---|
| Jeffrey C. Schwartz, Esq. | Portnoff Law Associates, Ltd. 1000 Sandy Hill Road Suite 150 Norristown, PA 19401 | Mr. Schwartz is an attorney who was employed by the Allan Rothenberg Law Firm in Philadelphia, Pennsylvania where and he and his firm represented clients exposed to, and injured from, Emtal talc. He has knowledge of his clients' asbestos claims, the representations that he and his firm were given by Defendant BASF, Defendant Cahill, and the individual attorneys affiliated with these Defendants, and the actions taken as a result of defendants' misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc. He has knowledge about the dismissal of his clients' claims due to defendants' misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc. | Portnoff Law Associates, Ltd. |
| Named Class Representative Plaintiffs[1] | Plaintiff Williams 2299 Winter Parkway Apartment 235 Cuyahoga Falls, OH 4421<br><br>Plaintiff Pease 59 Wilpark Drive Akron, OH 44312<br><br>Plaintiff Holley 931 Morningstar Drive Akron, OH 44307 | Plaintiffs have knowledge of their or their family members' asbestos claims, their reliance, through their counsel, upon of defendants' misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc. | N/A |

---

[1] Defendants shall only contact the Named Class Representative Plaintiffs through their counsel of record.

| | | | |
|---|---|---|---|
| | Plaintiff Ware<br>441 Randolph Road<br>Mogadore, OH 44260<br><br>Plaintiff Wengerd<br>31475 Medina Line Road<br>Norton, OH 44203<br><br>Plaintiff Chernick<br>(*to be provided*) | | |
| William E. Glassley, Ph.D. | 2 White Bear Court<br>Santa Fe, NM 87506 | Dr. Glassley was a professor at Middlebury College in Vermont, who served as the plaintiff's expert witness in both the *Westfall* and *Martin* cases in Rhode Island. As part of his services rendered in the *Westfall* case in 1983, Dr. Glassley collected samples of talc from Defendant BASF's Johnson Mine, the only mine from which Emtal talc was produced, tested these samples, and found them to contain asbestos fibers. As part of the settlement agreement in that case, all underlying scientific data supporting these results were turned over to Defendant BASF by way of Defendant Cahill and BASF local outside counsel and no longer exist. Accordingly, Dr. Glassley, as a geologist who conducted independent testing of the talc ore from which Emtal talc was produced has certain knowledge as to the geological composition of talc ore from the Johnson mine. He was deposed in the New Jersey *Sampson* case, which testimony is not under seal. | University of California, Davis, Earth and Science Department. |
| Arthur A. Dornbusch II, Esq. | 15 Heathcliff Road, Rumson, NJ 07760 | Prior to the 2006 merger acquisition by BASF, Mr. Dornbusch was the Corporate Secretary, Senior Vice President and General Counsel of Engelhard Corporation since the early 1980s. As a result, Defendant Dornbusch is aware and knowledgeable that Emtal contained asbestos and of the potential threat to Engelhard's | BASF |

4

| | | | |
|---|---|---|---|
| | | financial well-being if the company was sued by asbestos claimants as it had been in the *Westfall* case in 1982. Defendant Dornbusch has certain knowledge of the Defendants' fraudulent asbestos defense scheme as he was highly involved and instrumental in conceiving and executing said scheme, including gathering Engelhard documents and evidence, and authorizing Defendants' misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc. Mr. Dornbusch has been deposed in a sealed crime-fraud hearing in the *Sampson* case, which testimony currently remains under seal. | |
| Thomas D. Halket, Esq. | 1214 West Boston Post Road N277 Mamaroneck, NY 10543 | During the early to mid-1980s, Defendant Halket was a member of Engelhard's legal department who handled matters relating to Emtal talc, including asbestos claims. Because Defendant Halket was present at the depositions of BASF's scientists Dr. Hemstock and Mr. Triglia in the *Westfall* case, he is aware that each testified to the presence of asbestos in Emtal talc and to the existence of documents establishing Emtal talc contained asbestos. Defendant Halket has certain knowledge of the Defendants' fraudulent asbestos defense scheme. including gathering Engelhard documents and evidence. Mr. Halket has been deposed in a sealed crime-fraud hearing in the *Sampson* case which testimony currently remains under seal. | BASF |
| Michael J. Hassett, Esq. | | From the early 1980s through the 2006 merger acquisition by BASF, Mr. Hassett was a member, and later, Associate General Counsel, for BASF's legal department who handled matters relating to Emtal talc, including asbestos claims. Mr. Hassett has certain knowledge of Defendants' fraudulent asbestos defense scheme as he was involved in executing said scheme, including gathering Engelhard documents and evidence, verifying materially false and fraudulent interrogatory | BASF |

