Exhibit J

**Cohen, Placitella & Roth, P.C.**
Christopher M. Placitella, Esq. (NJ Atty #: 027781981)
Michael Coren, Esq. (NJ Atty #: 024871979)
Jared M. Placitella, Esq. (NJ Atty #: 068272013)
127 Maple Avenue
Red Bank, NJ 07701
(732) 747-9003

**Fox Rothschild LLP**
Jeffrey M. Pollock, Esq. (NJ Atty #: 015751987)
Princeton Pike Corp. Center
997 Lennox Drive, Building 3
Lawrenceville, NJ 08648
(609) 896-7660
**Attorneys for Plaintiff and the Putative Class**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KIMBERLEE WILLIAMS**, et al., | HONORABLE JOSE L. LINARES |
| Plaintiff, | CIVIL ACTION NO. 11-1754 (JLL) (JAD) |
| vs. | |
| **BASF CATALYSTS, LLC**, et al., | |
| Defendants. | |

**PLAINTIFF MARILYN L. HOLLEY'S RESPONSE TO
BASF CATALYSTS LLC'S SECOND SETS OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Marilyn

Holley objects and responds to Defendant BASF Catalysts LLC's Second Sets of Interrogatories

as follows:

**DEFENDANT BASF'S DEFINITIONS**

1. "Action" means any federal or state litigation, arbitration, administrative agency

proceeding, bankruptcy proceeding, claims process, or proceeding of any kind in any forum in

which a claim for relief of any kind is made.

2. The terms "And" and "Or" include each other within their meaning, whether both are referenced or otherwise.

3. The terms "Any" and "All" include each other within their meaning, whether both are referenced or otherwise.

4. "Asbestos" has the same meaning as that term is used in the Complaint.

5. "BASF" means defendant BASF Catalysts, LLC and any of its predecessors or successors in interest, all parents, subsidiaries, sisters, affiliates, and divisions, as well as current and former assigns, agents, employees, officers, directors, partners, attorneys and any other persons or entities acting or purporting to act on behalf of Any of them.

6. "Communication(s)" or "Communicate" means any form of information, exchange, or attempted exchange, including but not limited to written, oral, or electronic exchanges; exchanges by letter, telephone, facsimile, email, face-to-face conversation, meeting or conference; any exchange whether or not written, taped, or recorded; any exchange without limit to the time, place, or circumstances of its occurrence; and/or any other transmittal of information by any media by any manner.

5. "BASF" means defendant BASF Catalysts LLC and any of its predecessors or successors in interest, all parents, subsidiaries, sisters, affiliates, and divisions, as well as current and former assigns, agents, employees, officers, directors, partners, attorneys and any other persons or entities acting or purporting to act on behalf of Any of them.

6. "Communication(s)" or "Communicate" means any form of information, exchange, or attempted exchange, including but not limited to written, oral, or electronic exchanges; exchanges by letter, telephone, facsimile, email, face-to-face conversation, meeting or conference; any

exchange whether or not written, taped, or recorded; any exchange without limit to the time, place, or circumstances of its occurrence; and/or any other transmittal of information by any media by any manner.

7. "Complaint" means the "Second Amended Class Action Complaint" filed by You in Williams v. BASF Catalysts, Civil Action No. 11-cv-01754 (D.N.J.) on July 16, 2015.

8. "Decedent" means [any of the following:] Charles L. Williams, Kathryn Darnell, Ralph Ware, Jennifer Graham or Steven Chernick.

9. The term "Document" is used herein in its customary and broadest sense under Federal Rule of Civil Procedure 34(a)(1), and includes, without limitation: the original or a copy as well as drafts and all versions of all writings and recordings; material that is stored, compiled or organized by means of any electronic, magnetic, optical or mechanical device, such as by handwriting, typewriting, printing, photostating, or filming; agreements, analytical data, art work, audio recordings, books, bulletins, calendars, computer tapes, computer storage media, contracts, correspondence, diagrams, diaries, drawings, email, facsimiles, forms, interoffice communications, keypunch cards, letters, memoranda, messages, notes, papers, photographs, pictures, pleadings, proposals, reports, studies, surveys, sketches, telexes, telegrams, telecopies, telegraphs, telex communications, video recordings, and worksheets; and any writing or recording prepared on or with any other physical objects.

