IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIMBERLEE WILLIAMS, et al.**<br><br>Plaintiffs,<br>vs.<br>**BASF CATALYSTS LLC, et al.**<br><br>Defendants. | No. 2:11-cv-01754 (JAD)<br><br>CIVIL ACTION |

**DECLARATION OF CHRISTOPHER M. PLACITELLA, ESQ. IN SUPPORT OF PETITION FOR APPROVAL AND GRANT OF AWARDS OF CLASS COUNSEL'S ATTORNEYS' FEES, CLASS COUNSEL'S REIMBURSEMENT OF LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS**

CHRISTOPHER M. PLACITELLA, pursuant to 28 USCS § 1746, hereby declares as follows:

1. I am admitted to the Bars of the State of New Jersey and this District Court, and am a shareholder of Cohen, Placitella & Roth, PC ("**CPR**"). I submit this declaration in support of Class Counsel's Petition for Approval and Grant of Awards of Class Counsel Attorneys' Fees, Class Counsel's Reimbursement of Litigation Expenses and Class Representative Service Awards ("**Petition**"). Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

1

2. By the Preliminary Approval Order,[1] dated and entered on September 3, 2020 (ECF No. 623), the following CPR attorneys and I were appointed Class Counsel to represent the Class defined in the order for settlement purposes: Stewart L. Cohen, Harry M. Roth, Michael Coren, Robert L. Pratter, Eric S. Pasternack and Jared M. Placitella. The Court designated me as the Lead Class Counsel.

3. The Preliminary Approval Order further appointed the following as the Class Representatives in this case: Kimberlee Williams, Gayle Williams (sister and personal presentative of Nancy Pease who passed away while the case was pending), Marilyn L. Holley, Sheila Ware (niece and personal representative of Donna Ware who died while the case was pending), Donnette Wengerd, and Roseanne Chernick. These six women (or in two cases as successors to their deceased family member) have been litigating this case with CPR since its inception.

4. After nearly nine years of hard-fought litigation, the Class Representatives and Defendants executed a Class Action Settlement Agreement on March 13, 2020 establishing a non-reversionary $72.5 million settlement fund ("**Settlement Fund**") to compensate members of the putative Settlement Class. *See*

---

[1] All capitalized terms shall have the same meanings as in the Settlement Agreement the Court preliminary approved at ECF No. 623

2

CM/ECF # 621-4, Class Action Settlement Agreement, § 2.2. The sole use of the $72.5 million Settlement Fund—the cornerstone of the Settlement—is to pay cash benefits to the Settlement Class Members, including incentive awards to the Class Representatives, if approved by this Court.

5.  No portion of the Settlement Fund will go toward the payment of Class Counsel's attorney's fees or litigation expenses. Instead, Class Counsel's attorney's fees and expenses under the Settlement Agreement's terms will, if approved by this Court, be paid by Defendants BASF and Cahill, Gordon & Reindel LLC ("Cahill"), which have agreed to pay up to $22.5 million in attorney's fees and $1.2 million in litigation expenses to Class Counsel on top of the $72.5 million Settlement Fund and on top of the separate, additional $3.5 million Cost Fund. *See* Settlement Agreement, § 13.1 (ECF No. 621-4.)

6.  Class Counsel's contemporaneously filed memorandum of law in support of the Petition accurately describes to the Court the investigation leading to the filing of this case and its subsequent long and involved procedural and substantive course. I incorporate the memorandum and hereby attest to and verify the truth and accuracy of its factual statements.

