# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIMBERLEE WILLIAMS,** *et al.* | No. 2:11-cv-01754 |
| Plaintiffs, | |
| vs. | CIVIL ACTION |
| **BASF CATALYSTS LLC,** *et al.* | |
| Defendants. | |

# FINAL APPROVAL ORDER

This matter having been opened to the Court on the unopposed Motion for Final Approval of the proposed Class Action Settlement dated July 16, 2020 (the "**Settlement Agreement**") and the Petition for (i) an award of attorney's fees and reimbursement of costs and litigation expenses for Class Counsel's work in this litigation; and (ii) incentive awards to the Class Representatives for their invaluable contributions they made to the achievement of the Settlement, by Plaintiffs Kimberlee Williams, Gayle Williams, Marilyn L. Holley, Sheila Ware, Donnette Wengerd, and Rosanne Chernick, each a named plaintiff in the *Williams* Action (together "Plaintiffs" or "Class Representatives"), acting through their counsel, Cohen, Placitella & Roth, P.C. ("**Class Counsel**") to

completely settle the above-captioned lawsuit (the "***Williams* Action**") according to its proposed terms (the "**Settlement**") as to all parties named therein and a settlement class to be certified by the Court for settlement purposes only. The Settlement Agreement sets forth the terms and conditions for the Settlement and dismissal with prejudice of the *Williams* Action upon approval of the Settlement Agreement.

WHEREAS, all capitalized terms and phrases used in this Final Approval Order that are otherwise not defined shall have the same meaning as in the Settlement Agreement;

WHEREAS, by Order dated September 3, 2020 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement Agreement; (b) found that the Settlement Class would likely be certified at final approval; (c) preliminarily approved the Plan of Distribution; (d) appointed Class Counsel and the Class Representatives; and (e) named: (a) the Hon. Marina Corodemus, J.S.C. (Retired) as the Settlement's "Settlement Trustee and Special Master" (which appointment is consented to by the Parties and Co-defendants); (b) Verus LLC as the "Settlement Administrator" of the Settlement and its Qualified Settlement Fund (the "Administrator"); (c) BrownGreer PLC as the

Settlement's "Notice Agent"; (c) Edgar C. Gentle, III, Esq., and the firm of Gentle, Turner, Sexton & Harbison, LLC, as the Settlement's "Lien Administrator"; and (d) PNC Bank National Association, as the Settlement Cost Fund's and Settlement Fund's "Financial Institution", all as defined in the Settlement Agreement;

WHEREAS, on October 20, 2020, Class Counsel filed the Petition ("Petition") for (i) an award of attorney's fees and reimbursement of costs and litigation expenses for Class Counsel's work to date in this litigation; and (ii) incentive awards to the Class Representatives for their invaluable contributions they made to the achievement of the Settlement, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court's Preliminary Approval Order (ECF No. 623), and Section 13 of the Class Action Settlement Agreement;

WHEREAS, due and adequate notice has been given to the Settlement Class in satisfaction of the requirements of Rules 23(c)(2) and 23 (e)(1) of the Federal Rules of Civil Procedure and Constitutional Due Process;

WHEREAS, the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. § 1715(d) has expired;

WHEREAS, notice of the Final Approval Hearing, including its movement to September 24, 2021, was provided to the public on both the court docket and upon the Settlement Website;

WHEREAS, the Court conducted a hearing on September 24, 2021 ("Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice against Defendants;

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments and objections received regarding the Settlement, and the record in the Action, and good case appearing therefore;

**THEREFORE, IT IS on this 27TH day of September, 2021 HEREBY ORDERED** as follows:

1. The Court has jurisdiction over this action and each of the Parties, including the Settlement Class Members under 28 U.S.C.

§ 1332, as amended by the Class Action Fairness Act, and that venue is proper in this district.

## Certification of the Settlement Class

2.  The Settlement Class provisionally certified by the Court in the Preliminary Approval Order is hereby certified pursuant to Federal Rule of Civil Procedure 23:

> All Persons within the United States and its territories who after March 7, 1984 and before March 30, 2011 filed and Served a lawsuit against Engelhard/BASF seeking asbestos-related bodily injury compensation or other relief arising from exposure to Emtal Talc products, and who before March 30, 2011 either: (A) had voluntarily dismissed or terminated the lawsuit as to Engelhard/BASF after the suit was filed, including any voluntary dismissal or release of claims due to settlement; or (B) had their lawsuit as to Engelhard/BASF involuntarily dismissed (the "Class").
>
> **"Engelhard/BASF"** means and includes: BASF Catalysts LLC, Engelhard Corporation, Engelhard Industries, Engelhard Minerals & Chemicals Corporation, Minerals & Chemicals Philipp Corporation, Eastern Magnesia Talc Company, Porocel Corporation, and Pita Realty Limited, along with each of their successors, affiliates, direct and indirect parent(s) (including BASF Corporation and BASF SE), and any predecessor(s) who owned and/or operated the Emtal Talc mine in Johnson, Vermont at any point on or after October 1, 1967.
>
> The date on which a voluntary dismissal or termination occurred for purposes of determining class membership is deemed to be the earlier of either (i) the date on which the agreement or consent by the plaintiff or his/her counsel to dismiss or terminate the lawsuit occurred; or (ii) the date on

5

which the dismissal or termination of the lawsuit was entered by or in the court in which it was pending.

