UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KIMBERLEE WILLIAMS,** *et al* | ) | |
| | ) | No. 2:11-cv-01754 (BRM) |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION |
| **BASF CATALYSTS LLC,** *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### SPECIAL MASTER'S REPORT AND RECOMMENDATION FOR ENTRY OF A HIPAA QUALIFIED PROTECTIVE ORDER

This matter has been opened to the undersigned court appointed Special Master on application by Edgar C. Gentle, III, Esq. of Gentle, Turner, Sexton & Harbison, LLC, whom the Court has appointed to act and serve as the Lien Administrator, requesting that the Court enter a HIPAA Qualified Protective Order in the form attached to this Recommendation as Exhibit "A" to assist and facilitate the Lien Administrator's efficient, orderly and economical identification and resolution of outstanding valid medical expense payment liens against Settlement Claimants' approved settlement distributions in accordance with the lien resolution requirements of the approved Settlement Agreement and Plan of Distribution ("POD) herein this matter. See ECF Nos. 623 and 643.[1]

---

[1] All capitalized terms appearing herein and in the Attachment A shall have the same meanings ascribed to them in the Settlement Agreement and POD approved by the Court.

## Finding and Recommendation

Pursuant to the Settlement Trustee's administrative powers granted her under Section 10 of the POD and the authority granted her as Special Master in order to carry out the fair, efficient and orderly administration of the Settlement Agreement and distribution of the Settlement Fund under the terms of the POD, the undersigned has determined that there is a need for the requested HIPPA Qualified Protective Order and that good cause exists for its entry by the Court. Accordingly, the undersigned enters this REPORT and RECOMMENDATION to the Court recommending that a HIPPA Qualified Protective Order in the form set out in Exhibit A hereto be approved and entered of record by the Court.

Dated: December 15, 2021

_____
Hon. Marina Corodemus, J.S.C (Ret.)
SPECIAL MASTER

**CERTIFICATE OF SERVICE AND NOTICE**

I hereby certify that on December 15, 2021, at the direction and on behalf of the Settlement Trustee and Special Master, the Hon. Marina Corodemus, J.S.C. (Retired), I served the foregoing *Special Master's Report and Recommendation for Entry of a HIPAA Qualified Protective Order* and proposed *HIPAA Qualified Protective Order* to all Counsel of Record via ECF. I further certify that a copy of the forgoing is also being published on the Williams Emtal Talc Settlement Fund's website (https://www.emtaltalcsettlement.com)  by the Claims Administrator, Verus LLC.

                                                                                 /s/ Michael Coren
                                                                                   Michael Coren

# Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIMBERLEE WILLIAMS**, *et al*  )  )  Plaintiffs,                                 )  )  vs.                                              )  )  **BASF CATALYSTS LLC**, *et al.*    )  )  Defendants.                              ) | No. 2:11-cv-01754 (BRM)    CIVIL ACTION |

## HIPAA - QUALIFIED PROTECTIVE ORDER

This matter having been opened to the Court upon the Report and Recommendation of the Honorable Marina Corodemus, J.S.C. (Retired), whom the Court has appointed Special Master and Settlement Trustee in this matter, and the Court having duly reviewed and considered the Report and Recommendation does adopt Special Master's findings and recommendation and enters the following as the ORDER of this Court this _____ day of December 2021.

### BACKGROUND

WHEREAS, the Special Master/Settlement Trustee by prior order of this Court has been assigned the responsibility to administer and carry out the terms of the Parties' class action Settlement Agreement and related Plan of Distribution

(POD)[1] which was approved by this Court on September 24, 2021. (ECF No. 643); and

WHEREAS, Edgar C. Gentle, III, Esq., of Gentle, Turner, Sexton & Harbison, LLC ("Lien Administrator"), has been duly appointed by the Court to serve as the Lien Administrator with authority to execute the lien resolution requirements and duties provided in the Settlement Agreement and POD (ECF Nos. 623); and

WHEREAS the Lien Administrator has requested entry of a HIPPA Qualified Protective Order in this matter to enable and facilitate its fulfillment of the lien resolution duties relating to Settlement Class Members who made claims to the Settlement Fund and were awarded compensation under the POD; and

WHEREAS, under the POD the Lien Administrator is authorized and required to: (1) identify Liens that may be held or asserted by Governmental Payers[2], Other Governmental Payers, Medicare Part C or Part D Program sponsors, and Private Third Party Payers/Providers; and (2) satisfy the Lien obligations of BASF, Cahill,

---

[1] All capitalized terms appearing herein and in the Attachment A shall have the same meanings ascribed to them in the Settlement Agreement and POD approved by the Court.