5

| | | | |
|---|---|---|---|
| | | responses on behalf of Defendant BASF in the *Chernick* case, and authorizing Defendants' misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc. | |
| Lester Fliegel, Esq. | | During the 1980s, Mr. Fliegel was a member of Engelhard's legal department who handled matters relating to Emtal talc, including asbestos claims. Mr. Fliegel is reasonably believed to have participated in, and thus, certain knowledge of Defendants' fraudulent asbestos defense scheme, including authorizing defendants' misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc. | BASF |
| Charles D. Carter | | Mr. Carter was a BASF employee identified as the Director of Joint Ventures and Resources, and later a litigation consultant to Defendant BASF in its defense of matters relating to Emtal talc, including asbestos claims. He is reasonably believed to have certain knowledge of the Defendants' fraudulent asbestos defense scheme as he was an affiant on fraudulent Engelhard and Emtal affidavits, and certified fraudulent answers to interrogatories in Emtal asbestos litigation. | BASF |
| J. Michael Zimmerman | | Mr. Zimmerman was a BASF marketing executive, employed as an Emtal talc Product Manager in the late 1970s and early 1980s. It is reasonably believed that Mr. Zimmerman has certain knowledge of the evidence that once existed demonstrating the presence of asbestos in Emtal talc, as well as, Defendant BASF's misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc to Defendant BASF's customers. | BASF |
| David Stryker, Esq. | 101 Concrete Street | After the 2006 merger acquisition by BASF, Mr. Stryker was the Senior Vice President and General Counsel of BASF Catalysts, LLC. Mr. | BASF |

6

| | | | |
|---|---|---|---|
| | Houston, TX 77012 | Stryker is reasonably believed to have certain knowledge of the misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc contained in the records of BASF. | |
| Jonathan S. Greenberg, Esq. | 25 Middlesex Avenue, Iselin, NJ 08830 | Since before the 2006 merger acquisition by BASF, Mr. Greenberg has been a member of BASF's legal department who handled matters relating to Emtal talc, including asbestos claims. Mr. Greenberg is reasonably believed to have certain knowledge of the misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc integral to Defendants' fraudulent asbestos scheme that were made by Defendant Cahill and authorized by Defendant BASF's management, including, but not limited to, Defendant Dornbusch. | BASF |
| Glenn A. Hemstock, Ph.D. | | Vice President and head of Engelhard Mineral and Chemical Division's Research and Development department, Defendant Hemstock testified in his 1983 depositions in *Westfall* case in the presence of defendants Sloane and Halket to the existence of asbestos in Emtal talc as well as to the existence of R&D and other documents establishing Emtal talc contained asbestos. Dr. Hemstock signed and distributed the March 7, 1984 purge memo prepared by Engelhard's lawyers in which all R&D documents relating to Emtal were collected and transferred to Engelhard's legal department for disposition. Dr. Hemstock's knowledge is reflected in his 2012 deposition in the New Jersey *Sampson* case, wherein he testified: (1) that testing documents existed and were in Engelhard's R&D department which showed Emtal talc contained asbestos (2) that test results existed which showed asbestos in talc at more than "trace levels"; (3) that 83% of reliable tests that have been produced by BASF showed asbestos present in Emtal talc; (4) that BASF's statements in Emtal sales literature are false and misleading; and (5) that BASF's post | BASF |

7

| | | | |
|---|---|---|---|
| | | 1983 answers to discovery regarding asbestos in Emtal, including statements made in expert reports, were false and misleading. His *Sampson* deposition is not under seal. | |
| Howard G. ("Peter") Sloane, Esq. | 80 Pine Street New York, NY 10005 | At first as an associate and later as a partner at Cahill, between 1983 to 2010, Defendant Sloane represented and counseled Defendant BASF on Emtal talc matters, and, specifically on BASF's defense of Emtal asbestos injury claims. Present at Dr. Hemstock's *Westfall* deposition and knowledgeable as to Mr. Triglia's *Westfall* deposition testimony, Mr. Sloane is aware that Emtal talc contained asbestos and that BASF had evidence Emtal talc contained asbestos. Mr. Sloane has certain knowledge of the Defendants' fraudulent asbestos defense scheme as he was highly involved and instrumental in conceiving and executing said scheme. Defendant Sloane is further knowledgeable of Defendants', and other attorneys involved in BASF's asbestos defense as agents on its behalf, direct misrepresentations that Emtal did not contain any asbestos and there was no evidence that it did. Defendant Sloane has been deposed in a sealed crime-fraud hearing in the *Sampson* case which testimony currently remains under seal. | Cahill |
| Ira J. Dembrow, Esq. | 20 Doris Drive Scarsdale, NY 10583 | As a career senior associate at Cahill, Defendant Dembrow represented and counseled BASF on Emtal talc matters, and, specifically on BASF's defense of Emtal asbestos defense matters, under the guidance of Defendant Sloane. Mr. Dembrow has certain knowledge of the Defendants' fraudulent asbestos defense scheme, as he was involved and instrumental in executing said scheme over the decades it successfully ran, including the preparation and submission of misleading discovery responses. Defendant Dembrow was deposed in the sealed crime-fraud hearing in the *Sampson* case which testimony currently remains under seal. | Cahill |