10. "Emtal Talc" means the talc mined, milled, manufactured, and processed at the talc mine and mill in Johnson, Vermont, operated by the Eastern Magnesia Talc Company from 1967 to 1983, which was marketed and sold under the brand name "Emtal" and distributed in various grade numbers, including, among others, 41, 42, 43, 44, 4190, 500, 549, and 599.

11. "Exposure" and "Exposed" have the same meaning as those terms are used in the

Complaint.

12. "Identify" or "Identity" means: (a) when used in reference to a natural person, state his or her full name, address, and telephone number; (b) when used in reference to a corporation, state its full corporate name, any names under which it does business, and its place of incorporation; (c) when used in reference to a partnership, state its full name, any name under which it does business, the place or any certificate of partnership, state its full name, any name under which it does business, the place or any certificate of partnership (or other similar Document) filing, and the address of its principal place of business; (d) when used in reference to a Document, state the Document, litigation number or Bates number, if applicable, otherwise the number of pages and the nature of the Document (e.g., letter, memorandum, etc.), its title, its date, the name or names of its authors or recipients, and its present location or custodian; (e) when used in reference to a Communication, if any part of the Communication was written, identify the Document or Documents which refer to, relate to, or evidence the Communication, and, to the extent that the Communication was non-written, identify the Persons, participating in or witnessing the Communication, and state the date and substance of the Communication.

13. "Injury" has the same meaning as that term is used in the Complaint.

14. "Manufactured" means manufactured, fabricated, designed, modified, labeled, assembled, manufactured for others, or packaged.

15. "Other Defendant" means any of the defendants, aside from BASF, identified in the Complaint or, where specified, in the Underlying Action.

16. "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal state, state, or local governments or government agencies,

offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal state, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

17. "Product" and "Products" have the same meaning as those terms are used in the Complaint.

18. "Putative Class" means the putative class alleged in the Complaint.

19. "Relating To" means Relating To, reflecting, concerning, referring to, constituting, embodying, connected to, in connection with, comprising, regarding, evidencing, describing, identifying, stating, analyzing, containing information concerning, and/or in any way pertaining to the subject matter of this action.

20. "Sold" means sold, offered for sale, distributed, or marketed.

21. "Supplied" means supplied, distributed, or furnished.

22. "Underlying Action" means Charles L. Williams, et al. v. Abex Corp., et al., Case No. 92-229108 filed in the Court of Common Pleas, Cuyahoga County, Ohio on or about March 19, 1992, and removed to the United States District Court for the Northern District of Ohio on or about May 4, 1992 (Case No. 1:92-CV-10471) or the similar respective actions identified in the Complaint filed by or behalf of the Decedents of the Named Plaintiff.

23. "You" and "Your" mean Kimberlee Williams[, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd, and Rosanne Chernick], as well as all present and former agents,

attorneys or representatives of Kimberlee Williams[, Nancy Pease, Marilyn L. Holley, Donna Ware, Donnette Wengerd, and Rosanne Chernick] or Decedent[s].

24. For purposes of construing the scope of these Requests:

(a) The use of the singular form of any word includes the plural and vice versa.

(b) The word "including" shall be construed to introduce a non-exhaustive list, and to mean "including but not limited to."

(c) The terms "all," "any," and "each" shall each be construed as addressing any and all.

## GENERAL OBJECTIONS

All of the General Objections below are incorporated into each of the individual responses and have the same force and effect as if fully set forth therein.  Plaintiff objects to Defendant's interrogatories to the extent that:

1.      Defendant BASF's definitions and instructions seek to impose obligations that exceed or differ from the requirements of the Federal Rules of Civil Procedure.

2.      They seek to require responses or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil Procedure.

3.      They seek to establish or imply a waiver of Plaintiff's right to challenge the relevancy, materiality, or admissibility of the documents or information provided by Plaintiff, or to object to the use of documents or information in any subsequent proceeding or trial.  In responding, Plaintiff does not waive the right to challenge the relevancy, materiality, and/or admissibility of the documents or information provided by Plaintiff, or to object to the use of the documents or information in any later proceeding or trial.