7.  Class Counsel's fee request is justified by the Settlement's amount and terms, which resulted from the quantity and quality of Class Counsel's professional work over the last nine years. As described in the memorandum in

3

support—and further evidenced by the number and complexity of the pleadings in this matter—each and every element of this case was vigorously contested, with significant resources and talent brought to bear by both sides. Class Counsel undertook the factual investigation necessary to bring the Action and successfully navigated the complex and often novel procedural and substantive legal issues to bring about the results obtained. During the course of the litigation, Class Counsel reviewed and analyzed hundreds of thousands of pages of scanned documents or ESI equivalent that the parties and various subpoenaed third parties produced during discovery. In additional to propounding and responding to numerous sets of interrogatories, document requests and requests for admissions, there were twenty-eight witnesses deposed at various locations in and outside of New Jersey. Class Counsel either took these witness depositions or prepared and presented the witness being deposed. In addition to briefing numerous motions before the District Court and pursuing a successful appeal before the Third Circuit, Class Counsel briefed more than 50 motions before the court- appointed Special Discovery Master. And once the terms of the Settlement were agreed upon following extensive mediation sessions, Class Counsel also created the Plan of Distribution and claim procedures that fairly compensate eligible Class Members for the rights they lost to litigate the Underlying Lawsuits with full information

about Emtal talc and takes into account the array of injuries they sustained which were the subject of the Underlying Lawsuits.

8.     Altogether, if this Petition is granted, Class Counsel will have secured $99.7 million in economic benefits for the Class.  As discussed in the Petition and Memorandum of Law, the fee request meets every element of the percentage of recovery standard and will not diminish the Class Members' recovery in this Settlement.  So too,  the Memorandum of Law  presents the alternative lodestar method as a cross-check of the reasonableness of our request.

9.     Throughout the course of this litigation, CPR's lawyers and professional staff recorded and documented their time. In presenting the information regarding the firm's time and expenses, I have relied upon my firm's time and expense printouts prepared and maintained by the firm in the ordinary course of business or upon a lawyer's review of their records and the case's files to make a good faith, reasonable calculation of the time they devoted to the litigation tasks and projects they were assigned and handled.

10.     As both Lead Class Counsel and the CPR partner involved throughout the entire litigation, in my opinion, the time reflected in the lodestar calculations and statement of expenses provided in this declaration, for which payment is sought, are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. Given the, pace and

complexity of the issues in this case, with many issues being litigated simultaneously, the work was done efficiently and without unnecessary duplication. In addition, the Lead Defendants were represented by two highly able national defense firms and several other prominent regional firms which often required Class Counsel to employ all the resources at its command to represent the Class interests in the many disputes which arose in this case. Class Counsel's litigation expenses have been billed separately and, as such, are not duplicated in the lodestar.  The time spent on this fee application is not included in the lodestar.

      11.    From the case's inception to October 12, 2020, the lawyers and professional staff of Cohen, Placitella & Roth have devoted at least 21,799.9 hours to this matter. *See* Addendum A. At either the Fairness Hearing, or such time prior thereto that the Court may direct, Class Counsel will provide an update on the time expended by Class Counsel to bring the lodestar current as of the Fairness Hearing.

      12.    The hourly rates for the attorneys, paralegals, law clerks, and legal assistants of Cohen, Placitella & Roth, PC, range from $925 an hour for the most senior partners to $190 an hour for legal assistants. I have attached as Addendum A the hours recorded by Class Counsel and the rates for each, along with the aggregate hours and lodestar of all CPR professional personnel who worked on the matter during the pendency of the case.

13. Based on my experience in litigating complex class actions such as this over my career, I believe that CPR's professional staff rates are reasonable, and in line with the prevailing rates allowed in class actions within the Third Circuit.

14. This results in a lodestar of $17,665,091.50, which represents a multiplier of 1.27.

15. Class Counsel seeks litigation cost reimbursement for $1,038,300.27, which is the current amount of litigation expenses incurred in connection with the prosecution of this litigation as of the date of this application. The expenditures are broken down into categories in Addendum B. All expenses incurred are reflected on the books and records of CPR which are available to the Court for *in camera* inspection should the Court desire to review them.

16. As BASF and Cahill have agree to pay any Class Counsel litigation expense reimbursement award by the Court up to $1.2 million, a reimbursement award in the above requested amount will not diminish the Class Members' recovery.

17. Finally, Petitioner requests that the Court award incentive awards of $50,000 each for a sum total of $300,000 for the Class Representatives to compensate them for the valuable and dedicated services they provided to the Class and the burdens borne by them.