3. The Court finds that certification of the Settlement Class is warranted based on the terms of the Settlement, under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the class; (3) the Plaintiffs' claims are typical of the claims of the Settlement Class Members; and (4) the Representative Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class. The Court further finds that the requirements of Federal Rule of Civil Procedure 23(b) have been satisfied as the common questions of law and fact predominate over questions affecting only individual members and the class action is superior to other available methods for the fair and efficient adjudication of this Action.

**Appointment of Class Representatives and Class Counsel**

4. The Court appoints Plaintiffs Kimberlee Williams, Gayle Williams, Marilyn L. Holley, Sheila Ware, Donnette Wengerd, and Rosanne Chernick as representatives for the Class. The Court finds that Christopher M. Placitella (who is designated as "Lead Class

Counsel"), together with Stewart L. Cohen, Harry M. Roth, Michael Coren, Robert L. Pratter, Eric S. Pasternack, Jared M. Placitella and the law firm of Cohen Placitella & Roth, P.C., have, can and will fairly and adequately represent the interests of Plaintiffs and the Class and therefore hereby appoints them as Class Counsel to represent the Class pursuant to Fed. R. Civ. P. 23(g).

## Notice

5. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

6. The Court finds that the dissemination of Notice: (a) was implemented in accordance with the Notice Plan as approved by the Preliminary Approval Order (ECF No. 623); (b) constituted the best notice practicable under the circumstances; (c) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the Settlement Agreement (including the releases to be provided thereunder); (iii) Class Counsel's Petition for an award of attorney's fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement, the Plan of Distribution, and/or Class Counsel's Petition

for an award of attorney's fees and reimbursement of expenses; (v) the right to opt-out of the Settlement Class; (vi) the right to appear at the Fairness Hearing; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

## Final Approval of the Settlement Agreement

7. The Court finds that: (a) the Settlement was entered into by the Representative Plaintiffs and Defendants in good faith following extensive investigation and substantial discovery sufficient for experienced plaintiffs' counsel to evaluation the matter; (b) the Settlement Agreement is fair, reasonable, and adequate; and (c) the Agreement resulted from vigorous arm's-length negotiations, which were undertaken by counsel with significant experience litigating complex class actions, with the assistance of an experienced mediator.

8. The Plan of Distribution is adequate, including the method of processing the claims of Settlement Class Members.

9. The Plan of Distribution treats Settlement Class Members equitably relative to each other when considering the differences in their claims.

10. Final approval of the Settlement Agreement is hereby GRANTED pursuant to Federal Rule of Civil Procedure 23(e) because it is fair, reasonable, and adequate to the members of the Settlement Class. In reach this conclusion, the Court considered the factors set forth in *Girsh v. Jepson*, 521 F.2ed 153, 157 (3d Cir. 1975): (1) the complexity, expenses, and likely duration of the litigation; (2) the Settlement Class Members' reaction to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation.

11. The Court further grants final approval of the Plan of Distribution, which was preliminarily approved by the Court on September 3, 2020 (ECF No. 623). The Plan of Distribution was

developed and recommended by experience class counsel, with the support of experts on claims administration and valuation. The Plan of Distribution represents and efficient and equitable means of distribution the Settlement Fund to the members of the Settlement Class in a timely fashion, without overly burdening claimants, and treats members of the Settlement Class equitably relative to each other. In particular, the Court finds that allocation of the Settlement Fund among different types of claims is appropriate and that the Plan of Distribution's use of Parts and Disease Levels is reasonable.

12. The Settlement Administrator shall administer all claims pursuant to the terms and conditions of the Settlement Agreement and Plan of Distribution.

13. No Settlement Class Member shall have any claims against the Representative Plaintiffs, Class Counsel, Defendants, Defendants' Counsel, the Settlement Administrator, or the Settlement Trustee, based on the distributions made substantially in accordance with the Settlement Agreement and approved by this Final Approval Order.

14. The Cost Fund and the Settlement Funds are approved, to the extent permitted by law, as qualified settlement funds pursuant to applicable United States Treasury Regulations.

### Releases

15. Except as to any claim of those Opt-Outs who have validly and timely requested exclusion from the Settlement Class, of which there are none, the Action and all claims contained therein, as well as all of the Released Claims against any of the Released Parties by the Releasing Parties are hereby dismissed with prejudice pursuant to the terms and conditions of Paragraph 6.1 of the Settlement Agreement.

### Attorney's Fees, Reimbursable Expenses, and Class Representative Award

16. The Court awards $ 22,500,000 in attorney's fees to Class Counsel.

17. The Court grants Class Counsel's request for an award of costs and litigation expenses incurred to date and for those to incurred in the future in attending to the administration and completion of the Plan of Distribution in the aggregate sum of $1,200,000, with the sum of $1,041,094.46 being immediately payable and the balance placed in the Settlement's Cost Fund. Applications for further disbursements

shall be made to the Settlement Trustee/Special Master, who is authorized to determine and make awards from the reserved amount to Class Counsel. Any unused reserved funds shall be returned to Defendants in accord with the Settlement Agreement's Cost Fund provisions.

18. All attorney's fees and reimbursement of costs and litigation expenses shall be paid by Defendants BASF Catalysts, LLC ("BASF") and Cahill, Gordon & Reindel LLC ("Cahill"), pursuant to Section 13.1 of the Class Action Settlement Agreement.

19. Class Representatives Kimberlee Williams, Gayle Williams, Marilyn L. Holley, Sheila Ware, Donnette Wengerd, and Roseanne Chernick shall each be paid incentive awards of $ 50,000, pursuant to Section 13.2 of the Class Action Settlement Agreement.

BY THE COURT:

_____
HON. BRIAN R. MARTINOTTI, U.S.D.J.