[2] Governmental Payers means any federal, state, or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs. These include CMS, the Medicare Secondary Payer Department, and the Medicaid programs of each state and territory and of the District of Columbia (each a "Medicaid Agency"); Veteran's Administration, Defense Health Agency (previously managed by TRICARE), and Indian Health Services.

Settlement Class Members, and the Settlement Fund, including any relevant reporting obligations under a global lien resolution approach, or facilitating the relevant reporting by providing all necessary reporting information for submission under Defendants' standard operating procedures (whether pursuant to MSP or otherwise), provided however, that each Settlement Class Member receiving an award from the Settlement Fund (and his or her respective counsel, if applicable) will be solely responsible for the payment, satisfaction and discharge of any all Liens. (See Settlement Agreement §3.4.2.; POD §7.3.2.).

WHEREAS, the Lien Administrator is authorized and empowered to act under the POD on behalf of Settlement Claimants as their agent to identify, negotiate and attempt to resolve the amount of any health insurance reimbursement claims and/or liens, including those relating to deceased Claimants' estates and/or heirs; and

WHEREAS, in many instances there is not presently an estate open for a deceased Settlement Class Member from which to obtain information releases or authorizations; and

WHEREAS, in order to carry out and perform its duties and functions under §7 of the POD the Lien Administrator in particular has been given: (1) the authority to act as agent for the benefit of all Settlement Class Member Claimants and/or their respective individually retained attorneys, the Settlement Fund, and the Settlement Trustee for the sole and limited purposes of claim and/or lien resolution; (2) the

authority to provide to, receive from, and disclose to/from Payers (defined below) certain protected health information ("PHI") and personal identifiable information ("PII") related to Claimants in the above-captioned action; (3) the authority to resolve any and all potential recovery claims for medical items, services, and/or prescription drugs with Governmental Payers, Medicaid Program sponsors, and/or Other Payers/Providers, including all private health plans whether insured or self-funded (collectively "Payers") associated with the above-captioned action; and (4) to provide to or receive from Payers PHI, PII and potential recovery claim information in acceptable data file formats and other electronic means, *provided* however, that any information including any submissions or data files provided to or received from any Payer by the Lien Administrator shall be maintained strictly confidential, not disclosed to any third party and used solely for identifying and resolving any lien obligations relating to the compensation payments to be made to a Claimant under the POD.

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. ***Specific Requirement for the Centers for Medicare and Medicaid Services.*** The Lien Administrator shall serve as the exclusive agent of the Settlement Class Member Claimants in the above-captioned action, together with their respective individually retained attorneys (if any), including any deceased Claimants' estates and/or their heirs, for purposes of (1) medical payment claim

and/or lien identification, and (2) resolution of any and all potential recovery claims for medical items, services, and/or prescription drugs with Payers associated with any Settlement Fund payments arising out of the above-captioned action. In particular the Lien Administrator is vested with the exclusive authority to administer a process with CMS for the identification and resolution of Medicaid fee-for-service reimbursement claims on behalf of all settling Claimants who are or were Medicaid entitled.

      2. The Lien Administrator is further authorized to and shall serve as the exclusive government medical payment claim and lien resolution agent of the Settlement Class Member Claimants in the above-captioned action, including any deceased Claimants' estates and/or their heirs, together with their respective individually retained attorneys (if any), with respect to identification and resolution of any other government medical payment liens. The Lien Administrator shall resolve any and all potential Medicaid fee-for-service claim(s) related to settlements, judgments, awards, or other payments associated with the above-captioned action for those Claimants who are or were Medicaid beneficiaries. Claimants have been informed in the Class Action Notice that as such agent, the Lien Administrator has the authority to act in such capacity for the benefit of all Claimants to resolve any

and all Medicaid reimbursement obligations, consistent with federal law.[2]

3. Settlement Class Member Claimants have been informed in the Class Notice that the Lien Administrator would be appointed to act on their behalf and in the POD (See § 7.5.22.) that as a condition of participation in the settlement proceeds, each Claimant by participating in the Settlement Fund distributions has agreed to the Lien Administrator's protocols for global resolution which specify that every settling Claimant is bound to the terms of a global resolution of all Medicaid claims, and understands that certain individual rights have been waived, including, but not limited to, the right to seek a waiver, compromise, and/or appeal of Medicaid's reimbursement claim.