8

| | | | |
|---|---|---|---|
| Scott A. Martin, Esq. | | As an associate at Cahill, Defendant Martin was one of the attorneys entrusted with and responsible for the representation of BASF in asbestos claim matters. Mr. Martin has certain knowledge of the Defendants' fraudulent asbestos defense scheme as he was involved and instrumental in executing said scheme, including making misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc to opposing plaintiffs' counsel and courts in defense of Defendant BASF. | Cahill |
| Allen S. Joslyn, Esq. | | As a partner at Cahill, Mr. Joslyn was one of the attorneys entrusted with and responsible for the representation of BASF in asbestos claim matters. Mr. Joslyn is reasonably believed to have been involved and instrumental in, and thus, have certain knowledge of, Defendants' fraudulent asbestos defense scheme, including authorizing misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc to opposing plaintiffs' counsel and courts in defense of Defendant BASF. | Cahill |
| Michael D. Sullivan, Esq. | 80 Pine Street New York, NY 10005 | As a career paralegal and litigation support coordinator at Cahill, Mr. Sullivan was involved in BASF's defense of Emtal asbestos defense matters. | Cahill |
| Thomas J. Kavaler, Esq. | 80 Pine Street New York, NY 10005 | As a partner at Cahill, and a member of the firm's Executive Committee, Mr. Kavaler is reasonably believed to have authorized and executed, and thus have certain knowledge of and implementation of, the Defendants' fraudulent defense scheme | Cahill |
| George C. Barry, Esq. | | As a partner at Cahill, Mr. Barry represented and counseled BASF on Emtal talc matters, and, specifically on BASF's defense of Emtal asbestos defense matters. | Cahill |
| Kenneth W. Orce, Esq. | | As a partner at Cahill, Mr. Orce represented and counseled BASF on Emtal talc matters, | Cahill |

9

| | | | |
|---|---|---|---|
| | | and, specifically on BASF's defense of Emtal asbestos defense matters and believed to have knowledge of the asbestos defense scheme. | |
| Edward R. Wiest, Esq. | Edward R. Wiest, P.C. 81 Dana Street Cambridge, MA 02138 | As an associate at Cahill in the early 1980s, Mr. Wiest represented and counseled BASF on Emtal talc matters, specifically on BASF's defense of Emtal asbestos defense matters and is believed to have knowledge pertinent to the asbestos defense scheme. | Cahill |
| Eric S. Sarner, Esq. | Praxair, Inc. 39 Old Ridgebury Road Danbury, CT 06810 | As an associate at Cahill, Defendant Sarner was one of the attorneys entrusted with and responsible for the representation of BASF in asbestos claim matters. Mr. Sarner has certain knowledge of the Defendants' fraudulent asbestos defense scheme as he was involved and instrumental in executing said scheme, including making misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc to opposing plaintiffs' counsel and courts in defense of Defendant BASF. | Cahill |
| Howard Merten, Esq. | Partridge, Snow & Hahn, LLP 40 Westminster Street, Suite 1100 Providence, RI 02903 | As local outside counsel in Rhode Island for Defendant BASF, Mr. Merten represented and counseled BASF on Emtal talc matters, specifically on BASF's defense of Emtal asbestos defense matters. | Partridge, Snow & Hahn, LLP |
| Peter Lawson Kennedy, Esq. | Peter Lawson Kennedy Law 41 Bluff Avenue Cranston, RI 02905 | As local outside counsel in Rhode Island for Defendant BASF, Mr. Kennedy represented and counseled BASF on Emtal talc matters, specifically on BASF's defense of Emtal asbestos defense matters. Most notably, Mr. Kennedy was Defendant BASF's counsel of record in the *Westfall* case in Rhode Island, was present the depositions of BASF scientists Dr. Hemstock and Mr. Triglia and thus aware that Emtal talc contained asbestos and that BASF had evidence Emtal talc contained asbestos. Mr. Kennedy by virtue of his | Adler, Pollock & Sheehan, P.C. |