4.      They call for legal conclusions, non-testifying expert discovery or premature expert discovery.

5.      They seek disclosure of documents, communications, information, and things protected by the attorney-client privilege or that constitute attorney work-product/trial preparation materials or any other privileged documents or information, as well as documents or information that were compiled or prepared at the request and direction of counsel in anticipation of, or in conjunction with, litigation that are protected by the attorney work product doctrine; items and information obtained by Plaintiff's attorneys that involve their professional skill and experience; legal research, including delegated research—which includes research or investigation by Plaintiff's attorneys, or by persons hired by Plaintiff's attorneys and acting under their supervision; strategic litigation planning, mental impressions (or documents reflecting such planning or impressions); and documents gathered by Plaintiff's attorneys while researching issues in this case. Further, it would also be unduly burdensome and oppressive to search for, compile, and make a description of the nature of each such document, communication, etc.

6.      They seek documents or information within the exclusive possession, custody or control of Defendant.

7.      They seek documents or information contained in the pleadings and other papers filed in this action.

8.      They are "contention" type.

9.      They seek to impose investigation, review, and production expense burdens that outweigh any likely benefits.

10.     They are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11.     They may cause or require Plaintiff to violate any protective or confidentiality order, or confidentiality agreement.

12.     They may cause or require Plaintiff to violate any confidentiality or non-disclosure provision of a Bankruptcy or Settlement Trust.

13.     They are vague, ambiguous, oppressive, and not susceptible to a reasoned interpretation.

14.     They are redundant to proceedings or requirements set by the Court or Special Discovery Master and to that extent Plaintiff view the interrogatory as preempted by the Court's management orders.

## INTERROGATORIES

INTERROGATORY NO. 1:

Describe all damages, losses, harm, or other relief for which You contend BASF is responsible, including but not limited to:

(a)     The amount of damages, loss, harm or other relief;

(b)     The method for calculating that damage, loss, harm, or other relief;

(c)     The basis for calculating that damage, loss, harm, or other relief;

(d)     How that damage, loss, harm, or other relief differs, if at all, from the damages Decedent claimed in his original complaint in the Underlying Action.

**SUPPLEMENTAL RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, and unduly burdensome.  Plaintiff further provides these amended responses without waiver of objections based on the fact that information responsive to this interrogatory is in possession of the Defendants in this action and is otherwise set forth in Plaintiffs' Second Amended Complaint, and to the extent it calls for information protected by the attorney-client communication and work product privileges,

particularly given that the definition of "You" includes present and former attorneys.

Plaintiff does not have first hand knowledge about the legal theories of damages or other available remedies and class certification and relies upon the lawyers who have been engaged to investigate and pursue this matter. Further, this interrogatory calls for the opinion of an expert witness or witnesses who, as set forth in Plaintiffs' Motion for Class Certification filed by Plaintiffs' counsel, will express opinions and calculations of damages and remedies in the manner set forth in the certification attached to the motion. As discovery is not yet complete, as set forth in the certification motion papers, the experts have not yet prepared their calculations and so the right to amend or supplement this response is reserved until such time as discovery is completed. For the reasons set forth in the Second Amended Complaint and the Motion for Class Certification, the elements of harms and losses apply on behalf of the Representative Plaintiffs and members of the class of other asbestos claimants who sued Engelhard Corporation or BASF Catalysts, LLC as it is known following the 2006 merger of Engelhard Corporation into BASF.

The damages sought on my behalf as well as that of the class will depend on the type of class that the Court ultimately certifies.  Accordingly, below are the possible remedies that Plaintiffs will pursue:

**A.  With respect to claims on behalf of the Estate of Kathryn Darnell**

1.     Loss of the right to a fair trial of my mother's underlying asbestos claims by having to rely upon an evidentiary record in that matter which did not, as a result of Defendants' wrongful conduct, contain evidence that Emtal talc contained asbestos. On information, I believe that this is a type of damage or loss that the jury determines the value and amount in accordance with the instructions of the court prior to deliberation.