18. Five of the six Class Representatives initiated this litigation with the filing of the Class Action Complaint on March 28, 2011— over nine years ago. The sixth Class Representative, Mrs. Roseanne Chernick, joined in the matter a few months later with the filing of the First Amended Complaint on August 3, 2011.

19. The Class Representatives have been actively involved in all phases of the litigation. They searched for and provided information to Class Counsel for purposes of preparing the initial and amended complaints, other pleadings and for discovery. They responded to multiple sets of interrogatories, requests for documents and requests for admissions, and prepared for and attended lengthy and probing depositions into the underlying litigation matters involving the injury and deaths of their loved ones. They conferred with Class Counsel regularly through in person meetings, telephone calls and written correspondence on the status of the litigation and its strategy throughout its development, litigation, and mediation phases. Without the Class Representatives' perseverance over nine years, it is unlikely that the members of the Class would receive any of the compensation to be afforded to them on final approval of the Settlement.

20. In my view, the contributions of the Class Representatives have far exceeded those of the typical class representative and justify the requested incentive awards.

I declare under penalty of perjury that the foregoing is true and correct.

                                           */s/ Christopher M. Placitella*
                                           Christopher M. Placitella, Esq.
                                           (NJ Atty #: 027781981)

Date: October 20, 2020

# ADDENDUM A

## Lodestar Report

| NAME | HOURS | HOURLY RATE | Lodestar AMOUNT |
|---|---|---|---|
| **PARTNERS:** | | | |
| Christopher M. Placitella | 4,321.2 | $925 | $3,997,110.00 |
| Stewart L. Cohen | 1,012.9 | $925 | $936,932.50 |
| Harry M. Roth | 1,695.7 | $925 | $1,568,522.50 |
| Michael Coren | 4,530.0 | $925 | $4,190,250.00 |
| Robert L. Pratter | 1,536.6 | $925 | $1,421,355.00 |
| William Kuzmin | 54.6 | $850 | $46,410.00 |
| Jillian A.S. Roman | 54.8 | $850 | $46,580.00 |
| **ASSOCIATES:** | | | |
| Jared M. Placitella | 3,644.1 | $700 | $2,550,870.00 |
| Eric S. Pasternack | 2,277.7 | $700 | $1,594,390.00 |
| James G. Begley | 37.4 | $700 | $26,180.00 |
| Elizabeth Amesbury | 708.4 | $475 | $336,490.00 |
| Silvio Trentalange | 702.2 | $475 | $333,545.00 |
| Kaitlin J. Clemens | 259.4 | $475 | $123,215.00 |

| | | | |
|---|---|---|---|
| Patrick Cullen | 7.5 | $475 | $3,562.00 |
| Debra Goodman | 475.0 | $700 | $332,500.00 |
| Timothy Peter | 48.9 | $475 | $23,227.50 |
| **FELLOWS** | | | |
| Stephen Dodd | 30.7 | $309 | $9,486.30 |
| **PARALEGALS** | | | |
| Kacy Savage | 4.5 | $309 | $1,390.50 |
| Rebecca Sweeney | 1.5 | $309 | $463.50 |
| Kristen Varallo | 396.8 | $309 | $122,611.20 |
| **Totals** | **21,799.9** | | **$17,665,091.50** |

## ADDENDUM B

## Cost and Expense Report
## (Inception through October 12, 2020)

| | |
|---|---:|
| Deposition, Videography and Hearing Transcript Charges | $75,523.68 |
| Expert and Consultant Fees | $345,067.75 |
| Travel, Lodging and Meals | $103,224.80 |
| Copying | $30,745.02 |
| Postage | $94.50 |
| Courier Services | $4,926.50 |
| Court filing fees and charges; Summons and Subpoena Process Service fees | $5,089.19 |
| Investigative Costs | $17,407.14 |
| Mediation | $41,225.01 |
| Miscellaneous | $27.50 |
| Document management, Document Review, and Information Technology vendor charges | $184,590.68 |
| Special Master Fees | $230,378.50 |
| **Total** | **$1,038,300.27** |