4. With regard to Medicaid fee-for-service, the Lien Administrator shall provide CMS with a final and verified list of qualified Medicaid enrolled beneficiaries. The list shall be maintained by all recipients as strictly confidential and be used solely for the purposes of identifying and resolving medical payments liens.

5. The Lien Administrator is authorized to provide to, receive from, and disclose to Payers lists of settling Claimants, and related information, which identifies those Payers that have or may have asserted against such Claimants a lien,

---

[2] *See* 42 C.F.R. §405.910.

claim, or right of subrogation, indemnity, reimbursement, conditional or other payments, or interest of any type for injury-related medical items, services, and/or prescription drugs paid on their behalf. Any lists or related information shall be maintained by all recipients as strictly confidential and be used solely for the purposes of identifying and resolving medical payments liens as set forth in greater detail herein.

6.     The Lien Administrator is further authorized to perform all duties and functions identified in the preceding paragraphs in this Order, including but not limited to, identifying and resolving potential recovery claims related to Claimants in this action for medical items, services, and/or prescription drugs with all entities defined as Payers herein by all means necessary, as determined by the Lien Administrator including, but not limited to, *en masse* data submissions with Payers designed to identify healthcare coverage and related claims itemizations for Claimants, requesting information from relevant parties and accessing internet-based healthcare coverage information sources including, but not limited to, mymedicare.gov.

7. Any information including any submissions provided to or received from any Payer or the Lien Administrator, including but not limited to PHI and PII, shall be treated as made in the course of settlement discussions between the Payer and the Lien Administrator, and shall be intended by the parties to be confidential

7

and be protected by all applicable state and federal privileges, including but not limited to those directly applicable to settlement discussions. The information is to be used relating to the compensation payments be made to a Claimant under the POD. The Lien Administrator and the Payors shall, on their own initiative, individually and collectively take steps to preserve the privileges set forth herein. Any Payor in receipt of a subpoena or other request for confidential information including any form of Discovery (as defined below) shall provide a copy of such request to the Lien Administrator. The Lien Administrator and the Payor shall each on its own initiative take appropriate steps to preserve the privileges before all courts.

8. This Order shall apply to the use of all information related to Settling Claimants that the Lien Administrator creates, provides to, receives from, and discloses to Payers that is or may be protected under HIPAA and its amendments,[3] or other applicable federal or state law, including all Protected Health Information and Personal Identifiable Information, as defined in 45 C.F.R. §160.103.[4] The Lien

---

[3] HIPAA shall mean the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

[4] This includes demographic information that could be used to identify Medicare-eligible and/or Medicaid-enrolled Claimants, information related to Claimants' eligibility for and entitlement to benefits under the Medicare Program and Medicaid Program and information related to health

Administrator is specifically authorized to provide to, receive from, and disclose to Payers lists of Claimants and related information, in lieu of providing copies of individual HIPAA authorizations and information on a Claimant-by-Claimant basis.

9. Nothing within this Order shall be deemed or construed to entitle any party, third party or entity to seek information in the form of Discovery. As used in this order "Discovery" means a request for any information provided to or received from the Lien Administrator pursuant to this Order or the POD in any form including subpoena or FOIA (as defined infra). No provision of this Order shall be cited in support of any request for enforcement of a subpoena, Freedom of Information or similar state law document request ("FOIA"), or discovery request in any proceeding.

10. Prior to providing or receiving any information, lists of Claimants or lists of Settlement Class Members to or from any person, entity, agency or third party administrator holding or handling potential lien claims, the Lien Administrator shall provide a copy of this Order to such person, entity, agency or third party administrator and obtain from it an acknowledgement that it has received, read and agrees to be bound to and abide by the terms of this Order which shall be enforceable before this Court. The form of acknowledgement shall further obligate any recipient

---

care services rendered, including the payment of such services.

9

of such information or lists from the Lien Administrator to promptly notify the Settlement Trustee and Lien Administrator of any request received or any subpoena served upon it seeking information or documents on Claimants provided to or received from the Lien Administrator pursuant to this Order.

Entered this _____ day of _____, 20__.

_____
Brian R. Martinotti
Federal District Court Judge