| | | | |
|---|---|---|---|
| | | involvement is believed to know what happened to the evidence returned to BASF under the guise of a confidentiality agreement. | |
| BASF Local Defense Counsel | | BASF's local counsel are believed to have information relating to BASF's and Cahill Gordon's design, direction and control of BASF's asbestos defense, including the false statements and material omissions that are the subject of this suit. Some may also have knowledge of the falsity or misleading nature of the false statements and material omissions that are the subject of this suit. | |
| BASF's Liability Insurance Carriers | | BASF's liability insurance carriers are believed to have information relating to BASF's and Cahill Gordon's design, direction and control of BASF's asbestos defense, including the false statements and material omissions that are the subject of this suit. Some may also have knowledge of the falsity or misleading nature of the false statements and material omissions that are the subject of this suit. | |

**Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii)**

Named Class Representative Plaintiffs are currently in the possession, custody, or control of the following categories of documents, data compilations, and tangible things which may be used to support their claims or defenses:

- Asbestos claims files of the Named Class Representative Plaintiffs filed against BASF, or its predecessor, Engelhard, and its subsidiaries and assigns, including the misrepresentations, half-truth statements and material omissions concerning Emtal talc and evidence of asbestos in Emtal talc received from Defendant Cahill, and/or BASF local outside counsel, and authorized, sanctioned, and executed by Defendant BASF. These documents are located at 2001 Market Street, Suite 2900, Philadelphia, PA 19103.[2]

---

[2] In so disclosing, Named Class Representative Plaintiffs do not in any way waive their attorney-client, or any other applicable, privilege.

- Copies of the depositions taken of Ellen Poole (BASF's designated corporate representative), Glenn A. Hemstock, Ph.D., and William E. Glassley, Ph.D. during the pendency of the *Sampson* case (*Sampson v. BASF Catalysts, LLC, et al.*, Docket No. MID-L-5384-11AS (N.J. Super. Ct. Law Div. Middlesex Cnty.)), as well as, depositions taken of Ernest Behm (BASF's designated corporate representative), and David Swanson during the pendency of the *Paduano* case (*Paduano v. BASF Catalysts, LLC, et al.*, Docket No. MID-L-2976-09 AS (N.J. Super. Ct. Law Div. Middlesex Cnty.)). These documents are located at 2001 Market Street, Suite 2900, Philadelphia, PA 19103.

- Additional documents, transcripts, and other tangible things are currently possessed by counsel for the Named Class Representative Plaintiffs, however, these records are currently under seal and protected from disclosure as ordered by the Honorable Vincent LeBlon of the New Jersey Superior Court Law Division, Middlesex County. If the Court so orders, Named Class Representative Plaintiffs will produce these materials for its review *in camera*.

Named Class Representative Plaintiffs reserve the right to produce documents in response to any Rule 34 document requests in the ordinary course of business where documents are maintained.

**Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii)**

Named Class Representative Plaintiffs, individually and on behalf of all other individuals similarly situated, seek declaratory and injunctive relief as outlined by the decision of the Court of Appeals for the Third Circuit in this case (*Williams, et al. v. BASF Catalysts, LLC, et al.*, 765 F.3d 306 (3d Cir. 2014)) and as set forth in Second Amended Class Action Complaint's demand for relief. The costs or value of the relief is presently undetermined and unliquidated and requires information that is not presently in Plaintiffs' possession. To the extent compensatory and punitive damages are sought pursuant to Plaintiffs' Fraud, Fraudulent Concealment, and Civil Conspiracy Claims, such are presently unliquidated and a matter of jury determination.

**Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv)**

Not applicable.

Dated: October 23, 2015

**Fox Rothschild LLP**

/s/ Jeffrey M. Pollock
Jeffrey M. Pollock
Princeton Pike Corp. Center
997 Lennox Drive, Building 3
Lawrenceville, NJ 08648

Telephone: 609-896-7660

*Of Counsel*:
Stewart L. Cohen, Esq.[*]
Harry M. Roth, Esq.[*]
**COHEN, PLACITELLA & ROTH, P.C.**
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
(Tel): (215) 567-3500
(Fax): (215) 567-6019

(* *Pro hac vice* admission)

Respectfully Submitted,

**COHEN, PLACITELLA & ROTH, P.C.**

/s/ Christopher M. Placitella
Christopher M. Placitella, Esq.
Michael Coren, Esq.
Jared M. Placitella, Esq.
cplacitella@cprlaw.com
mcoren@cprlaw.com
jmplacitella@cprlaw.com
127 Maple Ave
Red Bank, New Jersey 07701
(Tel): (732) 747-9003
(Fax): (732) 747-9004

Attorneys for Plaintiffs and the
Proposed Class