2.     Loss of the right to receive fair and full compensation for the injury and losses involved

in the Plaintiff's Underlying Claim. On information, I understand that this is a type of damage or loss that the jury determines the value in accordance with the instructions of the court. On information, I also believe that under the circumstances of this case the court may allow expert testimony on case values as well as permit the jury to make an adverse inference against Defendants and in favor of my family in determining valuation and assessment issues. The loss is far greater than any of the token or nominal considerations that Engelhard/BASF paid in settlements to other claimants from whom they concealed the fact Emtal talc contained asbestos.

3.      Loss of the right and ability to timely develop and pursue the underlying claims, including the lost opportunity to access witnesses, information and documents from sources that are no longer available. On information, I believe that this is a type of damage or loss that the jury determines the value and amount in accordance with the instructions of the court prior to deliberation.

4.      Loss of the time value of money up to the date of judgment on the amount of fair compensation that was not paid. On information, I understand that this is a type of damage or loss that the jury determines the value in accordance with the instructions of the court. On information, I also believe that under the circumstances of this case the court may allow expert testimony to assist the jury determining this amount.

5.       Loss of the sums paid for court costs and litigation expenses related to underlying claim. This will be based on information provided from court records or from the records of the attorneys handling the underlying case.

**B.  With respect to claims of the Class Members**

1.      Disgorgement into a trust fund under auspices of the court and to be distributed to the members of the putative class by a court-approved method of (a) the fees that Engelhard/BASF

paid to Cahill, (b) savings in liability and settlement payments, attorneys' fees, other defense costs and expenses Englehard/BASF realized as a result of their fraudulent concealment and deceitful wrongdoings.  On information, I believe that this remedy will be based upon documents and other responses to discovery requests directed to the Defendants and their insurers as well as through expert testimony on valuing asbestos claims and defense costs through methods that are used in asbestos bankruptcy claims estimations, asbestos trusts, asbestos claims facilities, establishment of loss and loss adjustment reserves by insurers and self-insureds, business acquisition pricing and other business purposes.

2.      The costs of this litigation, including counsel fees, to establish the fraudulent concealment and fraud claims against Defendants. On information, I believe the court will determine this amount and mold the jury verdict based on information provided it by my attorneys concerning these fees and costs. I understand the rules and case law provide the manner of calculation.

3.      The costs of creating an archive of presently existing documents and information and determining what documents or other information Defendants destroyed or spoliaited that cannot be reproduced. The amount is presently unknown and will be the subject, I am informed and believe, of expert testimony.

4.      The costs of locating and notifying the class, including the cost of locating and determining deceased class members next of kin, to inform them of the findings and declarations concerning Defendants' liability for fraudulent concealment and fraud.

5.      Loss of the time value of money up to the date of judgment. On information, I understand that this is a type of damage or loss that the jury determines the value in accordance with the instruction of the court. On information, I also believe that under the circumstances of this case the court may allow expert testimony to assist the jury determining this amount.

6.      Punitive damages.

Other than item A.2. above, all of the above items are different from the damages

Decedent claimed in my mother's original complaint in the Underlying Action.

Plaintiff reserve the right to supplement this response as discovery continues.


INTERROGATORY NO. 2:

Identify each and every Person who previously filed an Action against BASF based on

exposure to Emtal Talc, including for each Person:

(a) The Person's Name;

(b) The Person's Address;

(c) The Person's current legal representative, if any;

(d) The case name, number, and venue for the Person's previously-filed Action(s) against

BASF;

(e) All other Action(s) for relief filed by the Person against any Other Defendant or non-

party based on exposure to Asbestos;

(f) The counsel of record for the Person's previously-filed Action(s);

(g) The Person's Asbestos-related Injury, if any;

(h) The circumstances of the Person's exposure to Emtal Talc;

(i) The Person's total damages attributable to Asbestos exposure;

(j) The Person's portion of total damages attributable to BASF;

(k) The Person's damages attributable to the fraud and/or fraudulent concealment alleged

in the Second Amended Complaint.

**SUPPLEMENTAL RESPONSE:** In addition to the General Objections set forth above, Plaintiff further objects that information responsive to this interrogatory is in possession of the Defendants in this action and has otherwise been provided to Defendants in discovery, to the extent that it is available.

Plaintiff and her counsel do not currently know all of the information responsive to this interrogatory though as set forth in deposition testimony in a related case, all of the case files of those who filed lawsuits against Engelhard/BASF have been collected and are maintained in a searchable form by BASF's current attorneys. Plaintiff therefore reserves the right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 3</u>:

Identify each and every Person who did not file an Emtal-related claim against BASF because of the fraud and fraudulent concealment alleged in the Second Amended Complaint, including for each Person:

(a) The Person's Name;

(b) The Person's Address;

(c) The Person's current legal representative, if any;

(d) All other Action(s) for relief filed by the Person against any Other Defendant or non-party based on exposure to Asbestos;

(e) The counsel of record for the Person's previously-filed Action(s);

(f) The person's Asbestos-related Injury, if any;

(g) The circumstances of the Person's exposure to Emtal Talc;

(h) The Person's total damages attributable to Asbestos exposure;

(i) The Person's portion of total damages attributable to BASF;

(j) The Person's damages attributable to the fraud and/or fraudulent concealment alleged in the Second Amended Complaint.

**SUPPLEMENTAL RESPONSE:** As set forth in the Plaintiffs' Motion for Class Certification, asbestos claimants who did not file any suit against BASF for injuries due to Emtal talc are not within the definition of the the class members the District Court is being asked to certify in our motion for class certification. As such, this interrogatory is no longer relevant nor will it lead to the discovery of evidence that is admissible at trial and thus a response is not required.

<u>INTERROGATORY NO. 4:</u>

Describe whether each Putative Class representative and Putative Class member has the "original" Documents (as opposed to copies or electronically scanned versions) from their Underlying Actions, including:

(a) Whether and when each Putative Class member's or Putative Class representative's "original" Documents were destroyed, discarded, or not retained;

(b) Whether and when copies, electronically scanned versions, or other reproductions of the Documents were made, including who made them;

(c) Whether You have copies, electronically scanned versions, or other reproductions of all Documents from the Underlying Action;

(d) Whether the Putative Class representative's or Putative Class member's Documents

were subject to a document-retention policy.

(e) Whether any Document (original or copy) from the Underlying Action is no longer available, including the reason(s) the Documents are no longer available; and

(f) Whether each Putative Class representative and Putative Class member contends that copies, electronically-scanned versions, or other reproductions of "original" Documents are adequate substitutes for the "original" Documents.

**SUPPLEMENTAL RESPONSE:** In accordance with Order docketed at ECF 404, and the discovery hearing held before Special Master Rivera-Soto, Plaintiff has not supplemented this response. In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as seeking information beyond the scope of discovery under the Federal Rules of Civil Procedure. As posed the questions are also vague, ambiguous, harassing, unduly burdensome and not in good faith and presume and/or suggest a duty upon me and/or my mother who was the Plaintiff in any Underlying Action that did and does not exist. To the extent it seeks case specific information from putative absent class members it is improper absent class member discovery.

Plaintiff further objects on the basis that information and documents responsive to this interrogatory may already be in the possession, custody or control of the Defendants from the proceedings and discovery in each of their respective Decedents' Underlying Actions.

To the extent I have documents responsive to this interrogatory, they or their copies, as permitted by FRCP 34(2)(B) have been provided or identified as privileged in response to Defendants' requests for production of documents.

To the extent this interrogatory concerns documents in the possession of putative class

members, I have no information upon which to form a response at this time.

Plaintiff reserves the right to supplement this response as discovery continues.

INTERROGATORY NO. 5:

As Putative Class representative, describe Your trial plan for this case, including but not limited to Your trial plan for the following issues:

(a) Your process for establishing, without undertaking person-by-person inquiries, the existence of injury for a particular plaintiff, causation for a particular plaintiff, reliance by a particular plaintiff, materiality for a particular plaintiff, and the amount of any damages for that particular plaintiff;

(b) Your process for determining, without undertaking person-by-person inquiries, whether a person is a member of the Putative Class you seek to represent;

(c) Your process for identifying and providing notice to Putative Class members;

(d) Your process for determining whether heirs or other individuals have legal authority to act on behalf of Putative Class members who may be deceased;

(e) Your process for calculating and distributing any damages that may be awarded in this case to Putative Class members.

**SUPPLEMENTAL RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, and unduly burdensome and not proportionate discovery. This interrogatory is also objectionable to the extent it calls for information protected by the attorney-client communication and work product privileges. The interrogatory calls for the opinions of expert or experts in in class action procedures and class

action notice and benefit administration, which is not a proper fact question to pose to the representative.

I have been involved in creating a trial plan, and am not aware of any Individual Plaintiff or Class Member who has been, as the plaintiffs in the *Williams* case are relying upon their attorneys to prepare and submit one. Thus, per the Special Discovery Master's instruction, I supplement their response to this interrogatory by reference to the information contained in the Plaintiffs' Motion for Class Certification. There, Plaintiffs' Counsel has outlined the trial plan as well as matters of claims administration matters, such as notice, qualifying class membership, and distribution of any funds recovered. Counsel describes that a claims administrator will be eventually appointed who will have the job of gathering information from the Defendants and BASF's insurers' records and databases on claimants who had sued BASF, as well as, making requests under the court's auspices to the law firms who can be identified in Defendants' and their insurers' records as representing people who had sued BASF to provide information to the administrator for use in notifying potential class members and thereafter determining actual class membership qualification. The class definition is such that documents can be used to determine class membership. As the court has not yet determinized what forms of remedy will be permitted and no determination made regarding any funds, I cannot comment further on how any funds obtained in this suit will be assessed or distributed beyond saying that distribution plans have been used to distributed funds allocated to large groups of asbestos claimants in situations where the asbestos defendant was found bankrupt, and that in connection with these bankruptcy plans experts were able to calculate the amount of the injured claimants' damages and losses on a mass claimant basis to a court's satisfaction.

Plaintiff reserves the right to supplement this response if needbe at the conclusion of class

issue discovery.

<u>INTERROGATORY NO. 6</u>:

Identify all common questions of law or fact that You contend exist under Federal Rule of Civil Procedure 23(a) (2) and/or predominate under Rule 23(b) (3) and state specifically:

(a) The Identity of the putative class(es) that you contend satisfies Rule 23(a)(2) commonality and Rule 23(b)(3) predominance;

(b) Each issue that You contend satisfies Rule 23(a) (3) commonality and Rule 23(b) (3) predominance;

(c) Each material fact that supports Your contention(s);

(d) The Documents that support your contention(s).

**SUPPLEMENTAL RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, and unduly burdensome. It is also an objectionable contention interrogatory.

This interrogatory is further objectionable to the extent it calls for information protected by the attorney-client communication and work product privileges.

Without waiver of objections, I do not have first hand knowledge about the legal theories of damages or other available remedies and class certification and rely upon the lawyer who have been engaged to investigate and pursue this matter. Information responsive to this interrogatories comes from those lawyers and through their investigation. Defendants are referred to Plaintiffs' Second Amended Complaint which lists numerous common questions responsive to this interrogatory, along with the documents attached to the Complaint. Defendant is also referred to the testimony of the following witnesses and documents marked during their depositions:

1. Depositions of Ellen Poole in *Paduano* case (October 14, 2010; May 25, 2010) and the *Sampson* case (May 23, 2012 and April 2, 2014).

2. Deposition of Glenn A. Hemstock, Ph.D. in *Sampson* May 9, 2012 (Vol. I); May 29, 2012 (Vol II); June 25, 2012 (Vol. III); and June 27, 2012 (Vol. IV).

3. Deposition of David Swanson June 15, 2009 in *Paduano*

4. Deposition of Daniel Steinmetz dated July 18, 19, and August 2, 2017 in *Sampson* and on October 11, 2017 in *Ross*.

By way of further reply, Plaintiff's counsel describe the common issues of law and fact in the Plaintiffs' Motion for Class Certification and Defendants are referred to that Motion. Plaintiff reserves the right to supplement this response if needbe at the conclusion of class issue discovery.

INTERROGATORY NO. 7:

Identify all Facts, including Documents, that support Your contention that the Putative Class representatives satisfy the requirements of typicality and/or adequacy under Rules 23(a) (3)-(4).

**SUPPLEMENTAL RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, and unduly burdensome. This interrogatory is also objectionable to the extent it calls for information protected by the attorney-client communication and work product privileges.

Without waiver of objections, Plaintiff does not have first hand knowledge about the legal theories of damages or other available remedies and class certification and rely upon the lawyers who have been engaged to investigate and pursue this matter. Information responsive to

this interrogatories comes from those lawyers and through their investigation. Defendants are referred to Plaintiffs' Second Amended Complaint which explains how and why they and their claims are typical.

By way of further reply, Plaintiff's counsel addresses the typicality of claims in the Plaintiffs' Motion for Class Certification and Defendants are referred to that Motion. Plaintiff reserves the right to supplement this response if needbe at the conclusion of class issue discovery.

INTERROGATORY NO. 8:

Identify all Facts, including Documents, that support Your contention that the Putative Class satisfies the superiority requirement of Rule 23(b) (3), including the reasons why You contend that a class action method of adjudication is superior to alternative methods.

**SUPPLEMENTAL RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory as vague, ambiguous, and unduly burdensome.  This interrogatory is also objectionable to the extent it calls for information protected by the attorney-client communication and work product privileges.

Without waiver of objections, I do not have first hand knowledge about the legal theories of damages or other available remedies and class certification and rely upon the lawyer who have been engaged to investigate and pursue this matter. Information responsive to this interrogatory comes from those lawyers and through their investigation. Defendants are referred to Plaintiffs' Second Amended Complaint which explains how and why a class action adjudication of thousands of similar fraudulent concealment and fraud claims arising out of Defendants' common spoliation of evidence and uniform fraudulent misrepresentations and concealment is

superior to alternative methods.

By way of further reply, Plaintiffs' counsel outlines how and why class adjudication of Plaintiffs' claims is superior to alternative methods in the Plaintiffs' Motion for Class Certification and Defendants are referred to that Motion. Plaintiff reserves the right to supplement this response if need be at the conclusion of class issue discovery.

Plaintiff reserves the right to supplement this response at such time as after the class certification memoranda is filed and briefed.

Dated: January 29, 2018          **COHEN, PLACITELLA & ROTH, P.C.**

/s/ *Jared M. Placitella*
Jared M. Placitella, Esq. (NJ Atty #: 068272013)
*As to Objections*

**FOX ROTHSCHILD LLP**
Jeffrey M. Pollock, Esq. (NJ Atty #: 015751987)
***Attorneys for Plaintiff and the Putative Class***

<u>**VERIFICATION**</u>

I, Marilyn Holley, being of full age, upon her verification states the following:

1. I am the Plaintiff in the within action.

2. I have read the foregoing Answers to BASF Catalysts LLC's Second Set of Interrogatories, and these responses are true to my own personal knowledge. I am aware that if any of the foregoing responses are willfully false, I am subject to punishment.

Marilyn Holley

Dated:

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2018, I served the foregoing *Plaintiff's Responses to Defendant BASF's Catalysts Second Set of Interrogatories* on the following attorneys via email:

Eugene F. Assaf, P.C.
Michael F. Williams, Esq.
Kirkland & Ellis, LLP
655 15th St., N.W.
Washington, D.C. 20005
eassaf@kirkland.com
mwilliams@kirkland.com

John K. Villa, Esq.
David Blatt, Esq.
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C. 20005
jvilla@wc.com
dblatt@wc.com

Justin T. Quinn, Esq.
Robinson Miller LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
jquinn@rwmlegal.com
*Attorneys for Defendant
BASF Catalysts, LLC*

Robert E. Ryan, Esq.
Connell Foley, LLP
85 Livingston Avenue
Roseland, New Jersey 07068
rryan@connellfoley.com
*Attorneys for Cahill Defendants*

John A. Boyle, Esq.
Marino, Tortorella & Boyle, P.C.
437 Southern Boulevard
Chatham, New Jersey 07928
jboyle@khmarino.com
*Attorneys for Defendant Dornbusch*

Eric Tunis, Esq.
Herold Law, P.A.
25 Independence Boulevard
Warren, New Jersey 07059
etunis@heroldlaw.com
*Attorney for Defendant Halket*

**COHEN, PLACITELLA & ROTH, P.C.**

/s/ *Jared M. Placitella*                    2
Jared M. Placitella, Esq. (NJ Atty #: 068272013)